UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ENTANGLED MEDIA, LLC, | § | No. 1:22-CV-01324-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| DROPBOX, INC., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE, MOOTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Transfer Venue filed by Defendant Dropbox, Inc. ("Dropbox") on May 10, 2023. (Dkt. # 28.) Plaintiff Entangled Media, LLC, ("Entangled Media") has failed to timely respond to the Motion to Transfer Venue. Also before the Court is Dropbox's Motion to Dismiss, filed April 19, 2023. (Dkt. # 21.) Entangled Media filed a Response to the Motion to Dismiss on May 3, 2023 (Dkt. # 23), and Dropbox filed a Reply on May 10, 2023. (Dkt. # 27.)

The Court finds these matters suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, the Court **GRANTS** the Motion to Transfer Venue (Dkt. # 28) for the reasons that follow, which **MOOTS** the Motion to Dismiss (Dkt. # 21).

BACKGROUND

Entangled Media filed this action on December 16, 2022, alleging that Dropbox infringes U.S. Patent Nos. 8,296,338 and 8,484,260 (the "Asserted Patents" or the "Accused Technology"). (Dkt. # 1 ¶¶ 7-8.) Dropbox filed a Motion to Dismiss for failure to state a claim upon which relief can be granted on March 10, 2023, and Entangled Media filed its First Amended Complaint in response on March 29, 2023. (Dkts. ## 16, 19.)

Entangled Media is a Delaware limited liability company and has a registered address in Wilmington, Delaware. (See Dkt. # 19 ¶ 1.) Erik Caso and Michael Abraham, the named inventors of the Asserted Patents, live in Encinitas, California, and Boulder, Colorado, respectively. (Dkt. # 28-2 at 1.) Dropbox is organized under the laws of Delaware, has its "headquarters in San Francisco," has a facility in Seattle, Washington, a small facility in Washington, D.C., and at the time the suit was filed, also had offices in Austin and New York City. (Dkt. # 28 at 6-7.)

LEGAL STANDARD

Defendant moves to transfer the case to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought . . . ." 28 U.S.C. § 1404(a). A district court's analysis of a motion to transfer in patent cases is similar to that in nonpatent cases, with the application of the prevailing law of the regional circuit in which it sits. See In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008). As in any other civil action, a district court has broad discretion in deciding whether to order a transfer—subject only to limitations imposed by statute and case law precedent. See In re Volkswagen of Am., Inc., 545 F.3d 304, 311 (5th Cir. 2008) ("Volkswagen II").

   The preliminary question when analyzing a § 1404(a) Motion to Transfer Venue is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). If the action could have been originally brought in the transferee venue, the moving party bears the burden of showing good cause for transfer by demonstrating that it is "clearly more convenient" than the transferor venue. In re Volkswagen II, 545 F.3d at 314-15. In evaluating convenience to parties and witnesses, courts consider the various "private" and "public" interest factors at play, as well as the particular interests of the venue to which transfer is sought. See In re TS Tech USA Corp., 551 F.3d at 1319.

Said "private" factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witness; (3) the cost of attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." In re Volkswagen II, 545 F.3d at 315. The "public" interest factors to be considered are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. Id. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factors is dispositive. Id.

DISCUSSION

The Court finds this action suitable for transfer to NDCA for three reasons: (1) the present claims against Dropbox could have been originally brought in NDCA; (2) two of the private interest factors favors transfer, while the other two are neutral; and (3) one of the public interest factors favors transfer, while the other three are neutral.

I. The Present Action Could Have Been Brought in NDCA

Based on the record, the present action could have been brought in NDCA, as patent infringements may be brought in the judicial district "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400. Dropbox has presented uncontested evidence, by way of declaration, that the company and the Accused Technology both have extensive contacts with San Francisco, California—a city within the jurisdiction of NDCA. (See Dkt. # 28-1 at 2.) Dropbox describes its San Francisco office as its "headquarters," where nearly all "corporate and core technical activities" take place, including the design, development, marketing, and financial accounting of the Accused Technology. (Dkt. # 28 at 6-7.) The record further demonstrates that Dropbox employs over 800 employees within NDCA, including employees with technical knowledge of the Accused Technology. (Id. at 7.) Thus, Entangled Media's claims against Dropbox could have been originally brought in NDCA.

## II. Private Factors Favor Transfer to NDCA

In the Fifth Circuit, the private interest factors relevant to venue transfer under § 1404(a) are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witness; (3) the cost of attendance of willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. In re Volkswagen II, 545

F.3d at 315. The Court finds that the first and third private factors weigh in favor of transfer, while the second and fourth factors are neutral.

A. The Relative Ease of Access to Sources of Proof

While technological progress has undoubtedly alleviated the relative inconvenience of accessing sources of proof, ease of access remains an integral factor of transfer analysis and has not been rendered superfluous. Id. at 316. In line with Fifth Circuit precedent, courts in this District continue to analyze the distance documents must be transported based on the "assumption that electronically stored documents are, in fact, physical." Uniloc USA, Inc. v. Box, Inc., No. 1:17-CV-754-LY, 2018 WL 2729202, at *2 (W.D. Tex. June 6, 2018). In the context of patent infringement cases, "the bulk of the relevant evidence usually comes from the accessed infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009).

Based on the record, NDCA is more conveniently located to the sources of evidence relevant to the litigation. Documents relating to the design and operation of the Accused Technology, including "technical documents, marketing materials, and financial records," were created and are presently stored in San Francisco and Seattle, Washington. (Dkt. # 28 at 8, 10-11.) Both cities are substantially closer to NDCA than this District, making the transport of evidence to

a California trial venue less burdensome. Source code pertinent to the Accused Technology is maintained in Oregon and is also more conveniently located to the transferee venue. (See id. at 8.) In addition, the party witnesses Dropbox expects to call at trial, including employees with a high level of involvement with the Accused Technology, primarily reside in or near NDCA. (See id. At 7.)Neither the design nor development of the Accused Technology took place in this District and Dropbox no longer maintains a physical place of business in Austin, Texas. (Id. at 7-8.) As an LLC incorporated under the laws of Delaware with no business address in the State of Texas, Entangled Media has no identifiable evidentiary interest in litigating within the District. In the absence of any evidence to the contrary, NDCA has a relative advantage in accessing sources of proof relevant to the instant case; thus, the Court finds this factor weighs heavily in favor of transfer.

        B.     The Availability of Compulsory Process

The second private factor does not apply to parties and employees of parties, because "employees can be presumed to appear willingly on behalf of their party employer." Piernik v. Collection Mgmt. Co., No. 5:17-CV-320-DAE, 2018 WL 1202972, at *4 (W.D. Tex. Jan. 25, 2017). Thus, the second private factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. In re Volkswagen II, 545 F.3d at 316. A court may subpoena a witness to attend trial, hearing, or deposition only (a) "within 100 miles

of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer; or is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c).

Here, Dropbox names thirteen third-party witnesses knowledgeable about prior art systems and patents that are under the subpoena power of NDCA, including: "Vivak Patel, Mark Dixon, Gibu Thomas, Nichole Gabriel, Book-Lock Yeo, Christopher Raff, David Vronay, Manoj Naik, Renu Tewari, Monty Boyer, Kiran Prasad, Rik Sagar, and Gurmeet Kalra." (Dkt. # 28 at 8-9.) Erik Caso, one of the named inventors of the Asserted Patents, is reportedly located near San Diego, California. (Id. at 8.) Moreover, Morgan Kyauk—a former executive on the Dropbox corporate development team, expressly identified by Entangled Media in its First Amended Complaint as a person of interest—is reportedly located in San Francisco. (See Dkt. # 19 ¶ 65; Dkt. # 28 at 13.) Dropbox further asserts that several unnamed former Dropbox employees and prior artists are "most likely to reside in the San Francisco area" or located in NDCA respectively. (Dkt. # 28 at 8.) In its Amended Complaint, Entangled Media identifies four third-party witnesses with specific knowledge about the Accused Technology, all former employees of Dropbox, as residing in Austin, namely: Alex Carp, Anthony Albano,

Drew Betzer, and Meghan Sayers. (Dkt. # 19 ¶ 12-13.) Entangled Media also alleges broadly that Dropbox's CEO may live in Austin. (Id.)

On balance, this factor is neutral. The prior art witnesses identified by Dropbox in its Motion carry little weight in the compulsory process factor because they are not held to have specialized knowledge about the Accused Technology specifically and are unlikely to actually testify at trial. See Fintiv, Inc. v. Apple, Inc., No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (noting that prior art witnesses do not count for or against transfer because they are very unlikely to testify). Although inventor testimony "is one of the most critical witnesses that will testify live at trial," Erik Caso's Encinitas residence is more than 100 from NDCA, and therefore, falls outside the District's absolute subpoena power. See Koss Corp. v. Apple Inc., No. 6-20-CV-00665-ADA, 2021 WL 5316453 (W.D. Tex. Apr. 22, 2021) (noting the significance of inventor testimony at trial). Nonetheless, NDCA is undoubtedly closer to Mr. Caso than this District. Morgan Kyauk, a potential third-party witness named by both parties, properly falls within the subpoena power of NDCA as a San Francisco resident and weighs in favor of transfer.

Although Entangled Media has failed to file a timely response to Dropbox's Motion to Transfer, it named four Austin-based former Dropbox employees with specific knowledge of the Accused Technology that fall within the

subpoena power of this District in its Amended Complaint. (Dkt. # 19 at 4-7.) However, Entangled Media has not shown that these former Dropbox employees are essential or possess unique insight, especially as Entangled Media has already identified Morgan Kyauk as a relevant third-party residing within the proposed transferee venue. See CloudofChange, LLC, 2020 WL 6439178, at *4 (reasoning that Plaintiff's named non-party witnesses do not tip the balance in favor of transfer for failure to show that the potential witnesses are more essential than the one Plaintiff identified within the transferee venue). Consequently, the Court finds this factor does not favor one party over the other.

        C.    The Cost of Attendance for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." SynKloud Techs., LLC v. Dropbox, Inc., No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020). All potential material and relevant witnesses must be considered for the transfer analysis, irrespective of the centrality of their testimony to the issues raised in a case. See CloudofChange, LLC, 2020 WL 6439178, at *5. However, this factor turns primarily on the convenience of willing non-party witnesses, rather than party witnesses. Uniloc USA, Inc., 2016 WL 9229319, at *4.

The Fifth Circuit has adopted a "100-mile rule" to assist with analysis of this factor. See In re Volkswagen I, 371 F.3d at 204-205. The rule states that

"[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." Id. at 205. Thus, the threshold question is whether the transferor and transferee venues are more than 100 miles apart. See In Re Volkswagen II, 545 F.3d at 317. If they are, courts compare the distances between the "residences of all identified material and relevant witnesses and the transferor and transferee venues." Id. The 100-mile rule favors transfer if the transferee venue is a shorter average distance away from witnesses than the transferor venue. Id.

        Dropbox heavily emphasizes the location of willing party witnesses—which, although relevant, is afforded less weight than the location of non-party witnesses. See Mateos v. Select Energy Servs., LLC, 919 F. Supp. 2d 817, 822-23 (W.D. Tex. 2013). Still, the Court resolves this factor in favor of transfer. Dropbox identifies fourteen non-party witnesses and maintains that all of its expected trial witnesses are located in NDCA. (Dkt. # 28 at 13.) Entangled Media has identified five non-party witnesses who currently reside in Austin, though two of them are merely sales executives, and one is the CEO, who is "reported" to live in Austin. (Dkt. # 19 at 6-7.) Dropbox alleges that "Entangled Media's party witnesses, to the extent there are any, are more likely to be located in California," based on the fact that the company has offices within the State, and has not

identified offices within Texas. (Id. at 14.) Without any contradictory evidence offered by Entangled Media other than the five possible witnesses discussed briefly in its Amended Complaint, this factor weighs in favor of transfer.

D. All Other Practical Problems

This court must additionally consider "all other problems that make trial of a case easy, expeditious and inexpensive. In re Volkswagen II, 545 F.3d at 315. "Multiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer." SynKloud Techs., LLC, 2020 WL 2494574, at *4. This factor is of particular importance in cases where "there is co-pending litigation before the trial court involving the same patent and underlying technology." In re Vistaprint Ltd., 628 F.3d 1342, 1346 (Fed. Cir. 2010).

Dropbox maintains that this factor is neutral. Indeed, because no litigation involving the Asserted Patents is co-pending before this Court, and this case is in the early stages of litigation, this factor is neutral.

With two factors favoring venue transfer and two neutral, the Court finds that the private interest factors weigh in favor of transfer.

II. Public Factors Favor Transfer to NDCA

In the Fifth Circuit, the "public" interest factors considered in a § 1404(a) Motion include: (1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. In re Volkswagen II, 545 F.3d at 315. The Court determines that the second public factor weighs in favor of venue transfer, while the first, third, and fourth factors are neutral.

A. Administrative Difficulties Flowing From Court Congestion

Under this factor, the Court evaluates "whether there is an appreciable difference in docket congestion" between the transferee and transferor venues. ParkerVision, Inc. v. Intel Corp., No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). Of particular interest is "[t]he speed with which a case can come to trial and be resolved." In re Genentech, Inc., 566 F.3d at 1347. Dropbox contends that this factor is neutral (Dkt. # 28 at 15) and Entangled Media has not identified information suggesting this District could bring the case to trial more expeditiously than NDCA. The Court finds that this factor is neutral.

B. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. In re Volkswagen II, 545 F.3d at 315. "A local interest is demonstrated by a relevant factual connection between the events and the venue." Word to Info, Inc. v. Facebook, Inc., No. 3:14-CV-4387-K, 2015

WL 13870507, at *4 (N.D. Tex. July 23, 2015). Relevant to this inquiry, "the place of the alleged wrong is one of the most important factors in venue determinations." Chase v. Andeavor Logistics, L.P., No. 5:18-CV-1050-DAE, 2019 WL 5847879, at *7 (W.D. Tex. July 9, 2019).

Dropbox argues that NDCA has a far greater local interest in resolving this case because the company is headquartered in NDCA, and it developed the Accused Technology within the District. (Dkt. # 28 at 15.) Dropbox further contends that its "work, reputation, and conduct are expressly implicated in this case," making "NDCA's interest in the case . . . 'self-evident.'" (Id.) Moreover, Dropbox notes that it has closed its satellite office in Austin and "no engineering, product, or design work for the accused technology is or was based" in the District. (Id.) Based on the record, NDCA has a much stronger interest in deciding the case based on the venue's connection to the Accused Technology and the events giving rise to the suit. Dropbox no longer maintains a physical office in the District and retains only a moderate number of work-from-home employees in predominantly non-technical positions. (Id. at 7.) Entangled Media estimates that 185 Dropbox employees are associated with the Austin office,[1] but Dropbox clarifies that among the twenty-five Austin software engineers, "none of them designed or worked on

[1] The Austin office closed sometime after the filing of this lawsuit, and employees based in Austin "now work remotely from home." (Dkt. # 28 at 7.)

the accused technology or have decision making responsibility for any of the accused products or services." (Id.) Entangled Media has not offered information indicating that there is a local interest in resolving this case in the District. Accordingly, the Court finds that this factor weighs in favor of transfer.

C. Familiarity of the Forum with the Law That Will Govern the Case and Avoidance of Conflict of Laws

Dropbox contends that the next two factors are neutral (Dkt. # 28 at 15) and Entangled Media has offered no arguments to the contrary. The Court agrees that as patent law will predominate this litigation, and Entangled Media has identified no conflict of law issues, these factors are both neutral.

CONCLUSION

Having reviewed all of the private and public interest factors, the Court finds that Dropbox has met its burden of demonstrating that transfer is clearly more convenient. Dropbox's Motion to Transfer Venue (Dkt. # 28) is hereby **GRANTED.**

**IT IS ORDERED** that the above case is transferred to the United States District Court for the Northern District of California.

**IT IS FURTHER ORDERED** that Dropbox's Motion to Dismiss (Dkt. # 21) is therefore **MOOT**.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, June 30, 2023.

David Alan Ezra
Senior United States District Judge