IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>DROPBOX, INC.,<br><br>            Defendant. | C.A. No. 5:23-cv-03264-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and this Court's Notice Resetting Case Management Conference Following Reassignment. Dkt. 70.

**1.      Jurisdiction & Service**

This is an action for patent infringement under the provisions of the Patent Laws of the United States of America, Title 35, U.S.C., § 1 et seq. This Court therefore has subject matter jurisdiction over Plaintiff's claims and Defendant's counterclaims (if any) under 28 U.S.C. §§ 1331 and 1338(a). There are no present issues with regard to personal jurisdiction, service, or venue, and the sole defendant has been served and has appeared in this action.

**2.      Facts**

Entangled Media filed this case on December 16, 2022, in the Western District of Texas, claiming that Dropbox infringes U.S. Patent Nos. 8,296,338 ("the '338 Patent") and 8,484,260 ("the '260 Patent") (collectively, the "Patents-in-Suit"). Dkt. 1. As alleged in the Complaint, Entangled Media has accused Dropbox of infringing products and services that include, by way of example and without limitation, Dropbox Plus, Family, Professional, Business (Standard, Advanced, Enterprise),

1

and all versions and variations thereof that contain Smart Sync (also known as "online-only") functionality (collectively, the "Accused Products and Services"). Entangled Media has also alleged that Dropbox's infringement has been willful.

On March 10, 2023, Dropbox moved to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds that the Patents-in-Suit are invalid under 35 U.S.C. § 101. Dkt. 16.

On March 29, 2023, Entangled Media filed an Amended Complaint. Dkt. 19.

On April 19, 2023, Dropbox renewed its motion to dismiss on the same grounds. Dkt. 21. Briefing on the motion to dismiss was completed on May 10, 2023. See Dkt. 23; Dkt. 27.

On May 10, 2023, Dropbox filed a motion to transfer the case to this Court pursuant to 28 U.S.C. § 1404(a), Dkt. 28, which the Court granted, Dkt. 31. The case was officially transferred to this Court on June 30, 2023. Dkt. 33.

Given the transfer to this Court, Dropbox renewed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds that the Patents-in-Suit are invalid under 35 U.S.C. § 101. Dkt. 42. Briefing on the motion is now completed. See Dkt. 53; Dkt. 58. A hearing on the motion to dismiss has been set for November 16, 2023. Dkt. 65.

On August 18, 2023, this case was reassigned to the Honorable P. Casey Pitts. Dkt. 60. Upon reassignment, the original case management conference date was vacated, and a new case management conference date has been set for November 16, 2023. Dkt. 70.

**Principal Factual Issues in Dispute:**

1) Whether Dropbox infringes one or more of the Asserted Claims of the Patents-in-Suit;

2) Whether the Asserted Claims of the Patents-in-Suit are valid and enforceable;

3) Whether the Asserted Claims of the Patents-in-Suit are directed to patentable subject matter pursuant to 35 U.S.C. Section 101;

4) The appropriate damages for any infringement;

5) Whether any infringement is willful; and

6) Whether any other forms of relief are due to any party.

3. **Legal Issues**

1) The proper construction of disputed patent claim terms;

2

|     |     |
| --- | --- |
| 2)  | Whether this is an exceptional case entitling a prevailing party to attorneys' fees; |
| 3)  | Whether the claims of the Entangled Media Patents-in-Suit, are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, 112, and 116; |
| 4)  | Whether by reason of prior art and/or statements and representations made to the United States Patent and Trademark Office during prosecution of the applications that led to the Entangled Media Patents-in-Suit, the Patents-in-Suit are so limited that no claim can be construed as covering any Dropbox product or service; |
| 5)  | Whether Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. §§ 286, 287; |
| 6)  | Whether Plaintiff's claims for patent infringement are precluded to the extent that any accused functionality or acts are located or performed outside of the United States; |
| 7)  | Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, unclean hands, inequitable conduct and/or implied license; and |
| 8)  | Whether any other forms of relief are due to any party. |

**4.  Motions**

Dropbox renewed its opposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds that the Patents-in-Suit are invalid under 35 U.S.C. § 101. Dkt. 42. Briefing on the motion is now completed. See Dkt. 53; Dkt. 58. A hearing on the motion to dismiss has been set for November 16, 2023. Dkt. 65.

The parties anticipate they will seek entry of and have been negotiating terms for a protective order governing confidentiality in this action, including protections for production and review of source code. While the parties are making progress in negotiating the specific terms of the proposed protective order, the parties may need to seek the Court's assistance in resolving one or more of the proposed terms. Should that be the case, the parties will endeavor to submit the competing proposals to the Court's prior to the November 16th Case Management Hearing.

The parties have not discussed in detail any other anticipated motions. However, depending on the rulings of this Court with respect to claim construction, and the specific facts uncovered during

discovery, the parties anticipate possibly filing cross-motions for summary judgment with respect to infringement and/or validity.

**5.    Amendment of Pleadings**

The parties continue to investigate their claims and defenses and will amend the pleadings if appropriate. The parties propose the Court allow amendment of pleadings under Rule 15 until 45 days after this Court's decision on Defendant's Motion to Dismiss, with any later amendment requiring good cause under Rule 16.

**6.    Evidence Preservation**

The parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The parties timely exchanged initial disclosures on May 15, 2023.

**8.    Discovery**

Both sides have now served initial rounds of interrogatories and requests for documents, and provided written responses to same.

In addition to serving discovery requests and responses, on May 31, 2023, Entangled Media served its opening infringement contentions on Dropbox. Subsequent to this case's transfer to N.D. Cal., Entangled Media re-served its opening infringement contentions on August 25, 2023, together with additional disclosures and document productions required by this Court's Patent L.R. 3-1 and 3-2.

The parties presently do not anticipate requiring modifications to the discovery limitations set forth in the federal and local rules. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and further confirm that they have met and conferred regarding the issue. The parties will notify the Court if they believe discovery of ESI is necessary in this case.

Regarding anticipated discovery, the parties provide their following positions.

**Entangled Media's position**

Discovery on at least the following subjects is necessary to resolve the claims and defenses in this case:

a. Infringement of the Entangled Media Patents-in-Suit, including, but not limited to: technical and operational product documentation; product development documentation; and product source code.

b. Dropbox's knowledge of the Entangled Media Patents-in-Suit, including, but not limited to pre-suit knowledge, and willful infringement.

c. Damages for Dropbox's infringement of the Entangled Media Patents-in-Suit, including, but not limited to: the value of the alleged inventions and the Accused Products, features and functionalities, any comparable licenses; any advertising and marketing efforts by Dropbox with respect the accused products, features and functionalities; the Georgia-Pacific factors for a hypothetical negotiation between the parties; and Dropbox's royalty base, revenues, profits, costs, and sales of the Accused Products.

**Dropbox's Position:**

Dropbox anticipates that the scope of discovery will address the disputed legal and factual issues set forth above, including but not limited to the following topics:

a. Whether the claims of the Entangled Media Patents-in-Suit, are invalid for failure to satisfy one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, 112, and 116;

b. Whether by reason of prior art and/or statements and representations made to the United States Patent and Trademark Office during prosecution of the applications that led to the Entangled Media Patents-in-Suit, the Patents-in-Suit are so limited that no claim can be construed as covering any Dropbox product or service;

c. Whether Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. §§ 286, 287;

d. Whether Plaintiff's claims for patent infringement are precluded to the extent that any accused functionality or acts are located or performed outside of the United States;

      e.      Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, unclean hands, inequitable conduct and/or implied license.

**9.    Class Actions**

This is not a class action.

**10.    Related Cases**

**Joint Statement:** On April 17, 2023, third-party Unified Patents, LLC filed a request with the U.S. Patent Office for an *ex parte* reexamination of claims 1, 4, 7, and 8 of the '260 Patent. The U.S. Patent Office referenced this request with Reexam Control Number 90/015,221.

On May 16, 2023, the U.S. Patent Office granted this reexamination request, and via a mailing dated September 11, 2023, the U.S. Patent Office issued a non-final action rejecting claims 1, 4, 7, and 8 as obvious under 35 U.S.C. §103.

The parties are not aware of any other related cases.

**Entangled Media's Statement:** Entangled Media disagrees with the U.S. Patent Office rejections, and it presently intends to file a response to the above rejections. Entangled Media understands that a response is presently due November 11, 2023. Entangled Media notes that this reexamination proceeding does not include claims 2-3, 5, and 6 of the '260 Patent, which Entangled Media is presently asserting against Dropbox.

**11.    Relief**

<u>Entangled Media's requested relief and damages calculations</u>

Entangled Media seeks damages adequate to compensate it for infringement of the Patents-in-Suit, including any past, continuing, or future infringement up until the date such judgment is entered, together with prejudgment and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and an accounting to determine the full extent of infringement, including infringing sales, products, and services. This includes an injunction barring Dropbox from further infringement, or alternatively, a judicial decree that Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment. Per the statute, Entangled Media will seek damages under 35 U.S.C. § 284 adequate to compensate for the Defendant's infringement of the claims of the Patents-in-Suit, no less than a reasonable royalty, together with interest and costs.

Entangled Media also seeks a finding that this is an exceptional case requiring Dropbox to pay the costs of this action and attorneys' fees under 35 U.S.C. § 285. Entangled Media cannot presently provide more specific or fully calculated damages based on reasonable royalties, because such specific amounts rely on financial information requested, but not yet received from Dropbox, including but not limited to costs, gross sales, net sales, profits, and projected profits figures for the Accused Products and Services. Entangled Media will provide more detailed damages calculations after receiving such information from Dropbox, and after consulting a damages expert who will provide expert disclosures in accordance with the Court's Scheduling Order.

<u>Dropbox's requested relief and damages calculations</u>

Dropbox asks the Court to enter:

1) A judgment dismissing Plaintiff's Amended Complaint against Dropbox with prejudice;

2) A judgment in favor of Dropbox on any of its counterclaims;

3) A declaration that Dropbox has not infringed, directly or indirectly, any valid claim of the Patents-in-Suit;

4) A declaration that the claims of the Patents-in-Suit are invalid and/or unenforceable;

5) A declaration that this case is exceptional and an award of reasonable costs and expenses including attorneys' fees and expert witness fees to Dropbox;

6) A judgment barring Plaintiff's ability to enforce the Patents-in-Suit in equity; and

7) Such other and further relief as this Court may deem just and proper.

**12. Settlement and ADR**

**Joint Statement:** The parties have not yet conducted ADR, but the parties have met and conferred pursuant to ADR L.R. 3-5. The parties remain open to discussion of settlement but have not yet agreed to any formal process for mediation or arbitration.

**Entangled Media's Statement**: Entangled Media's current thinking is that the Court should defer referral to ADR at least until (i) after the Court has ruled on Dropbox's pending motion to dismiss based on alleged patent ineligibility (i.e., Docket No. 42); (ii) after the Court issues a ruling on claim construction; (iii) after Dropbox has produced documents, including source code, sufficient

to describe the operation of its accused products and services, and (iv) after Dropbox has produced documents sufficient to determine costs, gross sales, net sales, and profits for the accused products and services.

**13.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

Other than resolution of Dropbox's pending motion to dismiss (Docket No. 42), which if granted will be dispositive of all issues in this case, the parties are currently unable to narrow any issues by agreement but may be able to do so at a later stage in the case.

Dropbox states that it is in process of preparing *inter partes* review petitions challenging all asserted claims of the Patents-in-Suit.  If the Final Written Decisions in the *inter partes* reviews find all challenged claims unpatentable, it will be dispositive of all issues in this case.

**15.    Expedited Trial Procedure**

The parties jointly state that this case should not be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**16.    Scheduling**

The parties submit their respective proposed case schedules in attached Exhibit A.

Dropbox states that it intends to seek a stay in light of the anticipated *inter partes* review petitions, but to the extent the case proceeds without being stayed, Dropbox's proposed schedule is provided in the attached Exhibit A.

**17.    Trial**

Plaintiff has requested that this case be tried to a jury.  The parties anticipate that trial will require *five court days*, excluding jury selection.

**18.    Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Entangled Media identifies that in addition to itself, Plaintiff's counsel, i.e., Skiermont Derby LLP has a financial interest in the subject matter in controversy.

Dropbox has disclosed that it has no conflict of interest (other than the named parties) to report.

**19.    Professional Conduct**

The parties confirm all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

The Parties are discussing a proposed Protective Order that will be submitted to the Court for consideration. Consistent with Patent L.R. 2-2, the Parties agree in the interim to abide by The Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, until the Parties submit their agreed Protective Order to the Court for consideration.

| | | |
|---|---|---|
| Dated: November 2, 2023 | | /s/ *Alexander E. Gasser* |
| | | John E. Lord |
| | | (SBN 216111) |
| | | SKIERMONT DERBY LLP |
| | | 633 W. Fifth Street, Suite 5800 |
| | | Los Angeles, CA 90071 |
| | | Phone: (213) 788-4500 |
| | | Fax: (213) 788-4545 |
| | | jlord@skiermontderby.com |
| | | |
| | | Paul J. Skiermont |
| | | (*Pro Hac Vice*) |
| | | (TX Bar No. 24033073) |
| | | Jaime K. Olin |
| | | (SBN 243139) |
| | | Ryan A. Hargrave |
| | | (*Pro Hac Vice*) |
| | | (TX Bar No. 24071516) |
| | | Alexander E. Gasser |
| | | (*Pro Hac Vice*) |
| | | (WI Bar No. 24033073) |
| | | SKIERMONT DERBY LLP |
| | | 1601 Elm Street, Suite 4400 |
| | | Dallas, TX 75201 |
| | | Phone: (214) 978-6600 |
| | | Fax: (214) 978-6601 |
| | | pskiermont@skiermontderby.com |
| | | jolin@skiermontderby.com |
| | | rhargrave@skiermontderby.com |
| | | agasser@skiermontderby.com |
| | | |
| | | Counsel for Plaintiff Entangled Media, LLC |
| Dated: November 2, 2023 | | /s/ *Karon N. Fowler* |
| | | Michael J. Lyons, Bar No. 202284 |
| | | michael.lyons@morganlewis.com |
| | | Austin L. Zuck, Bar No. 318434 |
| | | austin.zuck@morganlewis.com |
| | | Katerina Hora Jacobson, Bar No. 342384 |
| | | katerina.horajacobson@morganlewis.com |
| | | MORGAN LEWIS & BOCKIUS LLP |
| | | 1400 Page Mill Road |
| | | Palo Alto, CA 94304 |
| | | Telephone: +1.650.843.4000 |
| | | |
| | | Karon N. Fowler, Bar No. 308145 |
| | | karon.fowler@morganlewis.com |
| | | MORGAN LEWIS & BOCKIUS LLP |
| | | 110 North Wacker Drive |
| | | Chicago, IL 60606 |
| | | Telephone: +1.312.324.1000 |
| | | |
| | | Counsel for Defendant Dropbox, Inc. |

**ATTESTATION**

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

/s/ *Alexander E. Gasser*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

The Honorable P. Casey Pitts<br>UNITED STATES DISTRICT JUDGE