UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX INC.,<br><br>Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE FEBRUARY 27, 2024 DISCOVERY DISPUTE RE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 92 |

Plaintiff Entangled Media, LLC ("Entangled Media") and defendant Dropbox, Inc. ("Dropbox") ask the Court to resolve their disputes concerning source code-related provisions in a proposed protective order. Dkt. No. 92. The parties disagree on the following two matters: (1) whether there should be presumptive limits on the number of pages of source code that may be printed and, if so, what those limits should be; and (2) whether experts and consultants should have access to the parties' source code throughout the expert discovery period. *Id.* at 1. The Court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

**1.   Sec. 9(e): Printed copies of source code**

The parties disagree about whether the protective order should set presumptive limits for the number of consecutive pages of source code that may be printed and for the total number of pages of source code that may be printed.

Entangled Media argues that requiring a party to comply with the following admonition (which appears in this District's model protective order) is sufficient:

> The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, of for deposition or

> trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph [9(c)] in the first instance.

Dkt. No. 92-1 at 17. Entangled Media says that it expects Dropbox's source code production will be "substantial and voluminous," spanning multiple versions of at least four accused products. Dkt. No. 92 at 1, 3. It contends that the presumptive limits Dropbox proposes will prejudice its ability to prepare its case, particularly given that Entangled Media will not be able to determine how much source code it may require in printed form until Dropbox makes its source code production. *Id*. at 2-3.

Dropbox argues that, in addition to abiding by the requirement Entangled Media proposes, a party should be presumptively limited to requesting copies of "no more than 25 consecutive pages, and an aggregate total of no more than 300 pages, of source code during the duration of this case." Dkt. No. 92-1 at 18. Dropbox does not dispute that its source code production may span multiple versions of several products and may be voluminous, but it argues that allowing printed copies of source code enhances the risk of unauthorized access and distribution and may create security risks that lead to a data breach. Dkt. No. 92 at 4-5. In addition, Dropbox argues that failing to impose a presumptive limit on source code printing invites unnecessary discovery disputes. *Id.* at 5.

On the present record, the Court cannot determine whether the presumptive limits Dropbox proposes, or any other presumptive limits, are reasonable or unreasonable. The Court therefore declines to adopt Dropbox's proposed text regarding presumptive limits, and instead adopts Entangled Media's proposal on this point. The Court notes that the parties' proposals for section 9(e) differ in other respects that are not addressed in the joint discovery dispute submission. The parties should confer further regarding the text of this provision, including the text that will govern dispute resolution, in view of the Court's guidance regarding dispute resolution below.

**2.     Sec. 9(n): Source code review after close of fact discovery**

The parties disagree about whether the protective order should affirmatively permit a party to have access to the other party's source code after the close of fact discovery. The Court declines to adopt Entangled Media's proposal that "[d]iscovery into and the ability to request and

1   receive printed copies of each Party's Source Code Material shall continue through the conclusion
2   of expert discovery." Dkt. No. 92-1 at 23.  The purpose of a protective order is to provide for the
3   protection of confidential and other sensitive material exchanged by the parties during discovery.
4   The matter addressed in Entangled Media's proposed section 9(n) concerns access to discovery
5   material after fact discovery has closed, and not the protections afforded discovery material.
6   While Entangled Media may have good cause to seek access to Dropbox's source code after the
7   close of fact discovery, the Court does not find good cause to order such access as a default, and
8   certainly not as part of the protective order.

### 3. Other matters regarding the proposed protective order

As a general matter, parties must use Judge DeMarchi's expedited dispute resolution procedures for discovery-related disputes, including for disputes regarding confidentiality designations and the nature and scope of production of discovery materials.  The Court's typical practice is to modify the model protective order text in sections 6.3, 7.5, and 14.4 to reflect this and other requirements.  *See, e.g.,* No. 5:20-cv-04448-EJD (VKD), *Apple Inc. v. Zipit Wireless, Inc.*, Dkt. No. 62.  The Court permits parties to stipulate to different time intervals for a conference of counsel and/or submission of a joint discovery dispute letter to the Court.

Here, the Court expects that if the parties have disputes regarding the number of pages (consecutive pages or total pages) to be printed, such disputes will be submitted using the Court's expedited dispute resolution procedures, and not as a regularly noticed motion under Civil Local Rule 7.  If a party believes it cannot adequately present its position using the expedited procedures, the party may seek leave of Court to deviate from that procedure.  *See* Standing Order for Civil Cases at 2 ("Discovery motions"), https://cand.uscourts.gov/standing-order-for-civil-cases-october-2023-1/.

* * *

The parties shall file a proposed protective order that conforms to the Court's rulings
///
///
///

above no later than **March 12, 2024**, unless they agree to a later date.

     **IT IS SO ORDERED.**

Dated: March 4, 2024

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge