MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
Dropbox, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>DROPBOX, INC.,<br><br>                    Defendant. | Case No. 5:23-cv-03264-PCP<br><br>**DROPBOX, INC.'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. P. Casey Pitts<br>Dept.:  Courtroom 8 – 4th Floor<br>Hearing Date:  May 16, 2024<br>Hearing Time:  10:00 a.m. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on May 16, 2024, at 10:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, San Jose Division, located at Courtroom 8, 4th Floor, 280 South First Street, San Jose, California 95113, Defendant Dropbox, Inc. ("Dropbox") will, and hereby does, bring this Partial Motion to Dismiss Plaintiff's Second Amended Complaint.

By and through this motion Dropbox seeks dismissal of Plaintiff's pre- and post-suit induced infringement claims of its Second Amended Complaint. This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities filed herewith; and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Plaintiff Entangled Media, LLC ("Plaintiff" or "Entangled Media") provides sufficient factual allegations that, when accepted as true, state a claim for induced infringement where (i) to plead a claim for pre-suit induced infringement, the complaint must sufficiently allege, *inter alia*, the defendant had knowledge of the alleged infringement, and (ii) to plead a claim for both pre-suit and post-suit infringement, the complaint must sufficiently allege that, *inter alia*, the defendant specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff fails to state a claim for either pre-suit or post-suit induced infringement, and the induced infringement count should be dismissed. As to pre-suit induced infringement, Plaintiff includes bare-bone allegations about alleged "discussions" between a named inventor and a Dropbox employee over which the inventor "disclosed the Entangled Media Patents-in-Suit to Dropbox and explained that Dropbox's core technology infringed the claims of the Entangled

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

Media Patents-in-Suit." Dkt. 102 at ¶ 57. Aside from this conclusory characterization of the alleged "discussions," Plaintiff says nothing about the basis for Dropbox's knowledge of its alleged infringement. There are no factual allegations from which the Court can reasonably infer such knowledge, and the count for pre-suit induced infringement should be dismissed.

For both pre-suit and post-suit induced infringement, Plaintiff fails to state a claim because it fails to sufficiently allege specific intent. Plaintiff merely alleges that "Dropbox instructs its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products," and "Dropbox creates and distributes promotional and product literature for the Accused Products that is designed to instruct, encourage, enable, and facilitate the user of the Accused Products to use the Accused Products in a manner that directly infringes the Asserted Patents." *Id.* at ¶ 74. That is it. And, as a result, Plaintiff's generalized and unsupported allegations fall short of anything from which the Court could reasonably infer that Dropbox specifically intends or has intended infringement to occur.

Given these deficiencies, Dropbox moves to dismiss Plaintiff's claims for induced infringement pursuant to Rule 12(b)(6), and this motion should be granted.

## II.   BACKGROUND

On December 16, 2022, Plaintiff filed its original Complaint (Dkt. 1) against Dropbox for alleged direct infringement of two United States patents: U.S. Patent Nos. 8,296,338 ("the '338 patent) and 8,484,260 ("the '260 patent") (collectively, the "Asserted Patents"). On March 29, 2023, Plaintiff filed its First Amended Complaint (Dkt. 19) in response to Dropbox's Motion to Dismiss the original Complaint pursuant to 35 U.S.C. § 101 (Dkt. 16), and in the alternative, to dismiss Entangled Media's induced and contributory infringement claims therein. Entangled Media amended the Complaint to address Dropbox's subject matter eligibility contentions and removed the original Complaint's induced and contributory infringement claims. Dkt. 19.

On July 24, 2023, Dropbox moved to dismiss the First Amended Complaint, again asserting that the Asserted Patents are not directed to patent-eligible subject matter pursuant to § 101. Dkt. 42. The Court denied Dropbox's motion to dismiss on February 13, 2024. On March 28, 2024,

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

2

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

Plaintiff filed a Second Amended Complaint as of right within 45 days of the Court's denial order and amended the First Amended Complaint to include new allegations of induced infringement of the Asserted Patents. Dkt. 102.

Entangled Media's induced infringement allegations are identical for each of the Asserted Patents and provide threadbare factual allegations for only select elements of the cause of action:

> Dropbox has actively induced infringement of Claims 1-6 of the ['338 Patent / '260 Patent] since at least March 2017, in violation of 35 U.S.C. § 271(b). Dropbox's customers, distributors, vendors, and end-users of the Accused Products directly infringe Claims 1-6 of the ['338 Patent / '260 Patent], at least by using the Accused Products, as described below. Since at least March 2017, Dropbox knowingly induces infringement of Claims 1-6 of the ['338 Patent / '260 Patent] by its customers, distributors, and end-users of the Accused Products with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products in the United States. Dropbox instructs its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products, as described in detail above. Dropbox creates and distributes promotional and product literature for the Accused Products that is designed to instruct, encourage, enable, and facilitate the user of the Accused Products to use the Accused Products in a manner that directly infringes the Asserted Patents. Non-limiting examples of such are found in the various screen shots that instruct performance of the infringing use of the technology. Dropbox is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the ['338 Patent / '260 Patent], of which it had knowledge.

*Id.*, ¶¶ 74, 91.

Importantly, Entangled Media fails to allege any facts directed to the requisite pre-suit knowledge of the alleged induced infringement or Dropbox's purported specific intent to induce direct infringement of the Asserted Patents.

## III.   LEGAL STANDARD

To state a claim upon which relief can be granted, a complaint must include more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, a complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible only "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To plead a claim of induced infringement, the complaint must allege that (1) there has been an underlying act of direct infringement, (2) the defendant possessed the intent to encourage another's infringement, and (3) the defendant knowingly induced infringement. 35 U.S.C. § 271(b); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). To sufficiently plead the "knowingly induced" induced element, the complaint must allege that the defendant had knowledge of the patent and knew that the induced acts constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

Induced infringement further requires that the alleged inducer "possessed specific intent to encourage another's infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed.Cir.2002)). Moreover, "[t]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 891 (N.D. Cal. 2011) (quoting *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008)).

## IV.  ARGUMENT

### A.   Plaintiff's Claims for Pre-Suit Induced Infringement Should Be Dismissed For Failure To Sufficiently Allege Pre-Suit Knowledge.

Plaintiff's pre-suit indirect infringements claims should be dismissed because the Complaint contains no facts from the which Court could reasonably infer that Dropbox had the requisite knowledge of the allegedly infringing use.

Induced infringement requires "knowledge of the patent *and knowledge of infringement*." *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 647 (N.D. Cal. 2022) (emphasis added); *see Global-Tech*, 563 U.S. at 765-66 (induced infringement requires "knowledge … of the patent" and "knowledge that the induced acts constitute patent infringement"); *In re Bill of Lading*

*Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (induced infringement requires knowledge of the patent and knowledge "that the customer's acts constituted infringement").

Here, Plaintiff's pre-suit knowledge allegations are premised solely on Erik Caso, Plaintiff's co-founder and a named inventor, having allegedly identified the Asserted Patents "in writing to at least Morgan Kyauk, a senior executive on the Dropbox corporate development team" in March 2017. Dkt. 102 at ¶ 57. According to the Second Amended Complaint, "[o]ver the course of several discussions, Mr. Caso disclosed the Entangled Media Patents-in-Suit to Dropbox and explained that Dropbox's core technology infringed the claims of the Entangled Media Patents-in-Suit." *Id.* Plaintiff does not plead any further factual allegations in support.

These conclusory allegations are insufficient for the Court to infer pre-suit knowledge of infringement. The Court cannot plausibly infer pre-suit knowledge of infringement based on alleged "discussions" of "the claims" without identifying any specific claims or what allegedly constituted infringement of those claims. *See, e.g.*, *Dental Monitoring SAS v. Align Tech., Inc.*, No. 22-CV-07335-WHA, 2023 WL 4297570, at *7 (N.D. Cal. June 30, 2023) ("The practice of establishing knowledge using a letter that calls out the claims and the alleged infringement should be encouraged to give an alleged infringer a meaningful opportunity to cease infringement or get a license before litigation begins."). Nor can the Court infer pre-suit knowledge of infringement based on an alleged reference to "Dropbox's core technology," which is not a specific identification of an accused product or allegedly infringing features or functionality. *See, e.g.*, *Core Optical Techs., LLC v. Nokia Corp.*, No. 19-cv-02190-JAK-RAO, 2020 WL 6126285, at *7 (C.D. Cal. Oct. 8, 2020) (dismissing induced infringement claim for failure to sufficiently plead pre-suit knowledge of infringement where alleged letter did not identify the specific accused products at issue); *see also Teradyne, Inc. v. Astronics Test Sys., Inc.*, No. 20-CV-02713-GW-SHKX, 2020 WL 8173024, at *3 (C.D. Cal. Nov. 6, 2020) ("To show that a party had the requisite knowledge for indirect infringement, a letter must include a specific charge of infringement and identify an accused product at issue in this case."). For example, Plaintiff "does not allege that a claim chart or other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

description of infringement was included with the correspondence." *People.ai, Inc. v. SetSail Techs., Inc.*, No. 20-CV-09148-WHA, 2021 WL 2333880, at *6 (N.D. Cal. June 8, 2021); *see also Fluidigm Corp. v. IONpath, Inc.*, No. 19-CV-05639-WHA, 2020 WL 408988, at *3 (N.D. Cal. Jan. 24, 2020) (same).

Without any such *factual* allegations regarding the alleged "discussions" whereby Mr. Caso allegedly "explained that Dropbox's core technology infringed the claims of the Entangled Media Patents-in-Suit," Dkt. 102 at ¶ 57, Plaintiff's allegations are nothing more than legal conclusions thinly veiled as factual allegations. *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-CV-02965-SC, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013) (dismissing induced infringement claims where plaintiff's alleged notice letters merely "refer[red] to alleged copying of proprietary command sets" or did "not refer to any copying at all," thereby leaving the court "only with Plaintiff's allegations that Defendant 'had knowledge and notice of the [Patents–in–Suit],' which are merely legal conclusions pled as factual allegations" (internal citations omitted)).

Because Plaintiff's allegations (or lack thereof) are insufficient to support a claim of pre-suit indirect infringement, the claims should be dismissed. *See People.ai*, 2021 WL 2333880 at *6 (dismissing pre-suit indirect infringement claims because "knowledge requires that the accused infringer … knew the acts were infringing" and plaintiff made no such showing) (internal quotations and citation omitted).

### B. Plaintiff's Claim for Pre- and Post-Suit Induced Infringement Should Be Dismissed For Failure To Sufficiently Allege Additional, Essential Elements.

Because Plaintiff fails to allege facts supporting Dropbox's requisite knowledge of alleged infringement, Dropbox could not possibly have had the *specific intent* to cause (or induce) another party to directly infringe. *See supra* at Section IV.A. This alone warrants dismissal of both pre- and post-suit induce infringement. *CAP Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015) ("Because CAP has not alleged facts that plausibly support an inference that defendants specifically intended others to infringe the patents-in-suit, the Court dismisses CAP's claims of [pre- and post-suit] induced infringement.").

Regardless of the court's determination on the knowledge issue, however, Plaintiff also fails

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

to "plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent *and knew* that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotes omitted) (emphasis added). Specifically, Plaintiff merely alleges that "Dropbox instructs its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products, as described in detail above." Dkt. 102 ¶¶ 74, 91. Plaintiff alleges that "Dropbox creates and distributes promotional and product literature for the Accused Products that is designed to instruct, encourage, enable, and facilitate the user of the Accused Products to use the Accused Products in a manner that directly infringes the Asserted Patents." *Id.* And, according to the Second Amended Complaint, "[n]on-limiting examples of such are found in the various screen shots that instruct performance of the infringing use of the technology." *Id.*

Such unsubstantiated and generalized allegations related to "marketing, promotions, and instructional materials" are insufficient to allege specific intent. *See, e.g.*, *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019) (dismissing inducement claims for lack of specific intent: "where a plaintiff merely 'makes passing references to user manuals guides, and support articles, without ever saying what those materials contain,' that 'is wholly inadequate for an inference of specific intent.'") (quoting *CAP Co.*, 2015 WL 3945875 at *5); *Uniloc USA, Inc. v. Logitech, Inc.*, No. 18-CV-01304-LHK, 2018 WL 6025597, at *3 (N.D. Cal. Nov. 17, 2018) ("Uniloc only generically alleges that Logitech, with the intent to have its customers infringe, provided its customers with instructions to do so. This is simply not enough to allege induced infringement.").

Although Plaintiff purports to rely on "various screenshots" (presumably those cited elsewhere in the Second Amended Complaint), those "screenshots" do not detail how an end user would infringe the Asserted Patents by following any purported instructions at the links. *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) (dismissing induced infringement claim where "the complaint only states bald conclusions that an end user following YouTube instructions results in infringement" and "[i]n

1  no way does the complaint detail how an end user would infringe Hypermedia's patents by
2  following instructions in the links provided in the complaint"). More specifically, Plaintiff does
3  not adequately plead that any "screenshots" instruct or encourage users to perform the claimed
4  methods. *See Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V*, No. 17-CV-06880-BLF, 2018 WL
5  3537166, at *4 (N.D. Cal. July 23, 2018) ("To be sure, the FAC contains numerous allegations
6  regarding Defendants' purported publications, participation in conferences, advertisements,
7  instruction materials, and hands-on training sessions. However, Plaintiffs do not adequately plead
8  that those allegations are related to the methods claimed in the '988 and '316 patents." (internal
9  citations omitted)).

10  As just one example, for the limitation of the '338 Patent reciting "scanning each of the
11  multiple devices by each of the individual software clients to inventory data on each of the multiple
12  devices and creates a meta-index of the files for the inventoried data," Plaintiff provides screen
13  shots about "[s]ync[ing] files across devices and platforms" or "[b]ack[ing] up any file." Dkt. 102
14  at ¶ 66. But those screenshots say nothing about "scanning" a device, "inventory[ing] data," or
15  "creat[ing] a meta-index of the files for the inventoried data," as the limitation requires. As another
16  example, for the limitation of the '338 Patent reciting "providing by the individual software clients
17  via the multiple devices individual meta-indices of the inventoried data for each of the multiple
18  devices to the at least one server," Plaintiff provides screenshots from a Dropbox Security
19  Whitepaper (not user instructions) discussing types of syncing and a screenshot about "[e]asily
20  recover[ing] deleted files." *Id.* at ¶ 67. None of these materials mention providing "individual
21  meta-indices of the inventoried data" or the like, let alone instruct or encourage a user to perform
22  the step of "providing by the individual software clients via the multiple devices individual meta-
23  indices of the inventoried data for each of the multiple devices to the at least one server," as the
24  limitation requires. The remaining "screenshots" are equally deficient for the remaining
25  limitations. *See id.* at ¶¶ 68-72.

26  Any "screenshots" included in the direct infringement allegations for the '260 Patent are
27  likewise deficient as to specific intent for induced infringement. As one example, for the limitation

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

reciting "modifying the singular file system on the first device to make local files and virtual files appear indistinguishable to the singular file system, the local files and virtual files sharing a same location on the first device," Plaintiff provides a screenshot that discusses "[s]ee[ing] all of your files offline." *Id.* at ¶ 82.  The screenshot provides no instructions related to the recited limitation.  As another example, for the limitation that recites "intercepting the request by a software client on the first device," Plaintiff provides a screenshot that discusses generally "[s]ync[ing] files across devices and platforms" and "[v]iew[ing] version history for any file type." *Id.* at ¶ 84.  There is no instruction in the screenshot that encourages a user to perform the recited step of "intercepting the request by a software client on the first device." *See id.*  The remaining "screenshots" are equally deficient for the remaining limitations. *See id.* at ¶¶ 85-89.

Indeed, Plaintiff "in no way ... detail[s] how an end user would infringe [its] patents by following instructions in the links provided in the complaint," to the extent those links even provide "instructions" at all. *See Hypermedia*, 2019 WL 1455336, at *3; *see Google LLC v. Princeps Interface Techs. LLC*, No. 19-CV-06566-EMC, 2020 WL 1478352, at *4 (N.D. Cal. Mar. 26, 2020) (dismissed claim for induced infringement defendant's "general and imprecise references to 'instructional materials and/or services related to the Accused Instrumentalities'" was insufficient for alleging specific intent).  And none of the allegations based on the "screenshots" are sufficiently related to infringement of the claimed methods. *Hitachi*, 2018 WL 3537166, at *4.

Any remaining, conclusory allegations that Dropbox "instructs its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products," Dkt. 102 ¶ 74, "do not amount to factual content supporting any reasonable inference that [Dropbox] possessed either 'knowledge that the induced acts constitute patent infringement' or 'specific intent to encourage another's infringement.'" *Uniloc USA, Inc. v. Apple Inc.*, No. 18-CV-00359, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018).

Finally, in passing, Plaintiff also asserts that "Dropbox is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the [Asserted Patents], of which it had knowledge."  Dkt. 102 ¶¶ 74, 91.  But even though "'knowledge that the induced acts

constitute patent infringe'…can be established by a proper finding of 'willful blindness'" in certain instances, *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1118 (Fed. Cir. 2022) (citations omitted), the Second Amended Complaint does not provide the allegations required to support this claim.

Indeed, "[w]illful blindness is a high standard, requiring that the alleged inducer (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1373 (Fed. Cir. 2015) (citation omitted). The question thus becomes at the pleading stage whether a plaintiff has pleaded "sufficient facts ... for the Court to infer" willful blindness. *McRee v. Goldman*, No. 11-CV-00991, 2012 WL 929825, at *4 (N.D. Cal. Mar. 19, 2012).

Here, Plaintiff has not pleaded sufficient facts for such an inference. The Second Amended Complaint contains no factual allegations from which the Court can infer either that Dropbox "subjectively believe[d] that there is a high probability that a fact exists" or that Dropbox took any "deliberate actions to avoid learning of that fact." *Info-Hold*, 783 F.3d at 1373. Indeed, it addresses the concept only briefly and without any specifics. *See* Dkt. 102 ¶¶ 74, 91. Nowhere does Plaintiff plead "the concurrence of knowledge and action necessary to establish [defendant's] liability under § 271(b) for induced infringement." *McRee*, 2012 WL 929825, at *5.

Accordingly, Plaintiff's claims for pre- and post-suit induced infringement should be dismissed.

## V.   CONCLUSION

For these reasons, Dropbox respectfully requests the Court grant its Motion and dismiss Plaintiff's claims for induced infringement of the Asserted Patents.

| | | |
|---|---|---|
| 1 | Dated: April 11, 2024 | Respectfully submitted, |
| 2 | | MORGAN, LEWIS & BOCKIUS LLP |
| 4 | | By /s/ *Michael J. Lyons* |
| | | Michael J. Lyons, Bar No. 202284 |
| | | michael.lyons@morganlewis.com |
| | | Austin L. Zuck, Bar No. 318434 |
| | | austin.zuck@morganlewis.com |
| | | Katerina Hora Jacobson, Bar No. 342384 |
| | | katerina.horajacobson@morganlewis.com |
| | | MORGAN, LEWIS & BOCKIUS LLP |
| | | 1400 Page Mill Road |
| | | Palo Alto, CA  94304 |
| | | Tel:      +1.650.843.4000 |
| | | Fax:     +1.650.843.4001 |
| | | |
| | | Karon N. Fowler, Bar No. 308145 |
| | | karon.fowler@morganlewis.com |
| | | MORGAN, LEWIS & BOCKIUS LLP |
| | | 110 North Wacker Drive |
| | | Chicago, IL 60606-1511 |
| | | Tel:      +1.312.324.1000 |
| | | Fax:     +1.312.324.1001 |
| | | |
| | | *Attorneys for Defendant Dropbox, Inc.* |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

DROPBOX'S PARTIAL MOTION
TO DISMISS SECOND AMENDED
COMPLAINT
Case No. 5:23-cv-03264-PCP

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 11, 2024, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/ *Michael J. Lyons*
Michael J. Lyons