UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DROPBOX INC.,<br><br>    Defendant. | Case No.  23-cv-03264-PCP<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 76 |

Plaintiff Entangled Media, LLC alleges that defendant Dropbox Inc. infringes two patents related to cloud-based file systems. After this Court heard arguments on Dropbox's motion to dismiss, Dropbox filed petitions to institute inter partes review of both patents before the United States Patent and Trademark Office's Patent Trial and Appeal Board (PTAB) in December 2023. Dropbox now moves to stay proceedings in this lawsuit pending resolution of the petitions. For the reasons that follow, the Court denies the motion to stay without prejudice to filing a renewed motion to stay if the PTAB decides to institute inter partes review of the patents at issue.

## BACKGROUND

### I.    Procedural Background

Entangled Media commenced this patent-infringement action against Dropbox on December 16, 2022 in the Western District of Texas. Dropbox filed a motion to transfer to the Northern District of California in May 2023, which was granted in June. Dropbox filed a motion to dismiss the first amended complaint in July 2023 and renoticed that motion upon reassignment to this Court in September. This Court heard the motion on November 16, 2023. The next day, the Court issued a case management order, setting the claim construction hearing for May 2, 2024 and trial for July 14, 2025. Dkt. No. 75. On December 12, 2023, Dropbox filed a Petition for Inter Partes Review (IPR) (IPR2024-00284) challenging all fourteen claims of the '338 Patent. Dkt. No.

United States District Court<br>Northern District of California

1   77-1, Petition for Inter Partes Review of U.S. Patent No. 8,296,338 ('338 IPR Petition). On

2   December 14, 2023, Dropbox filed an IPR petition (IPR 2024-00285) challenging all eight claims

3   of the '260 Patent. Dkt. No. 77-2, Petition for Inter Partes Review of U.S. Patent No. 8,484,260

4   ('260 IPR Petition). On December 15, 2023, Dropbox filed the current motion to stay pending

5   resolution of the IPR petitions. Dkt. No. 76. On January 30, 2024, the United States Patent and

6   Trademark Office (USPTO) issued an ex parte reexamination certificate for the '260 Patent

7   determining that the "patentability of claims 1, 4, 7, and 8 is confirmed. Claims 2, 3,5, and 6 were

8   not reexamined." Dkt. No. 88, at 3. On February 5, 2024, the parties filed their joint claim

9   construction and prehearing statement. Dkt. No. 86. On February 13, 2024, this Court issued an

10  order denying Dropbox's motion to dismiss. Dkt. No. 87.

## II.      Statutory Background

12          Under 35 U.S.C. § 311, "a person who is not the owner of a patent may file … a petition to

13  institute an inter partes review of the patent" and "request to cancel as unpatentable 1 or more

14  claims of a patent only on a ground that could be raised under section 102 or 103 and only on the

15  basis of prior art consisting of patents or printed publications." "An inter partes review may not be

16  instituted if the petition requesting the proceeding is filed more than 1 year after the date on which

17  the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging

18  infringement of the patent." 35 U.S.C. § 315(b). Under 35 U.S.C. § 314(b), the "Director [of the

19  United States Patent and Trademark Office] shall determine whether to institute an inter partes

20  review …within 3 months after (1) receiving a preliminary response to the petition under section

21  313; or (2) if no such preliminary response is filed, the last date on which such response may be

22  filed." *See* 35 U.S.C. § 3(a) (defining the powers and duties of the Director).

23          The determination "whether to institute an inter partes review … shall be final and

24  nonappealable." 35 U.S.C. § 314(d). If it institutes a review, the PTAB must issue a final

25  determination "not later than 1 year after the date on which the Director notices the institution of a

26  review … except that the Director may, for good cause shown, extend the 1-year period by not

27  more than 6 months." 35 U.S.C. § 316(a)(11)." Any party to the inter partes review may appeal

28  the final written decision. 35 U.S.C. § 319.

United States District Court
Northern District of California

**LEGAL STANDARD**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (cleaned up). Courts consider three primary factors in determining whether to stay a case pending inter partes review: "(1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161, at *2 (N.D. Cal. Apr. 29, 2019); *see PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

**ANALYSIS**

**I.      Because Discovery is Underway and the Court Has Already Set a Trial Date, the First Factor Weighs Against a Stay.**

The first factor asks the Court to "examine the posture and circumstances of each case on an individual basis" to determine "whether litigation has progressed significantly enough for a stay to be disfavored." *PersonalWeb Techs., LLC*, 69 F. Supp. 3d at 1025. "Although courts generally evaluate the state of the litigation at the time the motion to stay was filed, they may also consider subsequent progress in the case." *Uniloc*, 2019 WL 1905161, at *2.

At the time Dropbox filed this motion, the parties had spent over fourteen months engaged in discovery, including written discovery, the production of over 47,000 pages of documents, the issuance of subpoenas, and extensive negotiation of a protective order. The Court has already heard and issued a decision on Dropbox's motion to dismiss. Approximately one month before Dropbox petitioned for inter partes review, the Court issued a scheduling order setting a trial date.

Dropbox concedes, as it must, that the parties had begun discovery and complied with certain obligations under the local patent rules, but argues that this action is in its "infancy" because at the time of filing its motion, "[n]o fact depositions ha[d] been taken," "only initial sets of written discovery ha[d] been exchanged," and "claim construction-related dates … remain[ed] ahead." Dkt. No. 76, at 11. Courts have indeed stayed proceedings where parties have engaged in

3

substantial discovery and even undertaken claim construction. *See GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *3, 7 (N.D. Cal. June 15, 2017); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015). Both of those cases that Dropbox cite in support, however, can be distinguished because neither court had set a trial date. *See GoPro, Inc*, 2017 WL 2591268, at *3 ("Here, discovery has not significantly advanced and a trial date has not yet been set." (cleaned up)); *SAGE Electrochromics*, 2015 WL 66415, at *2 ("Discovery has not significantly advanced and a trial date has not yet been set.").

As Entangled Media acknowledges, "substantial work remains to be done" in this case. Dkt. No. 84, at 12. Because the parties have engaged in significant discovery and the Court has set a trial date, however, this factor weighs at least slightly in favor of a stay.

## II.   A Stay Would Not Simplify the Issues Prior to the PTAB's Decision Whether to Grant Inter Partes Review.

The second factor asks the Court to determine whether a stay would simplify the issues and trial in this case. "A stay pending reexamination is justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (cleaned up).

Dropbox argues that this factor weighs in favor of a stay because the outcome of any reexamination has the potential to simplify the issues or even dispose of the entire action. Dropbox advances four arguments in support, each of which is undercut by the uncertainty whether the PTAB will institute proceedings in the first instance.

First, relying on general statistics about the PTAB's rate of instituting claims and finding claims unpatentable, Dropbox predicts that the PTAB "is likely to institute some or all of Dropbox's IPR petitions." Dkt. No. 76, at 12. At this stage, however, that general prediction—untethered from the specific facts of this case—provides little guidance.

Second, regardless of whether the PTAB invalidates "every challenged claim" or "less than

all asserted claims," Dropbox argues that "the PTAB's approach to claim construction will be instructive" even if it does not lower the number of claims. Dkt. No. 76, at 13. This conclusion is speculative, however, as the PTAB's approach to claim construction will only be instructive should it institute proceedings. *See, e.g.*, *Wildseed Mobile LLC v. Google LLC*, No. 3:22-cv-04928-WHO, at *2 (N.D. Cal. Apr. 10, 2023) ("[T]he PTAB has not yet decided whether to institute review, so at this point any simplification of the issues is speculative.").

Third, Dropbox asserts that estoppel supports granting a stay under this factor, as Dropbox has "voluntarily stipulated that if the IPR institutes, then it will not pursue in this action (i) the grounds identified in the IPR, or (ii) any other ground that reasonably could have been raised during the IPR." Dkt. No. 76, at 13. Because the PTO has not yet instituted proceedings, this argument too is premature.

Fourth, Dropbox argues that a stay will generally "'prevent inconsistent results with the PTAB' and avoid wasting judicial resources." Dkt. No. 76 at 13 (citation omitted). Should the PTO grant the petitions, that may support a stay. "[T]he filing of an IPR request by *itself*," however, "does not simplify the issues in question and trial of the case. Ultimately, the [PTAB] may not institute IPR proceedings." *TPK Touch Solutions, Inc. v. Wintek Electro–Optics Corp.*, No. 13–CV–02218–JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013).

Courts frequently find that "any simplification of the issues is speculative because the PTAB has not yet instituted review" and have denied motions to stay on that ground. *Entropic Commc'ns, LLC v. DirecTV, LLC*, 2023 WL 3407132, at *2–3 (C.D. Cal. Apr. 17, 2023); *see Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-00791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017*); DiCon Fiberoptics*, 2015 WL 12859346, at *2–3; *Hewlett-Packard Co. v. ServiceNow, Inc.*, 2015 WL 1737920, at *2 (N.D. Cal. April 9, 2015). This Court agrees that a lack of simplification at this stage weighs heavily against a stay at this juncture.

### III. A Stay May Unduly Prejudice Entangled Media.

The last factor asks the Court to consider whether a stay would unduly prejudice or create a tactical disadvantage to the nonmoving party. Courts typically consider four factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review

United States District Court
Northern District of California

1   proceedings; and (4) the relationship of the parties." *Skillz Platform Inc. v. Aviagames Inc.*, No.

2   21-CV-02436-BLF, 2022 WL 1189882, at *4 (N.D. Cal. Apr. 21, 2022) (citation omitted).

3         Dropbox argues that Entangled Media will not be unduly prejudiced by a stay.

4         First, Dropbox argues that Entangled Media will not be unduly prejudiced because the

5   proceedings were initiated early in this case and within the one-year statute of limitations for

6   doing so. Here, however, Dropbox waited almost one year after this action commenced and only a

7   few days before the one-year statute of limitations ran. At that point, the Court had already heard

8   arguments on a dispositive motion and set a case schedule with a trial date, and the parties had

9   engaged in significant discovery and started the claims construction process. The Court no longer

10  considers this case to be in its "infancy."

11        Second, Dropbox argues that the fact that the PTAB has not instituted proceedings carries

12  little weight and is further lessened due to the "benefits afforded by simplifying the issues in the

13  case and at trial." Dkt. No. 76, at 15. For the same reasons stated above, simplification of issues

14  does not favor a stay before institution. A stay has the potential to prejudice Entangled Media by

15  delaying discovery and the timely resolution of this action, including trial by jury.

16        Third, Dropbox argues that Entangled Media would not be unduly prejudiced by a stay

17  because it is not one of its competitors and has not sought an injunction, demonstrating that

18  monetary damages can adequately compensate Entangled Media for any losses. *See CF Traverse*

19  *LLC v. Amprius, Inc.*, No. 20-CV-00484-RS, 2020 WL 6820942, at *1 (N.D. Cal. Nov. 6, 2020)

20  (holding that where the parties are not direct competitors, "one struggles to imagine any 'undue

21  prejudice' a stay might bring"). Any harm caused by a stay, Dropbox contends, would only delay

22  and not diminish any monetary damages to which Entangled Media would be entitled. While

23  Entangled Media and Dropbox are not direct competitors, Entangled Media's decision not to

24  pursue a preliminary injunction does not itself invalidate a finding of undue prejudice here. *See*

25  *Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*, No. 10-CV-02863-EJD, 2011 WL

26  3267768, at *6 (N.D. Cal. July 28, 2011) (holding that such a "contention is flawed" because a

27  plaintiff "might have other reasons for deciding not to pursue injunctive relief at this stage—for

28  example, the difficulty of showing a likelihood of success on the merits while its patents are in

reexamination"). In sum, the relationship of the parties may weigh only minimally against, but does not negate, a finding of undue prejudice.

On balance, these factors support a finding that Entangled Media may be unduly prejudiced by a stay.

## CONCLUSION

Because each factor weighs against granting a stay at this stage, the Court denies Dropbox's motion to stay without prejudice to filing a renewed motion to stay if the PTAB ultimately institutes inter partes review of the patents at issue.

**IT IS SO ORDERED.**

Dated: May 3, 2024

P. Casey Pitts
United States District Judge