UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>DROPBOX INC.,<br><br>   Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE AUGUST 9, 2024 DISCOVERY DISPUTE RE PLAINTIFF'S LITIGATION FUNDING MATERIALS**<br><br>Re: Dkt. No. 119 |

Plaintiff Entangled Media, LLC ("Entangled Media") and defendant Dropbox, Inc. ("Dropbox") ask the Court to resolve their dispute concerning Dropbox's efforts to obtain discovery of certain materials related to Entangled Media's litigation funding. Dkt. No. 119. The Court held a hearing on this dispute on August 20, 2024. Dkt. No. 123.

Entangled Media acknowledges that it has received and continues to receive litigation funding from non-party LIT-US Chisum 22-B LLC ("Chisum") with respect to this litigation. Dkt. No. 119 at 1, 4-5. Entangled Media has produced a Patent Security Agreement ("PSA") between it and Chisum, but objects to Dropbox's efforts to obtain additional information about a related Security Agreement, its negotiations and communications with Chisum, the nature of its relationship with Chisum, and any valuations prepared in connection with the funding.[1] *Id.* at 4-6.

At the hearing, the parties advised that since filing their joint discovery dispute letter, Entangled Media has provided a privilege log, which identifies 64 documents, including the

---

[1] This dispute implicates Dropbox's Requests for Production Nos. 37, 53, 77, and 78; Interrogatory No. 21; Email Production Requests Nos. 1 and 2; and Rule 30(b)(6) Topic Nos. 7 and 8. Dkt. No. 119 at 1.

1  Security Agreement, that appear to concern litigation funding and that have been withheld as

2  protected from disclosure by the work product doctrine. Dropbox argued that these 64 documents

3  are likely responsive to its discovery requests and should be produced. Entangled Media

4  responded that the documents are not relevant, and even if they were relevant, the work product

5  doctrine shields them from disclosure.

6  As discussed at the hearing, the Court orders further proceedings as follows:

7  First, the Court accepts Entangled Media's suggestion that the Court examine the Security

8  Agreement *in camera* so that it may evaluate whether that agreement implicates the concerns

9  about Entangled Media's standing described in Dropbox's portion of the joint discovery dispute

10 letter. *See* Dkt. No. 119 at 5. Entangled Media shall submit for *in camera* review an unredacted

11 copy of the Security Agreement together with a copy of the PSA that has already been produced to

12 Dropbox. Entangled Media shall indicate which portions of the Security Agreement it proposes to

13 produce in redacted form to Dropbox (e.g., by means of highlighting). These documents should

14 be delivered in paper form to Judge DeMarchi's chambers no later than **August 26, 2024**. After

15 review of the *in camera* submission, the Court will issue an order regarding whether the Security

16 Agreement itself should be produced in whole or in part to Dropbox, and whether that agreement

17 (together with the other circumstances presented) supports additional discovery regarding

18 Entangled Media's litigation funding in connection with the question of standing and/or damages,

19 *subject to resolution of Entangled Media's privilege and work product claims*, as discussed below.

20 Second, the parties shall confer regarding their disputes about Entangled Media's privilege

21 log disclosures for the 64 documents that concern litigation funding. The parties shall brief their

22 dispute about whether some or all of these 64 documents are protected from disclosure as a

23 regularly noticed motion pursuant to Civil Local Rule 7.

24 **IT IS SO ORDERED.**

25 Dated: August 20, 2024

26

27 *[signature]*
Virginia K. DeMarchi
United States Magistrate Judge

28