United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>DROPBOX INC.,<br><br>            Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE AUGUST 9, 2024 DISCOVERY DISPUTE RE DROPBOX INTERROGATORIES NOS. 2 AND 5**<br><br>Re: Dkt. No. 120 |

Plaintiff Entangled Media, LLC ("Entangled Media") and defendant Dropbox, Inc. ("Dropbox") ask the Court to resolve their disputes concerning Entangled Media's responses to Dropbox's Interrogatories Nos. 2 and 5.  Dkt. No. 120.  The Court held a hearing on this dispute on August 20, 2024.  Dkt. No. 123.

The Court addresses each interrogatory separately.

**1.     Interrogatory No. 2**

Dropbox's Interrogatory No. 2 asks Entangled Media to:

> Provide the sales, revenues, costs, profits, including any corresponding projections of the foregoing, for all products or services you contend embody any claim of the Patents-in-Suit, including but not limited to your understanding or contentions about the demand for patented products or services, Plaintiff's developing and marketing capability for the time period of demand, and any non-infringing alternatives.

This dispute concerns the phrase "and any non-infringing alternatives."  The parties disagree about whether this interrogatory requires Entangled Media to provide its contentions about any and all "non-infringing alternatives" to the asserted patents (Dropbox's position), or whether the

interrogatory requires Entangled Media to identify only its own products or services that are "non-infringing alternatives" (Entangled Media's position).  *See* Dkt. No. 120 at 1-2, 3-4.

This interrogatory is not well-drafted.  For the reasons explained during the hearing, the Court generously construes this interrogatory as asking Entangled Media, in relevant part, to provide the following information:

> [Actual and projected financial information] for all [Entangled Media] products or services you contend embody any claim of the Patents-in-Suit, including . . . **your understanding or contentions about**. . . **any non-infringing alternatives [that impact the actual and projected financial information for such patented products or services**].

Entangled Media shall amend or supplement its answer to Interrogatory No. 2 to address the bolded text in the Court's "reformulation" of Interrogatory No. 2, reproduced in part above. Entangled Media's amended or supplemental answer shall be served by **September 10, 2024**, unless the parties agree otherwise.

### 2.     Interrogatory No. 5

Dropbox's Interrogatory No. 5 asks Entangled Media to:

> Separately for each asserted claim of the Patents-in-Suit, state the full factual and legal basis for Your contention, if any, that the claim is not invalid, including identifying any Documents that relate to such contention and identification of any witnesses with knowledge of such facts or contentions.

Entangled Media objects to this interrogatory on several grounds, including that it principally calls for expert testimony and it is unduly burdensome, given the scope of Dropbox's invalidity contentions.

While there is no per se rule against seeking the factual bases for a patent holder's responses to an accused infringer's invalidity contentions, the Court agrees with Entangled Media that, as drafted, Interrogatory No. 5 is unduly burdensome.  This interrogatory seeks Entangled Media's "full factual and legal basis" for its contentions that each asserted claim is not invalid (i.e. Entangled Media's "validity contentions"), an identification of all documents that "relate to" such contentions, and identification of all witnesses with knowledge of such facts or contentions.  Even

if this interrogatory is construed as seeking only the "factual bases" for Entangled Media's rebuttal to *Dropbox's own invalidity contentions*, the interrogatory is still unduly burdensome, given the scope of Dropbox's invalidity contentions.  These invalidity contentions rely on nearly 80 prior art references plus combinations thereof, obviousness type double patenting assertions, and written description challenges.  *See* Dkt. No. 120 at 3 n.3, 5.

To the parties' credit, during the hearing, counsel for both sides suggested a compromise might be possible with respect to the scope of this interrogatory, and possibly the timing of Entangled Media's response.  Accordingly, and with the parties' concurrence, the Court directs the parties to confer further regarding this interrogatory.  The parties shall file a joint status report briefly describing their agreed or respective proposals for resolution of this dispute by **August 27, 2024**.

**IT IS SO ORDERED.**

Dated: August 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3