<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ENTANGLED MEDIA, LLC,

        Plaintiff,

    v.

DROPBOX INC.,

        Defendant.

Case No. 23-cv-03264-PCP (VKD)

**FURTHER ORDER RE AUGUST 9, 2024 DISCOVERY DISPUTE RE DROPBOX INTERROGATORY NO. 5**

Re: Dkt. Nos. 120, 130

    The Court has reviewed the parties' joint status report regarding their respective proposals for resolution of the dispute regarding Dropbox's Interrogatory No. 5. *See* Dkt. Nos. 120, 126, 130. The Court has also reviewed the asserted patents. Both patents claim priority to the same provisional application, and they share substantially the same specification. *See* Dkt. No. 102, Exs. 1, 2.

    Given these considerations, the Court orders as follows:

    1. Within three court days of this order, Dropbox may identify five invalidity contention charts per asserted patent, each with a single prior art reference per chart (for a total of 10 invalidity contention charts); however, four of the prior art references must be the same/overlap as between the two patents, with only one unique prior art reference per patent.

    2. Within three court days of this order, Dropbox may identify no more than seven total terms or phrases across both patents for which Dropbox asserts an invalidity challenge under 35 U.S.C. § 112.

    3. Within 30 days of receiving Dropbox's identification pursuant to paragraphs 1 and 2 above, Entangled Media will serve a supplemental response to Interrogatory No. 5 addressing how

the asserted claims of the asserted patents are valid in view of Dropbox's identified invalidity

contentions and challenges.

**IT IS SO ORDERED.**

Dated: August 28, 2024

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California