UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DROPBOX INC.,<br><br>    Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER FOLLOWING IN CAMERA REVIEW OF SECURITY AGREEMENT**<br><br>Re: Dkt. Nos. 119, 125 |

As directed by the Court, on August 26, 2024 plaintiff Entangled Media, LLC ("Entangled Media") submitted a production copy of the Patent Security Agreement ("PSA")[1] and a copy of the agreement the PSA refers to as the "Security Agreement" for *in camera* review. *See* Dkt. No. 125. Having reviewed these documents, the Court makes the following observations:

First, consistent with Entangled Media's representations, the litigation funder LIT-US Chisum 22-B LLC ("Chisum") has a security interest in the asserted patents. Chisum does not appear to have any present right, title, or interest in the asserted patents that would implicate or undermine Entangled Media's standing to sue, nor is there a provision in the Security Agreement that gives Chisum a "springing" or automatic interest in the asserted patents upon the occurrence of a contractual breach or default, as was the case in *Uniloc USA, Inc. v. Apple, Inc.*, No. 18-cv-00358, 2020 WL 7122617 (N.D. Cal. Dec. 4, 2020).

Second, Chisum does not merely have a passive security interest in the asserted patents. As may be expected, Chisum has a financial interest in, among other things, the outcome of this

---

[1] EM_00001444-1448.

1  litigation, and the Security Agreement affords Chisum some contractual rights in connection with
2  that interest.
3       Third, the Security Agreement includes provisions that could be construed as providing
4  some indication of how the parties to the agreement valued this and other potential litigation
5  relating to the asserted patents; however, consistent with Entangled Media's representations, the
6  Security Agreement does not include a valuation of the asserted patents *per se*.
7       Fourth, the PSA includes the following provision:

> The security interests granted to the Security Holder [i.e. Chisum] herein are granted in furtherance, and not in limitation of, the security interests granted to the Security Holder pursuant to the Security Agreement.  Grantor [i.e. Entangled Media, LLC] hereby acknowledges and affirms that the rights and remedies of the Security Holder with respect to the Collateral are more fully set forth in the Security Agreement, *the terms and provisions of which are hereby incorporated herein by reference as if fully set forth herein*.  In the event of any conflict between the terms of this Agreement and the Security Agreement, the terms of the Security Agreement shall govern.

PSA, sec. 3 (EM_00001446) (emphasis added).

Before deciding whether to order Entangled Media to produce the Security Agreement (in its entirety or with redactions) to Dropbox, the Court requests further briefing on two questions:

1. The PSA, which is governed by Delaware law, appears to incorporate the Security Agreement in its entirety by reference. *See, e.g., Town of Cheswold v. Cent. Delaware Bus. Park*, 188 A.3d 810, 818-19 (Del. 2018) (summarizing law regarding incorporation by reference).  If that is the case, then why should the PSA and the Security Agreement not be treated as a single agreement and produced together?

2. The PSA has been publicly recorded.  If the PSA incorporates by reference the Security Agreement, does this incorporation by reference impact Entangled Media's assertion that the work product doctrine protects the Security Agreement (but not the PSA) from disclosure and that there has been no waiver of such protection?

Per the Court's August 20, 2024 order, the parties have been directed to brief their dispute regarding Entangled Media's privilege/work product claims for the 64 documents that concern

1  litigation funding as a regularly notice motion under Civil Local Rule 7.  *See* Dkt. No. 125 at 2.
2  The parties shall also address these two questions in that forthcoming briefing, rather than in a
3  separate supplemental submission.
4       **IT IS SO ORDERED.**
5  Dated: August 29, 2024

                                                 Virginia K. DeMarchi
                                                 United States Magistrate Judge