UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX INC.,<br><br>Defendant. | Case No. 23-cv-03264-PCP<br><br>**ORDER DENYING PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 107 |

Plaintiff Entangled Media, LLC alleges that defendant Dropbox Inc. infringes and has actively induced infringement of claims of two of its patents related to cloud-based file systems. After this Court denied Dropbox's motion to dismiss Entangled Media's first amended complaint, Entangled Media again amended its complaint to include new allegations of induced infringement. Dropbox now partially moves to dismiss Entangled Media's second amended complaint under Rule 12(b)(6), contending that Entangled Media's induced infringement claims fail to state valid causes of action. For the reasons that follow, the Court denies Dropbox's motion.

## BACKGROUND[1]

Entangled Media owns U.S. Patent Nos. 8,296,338 ("the '338 Patent") and 8,484,260 ("the '260 Patent") (collectively, the asserted patents). Second Amended Complaint ("SAC"), Dkt. No. 102 ¶¶ 9, 10, 14. The '338 patent was issued on October 23, 2012, and is titled "Method for a Cloud-Based Meta-File System to Virtually Unify Remote and Local Files Across a Range of Devices' Local File Systems." *Id.* ¶ 9. The '260 Patent is a divisional of the application leading to the '338 Patent. The '260 Patent was issued on July 9, 2013, and is titled "Method for Cloud-

---

[1] For purposes of defendants' Rule 12(b)(6) motion, the Court assumes the truth of the allegations in Entangled Media's complaint.

Based Meta-File System to Virtually Unify Remote and Local Files Across a Range of Devices' Local File System." *Id.* ¶ 10. The patents share substantially the same specification.

Entangled Media's invention "relates generally to the field of data virtualization and more specifically to a system and method for using data virtualization coupled with a cloud-based file system that is shared among devices and integrated into the device operating system so as to unify the representation of files across devices for availability of and access to data across multiple devices a user might own." '338 Patent, Dkt. No. 102-1, at 1:19–25. The claims of the '338 Patent disclose a "process for establishing a singular file system across multiple devices comprising" several steps. *Id.* at 11:22–23. The '260 Patent additionally discloses a "process for operating on files located on multiple devices using a singular file system comprising" several steps to facilitate the transfer of a file from the first device to the second device through a brokered peer-to-peer connection. '260 Patent at 11:54–52.

Entangled Media alleges that Dropbox has had knowledge and actual notice of the asserted patents since no later than March 2017 when named inventor and founder of Entangled Media Eric Caso engaged in discussions with Dropbox. According to the Second Amended Complaint:

> Dropbox had actual notice of the Entangled Media Patents-in-Suit since no later than March 2017 when Mr. Caso identified them in writing to at least Morgan Kyauk, a senior executive on the Dropbox corporate development team. Over the course of several discussions, Mr. Caso disclosed the Entangled Media Patents-in-Suit to Dropbox and explained that Dropbox's core technology infringed the claims of the Entangled Media Patents-in-Suit. After a few discussions between Mr. Caso and Dropbox, Dropbox decided not to license the technology developed by Entangled Media. Dropbox introduced Smart Sync, which incorporated the claimed technology.

SAC ¶¶ 11–12, 57, 75, 92. Entangled Media alleges that Dropbox has infringed and continues to infringe claims 1–6 of the '338 Patent and claims 1–6 of the '260 Patent. *Id.* ¶¶ 61, 79. Entangled Media alleges that various Dropbox products that contain Smart Sync functionality—including Dropbox Plus, Family, Professional, and Business (Standard, Advanced, Enterprise)—incorporate technology covered by the asserted patents. *Id.* ¶¶ 56, 62–72 (describing with screenshots how Dropbox via at least its Smart Sync technology infringes Claim 1 of the '338 Patent); *id.* ¶¶ 79–89 (describing with screenshots how Dropbox via at least its Smart Sync technology and support of

LAN Sync technology infringes Claim 1 of the '260 Patent).

The second amended complaint alleges that Dropbox has also actively induced infringement of claims 1–6 of the '338 Patent and 1–6 of the '260 Patent since no later than March 2017 by inducing "customers, distributors, vendors, and end-users" of the accused products to infringe upon both the asserted patents. Entangled Media alleges:

> Dropbox has actively induced infringement of Claims 1-6 of the '338 Patent [and Claims 1-6 of the '260 Patent] since at least March 2017, in violation of 35 U.S.C. § 271(b). Dropbox's customers, distributors, vendors, and end-users of the Accused Products directly infringe Claims 1-6 of the '338 Patent [and Claims 1-6 of the '260 Patent], at least by using the Accused Products, as described above. Since at least March 2017, Dropbox knowingly induces infringement of Claims 1-6 of the '338 Patent [and Claims 1-6 of the '260 Patent] by its customers, distributors, vendors, and end-users of the Accused Products with specific intent to induce infringement, and/or with willful blindness to the possibility that its acts induce infringement, through activities relating to selling, marketing, advertising, promotion, support, and distribution of the Accused Products in the United States. Dropbox instructs its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products, as described in detail above. Dropbox creates and distributes promotional and product literature for the Accused Products that is designed to instruct, encourage, enable, and facilitate the user of the Accused Products to use the Accused Products in a manner that directly infringes the Asserted Patents. Nonlimiting examples of such are found above in the various screen shots that instruct performance of the infringing use of the technology. Dropbox is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '338 Patent [and the '260 Patent], of which it had knowledge.

SAC ¶¶ 74, 91. Because Dropbox has had actual notice of the asserted patents since at least March 2017, Entangled Media alleges that its active and induced infringement have been willful. *Id.* ¶¶ 74–75, 91–92.

Entangled Media commenced this patent-infringement action against Dropbox on December 16, 2022 in the Western District of Texas. In March 2023, Entangled Media filed its first amended complaint. After the case was transferred to this Court, Dropbox moved to dismiss the first amended complaint, asserting that the asserted patents were not directed to patent-eligible subject matter pursuant to 35 U.S.C. § 101. This Court denied that motion on February 13, 2024. Entangled Media filed a second amended complaint on March 28, 2024, adding new allegations of

3

1    induced infringement. Dropbox now moves to dismiss the induced infringement claims under Rule
2    12(b)(6).

## LEGAL STANDARD

A complaint that does not state a plausible claim upon which relief can be granted can be dismissed under Federal Rule of Civil Procedure 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions "can provide the framework of a complaint" but "must be supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

## ANALYSIS

### I. The Second Amended Complaint Adequately Pleads Claims for Induced Infringement.

Section 35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To plead a claim for induced infringement, a plaintiff must establish three elements: (1) "direct infringement by some party," (2) that the alleged infringer "knowingly induced infringement," and (3) that the alleged infringer "possessed specific intent to encourage another's infringement." *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1351 (Fed. Cir. 2022); *see Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.").

For purposes of this Rule 12(b)(6) motion, only the second and third elements are in dispute. In moving to dismiss the induced infringement claims, Dropbox first argues that this Court should dismiss Entangled Media's pre-suit induced infringement claims for failure to allege pre-suit knowledge. Second, Dropbox argues that this Court should dismiss Entangled Media's pre- and post-suit induced infringement claims for failure to adequately plead specific intent.

4

**A. The Second Amended Complaint Adequately Pleads Knowledge of Alleged Infringement for Pre-Suit Induced Infringement.**

Induced infringement under 35 U.S.C. § 271(b) requires both "knowledge of the existence of the patent that is infringed" and "knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011).

The second amended complaint provides sufficient facts from which the Court can a draw a reasonable inference that Dropbox had knowledge of both the existence of the asserted patents and the induced infringement. Entangled Media alleges that Mr. Caso specifically corresponded with a senior executive on Dropbox's corporate development team. SAC ¶ 57. "Over the course of several discussions," Entangled Media alleges, Mr. Caso specifically identified "Dropbox's core technology" as the source of infringement and "explained that Dropbox's core technology infringed the claims" of the asserted patents. *Id*. "After a few discussions between Mr. Caso and Dropbox," Entangled Media alleges, "Dropbox decided not to license the technology developed by Entangled Media." *Id.* From those facts, the Court may reasonably infer that these licensing discussions between Mr. Caso and Dropbox provided Dropbox with knowledge of both the existence of the asserted patents and that its technology constituted infringement. Contrary to Dropbox's argument, these factual allegations are more than conclusory and sufficient to plausibly state a claim for pre-suit induced infringement at this stage. *Iqbal*, 556 U.S. at 678.

Dropbox argues that the Court cannot infer pre-suit knowledge based on these allegations because the second amended complaint does not identify the specific content of the discussions Mr. Caso had with Dropbox. Specifically, Dropbox argues, the "Court cannot plausibly infer pre-suit knowledge of infringement based on alleged 'discussions' of the 'claims' without identifying any specific claims or what allegedly constituted infringement of those claims," and "based on an alleged reference to 'Dropbox's core technology,' which is not a specific identification of an accused product or allegedly infringing features or functionality." Dkt. No. 107, at 6.

Such detail is not required at this stage, however. In the cases upon which Dropbox relies wherein courts dismissed induced infringement claims for failure to sufficiently plead pre-suit knowledge, the plaintiffs informed defendants of the patents at issue and inducement only through

5

cursory notice letters that failed to identify the accused product or the nature of the infringement. *See, e.g.*, *People.ai, Inc. v. SetSail Techs., Inc.*, No. C 20-09148 WHA, 2021 WL 2333880, at *6 (N.D. Cal. June 8, 2021) (holding that the "amended complaint's perfunctory recitation of the elements of induced infringement" that "provides only a cursory overview of pre-suit correspondence between the parties, and does not allege that a claim chart or other description of infringement was included with the correspondence" does "not support an inference of knowledge of alleged infringement" in a case where the plaintiff also failed to state a claim for direct infringement); *Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 408988, at *3 (N.D. Cal. Jan. 24, 2020) (holding that the complaint, which also failed to plead a claim for direct infringement, failed to plead knowledge where it alleged that defendant had notice vis-à-vis a citation to relative patents eight years prior to the issuance of the patents-at-issue and separately "via the September 2018 letter informing defendant of the [alleged] patent's issuance" that did "not allege a claim chart or other description of infringement was included in the letter").

Unlike those cases, Entangled Media did not merely provide notice to Dropbox by a cursory letter that left significant doubt about whether defendant was provided actual notice of either the existence of the patents or the nature of the infringement allegations. From the allegation that Dropbox declined to license Entangled Media's patent, the Court may reasonably infer that the parties had been engaged in *licensing* discussions about the asserted patents. It is reasonable to infer from this allegation that Entangled Media disclosed both the patents and the ways in which Dropbox's "core technology" infringed the claims of the asserted patents, including the specific accused products and the nature of the infringement. Further, given the close relationship between the subject of the asserted patents and Dropbox's product, which itself permits users to "[s]ync files across devices and platforms," SAC ¶ 62, it is at least plausible that Dropbox, upon reviewing the asserted patents, was immediately aware of the alleged infringement.[2]

Construing the pleadings in the light most favorable to Entangled Media, its allegations

---

[2] Dropbox appears to contend that, to plead pre-suit knowledge, a plaintiff must have provided the defendant with a detailed infringement chart comparable to the infringement contentions required by Patent Local Rule 3-1. Rule 12(b)(6), however, imposes no such standard.

6

support a reasonable inference of Dropbox's pre-suit knowledge. *See Rowe*, 559 F.3d at 1209–30.

### B. The Second Amended Complaint Adequately Pleads Specific Intent to Induce Infringement.

A defendant is liable for induced infringement under 35 U.S.C. § 271(b) "if the defendant took certain affirmative acts to bring about the commission by others of acts of infringement and had knowledge that the induced acts constitute patent infringement." *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020) (cleaned up). "The intent standard focuses on, and can be met by proof of, the defendant's subjective state of mind, whether actual knowledge or the subjective beliefs (coupled with action to avoid learning more) that characterizes willful blindness." *Id.* "As a logical matter, a defendant may have the liability-supporting subjective state of mind even if a person could believe, with objective reasonableness (though wrongly), that the induced conduct was not infringing." *Id.*

Entangled Media has pleaded that after Dropbox gained knowledge of the patents and infringement through licensing discussions, Dropbox proceeded to introduce its own product incorporating the claimed technology and publish materials promoting the product and instructing users on how to use that technology. The screenshots and accompanying allegations detail on an element-by-element basis the ways in which Dropbox's technology directly infringes the claims of the asserted patents and how users utilize the product, thereby infringing the same.

Dropbox does not—and cannot—argue that the second amended complaint fails to state a claim for direct infringement of the asserted patents based on the alleged facts. Direct evidence of infringement "taken together with … prior knowledge of the patent and viewed in [the plaintiff's] favor, gives rise to a reasonable inference that [the defendant] intend[ed] to induce" infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017). By "instruct[ing] its customers, distributors, vendors and end-users, at least through its marketing, promotional, and instructional materials, to use the infringing Accused Products" and "creat[ing] and distribut[ing] promotional and product literature for the Accused Products that is designed to instruct, encourage, enable, and facilitate the user of the Accused Products to use the Accused Products," Entangled Media alleges that Dropbox actively induced infringement by its "customers,

7

1  distributors, vendors and end-users." *See Core Optical Techs., LLC v. Juniper Networks Inc.*, 562
2  F. Supp. 3d 376, 382 (N.D. Cal. 2021) ("The Federal Circuit has found it enough to assert that a
3  defendant, among other things, provided instructions, support, and technical assistance to another
4  in committing infringement." (cleaned up)).

5        Contrary to Dropbox's argument, publicly instructing prospective and actual users on how
6  to use the accused products on a step-by-step basis—as the complaint shows—and doing so *after*
7  acquiring knowledge of both the asserted patents and notice of infringement plausibly alleges a
8  claim for willful induced infringement. Once again, the cases upon which Dropbox relies are
9  inapposite. In *Hypermedia Navigation LLC v. Google LLC*, the plaintiff alleged that Google
10 "specifically intended to induce infringement of its asserted patents" by "offering [its] products 'to
11 end users' wherein the [products] infringe upon ordinary use by an end user" and "providing end-
12 users instructions and support on how to use these products, which if followed would result in
13 infringement." No. 18-CV-06137-HSG, 2019 WL 1455336, at *2 (N.D. Cal. Apr. 2, 2019). The
14 court found that these allegations amounted only to "bald conclusions that an end user following
15 YouTube instructions results in infringement" and "[i]n no way ... detail[ed] *how* an end user
16 would infringe [the asserted] patents by following instructions in the links provided in the
17 complaint." *Id.* at *3.

18       Here, by contrast, Entangled Media's screenshots and element-by-element allegations of
19 how the accused products infringe the asserted patents explain how users following these steps
20 necessarily infringe upon the claims of the asserted patents. *See also Hitachi Kokusai Elec. Inc. v.*
21 *ASM Int'l, N.V*, No. 17-CV-06880-BLF, 2018 WL 3537166, at *4 (N.D. Cal. July 23, 2018)
22 (holding that plaintiffs failed to state a claim for induced infringement despite "numerous
23 allegations regarding Defendants' purported publications, participation in conferences,
24 advertisements, instruction materials, and hands-on training sessions … because the general
25 allegations regarding Defendants' customer-related activities are not sufficiently related to
26 infringement of the claimed methods"). These allegations include facts sufficient "'to raise a
27 reasonable expectation that discovery will reveal' that [Dropbox] is liable" for inducing
28 infringement of the asserted patents. *Lifetime Indus.*, 869 F.3d at 1380.

**CONCLUSION**

For the foregoing reasons, Dropbox's partial motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: September 10, 2024

_____
P. Casey Pitts
United States District Judge