UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DROPBOX INC.,<br><br>　　　　Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**REDACTED**<br><br>**ORDER RE SEPTEMBER 17, 2024 DISCOVERY DISPUTE RE SOURCE CODE PRINTING**<br><br>Re: Dkt. No. 148 |

Plaintiff Entangled Media, LLC ("Entangled Media") and defendant Dropbox, Inc. ("Dropbox") ask the Court to resolve their dispute regarding Entangled Media's request that Dropbox print 687 pages of its source code, in addition to the 481 pages Dropbox has already printed. Dkt. No. 148. The Court held a hearing on this dispute on October 1, 2024. Dkt. No. 157. At the Court's direction, the parties filed supplemental declarations in support of their respective positions. Dkt. Nos. 167, 176.

Section 9(e) of the protective order, which is based on this District's model order, provides that Entangled Media "may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial." Dkt. No. 97, sec. 9(e). If Dropbox objects to the request, the parties must confer and then may "seek the Court's resolution of whether the request is narrowly tailored for a permitted purpose." As the party requesting printed source code, Entangled Media has the burden to demonstrate that the portions of source code to be printed "are no more than is reasonably necessary for a permitted purpose, and not merely for the purpose of review and analysis in another location." *Id.*

1    The parties disagree about whether the printed source code Entangle Media requests is
2    "reasonably necessary" for, and "narrowly tailored" to, the purposes of preparing for and
3    conducting depositions of technical witnesses, updating infringement contentions, and preparing
4    expert reports. *See* Dkt. No. 148 at 4, 6-7. Entangled Media argues that the printed source code it
5    has requested is limited to specific files that include the accused functionalities. *Id.* at 4-5; Dkt.
6    No. 167 ¶ 16(a)-(g). By way of illustration, Entangled Media's technical expert points to the
7    existing infringement contentions, which include citations to the printed source code Entangled
8    Media has already obtained for Dropbox's ▮ code base. Dkt. No.167 ¶¶ 19, 22, Exs. 2-4.
9    Entangled Media argues that it requires a similar scope of printed source for the ▮ code base
10   and the ▮ code base. Dkt. No. 148 at 3; Dkt. No. 167 ¶¶ 25-32.

11   Dropbox responds that while Entangled Media may have identified source code files
12   relevant to the accused functionalities, Entangled Media's request for *printing* is "unusual and
13   excessive." Dkt. No. 148 at 5. Specifically, Dropbox argues that Entangled Media fails to show
14   why it requires printed copies of the complete (or mostly complete) source code files for each file
15   path cited in the infringement contentions, as opposed to discrete and limited code segments from
16   within those files that may be necessary to show the key elements of the source code on which
17   Entangled Media or its expert relies. *Id.* at 6; Dkt. No. 176 ¶¶ 12, 17, 26. Dropbox's technical
18   expert describes several examples of Entangled Media's print requests that purportedly encompass
19   portions of the ▮ code base that Dropbox contends are not reasonably necessary to have in
20   printed form because they concern "import statements" and "class declarations" that do not bear
21   on any infringement contention at issue. Dkt. No. 176 ¶¶19-24.

22   There appears to be no dispute that Dropbox has made its source code available for
23   inspection and that Entangled Media's technical expert and consultant have had an opportunity to
24   review the code, as provided in section 9(c) of the protective order. *See* Dkt. No. 97, sec. 9(c).
25   And while Dropbox's source code production is voluminous, spanning multiple versions and
26   implementations across different timeframes, the protective order expressly permits Entangled
27   Media's outside counsel and its technical expert and consultant to take notes regarding the source
28   code, including documenting "identifiers such as file names, function calls, as well as other

United States District Court
Northern District of California

functional identifiers included within the source code," as provided in section 9(h) of the protective order. *See id.*, sec. 9(h). Nothing in the record suggests that Entangled Media's request for printed source code is made for the improper purpose of reviewing the code in printed form "in the first instance." *See id.*, sec. 9(e). However, the Court agrees with Dropbox that it is not enough for Entangled Media to show merely that its print requests correspond to Dropbox source code files cited in Entangled Media's infringement contentions without explaining why it is reasonably necessary to obtain printed copies of all or most of those files, rather than, for example, printed copies of just the code corresponding to specific functions within the files. In other words, it is not clear that Entangled Media's print requests are "narrowly tailored" to those portions of the code for which *printing* is reasonably necessary.

Nevertheless, Entangled Media has established a practical need for at least some printed code from the files cited in its infringement contentions for the ▮ code base, and for printed code corresponding to the accused components and functions from the distinct ▮ code base and the ▮ code base, as well as four pages from the ▮ code base. *See* Dkt. No. 167 ¶¶ 26-33. The question is how much printed code is reasonably necessary for the purpose of preparing expert reports, updating infringement contentions, and preparing for and conducting depositions. The Court has considered the declarations of each party's technical expert, and in particular the comments in paragraph 18 of the Thompson declaration and the summary chart attached as Exhibit 4 to the Edwards declaration. Based on these considerations, the Court concludes that the scope of Entangled Media's pending print requests for the ▮ code base and the ▮ code base are not sufficiently tailored and should be limited to **no more than 300 printed pages from each code base**, plus the four printed pages for the ▮ code base.

**IT IS SO ORDERED.**

Dated: November 6, 2024

Virginia K. DeMarchi
United States Magistrate Judge