UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>DROPBOX INC.,<br><br>  Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE OCTOBER 17, 2024 DISCOVERY DISPUTE RE DROPBOX INTERROGATORY NO. 25**<br><br>Re: Dkt. No. 180 |

Plaintiff Entangled Media, LLC ("Entangled Media") and defendant Dropbox, Inc. ("Dropbox") ask the Court to resolve their dispute concerning Entangled Media's response to Dropbox's Interrogatory No. 25. Dkt. No. 180. The Court finds this matter suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

Dropbox's Interrogatory No. 25 asks Entangled Media to "[d]escribe in detail how each version of Younity practiced or practices each limitation of the Asserted Claims." Dkt. No. 180-1 at 8. Dropbox explains that Entangled Media has taken the position that the Younity code developed by Entangled Media practices the asserted patents. *See* Dkt. No. 180 at 1-2 (citing Entangled Media's complaint, interrogatory answers, and supplemental infringement contentions). It argues that whether and how Younity practices one or more asserted claims is relevant to questions of willful infringement and secondary indicia of non-obviousness raised by Entangled Media's claims in this litigation. *See id.* at 2-3. Entangled Media does not dispute that it has taken the position that at least one version of the Younity code practices the asserted patents. *See id.* at 5. Rather, it argues that Dropbox's Interrogatory No. 25 is unreasonably broad and imposes an undue burden. *Id.* at 4.

Although it is not entirely clear from the parties' discovery dispute submission, it appears that Entangled Media's current position is that at least one version of Younity code, dated no later than 2012, practices "at least" claim 1 of the '260 patent and "at least" claim 1 of the '338 patent. *See* Dkt. No. 180-1 at 9-10.  The Court is not persuaded that it is unreasonable for Dropbox to require Entangled Media to disclose the bases for its contentions on this point, particularly at this late stage of the litigation.  *See, e.g., PersonalWeb Techs., LLC v. Google Inc.,* No. 13-cv-01317 EJD (HRL), 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (at close of discovery, requiring substantive response to interrogatory calling for limitation-by-limitation chart for product patentee contended practiced asserted patent); *see also* Patent L.R. 3-1(g) ("If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own . . . apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.").  Entangled Media has chosen to assert that Younity is or was a practicing product or service, and Dropbox is entitled to test that assertion.  The fact that the Younity code library may be difficult to parse is no justification for declining to provide a complete response based on the information currently known to Entangled Media.

Thus, to the extent Entangled Media contends that the Younity code practices an asserted claim, Entangled Media must fairly respond to Interrogatory No. 25 by: (1) identifying each version of Younity that practices the asserted patents (e.g., by year or by some other identifier); (2) identifying each asserted claim that is practiced; and (3) explaining on a limitation-by-limitation basis how each limitation is met.  Entangled Media may refer to the source code that corresponds to the limitation, or it may refer to other information about the practicing product or service.  So long as Entangled Media's response is clear, the Court will *not* require Entangled Media to "[p]rovide a detailed explanation as to Plaintiff's position concerning the 2011 Video," including whether and how the 2011 Video differs from some other version of Younity, as this further explanation is not within the scope of Interrogatory No. 25.

Entangled Media's supplemental response to Interrogatory No. 25 must be served no later

than **November 19, 2024**.

**IT IS SO ORDERED.**

Dated: November 6, 2024

Virginia K. DeMarchi
United States Magistrate Judge

3