# EXHIBIT E

```
 1                 UNITED STATES DISTRICT COURT
 2                NORTHERN DISTRICT OF CALIFORNIA
 3   Before The Honorable Virginia K. DeMarchi, Magistrate Judge
 4
 5  ENTANGLED MEDIA, LLC,           )  Case No. C 23-03264-PCP
                                    )
 6           Plaintiff,             )
                                    )
 7  vs.                             )
                                    )
 8  DROPBOX, INC.,                  )
                                    )
 9           Defendant.             )
10  _____)
                                       San Jose, California
11                                     Tuesday, August 20, 2024
12
      TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13            RECORDING 11:20 - 12:29 = 1 HOUR 9 MINUTES
14
    APPEARANCES:
15
    For Plaintiff:
16                                   Skiermont Derby, LLP
                                     633 West Fifth Street
17                                   Suite 5800
                                     Los Angeles, California 90071
18                              BY:  JOHN E. LORD, ESQ.

19                                   Skiermont Derby, LLP
                                     1601 Elm Street
20                                   Suite 4400
                                     Dallas, Texas 75201
21                              BY:  ALEXANDER E. GASSER, LLP
22
23
24            (APPEARANCES CONTINUED ON NEXT PAGE)
25
```

*Echo Reporting, Inc.*

```
                                                              2
 1  For Defendant:
                           Morgan Lewis & Bockius
 2                           Chicago
                           110 North Wacker Drive
 3                         Suite 2800
                           Chicago, Illinois 60606
 4                    BY:  KARON N. FOWLER, ESQ.

 5  Transcribed by:        Echo Reporting, Inc.
                           Contracted Court Reporter/
 6                         Transcriber
                           echoreporting@yahoo.com
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

42

1          THE COURT:  Okay.  And what's Dropbox's view on
2    what I've described?
3          MS. FOWLER:  So, I think in camera review of the
4    security agreement would -- would address our concerns at
5    least in the first instance on the security agreement.  I
6    don't think that addresses the other withheld documents and
7    communications we know to exist and over which they are
8    claiming there to be attorney-client privilege and work
9    product protection on the basis of litigation funding --
10         THE COURT:  Um-hmm.
11         MS. FOWLER:  -- just because it relates to
12    litigation funding.  And, so, that -- that's my concern --
13         THE COURT:  Yeah.
14         MS. FOWLER:  -- is that it -- it sounds as if
15    counsel is wanting the Court to take a categorical approach,
16    to say litigation funding off limits.  It's work product
17    protected, period, the end.  And we know from the case law
18    that's not the case.  It's a case-by-case analysis,
19    document-by-document analysis, communication-by-
20    communication analysis.  And I don't disagree with the
21    general proposition that -- that just sharing it with a
22    third party doesn't necessarily waive work product
23    protection, but we need to know what -- what's going on
24    there, right.  We can't just assume.
25         THE COURT:  So, are you -- are you agreeing with

43

1  me that I would need something more than what I have,
2  including the actual privilege log entries and some briefing
3  on that point?  Because right now I don't have -- I don't
4  even know what the it is.
5           MS. FOWLER:  Yes.  No.
6           THE COURT:  Okay.
7           MS. FOWLER:  Absolutely, your Honor.  And on that
8  point, with the log, we -- we don't have dates for a lot of
9  these entries.  We don't have recipients, authors --
10          THE COURT:  Okay.
11          MS. FOWLER:  -- to, from on these issues.  We
12 don't have descriptions.  We -- we are at a loss.  We -- we
13 don't know.
14          THE COURT:  Well, first -- the first thing I will
15 say is if this is coming to me based on the privilege log,
16 you all ought to really like have a look at the case law in
17 this jurisdiction about what privilege log -- including some
18 of my own cases, about what privilege log entries require.
19 But there is a case -- the Ninth Circuit has a case -- it's
20 one of the <u>In Re Grand Jury Investigation</u> cases -- about
21 this issue and what a log requires, and I would expect not
22 to have to have a discovery dispute about that but that I
23 could just kind of get to the merits question of is a prima
24 facie case made and, if not, is there a reasonable basis for
25 believing that in camera review would reveal that the -- the

44

1  privilege or work product is not well taken and shouldn't
2  have been asserted or some other basis for believing it's
3  been waived.  That's kind of the framework I have in mind,
4  but you all would need to do some more work conferring with
5  each other before we got there.  Okay.  So, that's -- that's
6  how I think we should approach this issue.
7       All right.  We've spent a lot of time on 119.  I'd like
8  to move on to our last item, which I think can be handled a
9  little bit more expeditiously.  So, let me get to that.
10 And, by the way, I'll -- I'll issue an order giving you some
11 guidance so you won't just have to like take it from what
12 I've said here or get the transcript.  I will issue an order
13 telling you what to do next on 119.
14          MS. FOWLER:  Your Honor, if I -- if I may briefly
15 address one point --
16          THE COURT:  Yeah.
17          MS. FOWLER:  -- in rebuttal on -- on 119.
18          THE COURT:  Okay.  Briefly.
19          MS. FOWLER:  There was a reference to an
20 Intellectual Tech v. Zebra case.
21          THE COURT:  Yeah.
22          MS. FOWLER:  I am, for better or worse, very
23 familiar with that case because I was one of the briefing
24 attorneys on that case before the --
25          THE COURT:  Okay.