# EXHIBIT U

# Hora Jacobson, Katerina

| | |
|---|---|
| **From:** | Zuck, Austin L. |
| **Sent:** | Tuesday, August 27, 2024 6:59 PM |
| **To:** | Alex Gasser; Fowler, Karon N.; Lyons, Michael J.; Hora Jacobson, Katerina; Elena DiMuzio |
| **Cc:** | Carolyn Bridwell; Ryan Hargrave; Jaime Olin; John Lord; MLB Dropbox - Entangled Media |
| **Subject:** | RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange |

Thanks, Alex. We'll proceed to file shortly.

Austin

**Austin L. Zuck**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7266 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
austin.zuck@morganlewis.com | www.morganlewis.com



**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Tuesday, August 27, 2024 6:52 PM
**To:** Zuck, Austin L. <austin.zuck@morganlewis.com>; Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Austin,

You have our authorization to file. Please apply John Lord's signature.

Thanks,

Alex

---
Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

**From:** Zuck, Austin L. <austin.zuck@morganlewis.com>
**Sent:** Tuesday, August 27, 2024 8:34 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Hi Alex, attached please find a draft Joint Status Report where we have provided our position and also input your position as proposed below.

Please let us know if you have any edits. Otherwise, please confirm we have your authorization to file and whose signature should be applied.

Thanks,
Austin

**Austin L. Zuck**
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road | Palo Alto, CA 94304-1124
Direct: +1.650.843.7266 | Main: +1.650.843.4000 | Fax: +1.650.843.4001
austin.zuck@morganlewis.com | www.morganlewis.com



**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Tuesday, August 27, 2024 5:11 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

Further to our call earlier today, our proposal regarding Rog 5 (Validity Contentions) is as follows:

1. Within one week from the Court's order addressing this issue:
    a. Dropbox will identify up to five charts (each of which identifies an allegedly anticipatory prior art reference) per asserted patent (i.e., up to a total of ten charts). However, a total of only five different anticipatory references will be permitted across these ten charts.
    b. Dropbox will identify a total of five different terms or phrases across both patents that allegedly provide a basis for invalidity under 35 U.S.C. 112, i.e., written description, enablement, and/or indefiniteness.

2. Within 30 days of receiving the information identified by Dropbox above, Entangled Media will serve a supplemental response to Interrogatory No. 5 addressing how the asserted patents remain valid in view of the above disclosures.

Please prepare the joint submission to the Court this evening, and provide the final document for our review before submission.

Thanks,

Alex

_____

Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Friday, August 23, 2024 6:38 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

John and Alex,

Thanks for the call earlier today.  Here is where we understand things to stand:

- Entangled Media's privilege log deficiencies as outlined in my email dated 8/16.
    - We indicated that we would be prepared to exchange supplemental logs on Monday.  You said next week would not be feasible for you.  We explained our concern with prolonging resolution by the Court should your log remain deficient.
    - You will provide us with a proposed date for mutual exchange of supplemental logs plus a proposal that additional meeting and conferring would not be required and your position on whether it should be addressed as a formal motion to compel or via Magistrate Judge DeMarchi's discovery dispute procedure.
- Entangled Media's litigation funding entries in the privilege log per the Court's Order (Dkt. 125).
    - You also will be addressing these entries in your forthcoming supplemental log.  We discussed that these entries also include the extra issue of redacted litigation funder names.
- Entangled Media's refusal to produce emails responsive to search term 4 to Mr. Caso in Dropbox's Second Set of Email Requests
    - You are running our revised search term and will circle back.

- Entangled Media's responses that it does not have emails for certain custodians per Dropbox's Second Set of Email Requests
    - You will provide us with the requested information early next week.
- Your proposal in connection with interrogatory no. 5 per the Court's Order (Dkt. 126).
    - Your proposal is that we select five charted references to which you can respond, and you believe that the ball is in our court on the issue. We discussed how Entangled Media's agreement not to oppose supplemental invalidity contentions per my separate email in connection with Entangled Media's supplemental infringement contentions may affect the proposal. We agreed to provide you with a proposal via email.
- The emails from Messrs. Simmons and Clark per my separate email of today (8/21).
    - Per John's email of 3:07pm today (8/23), you are refusing to provide the responsive emails. The parties agreed to disagree and will confirm that position on Tuesday, understanding that we intend to address it with the Court thereafter.
- Dropbox's responses and objections to Entangled Media's second set of interrogatories as outlined in your email dated 8/15
    - We will review our subpart objections to see if there are any on which we can reach agreement. You will provide us with your identification of the primary question for each. We will then revisit on Tuesday as needed.
- The 30(b)(6) topics outlined in your email of 11:12am today (8/21).
    - Topic 15 – We will review and circle back.
    - Topic 79 – You will review and provide more specificity.
    - Topic 103 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about valuations relating to Dropbox's IPO that identify or discuss the accused functionality.
    - Topics 110 & 113 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about Dropbox's knowledge of Dropbox products or services that constitute prior art.
    - Topic 21 - Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about inspection, testing, evaluation, use, or analysis of Entangled Media's products or services, including the Younity application, at any time.
    - Topic 22 - Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about Dropbox's policies regarding licensing or sub-licensing of Third Party patents from 2013 to present.
    - Topic 63 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about any IP clearance analyses, such as FTO analyses, concerning the accused functionality going back to 2013.
    - Topic 65 - Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally, for the pre-2016 time frame, any research conducted by Dropbox into products or applications competing with Smart Sync.
    - Topic 78 - Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will produce one or more witnesses to testify generally about actual and projected or forecasted pricing, revenue, sales, costs, margins, and expenses if concerning the accused functionality for 2013 to 2016.

- o Topic 83 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will provide a witness to testify generally about Dropbox's policies and procedures for licensing or acquisition of Third Party intellectual property going back to 2013.

- o Topic 89 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will provide a witness to testify generally about valuations as they relate to the accused functionality going back to 2013.

- o Topic 94 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will provide a witness to testify generally about testing of the accused functionality going back to 2013.

- o Topic 101 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will provide a witness to testify generally as to market or industry analyses or documents pertaining to competitive analysis programs as they relate to the accused functionality going back to 2013.

- o Topic 123 – Subject to, as limited by, and without waiving any of the foregoing objections and General Objections, Dropbox will provide a witness to testify generally about Dropbox's document or source code destruction policies from 2013 to the date on which the complaint was first filed.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Fowler, Karon N.
**Sent:** Wednesday, August 21, 2024 6:06 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXtTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

Given the length of yesterday's hearing, which ran into the time that we had planned to meet and confer, we discussed moving it to Thursday or Friday of this week without affecting a meeting with lead counsel to occur no later than Tuesday of next week per the Court's discovery dispute resolution procedure.

We are available tomorrow 10am-12pm CT and 4-5pm CT or Friday 10am-12pm CT and after 5pm CT.  Please confirm which of those windows works well for you.

Then we can do the second meet and confer with lead counsel per the dispute resolution procedure next Tuesday 12-1pm CT, 2-3pm CT, or after 4pm CT.  Please confirm which of those windows works well too.  We'll send the two calendar invites accordingly.

As to the agenda for the call tomorrow/Friday, we would like to discuss at least the following:

- Entangled Media's privilege log deficiencies as outlined in my email dated 8/16;
- Entangled Media's litigation funding entries in the privilege log per the Court's Order (Dkt. 125);
- Entangled Media's refusal to produce emails responsive to search term 4 to Michael Abraham in Dropbox's Second Set of Email Requests;
- Your proposal in connection with interrogatory no. 5 per the Court's Order (Dkt. 126); and
- To the extent you do not agree to produce the, the emails from Messrs. Simmons and Clark per my separate email of today (8/21).

We also understand that you would like to discuss Dropbox's responses and objections to Entangled Media's second set of interrogatories as outlined in your email dated 8/15.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Friday, August 16, 2024 5:36 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

We'll put something on the calendar for Tuesday afternoon to meet and confer.  As requested in my prior email, please let us know if you agree to provide a supplemental privilege log to remedy the identified deficiencies.  If so, perhaps there would be no need to meet and confer after all.

As to Mr. Drew's deposition, we have not been able to contact him and, as such, he has not confirmed any details with us.  But given your understanding that he is likely to appear, it sounds like either you or your client have been in communication with him.  Can you please provide us with his contact information or the contact information for his

counsel, if he is represented, so that we can coordinate with them? Given that your message received last night is the first we've heard of any update on this, we'll do our best to secure means for virtual attendance. But it would be good for both sides if we can coordinate with Mr. Drew and/or his counsel.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Thursday, August 15, 2024 7:30 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

While we check on potential availability to meet and confer over the next several days, I want to confirm the current schedule for this upcoming Monday, August 19*th*. Monday is already occupied with the currently scheduled deposition of John Simmons, as well as travel for Tuesday's discovery hearing. We are currently not available tomorrow. But as stated before we are available to meet and confer on Tuesday after the hearing.

We additionally note that Monday is also the currently calendared date for Matt Drew's subpoenaed deposition. We have not heard from you as to whether the deposition will proceed as scheduled. We do not represent him, and we obviously have no control over his actions. Nonetheless, it is our understanding that he is likely to appear, as commanded by his subpoena, at your Chicago office on Monday the 19*th* at 9 AM. We therefore will plan to appear virtually, even though he may appear in your office physically. Accordingly, please provide a zoom link for us to virtually attend his anticipated Monday deposition.

Thanks

Alex

_____
Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Thursday, August 15, 2024 2:30 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

If that is your position on meeting and conferring, please provide us with your availability tomorrow or Monday for a call. We disagree with any additional, unnecessary characterizations in your email.

We'll send an email in advance of our call, outlining the various deficiencies in Entangled Media's privilege log if you'd like.

We can add a column to Dropbox's privilege log that expressly states attorney-client privilege. Are there any other alleged deficiencies that you'd like for us to address?

On the responses and objections to Entangled Media's second set of interrogatories, we'll be prepared to discuss further.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Thursday, August 15, 2024 2:19 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-

Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

     We respond to your August 12th email below. Paragraph 4 of Magistrate Judge DeMarchi's Standing Order states that the parties "shall attempt in good faith to resolve the dispute by agreement. b. ***If such efforts fail, the party seeking relief may demand a conference of lead counsel to discuss resolution of the dispute***... ." (Emphasis added.) Your request to automatically demand a conference with lead counsel, without any prior meet-and-confer or good faith effort to come to an agreement, violates the letter and spirit of this rule, particularly here wherein you have failed to identify even a single alleged deficiency in our privilege log. Please identify any alleged deficiencies, and the parties can then work in good faith to resolve the dispute. We propose that the parties meet in person after the discovery hearing on Tuesday to discuss this issue. With any identified alleged deficiencies, we can ensure that the parties proceed even-handedly with their respective privilege logs. For example, we note that Dropbox's privilege log, as presently drafted, fails to identify the specific privilege claims (for example, attorney/client privilege, work product, etc.) Accordingly, please be prepared to address both parties' privilege logs during our anticipated Tuesday meet-and-confer.

     During our meeting on Tuesday, we also request to meet and confer on the following:

- DROPBOX, INC.'S RESPONSES AND OBJECTIONS TO ENTANGLED MEDIA'S SECOND SET OF INTERROGATORIES (NOS. 10-23)
    - Rogs 11-12; 14-23 – Dropbox has objected on the basis that these interrogatories contain multiple subparts and count as "distinct interrogatories." We disagree with Dropbox's position and its refusal to respond to many of the interrogatories on this basis stating that "Plaintiff has exceeded the number of Interrogatories permitted ...."
    - Rog 13 – Dropbox failed to substantively respond, instead referring Entangled Media to Dropbox's "forthcoming expert reports." We disagree with Dropbox's position.
    - Rogs 16 and 19 – Dropbox has additionally objected stating it would not respond based on undue burden, overbreadth, and disproportionality objections. We disagree with Dropbox's position.
    - Rog 18, 20 - Dropbox has additionally objected stating it would not respond based on its vague and ambiguous objections. We disagree with Dropbox's position.
    - Rogs 14, 22 and 23 – Dropbox has additionally objected stating it would not respond based on its undue burden, overbreadth, disproportionality, vague and ambiguous objections. We disagree with Dropbox's position.

We look forward to discussing the above matters with you early next week.

Thanks,

Alex

_____
Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, August 12, 2024 9:27 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

There are several deficiencies in Entangled Media's privilege log. Pursuant to Paragraph 4 of Magistrate Judge DeMarchi's Standing Order for Civil Cases, please let us know when lead counsel for Entangled Media is available on Monday (8/19) to confer.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Monday, August 12, 2024 8:21 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Counsel,

Attached for service is Entangled Media's privilege log.

Thanks,

Alex

_____
Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201

P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, August 12, 2024 7:39 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Counsel,

Attached for service is Dropbox's privilege log.

Best,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Thursday, August 1, 2024 7:30 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

John,

To memorialize the discussion that we had today when we met and conferred, my reference to an "initial log" is to account for any supplemental log served thereafter in order to address documents produced after that "initial log" exchange.

Thanks,

Karon

**Karon N. Fowler**

Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Thursday, August 1, 2024 11:33 AM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

    A privilege log exchange date of 8/12 is acceptable. Please clarify what you mean by an "initial log" exchange? By 8/12, the parties should log all privileged documents/emails responsive to requests due by 8/12. Privileged documents/emails responsive to requests due after 8/12 can of course be logged at the response date for those additional requests.

    We will get back to you regarding your counterproposal for logging post-suit communications, except those between client and litigation counsel.

Regards,

John

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, July 29, 2024 8:48 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Hi John,

Thanks for your message. How about we compromise, meeting in the middle of our proposals at 8/12 for the initial log exchange?

Regarding my statement that "the parties need not log privileged communications between client and litigation counsel related to this action that post-date the filing of the complaint," we mean to address only "communications between client and litigation counsel." If there are communications involving client, litigation counsel, and some other party/individual, those should be logged.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Monday, July 29, 2024 11:49 AM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

   We believe an initial exchange on 8/16 is too late, given the discovery deadline of 9/3. Can we agree on an exchange date of 8/9? This exchange will occur after 8/5, which we understand is the date that Dropbox will substantially complete its document production.

   With respect to your statement that the only exclusion that post-dates the filing of the complaint would be "between client and litigation counsel," would this include communications only between client and litigation counsel, or any communications that include client and litigation counsel?

Thanks

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Wednesday, July 24, 2024 7:42 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

EXTERNAL

Hi John,

Thanks for following up on this.  The timing that you propose is unworkable given that Dropbox is planning to reach substantial completion of production around that date.  In our experience, serving logs alongside productions or in

advance of substantial completion of production is logistically burdensome and may compromise quality and accuracy. It may also increase the frequency of needing to supplement the log thereafter, which is usually quite inefficient. As such, we propose that the parties exchange an initial log on 8/16 and then supplement the log if/as needed thereafter.

We agree that the parties need not log privileged communications between client and litigation counsel related to this action that post-date the filing of the complaint. We do not believe that any other exclusions are appropriate.

We are happy to discuss further if helpful.

Best,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Wednesday, July 24, 2024 7:12 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,
     Following up. Please let us know if our proposal below is acceptable.

Regards,

John

---

**From:** John Lord
**Sent:** Tuesday, July 16, 2024 3:28 PM
**To:** karon.fowler@morganlewis.com; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>
**Subject:** Entangled Media - Privilege Log Exchange

Karon,
     We previously discussed the parties' exchange of privilege logs. We propose the exchange occur on August 2, 2024.

      We propose that privileged communications (i) post-dating the filing of the original complaint (i.e., prior to December 16, 2022), or (ii) with client and its litigation counsel for this matter regardless of the date, need not be logged.

      Please confirm this proposal is acceptable.

Regards,

John

_____
John Lord  |  Skiermont Derby LLP
633 West Fifth Street, Suite 5800, Los Angeles, California 90071
P: 213.788.4414 | F: 213.788.4545 | skiermontderby.com