# EXHIBIT V

## Hora Jacobson, Katerina

| | |
|---|---|
| **From:** | Fowler, Karon N. |
| **Sent:** | Friday, August 16, 2024 2:36 PM |
| **To:** | Alex Gasser; Lyons, Michael J.; Zuck, Austin L.; Hora Jacobson, Katerina; Elena DiMuzio |
| **Cc:** | Carolyn Bridwell; Ryan Hargrave; Jaime Olin; John Lord; MLB Dropbox - Entangled Media |
| **Subject:** | RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange |

Alex,

Here is a list of deficiencies for Entangled Media's privilege log:

- At least entries 1-66, 79-80, 93-94, 96-97, 102-110, 112-123, 125-142, 144-145, 165-167, 169-171, 173-179, 181-183, 185, 193, 195, 197, 203-204, 206-210, 212, 222-232, 235-236, 238-243, 245-250, 252, 254, 256, 262, 265-265, 267-276, 278-279, 281, 289-290, 295-299, 301-305, 207-209, 318-319, 323, 325, 342, 352, 354, 356-361, 363-366, 368, 370, 372-374, 386-393, 398, 402, 413-414, 416, 422-423, 425-430, 432, 434-438, 441-442, 444-445, 447-449, 451-455, 460, 462, 465-467, 469-470, 472-473, 475, 477-478, 480-482, 484, 488-490, 493-497, 499-500, 503-504, 507, 509-510, 512, 516, 518, 520, 522, 524, 526, 529-531, 533, 535-537, 541, 543-547, 549, 551-552, 556-557, 565-566, 568, 570, 572-573, 575-577, 579, 582, and 585 do not identify any author, sender, recipient, or cc'd person from which we can assess the basis for the privilege or work product claim.  Nor do they contain any description that would assist in assessing such persons. *See, e.g.*, *Kumar v. Nationwide Mut. Ins. Co.*, No. 22-CV-03852, 2023 WL 3598478, at *8 (N.D. Cal. May 23, 2023); *In re Telescopes Antitrust Litig.*, No. 20-CV-03639, 2022 WL 17331257, at *4 (N.D. Cal. Nov. 29, 2022).

- At least entries 1-66, 89, 93-94, 96-97, 102-110, 112-123, 125-142, 144-145, 165-167, 169-171, 173-179, 181-183, 185, 193, 195, 197, 203-204, 206-210, 212, 240-243, 245-250, 252, 253-254, 256, 262, 264, 265, 267-271, 273-276, 278-279, 281, 289-290, 295-299, 301-305, 307-309, 318-319, 323, 325, 342, 352, 354, 356-361, 363-366, 368, 372-373, 386-393, 402, 413-414, 416, 418, 422-423, 425-430, 432, 434-438, 441-442, 444-445, 447-449, 451-455, 460, 465-467, 469-470, 472-473, 475, 477-478, 480-482, 484, 488-490, 493-497, 499-500, 503-504, 507, 509-510, 514, 516, 518, 520, 522, 524, 526, 529-531, 533, 535-537, 541, 543-547, 549, 551-552, 554, 556-557, 565-566, 568, 570, 572-573, 575-577, 579, 582, and 585 do not contain any date information that would assist us in assessing the privilege or work product claim.  *See, e.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393, 2014 WL 7188779, at *1 (N.D. Cal. Dec. 16, 2014); *Brahmana v. Lembo*, No. C 09-0106, 2010 WL 11587053, at *1 (N.D. Cal. Feb. 26, 2010).

- At least entries 13-16, 21-22, 34-35, 46, 48, and 53 are described as engagement letters, which are not automatically privileged in their entirety, so we would need additional detail to assess the nature of the privilege claim.  *See, e.g.*, *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798, 2016 WL 787924, at *6 (N.D. Cal. Feb. 29, 2016).

- At least entries 68-78, 81-88, 90-92, 95, 146-155, 157-158, 172, 198-201, 213-219, 233, 253, 282-288, 291-294, 300, 310-313, 315-317, 320, 324, 332-337, 340, 343-351, 353, 355, 362, 374-375, 394-397, 399-400, 419,-420, 431, 433, 439-440, 443, 446, 456-459, 468, 498, 513, 517, 519, 523, 525, 527, 528, 532, 534, 548, 550, 580, and 584 appear to include one or more persons in the from, to, and/or cc columns that either do not appear to be an attorney or the client or appear to constitute only discussions amongst Entangled Media persons without an

1

indication of attorney-client communication. *See, e.g.*, *In re Telescopes Antitrust Litig.*, No. 20-CV-03639, 2022 WL 17331257, at *4 (N.D. Cal. Nov. 29, 2022); *Dominguez v. Schwarzenegger*, No. C 09-2306, 2010 WL 3341038, at *7 (N.D. Cal. Aug. 25, 2010); *see also Engurasoff v. Zayo Grp. LLC*, No. C-14-00689, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015).

- At least entries 156, 220, 314, 581, and 583 are from Mr. Caso to Mr. Caso without sufficient information for us to assess the privilege claim.

- None of the entries contain any information about document/email titles or subject lines or otherwise provide any description of the withheld documents' nature sufficient for us to assess the privilege claim. *See, e.g.*, *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798, 2016 WL 2908415, at *3 (N.D. Cal. May 13, 2016). *Cf. Telescopes*, 2022 WL 17331257, at *4.

- There are several entries that include in the privilege description the following statement: "communications regarding litigation funding." As you know, whether attorney-client privilege, common interest, and/or work product protection applies to litigation funding documents as a general matter is subject to the hearing next week. But regardless of that question generally, the specific entries noted as "communications regarding litigation funding" in your log do not include any "privilege description" entry that allows us to assess the basis for your claim. In addition, many of those entries do not contain any or sufficient identification of persons, and many do not provide any date information.

The above identification is not with any prejudice to Dropbox identifying additional deficiencies as necessary. These are the most glaring, so they are the best place to start.

Please confirm that you will promptly remedy these deficiencies. If so, perhaps the to meet and confer can be obviated. Otherwise, we will remind you (as you are surely aware) that a claim of privilege may be waived where the claimant provides a deficient privilege log. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531, 2011 WL 3443923, at *5 (N.D. Cal. Aug. 8, 2011); *Dominguez*, 2010 WL 3341038, at *6.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



**From:** Fowler, Karon N.
**Sent:** Thursday, August 15, 2024 2:30 PM
**To:** 'Alex Gasser' <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-

Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

If that is your position on meeting and conferring, please provide us with your availability tomorrow or Monday for a call. We disagree with any additional, unnecessary characterizations in your email.

We'll send an email in advance of our call, outlining the various deficiencies in Entangled Media's privilege log if you'd like.

We can add a column to Dropbox's privilege log that expressly states attorney-client privilege. Are there any other alleged deficiencies that you'd like for us to address?

On the responses and objections to Entangled Media's second set of interrogatories, we'll be prepared to discuss further.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Thursday, August 15, 2024 2:19 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

    We respond to your August 12th email below. Paragraph 4 of Magistrate Judge DeMarchi's Standing Order states that the parties "shall attempt in good faith to resolve the dispute by agreement. b. ***If such efforts fail, the party seeking relief may demand a conference of lead counsel to discuss resolution of the dispute*** ... ." (Emphasis added.) Your request to automatically demand a conference with lead counsel, without any prior meet-and-confer or good faith effort to come to an agreement, violates the letter and spirit of this rule, particularly here wherein you have failed to identify even a single alleged deficiency in our privilege log. Please identify any alleged deficiencies, and the parties can then work in good faith to resolve the dispute. We propose that the parties meet

in person after the discovery hearing on Tuesday to discuss this issue. With any identified alleged deficiencies, we can ensure that the parties proceed even-handedly with their respective privilege logs. For example, we note that Dropbox's privilege log, as presently drafted, fails to identify the specific privilege claims (for example, attorney/client privilege, work product, etc.) Accordingly, please be prepared to address both parties' privilege logs during our anticipated Tuesday meet-and-confer.

During our meeting on Tuesday, we also request to meet and confer on the following:

- DROPBOX, INC.'S RESPONSES AND OBJECTIONS TO ENTANGLED MEDIA'S SECOND SET OF INTERROGATORIES (NOS. 10-23)
    - Rogs 11-12; 14-23 – Dropbox has objected on the basis that these interrogatories contain multiple subparts and count as "distinct interrogatories." We disagree with Dropbox's position and its refusal to respond to many of the interrogatories on this basis stating that "Plaintiff has exceeded the number of Interrogatories permitted ...."
    - Rog 13 – Dropbox failed to substantively respond, instead referring Entangled Media to Dropbox's "forthcoming expert reports." We disagree with Dropbox's position.
    - Rogs 16 and 19 – Dropbox has additionally objected stating it would not respond based on undue burden, overbreadth, and disproportionality objections. We disagree with Dropbox's position.
    - Rog 18, 20 - Dropbox has additionally objected stating it would not respond based on its vague and ambiguous objections. We disagree with Dropbox's position.
    - Rogs 14, 22 and 23 – Dropbox has additionally objected stating it would not respond based on its undue burden, overbreadth, disproportionality, vague and ambiguous objections. We disagree with Dropbox's position.

We look forward to discussing the above matters with you early next week.

Thanks,

Alex

_____

Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, August 12, 2024 9:27 PM
**To:** Alex Gasser <AGasser@skiermontderby.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Alex,

4

There are several deficiencies in Entangled Media's privilege log. Pursuant to Paragraph 4 of Magistrate Judge DeMarchi's Standing Order for Civil Cases, please let us know when lead counsel for Entangled Media is available on Monday (8/19) to confer.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Alex Gasser <AGasser@skiermontderby.com>
**Sent:** Monday, August 12, 2024 8:21 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; Lyons, Michael J. <michael.lyons@morganlewis.com>; Zuck, Austin L. <austin.zuck@morganlewis.com>; Hora Jacobson, Katerina <katerina.horajacobson@morganlewis.com>; Elena DiMuzio <edimuzio@hycounsel.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>; John Lord <JLord@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Counsel,

Attached for service is Entangled Media's privilege log.

Thanks,

Alex
_____
Alexander E. Gasser | SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6605 | skiermontderby.com

This message is the property of SKIERMONT DERBY LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, August 12, 2024 7:39 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave

<rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Counsel,

Attached for service is Dropbox's privilege log.

Best,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Thursday, August 1, 2024 7:30 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

John,

To memorialize the discussion that we had today when we met and conferred, my reference to an "initial log" is to account for any supplemental log served thereafter in order to address documents produced after that "initial log" exchange.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Thursday, August 1, 2024 11:33 AM

**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

A privilege log exchange date of 8/12 is acceptable. Please clarify what you mean by an "initial log" exchange? By 8/12, the parties should log all privileged documents/emails responsive to requests due by 8/12. Privileged documents/emails responsive to requests due after 8/12 can of course be logged at the response date for those additional requests.

We will get back to you regarding your counterproposal for logging post-suit communications, except those between client and litigation counsel.

Regards,

John

---

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Monday, July 29, 2024 8:48 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

Hi John,

Thanks for your message. How about we compromise, meeting in the middle of our proposals at 8/12 for the initial log exchange?

Regarding my statement that "the parties need not log privileged communications between client and litigation counsel related to this action that post-date the filing of the complaint," we mean to address only "communications between client and litigation counsel." If there are communications involving client, litigation counsel, and some other party/individual, those should be logged.

Thanks,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Monday, July 29, 2024 11:49 AM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: [EXTERNAL] RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

We believe an initial exchange on 8/16 is too late, given the discovery deadline of 9/3. Can we agree on an exchange date of 8/9? This exchange will occur after 8/5, which we understand is the date that Dropbox will substantially complete its document production.

With respect to your statement that the only exclusion that post-dates the filing of the complaint would be "between client and litigation counsel," would this include communications only between client and litigation counsel, or any communications that include client and litigation counsel?

Thanks

**From:** Fowler, Karon N. <karon.fowler@morganlewis.com>
**Sent:** Wednesday, July 24, 2024 7:42 PM
**To:** John Lord <JLord@skiermontderby.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** [EXTERNAL] RE: Entangled Media - Privilege Log Exchange


EXTERNAL

Hi John,

Thanks for following up on this. The timing that you propose is unworkable given that Dropbox is planning to reach substantial completion of production around that date. In our experience, serving logs alongside productions or in advance of substantial completion of production is logistically burdensome and may compromise quality and accuracy. It may also increase the frequency of needing to supplement the log thereafter, which is usually quite inefficient. As such, we propose that the parties exchange an initial log on 8/16 and then supplement the log if/as needed thereafter.

We agree that the parties need not log privileged communications between client and litigation counsel related to this action that post-date the filing of the complaint. We do not believe that any other exclusions are appropriate.

We are happy to discuss further if helpful.

8

Best,

Karon

**Karon N. Fowler**
Pronouns: She/Her/Hers
**Morgan, Lewis & Bockius LLP**
110 North Wacker Drive, Suite 2800 | Chicago, IL 60606-1511
Direct: +1.312.324.1142 | Main: +1.312.324.1000 | Fax: +1.312.324.1001
karon.fowler@morganlewis.com | www.morganlewis.com



---

**From:** John Lord <JLord@skiermontderby.com>
**Sent:** Wednesday, July 24, 2024 7:12 PM
**To:** Fowler, Karon N. <karon.fowler@morganlewis.com>; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>; Jaime Olin <jolin@skiermontderby.com>
**Subject:** RE: Entangled Media - Privilege Log Exchange

[EXTERNAL EMAIL]
Karon,

   Following up. Please let us know if our proposal below is acceptable.

Regards,

John

---

**From:** John Lord
**Sent:** Tuesday, July 16, 2024 3:28 PM
**To:** karon.fowler@morganlewis.com; MLB Dropbox - Entangled Media <MLB-Dropbox-EntangledMedia@morganlewis.com>
**Cc:** Carolyn Bridwell <cbridwell@skiermontderby.com>; Alex Gasser <AGasser@skiermontderby.com>; Ryan Hargrave <rhargrave@skiermontderby.com>
**Subject:** Entangled Media - Privilege Log Exchange

Karon,
   We previously discussed the parties' exchange of privilege logs. We propose the exchange occur on August 2, 2024.

   We propose that privileged communications (i) post-dating the filing of the original complaint (i.e., prior to December 16, 2022), or (ii) with client and its litigation counsel for this matter regardless of the date, need not be logged.

   Please confirm this proposal is acceptable.

Regards,

John

_____
John Lord  |  **Skiermont Derby LLP**
633 West Fifth Street, Suite 5800, Los Angeles, California 90071
P: 213.788.4414 | F: 213.788.4545 | [skiermontderby.com](skiermontderby.com)