1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    ENTANGLED MEDIA, LLC,                    Case No.  23-cv-03264-PCP

8              Plaintiff,

9         v.                                   **ORDER GRANTING DEFENDANT'S
                                               MOTION TO MODIFY THE
10   DROPBOX INC.,                             SCHEDULING ORDER AND MOTION
                                               FOR LEAVE TO FILE ITS AMENDED
11             Defendant.                      ANSWER, AFFIRMATIVE DEFENSES,
                                               AND COUNTERCLAIMS**

12                                             Re: Dkt. No. 152

13

14        Defendant Dropbox, Inc. has moved for leave to amend its answer to add affirmative

15   defenses and counterclaims against plaintiff Entangled Media, LLC based on (i) invalidity under

16   35 U.S.C. § 102(f) due to improper inventorship; and (ii) inequitable conduct and violation of 37

17   C.F.R. § 1.56 for intentional nonjoinder of an inventor. The Court granted Dropbox's motion from

18   bench and provides its reasoning herein.

19                                    **BACKGROUND**

20        On December 15, 2022, Entangled Media filed suit against Dropbox alleging infringement

21   of U.S. Patent Nos. 8,296,338 and 8,484,260 ("the Asserted Patents"). Dkt. No. 1. The Asserted

22   Patents identify Erik Caso and Mike Abraham as the two named inventors. Dkt. Nos. 1-1, 1-2.

23        The deadline to amend pleadings set by the Court was March 29, 2024. Dkt. No. 75; *see*

24   *also* Dkt. No. 87. On March 28, 2024, Entangled Media filed a Second Amended Complaint

25   including new allegations of induced infringement. Dkt. No. 102. On April 11, 2024, Dropbox

26   moved to dismiss the pre- and post-suit induced infringement claims. Dkt. No. 107. The Court

27   denied that motion on September 10, 2024, Dkt. No. 137.

28        Dropbox filed this motion on September 24, 2024. Dkt. No. 177, at 7. The focus of

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Dropbox's proposed claims and defenses is that: (1) Matt Drew, who was listed as an inventor on

2    the provisional patent applications, was improperly not listed as an inventor on the final patents;

3    and (2) listed inventors Erik Caso and Michael Abraham intentionally and knowingly omitted co-

4    inventor Drew from the patent.

5         Discovery in this case has been robust. Document productions have continued through

6    September 2024. Dkt. No. 177, at 9. Dropbox served deposition notices on the two named

7    inventors and the prosecuting attorneys on June 21, 2024, more than a year after Entangled Media

8    served its initial disclosures listing them as key witnesses. Dkt. No. 168-7; Dkt. No. 177, at 8.

9    Abraham's deposition took place on July 11, 2024. Caso's deposition took place on August 7,

10   2024. Dropbox issued a subpoena for Drew's deposition on July 19, 2024, shortly after the

11   Abraham deposition.

12        On August 26, 2024, within one week of Drew's August 19, 2024, deposition, Dropbox

13   informed Entangled Media's counsel that it would seek leave to amend its answer to add

14   inequitable conduct and improper inventorship claims and defenses. Dkt. No. 151-3, at 13.

15   Entangled Media confirmed its opposition to Dropbox's proposed amendments on September 18,

16   2024, and Dropbox filed the pending motion less than one week later. Dkt. No. 177, at 7.[1]

17        Fact discovery in this case was set to close on September 3, 2024. On August 20, 2024, the

18   parties jointly stipulated and requested that the fact discovery deadline be moved to November 4,

19   2024. Dkt. No. 124. In that stipulation, "[t]he parties agree[d] that the deadline for serving any

20   new written discovery requests already [had] passed, and the parties [were] not now seeking any

21   extension that would allow the service of new written discovery requests." *Id.*

22                                              **ANALYSIS**

23        The parties agree that Dropbox's request to amend its pleadings was filed after the Court's

24   deadline for amendments. "When a party seeks to amend a pleading after the pretrial scheduling

25   order's deadline for amending the pleadings has passed, the liberal standard of Federal Rule of

26   Civil Procedure 15 no longer applies." *MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, 2023 WL

27

28   [1] On the same day, Dropbox filed its timely answer to Entangled Media's Second Amended
     Complaint. *See infra* Section II.B.

United States District Court
Northern District of California

1    9019024, at *1 (C.D. Cal. Oct. 17, 2023) (citing *Academy of Country Music v. ACM Records, Inc.*,

2    No. 13-CV-02448-DPP, 2014 WL 2586859, at *2 (C.D. Cal. June 10, 2014) and *Johnson v.*

3    *Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).[2] "Once the district court ha[s]

4    filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s]

5    a timetable for amending pleadings[,] that rule's standards control[ ]." *Johnson*, 975 F.2d at 607–

6    08. To amend a pleading after the scheduling order deadline, then, the moving party must both

7    demonstrate good cause to modify the scheduling order under Rule 16(b), and show that

8    amendment is warranted under Rule 15(a). *Id.* at 608. "Rule 15(a) focuses on bad faith, whereas

9    the Rule 16(b) 'good cause' standard focuses on diligence." *MGI Digital Tech. S.A.*, 2023 WL

10   9019024, at *1 (citing *Johnson*, 975 F.2d at 607–08).

11   **I.      Dropbox demonstrates good cause under Rule 16(b).**

12          "A court's evaluation of good cause [under Rule 16(b)] is not coextensive with an inquiry

13   into the propriety of the amendment under ... Rule 15. Unlike Rule 15(a)'s liberal amendment

14   policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the

15   prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the

16   diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (quoting *Forstmann v.*

17   *Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987)). "If that party was not diligent, the inquiry should end,"

18   and the motion should not be granted. *Id.*

19          Dropbox argues that the focus of Rule 16(b)'s diligence inquiry is the time between when

20   the moving party discovered the new facts purportedly justifying amendment and when that party

21   sought leave to amend. *See, e.g.*, *Ford v. Munks*, 2013 WL 6236766, at *3 (N.D. Cal. Dec. 2,

22   2013). In evaluating diligence for the purposes of Rule 16(b), however, courts generally consider

23   both when the relevant facts were learned *and* whether the moving party was diligent in seeking

24   discovery of those facts. *See, e.g.*, *Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087 (9th Cir.

25

26   [2] Although this is a patent infringement case, Ninth Circuit precedent applies to determine whether
     Dropbox is entitled to amend its answer. *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d
27   1256, 1262 (Fed. Cir. 2002) ("We review a district court's denial of a request to modify a pre-trial
     order under the law of the regional circuit, because it is a procedural issue not pertaining to the
28   patent laws.")

United States District Court
Northern District of California

1    2002) (affirming a district court's denial of leave to amend because, among other reasons, the

2    motion was filed "only several days before the discovery cut-off and less than three months before

3    trial was to commence"); *Strickland v. Ujiri*, 2020 WL 5530076 (N.D. Cal. Sept. 15, 2020)

4    (considering the fact that "fact and expert discovery deadlines [were] several months away" in

5    granting leave to amend). Additionally, because this is a patent case and "the good cause standard

6    will be applied [when seeking leave to amend] both the [invalidity] contentions and [the]

7    complaint [or answer]," this Court will consider both Dropbox's (1) diligence in discovering the

8    basis for amendment; and (2) diligence in seeking amendment after that basis was discovered.

9    *Impinj, Inc. v. NXP USA, Inc.*, 2022 WL 20508659, at *1 (N.D. Cal. Oct. 27, 2022); *see also MGI*

10   *Digital Tech. S.A. v. Duplo U.S.A. Corp.*, 2023 WL 9019024, at *4 (C.D. Cal. Oct. 17, 2023);

11   *iRise v. Axure Software Solutions, Inc.,* 2009 WL 3615973, at *3 (C.D. Cal. July 30, 2009).

12          **A.    Dropbox was diligent in discovering the basis for this amendment.**

13          Entangled Media argues Dropbox was not diligent because Dropbox "did not explore any

14   facts related to inventorship until July and August 2024, and failed to serve any subpoenas or

15   deposition notices" on Abraham, Caso, and the prosecuting attorneys until June 2024, more than

16   eighteen months after Entangled Media filed suit. Dkt. No. 168, at 18. This argument fails because

17   Dropbox's discovery in this case has been robust. As early as June 26, 2023, Dropbox served a

18   request for production of documents relevant to inventorship. *See* Dkt. No. 177, at 9. It was not

19   unreasonable for Dropbox to conduct its depositions after the completion of most written

20   discovery and the denial of its motion to dismiss. Given the ubiquity of this practice in civil

21   litigation, the Court is loath to adopt any interpretation of Rule 16(b)'s diligence requirement that

22   would punish parties for staging discovery in this manner.

23          **B.    Dropbox was diligent in seeking the amendment once the basis for the
              amendment was discovered.**

24          Dropbox argues that it learned key facts about its inventorship and inequitable conduct

25   claims in the July and August 2024 depositions of named inventors Abraham and Caso, patent

26   prosecutor Bey, and Drew. Dkt. No. 151-3, at 16. Within one week of Drew's August 19, 2024

27   deposition, Dropbox informed Entangled Media's counsel that it would seek leave to amend its

28

4

1    answer. Dropbox then filed the motion on September 24, 2024, only six days after Entangled

2    Media confirmed it would oppose that motion. *Id.* at 10

3        Entangled Media argues that Dropbox knew or should have known of the alleged improper

4    inventor at least sixteen months before the filing of Dropbox's motion because Drew was listed as

5    an inventor on the provisional patent application (to which Dropbox had access). Additionally,

6    Dropbox stated in its 2023 invalidity contentions that it reserved the right to claim invalidity based

7    on improper inventorship if it discovered such evidence, Dkt. No. 168-5, at 95, and asserted in a

8    joint case management statement that "inequitable conduct" was a "[l]egal [i]ssue[ ]" to address

9    and was a topic "that the scope of discovery [would] address." Dkt. No. 68, at 3, 5. Entangled

10   Media argues on this basis that Dropbox was not diligent in seeking this amendment because it

11   had access to the foundational facts and awareness of the proposed amended claims and defenses

12   well before the initial deadline to amend the pleadings.

13       Although Dropbox knew of Drew's identity from the provisional patent, Dropbox was

14   entitled to explore its claims through discovery prior to amending its pleadings to assert them.

15   "Waiting to file the motion until after obtaining corroborating deposition testimony is [ ] sufficient

16   to meet the good cause requirement of Federal Rule of Civil Procedure 16(b)." *The Bd. of Trustees*

17   *of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 2008 WL 624771, at *7 n.7 (N.D.

18   Cal. Mar. 4, 2008). *See also Elec. Scripting Prod., Inc. v. HTC Am. Inc.*, 2021 WL 2530210, at *3

19   (N.D. Cal. June 21, 2021). Indeed, waiting to amend a complaint or answer until a strong

20   evidentiary basis for the amended claims has been developed is preferable to prematurely asserting

21   those claims on the basis of a limited record that may or may not support them. Because Dropbox

22   did not have the facts needed to plead its claims until July or August 2024 and acted diligently in

23   seeking amendment after discovering those facts, it acted with diligence and good cause exists to

24   permit amendment of the scheduling order under Rule 16(b).

25   **II.    The Rule 15(a) factors favor granting Dropbox leave to amend.**

26       Rule 15(a) places leave to amend "within the sound discretion of the trial court. In

27   exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate

28   decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655

United States District Court
Northern District of California

1   F.2d 977, 979–80 (9th Cir. 1981). "Accordingly, Rule 15's policy of favoring amendments to

2   pleadings should be applied with 'extreme liberality.'" *Id.*

3          "[T]he Supreme Court [has] identified four factors relevant to whether a motion for leave

4   to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of

5   amendment, and prejudice to the opposing party." *Id.* In contrast to Rule 16(b), "delay alone no

6   matter how lengthy is an insufficient ground for denial of leave to amend [under Rule 15(a)]. Only

7   where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system

8   or other litigants when they deny leave to amend a pleading. ... The mere fact that an amendment

9   is offered late in the case is ... not enough to bar it." *Id.* (internal quotations and citations omitted).

10          **A.      Entangled Media has not identified any substantial prejudice.**

11          "The Ninth Circuit considers prejudice to the opposing party as the most important factor

12   in the Rule 15 analysis." *Ecojet, Inc. v. Luraco, Inc.*, 2017 WL 6939158, at \*3 (C.D. Cal. Mar. 22,

13   2017) (citing *Irise v. Axure Software Solutions, Inc.*, 2009 WL 3615973 at \*7 (C.D. Cal. Jul. 30,

14   2009). Undue prejudice refers to "substantial prejudice or substantial negative effect" on the

15   opposing party. *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220

16   F.R.D. 614, 622 (C.D. Cal. Oct. 20, 2003). "Such prejudice may result from reopening discovery

17   or conducting supplemental discovery, which may cause delays and require the other party to

18   consider new legal theories in a short period of time." *Ecojet, Inc*., 2017 WL 6939158, at \*3

19   (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).

20          Entangled Media has not demonstrated specific instances of hardship that support its claim

21   of substantial prejudice. Entangled Media argues that it will need to reopen fact discovery for the

22   limited purpose of deposing one attorney witness, will need to augment privilege logs, and may

23   need to augment its expert discovery (which had not yet started). None of these ordinary burdens

24   of litigation are substantially prejudicial. Trial is not set to begin until the second half of 2025, and

25   Entangled Media does not assert that any major case deadlines must be changed due to Dropbox's

26   proposed amendment. The substantial prejudice factor thus favors allowing Dropbox to amend its

27   answer.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

**B.      Dropbox has not exhibited bad faith.**

In arguing that Dropbox's motion exhibits bad faith, Entangled Media's sole contention is that Dropbox filed its motion a few hours after it filed its timely answer responding to Entangled Media's amended complaint. Whether or not Dropbox could have included its amended defenses and counterclaims in that answer, Dropbox appropriately limited the changes in that answer to those responding to Entangled Media's amendments to its complaint and separately moved for leave to add additional affirmative defenses and counterclaims that were unrelated to Entangled Media's amendments. *See e.g.*, *Neo4j, Inc. v. PureThink, LLC*, 2021 WL 810260, at *2 (N.D. Cal. Mar. 3, 2021) (finding defendant could not assert new defenses or counterclaims as of right that were not directed to amendments in the complaint and that "change[d] the theory or scope of the case"). This factor therefore also favors permitting Dropbox to amend.

**C.      Dropbox has not exhibited undue delay.**

For the same reasons Dropbox was reasonably diligent for the purposes of Rule 16(b), Dropbox has not exhibited undue delay in pursuing amendment. *See supra* Section I.

**D.      Dropbox's proposed amended claims are not futile.**

A proposed amended claim "is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). "Courts rarely deny a motion for leave to amend for reason of futility." *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014). Where a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) "futility" analysis.

Dropbox seeks to add improper inventorship and inequitable conduct as both claims and affirmative defenses. For claims, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal is required if the complainant fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A complainant need only plead "enough facts to state a claim to relief that is plausible on its face."

United States District Court
Northern District of California

1    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Affirmative defenses are not subject to the

2    *Twombly* and *Iqbal* heightened pleading standard. Instead, only the "fair notice" standard applies.

3    *See Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 868 (N.D. Cal. 2023).

4                    **1.    Dropbox states a valid improper inventorship claim and defense.**

5          "Under 35 U.S.C. § 102(f) (2006), one cannot obtain a valid patent if 'he did not himself

6    invent the subject matter sought to be patented.'" *In re VerHoef*, 888 F.3d 1362, 1365 (Fed. Cir.

7    2018). "This provision requires that a patent accurately name the correct inventors of a claimed

8    invention." *Id.* (citing *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998). "'When a

9    number of persons make an invention jointly, a valid patent can not be taken out in the name of

10   one of them.'" *Id.* (quoting *City of Milwaukee v. Activated Sludge*, 69 F.2d 577, 587 (7th Cir.

11   1934)). "[F]ailure to name them renders a patent invalid.'" *Id.* (quoting *Pannu*, 155 F.3d at 1350).

12         A joint inventor must: (1) contribute in some significant manner to the conception or

13   reduction to practice of the invention, (2) make a contribution to the claimed invention that is not

14   insignificant in quality, when that contribution is measured against the dimension of the full

15   invention, and (3) do more than merely explain to the real inventors well-known concepts and/or

16   the current state of the art. *Id.* at 1366. When an invention is made jointly, the joint inventors need

17   not contribute equally to its conception. *Id*. A joint inventor qualifies so long as they contributed

18   "an essential feature of the claimed invention." *Id.*

19         Dropbox pleads each of these elements plausibly and with sufficient notice such that it is

20   not immediately apparent that this claim or affirmative defense would be subject to dismissal.  It is

21   therefore not futile.

22                    **2.    Dropbox states a valid inequitable conduct claim and defense.**

23         To state a claim for inequitable conduct, a party must allege that "(1) an individual

24   associated with the filing and prosecution of a patent application made an affirmative

25   misrepresentation of a material fact, failed to disclose material information, or submitted false

26   material information; and (2) the individual did so with a specific intent to deceive the PTO."

27   *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 n.3 (Fed. Cir. 2009). Inequitable

28   conduct must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *Id.* at

United States District Court
Northern District of California

1326–27. To plead inequitable conduct with the requisite particularity, "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328.

Dropbox pleads each of these elements with the requisite particularity such that it is not immediately apparent that this claim or affirmative defense would be subject to dismissal.[3] It is therefore not futile.

**III.    The parties are ordered to file unsealed materials.**

The Court denied from the bench the administrative motion to consider whether another party's material should be sealed. *See* Dkt. Nos. 151, 182. The parties are accordingly ordered to file the unsealed materials no later than January 31, 2025.

**CONCLUSION**

For the reasons stated herein, Dropbox's motion to amend its answer and counterclaims is granted.

Dated: January 27, 2025

P. Casey Pitts
United States District Judge

---

[3] Although Entangled Media argues that Dropbox has failed to plead "specific intent," the parties jointly agree that those arguments are best addressed on a fully briefed motion to dismiss.

9