UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>DROPBOX INC.,<br><br>  Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER AND TO COMPEL SUPPLEMENTAL PRIVILEGE LOG AND PRODUCTION OF WAIVED PRIVILEGED MATERIAL**<br><br>Re: Dkt. No. 212 |

Defendant Dropbox, Inc. ("Dropbox") moves for an order compelling plaintiff Entangled Media, LLC ("Entangled Media") to supplement its privilege log and produce documents for which Dropbox contends a privilege or protection has been waived. Dkt. No. 212. Dropbox seeks an amendment of the scheduling order to permit consideration of its motion to compel, which was filed more than two weeks after the close of fact discovery.[1] *Id.* Entangled Media opposes the motion. Dkt. No. 225. Having considered the parties' written submissions and the oral arguments presented at the hearing on this matter, the Court grants in part Dropbox's motion as set forth below.[2]

Dropbox's motion challenges entries on several of Entangled Media's privilege logs. *See* Dkt. No. 212 at 1 fn.1, 25. As explained at the hearing on this motion, with one exception, the Court finds that Dropbox has not shown good cause for relief from the deadline requiring all fact

---

[1] The presiding judge has referred this aspect of the dispute to the undersigned for resolution. *See* Dkt. No. 223 at 4; *see also* Dkt. No. 213.

[2] The Court will issue a separate order on the associated sealing motions (Dkt. Nos. 211, 224, 228). Information publicly disclosed in this order reflects information for which the Court has determined sealing is not warranted.

discovery-related motions to be filed no later than seven days of the fact discovery deadline. *See* Civil L.R. 37-3. Any deficiencies that appeared in the privilege logs served in August, September, and October 2024 should have been raised before the close of fact discovery, or at a minimum, within seven days of that deadline.

The circumstances are different with respect to the portions of Dropbox's motion that concern subject matter waiver and Entangled Media's Second Supplemental Privilege Log. Late in the fact discovery period, Entangled Media produced email exchanges between its CEO, Erik Caso, and its prosecuting attorney for the asserted patents, Dawn-Marie Bey, in an effort to rebut Dropbox's allegations of improper inventorship and inequitable conduct. *See* Dkt. No. 212 at 2; Dkt. No. 211-8 (Ex. G); Dkt. No. 211-15 (Ex. P). The parties apparently exchanged emails over the next several weeks about the extent of the subject matter waiver attending this production. *See* Dkt. No. 212 at 2, 7-8, 21. Then, on November 22, 2024, the last day of fact discovery, Entangled Media produced its Second Supplemental Privilege Log (Dkt. No. 211-5). Dkt. No. 212 at 8. The supplemental log contains over 750 entries, including some entries Dropbox believes are within the scope of Entangled Media's subject matter waiver. In these circumstances, the Court agrees that Dropbox may belatedly challenge Entangled Media's withholding of documents logged on the November 22, 2024 supplemental log with respect to materials prepared by, and communications exchanged with, Ms. Bey as to which Dropbox contends there has been subject matter waiver.

Applying Rule 502(b) of the Federal Rules of Evidence, the Court concludes that Entangled Media has waived the attorney-client privilege and work product protections for materials prepared by, or communications exchanged with, Ms. Bey regarding matters that bear on the question of inventorship of the inventions claimed in the asserted patents. *See* Dkt. No. 212 at 2. Entangled Media must produce these materials, including those that constitute or refer to: (1) inventorship of the inventions claimed in the asserted patents (not limited to specific mentions of Matt Drew or his contribution or lack thereof); (2) conception of those aspects of the claimed inventions that concern creation and use of "meta indices" of data files sent to a web service, integrating the indices into a database and sending them to a local device, and/or receiving meta indices and integrating the data into the local device's file system; (3) communications with Ms.

2

Bey about Mr. Drew's work; and (4) the relevant portions of Ms. Bey's audio recording[3] or notes of the oral disclosure made to her. In addition, Entangled Media must produce Mr. Drew's executed termination agreement.[4] Entangled Media must produce these documents by **April 21, 2025**.

A more difficult question is how to address the balance of the disputed entries in the November 22, 2024 supplemental log. These are summarized in the table at the end of Dropbox's motion. *See* Dkt. No. 212 at 25 (referencing "Ex. B"). Dropbox raises concerns regarding hundreds of entries. The Court has reviewed a number of the disputed entries and agrees that many of them do not comply with the minimum requirements for establishing a prima facie case of privilege or protection. For example, many entries omit important information, such as the date of the document or the names of the people who sent, received, or were shown the document. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1989)). More troubling, however, is that Entangled Media appears to have claimed attorney-client privilege and/or work product protections for documents shared with third-party investors and other third parties.[5] Ordinarily, such disclosures would waive any attorney-client privilege and may waive work product protection. *See Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467-BLF (VKD), 2020 WL 4192285, at *4 (N.D. Cal. July 21, 2020). To the extent Entangled Media asserts the privilege or protection survives disclosure to third parties, the entries describing these documents do not permit the Court to ascertain whether this assertion is correct and whether the privilege or protection is properly claimed.

It is Entangled Media's burden to establish that a privilege or protection applies. *See United States v. Martin,* 278 F.3d 988, 999-1000 (9th Cir. 2002). More to the point, Entangled Media may not indiscriminately label every document disclosed to a third-party "work product," simply because the standard for work product waiver is "more lenient." *See* Dkt. No. 225 at 17.

---

[3] Entangled Media represents that it has not located this audio recording.

[4] Entangled Media represents that it has not located an executed copy of the agreement but has produced an unexecuted copy of the agreement.

[5] Entries 633-634, 673-676, 642-650, 653-655, 664, 673-676, 681-692, 744-746.

1  For these reasons, the Court orders Entangled Media to amend its November 22, 2024

2  supplemental log to include the information identified as sufficient in *In re Grand Jury*

3  *Investigation*, 974 F.2d at 1071, to the extent that information is available, for all of the disputed

4  entries identified in the summary table for "Exhibit B". *See* Dkt. No. 212 at 25. The amended log

5  must be served no later than **April 28, 2025**.

6  If Entangled Media continues to withhold from production documents shared with third

7  parties, then Dropbox and Entangled Media shall each select five representative examples from

8  among this category (for a total of 10 documents) for review by the Court *in camera*. The *in*

9  *camera* submission, if any, is due on **May 5, 2025**. The Court will issue a further order after this

10 review.

11 **IT IS SO ORDERED.**

12 Dated: April 8, 2025

*[signature]*
Virginia K. DeMarchi
United States Magistrate Judge

4