John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | C.A. No. 5:23-cv-03264-PCP-VKD<br><br>**PLAINTIFF ENTANGLED MEDIA, LLC'S OPPOSITION TO DEFENDANT DROPBOX, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. P. Casey Pitts<br>Courtroom: 8 – 4th Floor<br>Hearing Date: May 8, 2025<br>Hearing Time: 10 a.m. |

PLAINTIFF'S OPPOSITION TO DROPBOX'S MOTION FOR SUMMARY JUDGMENT
5:23-CV-03264-PCP-VKD

████████████████

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

   I.     INTRODUCTION ................................................................................................... 1

   II.    FACTUAL BACKGROUND ................................................................................... 2

   III.   LEGAL STANDARD ............................................................................................. 5

   IV.   LEGAL ARGUMENT ............................................................................................ 6

        A.    The Accused Products Meet the "Indistinguishable" Claim Element ........................... 6

            1.     The Virtual Files are Indistinguishable from the Local Files to the User............... 6

            2.     The Virtual Files are Indistinguishable from the Local Files to the Local File System. .................................................................................................. 12

            3.     Dropbox Infringes the "Indistinguishable" Step, Alternatively, Under The Doctrine of Equivalents.................................................................................. 14

        B.    The Accused Products Meet The "Requesting" Step.................................................... 17

            1.     The Dropbox Software Client Requests that the Server Broker a Peer-to-Peer Connection Between the First and a Second Device. .................................. 17

            2.     Dropbox Infringes the "Requesting" Step, Alternatively, Under The Doctrine of Equivalents.................................................................................. 19

        C.    The Accused Products Meet The "Determining" Step ................................................. 20

            1.     The Dropbox Software Client Determines if the File is Physically Located on the First Device or is a Virtual File on a Second Device by Reviewing File Metadata. ...................................................................................................... 20

            2.     Dropbox Infringes the "Determining" Step, Alternatively, Under the Doctrine of Equivalents.................................................................................. 23

   V.     CONCLUSION...................................................................................................... 24

**TABLE OF AUTHORITIES**

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.,*
   No. 11- cv-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) .......................................... 13

*AquaTex Indus., Inc v. Techniche Sols,*
   479 F.3d 1320 (Fed. Cir. 2007) ................................................................................ 6, 15, 20, 24

*Brilliant Instruments, Inc. v. GuideTech, LLC,*
   707 F.3d 1342 (Fed. Cir. 2013) ................................................................................................ 5

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ............................................................................................................. 2, 5

*Charles Mach. Works, Inc. v. Vermeer Mfg. Co.,*
   723 F.3d 1376 (Fed. Cir. 2013) .............................................................................................. 24

*Cybersettle v. Nat'l,*
   243 Fed. Appx. 603 (Fed. Cir. 2007) ...................................................................................... 19

*Deere & Co. v. Bush Hog,*
   703 F.3d 1349 (Fed. Cir. 2012) .............................................................................................. 16

*Eastman Kodak Co. v. Image Tech. Servs., Inc.,*
   504 U.S. 451 (1992) ................................................................................................................. 6

*House v. Bell,*
   547 U.S. 518 (2006) ................................................................................................................. 5

*Interwoven, Inc. v. Vertical Computer Sys.,*
   Case No. CV 10-04645 RS, 2014 WL 490996 ...................................................................... 22

*Lucent Tech. v. Gateway,*
   525 F.3d 1200 (Fed. Cir. 2008) .............................................................................................. 22

*Lucent Techs., Inc. v. Gateway, Inc.,*
   580 F.3d 1301 (Fed. Cir. 2009) .............................................................................................. 22

*Malta v. Schulmerich Carillons, Inc.,*
   952 F.2d 1320 (Fed. Cir. 1991) .............................................................................................. 24

*Metro. Life Ins. Co. v. Bancorp Servs. L.L.C.,*
   527 F.3d 1330 (Fed. Cir. 2008) ............................................................................................... 6

*Nat'l Presto Indus., Inc. v. W. Bend Co.,*
   76 F.3d 1185 (Fed. Cir. 1996) .......................................................................................... 20, 23

*NexStep, Inc. v. Comcast Cable Commns.,*
   119 F.4th 1355 (Fed. Cir. 2024) ............................................................................................... 6

*Pall Corp. v. Micron Separations, Inc.,*
   66 F.3d 1211 (Fed. Cir. 1995) ................................................................................................ 15

*Pozen Inc. v. Par Pharm., Inc.*,
   696 F.3d 1151 (Fed. Cir. 2012) ........................................................................................ 16, 17

*Silicon Lab'ys, Inc. v. Cresta Tech. Corp.*,
   No. 14-CV-03227-PSG, 2016 WL 836679 (N.D. Cal. Mar. 3, 2016)............................................ 17

*Throner v. Sony Comput. Ent. Am. LLC*,
   669 F.3d 1362 (Fed. Cir. 2012) ........................................................................................ 22

*U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.*,
   505 F.3d 1371 (Fed. Cir. 2007) ........................................................................................ 6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ........................................................................................ 13

*Warner–Jenkinson Co. v. Hilton Davis Chem.* Co.,
   520 U.S. 17 (1997) ........................................................................................ 6

*Woods v. DeAngelo Marine Exhaust, Inc.*,
   692 F.3d 1272 (Fed. Cir. 2012) ........................................................................................ 13

**Rules**

Fed. R. Civ. P. 26(e)(1) ........................................................................................ 13

Fed. R. Civ. P. 56(a) ........................................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Court should deny Defendant Dropbox Inc.'s ("Dropbox") motion for summary judgment of non-infringement ("Motion"). In its Motion, Dropbox presents arguments that the Accused Products do not meet the "indistinguishable," "requesting," and "determining" steps, all of which are subject to multiple flaws that require denying Dropbox's Motion.

Regarding the "indistinguishable" step, from claim 1 of the '338 Patent, the Court's construction requires that the virtual and local files be indistinguishable to the user and to the file system. Dkt. No. 133 at 27. Dropbox's sole basis of non-infringement based on indistinguishability to the user is the presence of a check mark/cloud visual overlay icon found on some local and virtual files in the Dropbox folder. Mot. at 7-8. In support, Dropbox contends that "indistinguishable" requires no difference of any kind in any way, which is at odds with the patent's teaching that allows files to be "essentially" the same: "virtual files *appear in essentially all ways the same* as a local file, making them *indistinguishable* unless such a distinction is enabled as a separation option." '338 Pat. at 6:34-36 (emphasis added). Even under Dropbox's altered construction, however, Entangled Media has produced evidence that the visual icons do not always appear on the virtual and local files, rendering Dropbox's argument futile. Regarding indistinguishability to the file system, Dropbox introduces a new "node" non-infringement theory that it did not disclose in discovery, and is nonetheless contradicted by documentary evidence, Dropbox source code, and testimony.

Dropbox also seeks summary judgment of non-infringement based on the "requesting" and "determining" steps, both from claim 1 of the '260 Patent. But Dropbox cites that its expert, Dr. McDaniel, disagrees with Entangled Media's expert, Dr. Edwards, about whether the Dropbox software meets these limitations. This dispute concerns questions of fact to be determined by the jury at trial after listening to and weighing the credibility of the experts.

Based on the evidence produced, Dropbox's Accused Products satisfy each claim limitation to show direct infringement, or alternatively, infringement under the doctrine of equivalents, as Dropbox has produced evidence of equivalency based on the function, way, result test. At a minimum, there are triable issues of fact regarding Dropbox's infringement. Dropbox's Motion should be denied.

## II.    FACTUAL BACKGROUND

The Court must decide whether Dropbox has adequately demonstrated that there are no genuine issues of material fact to support its Motion. Dropbox did not offer any statement of undisputed facts to meet its burden.[1]

Entangled Media offers the following undisputed material facts that preclude the entry of summary judgment of no infringement:

1. Entangled Media alleges that Dropbox infringes claims 1, 2, 3, 5 and 6 of the '338 Patent and claims 1, 2, 4, 5 and 6 of the '260 Patent (collectively, the "Asserted Claims"). Ex. 1, Edwards Rpt. at ¶¶ 54-55.[2]

2. The primary functionality that performs the steps of the Asserted Claims is a Dropbox feature known as "Smart Sync" (also known as "Online Only") that is found in the Accused Products and Services. *Id.* at ¶ 80.[3]

3. Dropbox's documents state that Smart Sync was a "revolutionary new way to access all your files" where "every file you've been given access to – even ones that aren't stored locally—will appear in Windows File Explorer and MacOSX Finder … Plus, you can view key info like file size, and creation and modification dates through your desktop file system, no downloading required." Ex. 2, DRBX_EM_00001634.

4. Dropbox documents also state that for Smart Sync, "when you need to open something from the cloud, just double-click it like any other file." *Id.*

5. Dropbox documents state that a user "can view all of your files – even your online-only files – in your file explorer, just like normal [local] files." Ex. 3, EM_00001141–1146.

6. ███████████████████████████████████████████. Ex. 4, Baier, Tr.

---

[1] Because Dropbox failed to provide a statement of undisputed facts, or otherwise identify any undisputed facts, Dropbox cannot meet its initial burden of production. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). (The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

[2] All exhibits cited herein are attached to the accompanying declaration of John E. Lord.

[3] Entangled Media does not dispute Dropbox's definition of Accused Products as set forth at pp. 3-4 of its Motion.

█████████████

at 107:6-19. Ex. 5, DRBX_EM_00015726 ("Dropbox offers industry-recognized, best-in-class file sync … and enable anywhere access to data across devices.").

7. The patent specification teaches that the "virtual files *appear in essentially all ways the same* as a local file, making them *indistinguishable* unless such a distinction is enabled as a separation option." '338 Pat. at 6:34-36 (emphasis added).[4]

8. ███████████████████████████████████████████████████████████████████████████████. Ex. 1, Edwards Rpt. at ¶ 196; Ex. 6, Warner Tr. at 145:19-146:17; Ex. 12, DROPBOX-EM_SC000743, lines 356-369; DROPBOX-EM_SC000392-393, lines 1706-1733; and DROPBOX-EM_SC000795-809.

9. Dropbox's documents and deposition testimony confirm that Dropbox ████████████████████████████████████████████████████████████████ *See, e.g.,* Ex. 15, DRBX_EM_00051803; Ex. 6, Warner Tr. at 23:7-18; 141:2-142:3. ████████████████████████████████████████████████████████████████████ Ex. 1, Edwards Rpt. at ¶ 197.

10. Entangled Media's expert, Dr. Edwards, testified that ████████████████████████████████████████████████████████████████████████████ Ex. 7, Edwards Tr. at 223:4-12.

11. Dropbox's expert, Dr. McDaniel, testified that: ████████████████████████████████████████████████████████████████████████████████ Ex. 8, McDaniel Tr. at 187:23-188:6.

12. Dr. McDaniel testified that the Shappell prior art reference met the "indistinguishable" element by opining that: "In Shappell, these special visual indica for missing files (*i.e.*,

---

[4] The '338 Patent is identified at Dkt. No. 1-1, and the '260 Patent at Dkt. No. 1-2.

███████████████

virtual files) are used '[t]o inform a user of a group shared space file that is not present locally.'" Ex. 9, McDaniel Invalidity Rpt. at ¶ 856.

13. Dr. Edwards testified that the checkmark/cloud overlay icons in the Dropbox folder ████ ████████████████████████████████████ ████████████████ Ex. 7, Edwards Tr. at 224:12-24.

14. Dr. Edwards testified that the screenshots he prepared in his report were not manipulated: ████████████████████████████████████████ ████████████████████ *Id*. at 226:9-21.

15. Dropbox's documents show that the "sync icons" may not always appear on the virtual and local files in the Dropbox folder, confirming Dr. Edwards' testing and testimony. *See, e.g.,* Ex. 10, DRBX_EM_00057386.

16. Dr. Edwards provides an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the "distinguishing" element. Ex. 1, Edwards Rpt. at ¶ 198.

17. Dropbox witnesses and documents further confirm how the alleged Dropbox equivalent satisfy the function, way, and result test for the "indistinguishable" claim element. *See, e.g.,* Ex. 6, Warner Tr., at 5:33-35; Ex. 11, Carp Tr. at 125:5-18; Ex. 2, DRBX_EM_00001634. Ex. 3, EM_00001141–1146.

18. The Dropbox desktop clients receive from the Dropbox servers ████████████████ ████████████████████████████████████████████ ████ Ex. 1, Edwards Rpt. at ¶ 252; Ex. 12, DROPBOX-EM_SC000335-341, 655-656. ████ ████████████████████████████████████████████ ████████████████ Ex. 5, DRBX_EM_00015728

19. Dropbox's 30(b)(6) witness testified that the server-provided ████████████████ ████████████████████████████████ Ex. 6, Warner Tr. at 159:19-160:8.

20. Dr. Edwards provides an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the "requesting" claim element. Ex. 1, Edwards Rpt. at ¶ 255.

21. The Dropbox desktop client determines if a file is virtual or local ████████████████ ████████████████████████████████████████████



*Id.*

22. The Dropbox software client ██████████████████████████████ ███████████████████████████████████████████████ ████████████ Ex. 5, DRBX_EM_00015728

23. Dr. Edwards provides an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the "determining" claim element. Ex. 1, Edwards Rpt. at ¶ 247.

24. Dropbox witnesses and documents further confirm Dr. Edwards' understanding of the ██████████████████████████████████████████ *See, e.g.*, Ex. 11, Carp. Tr. at 122:21-123:5; Ex. 13, DRBX_EM_00057197.

25. Dropbox's "node" non-infringement theory was not disclosed in Dropbox's responses to Entangled Media's interrogatory seeking its non-infringement positions. Indeed, the word "node" does not appear anywhere in Dropbox's responses. Ex. 16, Dropbox Fourth Supp. Rog Responses 1-9 at 12-45.

## III.    LEGAL STANDARD

To prevail on summary judgment, Dropbox must prove (1) that there is "no genuine dispute as to any material fact," and (2) that it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). Dropbox, as the moving party, bears the burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322. In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006).

Infringement is a question of fact. *See Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1344 (Fed. Cir. 2013). If any reasonable juror could find infringement, summary judgment must be denied. *Id*. When experts offer conflicting opinions, and such opinions are admissible and on point,

summary judgment is inappropriate. *See Metro. Life Ins. Co. v. Bancorp Servs. L.L.C.*, 527 F.3d 1330, 1338-39 (Fed. Cir. 2008). Entangled Media is entitled to the benefit of all justifiable inferences, and all disputed issues of fact should be resolved in Entangled Media's favor. *See Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

A doctrine of equivalents theory must be evaluated based on the "insubstantial differences" or "function, way, result" test, namely, whether the element of the accused device "performs substantially the same function in substantially the same way to obtain the same result." *Warner–Jenkinson Co. v. Hilton Davis Chem.* Co., 520 U.S. 17, 38–40 (1997). The essential inquiry is whether "the accused product or process contain elements identical or equivalent to each claimed element of the patented invention." *Id.* Infringement under the doctrine of equivalents is a question of fact, and summary judgment of non-infringement is appropriate only "where the evidence is such that no reasonable jury could determine two elements to be equivalent." *U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd.,* 505 F.3d 1371, 1375 (Fed. Cir. 2007). Evidence supporting infringement under the doctrine of equivalents can be established through expert testimony, or witness testimony from one of skill in the art, or from documents. *NexStep, Inc. v. Comcast Cable Commns.*, 119 F.4th 1355, 1380 (Fed. Cir. 2024), *citing AquaTex Indus., Inc v. Techniche Sols*, 479 F.3d 1320, 1329 (Fed. Cir. 2007).

## IV.    LEGAL ARGUMENT

### A.    The Accused Products Meet the "Indistinguishable" Claim Element

Dropbox argues that it cannot infringe claim 1 of the '338 Patent because the Accused Products do not meet the element that recites "the virtual files indistinguishable from the local files by the local file system at each of the multiple devices" (the "indistinguishable" element). Mot. at 6-7. The Court construed this phrase to mean "the virtual files indistinguishable from the local files to the user and the local file system." Dkt. No. 133 at 27. As set forth below, in the Dropbox system, the virtual files are indistinguishable from the local files both to the user and to the local file system—at a minimum, genuine issues of material fact preclude summary judgment.

### 1.    The Virtual Files are Indistinguishable from the Local Files to the User

The virtual files (*i.e.*, "placeholder" or "online-only" files) are indistinguishable from the local files (*i.e.*, "available offline" files) to the user. Dropbox's expert provided a screenshot of a

representative Dropbox folder showing a local file (via green check mark) and a virtual file (via gray cloud icon) created through "expert testing on private computer."

Ex. 14, McDaniel Rebuttal Rpt. at ¶ 264 (cropped image).

Based on this screenshot, in the Dropbox system, both the local and virtual files appear in the same folder, same directory, have the same font, and otherwise show the same file information, such

███████████

as the file extension (*e.g.*, .txt of .pdf), name, date modified, size, and kind. From the perspective of the user, the virtual files are indistinguishable from the local files. Dr. Edwards confirmed this, testifying that ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████ Ex. 7, Edwards Tr. at 223:4-12.

Dropbox's documents further confirm the indistinguishability of local and virtual files to the user. For example, Dropbox states that a user "can view all of your files – even your online-only files – in your file explorer, just like normal [local] files," as shown in the screenshot below from a Dropbox website:



See all of your files offline, too

Dropbox helps you keep your files in sight, and front of mind. You can view all of your files – even your online-only files – in your file explorer, just like normal files. You can manage your storage settings and sync files when you need them, or get more free space by sending them to the cloud – all with just a click. That means spending less time managing storage space and more time doing work that matters.

Ex. 3, EM_00001143 (underline added); *see also* Ex. 2, DRBX_EM_00001634.

Dropbox's sole argument that the virtual and local files are not indistinguishable to the user is the presence of a check mark or cloud visual-overlay icon appears on some local and virtual files. Mot. at 6-7. To support this theory, Dropbox relies on a new argument where "indistinguishable" in its view cannot allow for any difference of any kind in any way. *Id.* Indeed, ███████████████ ███████████████████████████████████████████████████ ██████████████████████ Ex. 8, McDaniel Tr. at 187:23-188:6. Such a rigid construction contradicts the patent specification and Court Order as to the meaning of "indistinguishable." Dkt. No. 133 at 27-28.

███████████████

First, the patent specification teaches that the "virtual files *appear in essentially all ways the same* as a local file, making them *indistinguishable* unless such a distinction is enabled as a separation option." '338 Pat. at 6:34-36 (emphasis added). The qualification "essentially all ways" confirms that the patent allows for some degree of flexibility for the term "indistinguishable." Further, the Court confirmed this understanding of the specification, quoting the above language in evaluating the parties' claim construction arguments. Dkt. No. 133 at 28.

Second, Dropbox's expert Dr. McDaniel admitted in his invalidity report that a prior art reference called Shappell meets the "indistinguishability" element even when there are visual icons that differentiate between local and virtual files. Specifically, Dr. McDaniel opined that "Shappell discloses in Fig. 15 two forms for displaying virtual files" and in particular a "(i) display icon 1504 [blue] denote[s] a 'missing' file that is available on another system" and "(ii) display icon 1506 [green] is presented as a ghosted icon." Ex. 9, McDaniel Invalidity Rpt. at ¶ 856.[5] He further testified that "[i]n Shappell, these special visual indica for missing files (*i.e.*, virtual files) are used '[t]o inform a user of a group shared space file that is not present locally.'" *Id.* Thus, even Dropbox's expert confirmed that the mere presence of a visual icon does not preclude a finding that the Accused Products meet the "indistinguishable" element.

Even if the Court permits Dropbox to interpose a new construction at this late stage of the litigation, its arguments still fail. Dr. Edwards' own testing of the Dropbox system shows that the checkmark/cloud icon overlays do not appear in all instances.[6] Dr. Edwards testified that the checkmark/cloud overlay icons ████████████████████████

---

[5] Dr. McDaniel testified that he applied the same constructions for both his infringement and invalidity analysis, as he must. Ex. 8, McDaniel Tr. at 33:3-34:1.

[6] Dropbox has filed a pending Motion to Strike (Dkt. No. 246) Dr. Edwards' private testing, which Entangled Media has opposed. Even if the Court were to exclude the subject portions of Dr. Edwards' testimony regarding private testing, Dr. Edwards offers other testimony sufficient to establish infringement for the "indistinguishable" element. *See, e.g.*, Ex. 1, Edwards Rpt. at ¶¶ 185-198 (*e.g.,* ███████████████████████████████ Thus, aside from Dr. Edwards' private testing, the record contains evidence (*e.g.*, Dr. Edwards' testimony, Dropbox documents, fact witness testimony, and admissions of Dropbox's expert) cited herein from which a reasonable jury could find infringement of this claim element.

██████████

██████████████████████████████████ Ex. 7, Edwards Tr. at 224:12-24. He further testified that ████████████████████████████████████████████████████████ ████████████████████ *Id.* at 226:2-14.

Specifically, Dr. Edwards provided the below figures, in which the first two screenshots come from Windows and macOS devices, respectively, and show a Dropbox folder (using a Dropbox Plus account) wherein the file "test_attachment.txt" is available online-only (*i.e.*, a virtual file) on the Windows device, and available offline (*i.e.*, a local file) on the macOS device. *See* Ex. 1, Edwards Rpt. at ¶ 140. The bottom two screenshots come from Windows and macOS devices showing a Dropbox folder (using a Dropbox Essentials account) wherein the test_word.docx file is available "online-only" on the Windows device, and available offline on the macOS device. There are no green checkmark/cloud overlay icons on any of these files and, at least for the macOS device, there are no visual icons at all; and the files operate the same as if they did contain the visual overlays.





**Figure 29. (Top two) Screenshots of a Dropbox account showing the same list of files on a Windows device and a macOS device. (Bottom two) Screenshots of a Dropbox account showing the same list of files on a Windows device and a macOS device.[144]**

Ex. 1, Edwards Rpt. at ¶¶ 140, 186-187.

Rather than accept that these visual overlays are not always present, Dropbox argues that the screenshots "were contrived to suppress the check mark and cloud icons that are designed to appear with the file names," implying that Dr. Edwards somehow manipulated the images. Mot. at 9. Dropbox has no basis for such a wild assertion. Dr. Edwards confirmed in deposition that: ███████████████ ██████████████████████████████████████████████████ ████████████████ Ex. 7, Edwards Tr. at 226:9-21. And Dropbox's documents show that the ████████████████████████████████████████████████████ ██████████████ *See, e.g.,* Ex. 10, DRBX_EM_00057386 ████████████ ███████████ ); *see also* Ex. 17, DRBX_EM_00002727 ████████████ ██████████████████████

Moreover, the Rebuttal report of Dr. McDaniels all but admits that Dropbox's own default and automatic installation process of their application into a Windows device environment can cause the brown boxes and/or missing icons that Dropbox now complains about and which Dropbox

████████████

characterizes as "contrived" or "misconfigured." Mot. at 12, 14. More specifically, Dr. McDaniels admits this icon scenario can occur when a user proceeds to ████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████████████ Ex. 14, McDaniel Rebuttal Rpt. at ¶ 271. Dr. McDaniel explains that this ███████████████████████ ██████████████████████████████████████████████ ██████████████████ *Id.* at ¶ 273.

Thus, in the Dropbox system, the local and virtual files are indistinguishable to the user.

**2.    The Virtual Files are Indistinguishable from the Local Files to the Local File System.**

The virtual files in the Dropbox system are also indistinguishable from the local files from the perspective of the local file system. Both the patent specification and the Court's Claim Construction Order clarify that "indistinguishable" to the local file system considers whether the virtual files are manageable as if they were local files. '338 Pat. at 5:30-33 ("enabling the local operating system to manage remote and local file as if they are all stored in the same location"); Dkt. No. 133 at 27 ("While a characteristic of 'indistinguishability' might be 'manageability' as addressed by the specification there, the Court finds . . . the specification [suggests] a broader reading.").

In the Dropbox system, when a virtual file is accessed via the local file system, ████████████ ████████████████████████████████████████████ Ex. 1, Edwards Rpt. at ¶ 196; Ex. 12, DROPBOX-EM_SC000743, lines 356-369; DROPBOX-EM_SC000392-393, lines 1706-1733; and DROPBOX-EM_SC000795-809. Dropbox's documents and deposition testimony confirm that it uses this "hydration" procedure. *See, e.g.,* Ex. 6, Warner Tr. at 141:2-142:3; 23:7-18. Through the hydration process, both the virtual and local files can be operated on in the same way regardless of whether they are virtual or local. Ex. 1, Edwards Rpt. at ¶ 197.

Dropbox's 30(b)(6) witness confirmed this, ████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████

███████████████

██ Ex. 6, Warner Tr. at 145:19-146:17. This testimony shows that the local and virtual files are indistinguishable to the local file system. As another example, virtual and local files move in the same ways, as confirmed by the patent specification: "moving a file on one device results in the file moving on all other devices even if it was moved on a device where that file is virtual." '338 Pat. at 5:33-35. Dr. Edwards' testimony, as well as the admissions of Mr. Warner (Dropbox's 30(b)(6) witness) and Dropbox's documents and source code, provide more than sufficient evidence to raise a triable issue that the local and virtual files are indistinguishable to the local file system. *See, e.g.*, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1323 (Fed. Cir. 2009) (vacating summary judgment of no direct infringement since patentee's circumstantial evidence coupled with expert testimony was sufficient to raise a fact issue for proving direct infringement).

Dropbox's Motion ignores the above evidence altogether, focusing instead on a new non-infringement theory involving a node. Mot. at 8-9.[7] Dropbox argues this new "node" non-infringement theory via a new declaration from Dr. McDaniel. Dkt. No. 245-11. Dropbox's new non-infringement theory is incorrect because ████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

---

[7] Dropbox's "node" non-infringement theory was not disclosed in Dropbox's responses to Entangled Media's interrogatory seeking its non-infringement positions. Indeed, the word "node" does not appear anywhere in Dropbox's responses. *See* Ex. 16, Dropbox Fourth Supp. Rog Responses 1-9, at 12-45. It is well settled that a party's failure to supplement answers to interrogatories is grounds for excluding the undisclosed information. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (citing Rule 26) ("Rule 37 mandates that a party's failure to comply with the obligations under Federal Rule of Civil Procedure 26(e)(1) results in that party being precluded from use [of] that information."); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (striking portions of Samsung's expert reports that included invalidity and non-infringement theories that were not timely provided to Apple in response to contention interrogatories). The "node" non-infringement theory was not disclosed at all until Dropbox served Dr. McDaniel's Rebuttal Report on non-infringement, and only in a cursory manner. Dropbox did not provide explicit detail on this theory until it filed this Motion, necessitating a new declaration from Dr. McDaniel to support this new theory. *See* Dkt. No. 245-11. Dropbox's failure prejudices Entangled Media since Entangled Media has never had an opportunity to directly respond to this new "node" non-infringement theory and now must devote portions of this brief to countering that theory. If Dropbox had timely disclosed this theory, Entangled Media could have refuted it in its expert reports, which are not page-limited. Against this, the Court should exclude this new "node" non-infringement theory in this Motion and at trial. *See Apple*, 2012 WL 3155574, at *4.

*Id.* at ¶ 4.

Setting aside Dropbox's untimely disclosure of this theory, Dropbox's node non-infringement theory also fails because

*See, e.g.,* Ex. 1, Edwards Rpt. at ¶ 118; *see also* Ex. 12, DROPBOX-EM_SC000725 and DROPBOX-EM_SC000711, line 5. Furthermore, as Dr. McDaniels acknowledged, it is

Ex. 14, McDaniels Rebuttal Rpt. at ¶ 261.

**3.     Dropbox Infringes the "Indistinguishable" Step, Alternatively, Under The Doctrine of Equivalents.**

Entangled Media alleges that Dropbox infringes the Asserted Claims, alternatively, under the doctrine of equivalents. *See, e.g.,* Dkt. No. 102 at ¶¶ 61, 79.

Entangled Media has produced ample evidence showing that the alleged Dropbox equivalent

Ex. 1, Edwards Rpt. at ¶ 198. *See Pall Corp. v. Micron Separations, Inc.,* 66 F.3d 1211, 1218 (Fed. Cir. 1995) ("When literal infringement is not established, infringement may be proved under the doctrine of equivalents when there is not a substantial difference between the claimed invention and the accused product.").

Dr. Edwards also testified that a *Id.* at ¶¶ 109-124, 198.

Further, Dropbox's 30(b)(6) witness testified that the local and virtual files in Dropbox using Smart Sync, even those that contain the visual icons, *See, e.g.,* Ex. 6, Warner Tr., at 145:19-146:7. Further, a former Dropbox engineer testified that Ex. 11, Carp Tr. at 125:5-18. Dropbox's documents also highlight how the local and virtual files appear and act the same to the user. *See, e.g.,* Ex. 3, EM_00001141–1146; Ex. 2, DRBX_EM_00001634. This occurs regardless of the presence of visual icons, and Dropbox has not presented any evidence to refute this. Such evidence can be established through expert testimony, witness testimony from a person of skill in the art, and from documents, and here more than establishes the "particularized testimony and linking argument to show the alleged equivalents" under *AquaTex*, 479 F.3d at 1329.

Rather than addressing Entangled Media's evidence, Dropbox argues that a DOE analysis here would "vitiate" the claim language and "would render meaningless the requirement that the virtual files and local files be 'indistinguishable.'" Mot. at 17. In essence, Dropbox asserts that no DOE argument for this element could ever prevail because "indistinguishable" does not allow for a claimed range of any distinction, or else the claim term "indistinguishable" would not be met. *Id.* Dropbox, however,

conflates literal infringement with equivalent infringement, which the Federal Circuit has cautioned against.

For example, in *Pozen*, the Federal Circuit affirmed the lower court's ruling that defendants' products infringed under the doctrine of equivalents. *Pozen Inc. v. Par Pharm., Inc.*, 696 F.3d 1151 (Fed. Cir. 2012). In *Pozen,* one of the asserted claims required "substantially all of said triptan is in the first layer of said tablet and substantially all of said naproxen is in a second, separate layer" (the "substantially all term"). *Id*. at 1169. The district court construed the "substantially all term" to mean "at least 90%, and preferably greater than 95%" triptan and naproxen in the layers. *Id*. As relevant here, one defendant's accused products contained 85% of triptan in the second layer, and the other defendant's accused product contained 85% of naproxen in the other layer. *Id.* Literal infringement was not at issue, so the infringement question, then, concerned whether, under the DOE, a layer with 85% of the agent is equivalent to one with 90% of the agent? *Id.* at 1167, 1170-71. The district court found infringement under DOE. *Id.* at 1168, 1171. The Federal Circuit affirmed—"Under the doctrine of equivalents a tablet layer with 85% of the agent can be fairly characterized as an insubstantial change from a tablet layer with 90% of the agent." *Id.* at 1171.

Similarly, in *Deere & Co. v. Bush Hog*, 703 F.3d 1349, 1357 (Fed. Cir. 2012), the Federal Circuit reversed a lower court's granting of summary judgment of no DOE infringement. The district court construed "contact" to require "direct contact," and thus found that allowing "no direct contact" would vitiate the court's construction. *Id.* The Federal Circuit reversed because "a reasonable jury could find that a small spacer connecting the upper and lower deck walls represents an *insubstantial difference* from direct contact." *Id.* (emphasis added). Thus, the Federal Circuit held that the trial court erred by invoking the vitiation exclusion in this context. *Id.*

Thus, as applied here, and using Dropbox's construction of "indistinguishable" that does not allow for any differences, a reasonable jury could still find that local and virtual files without visual icons in the same Dropbox folder across multiple devices can be fairly characterized as an insubstantial difference from local and virtual files with visual icons located in the same Dropbox folder across multiple devices. *See, e.g., Pozen*, 696 F.3d at 1171.

██████████████████

**B.      The Accused Products Meet The "Requesting" Step**

**1.      The Dropbox Software Client Requests that the Server Broker a Peer-to-Peer Connection Between the First and a Second Device.**

Dropbox also seeks summary judgment of noninfringement of claim 1 for the '260 Patent, arguing that the Dropbox software does not practice the element "requesting by the software client on the first device that a peer-to-peer connection be brokered by a server-based web service between the first device and the second device" (the "requesting" step). Mot. at 18. In Dropbox's view, the "Dropbox server does not broker or even participate in the establishment of the peer-to-peer connection on the LAN connection." *Id.* As Entangled Media has shown, however, the ████████████████ ████████████████████████████████████████████████████████ Ex. 1, Edwards Rpt. at ¶ 251. Unsurprisingly, Dropbox prefers the view of its own expert, Dr. McDaniel. These competing opinions present a pure fact question, and Dr. McDaniel's disagreement with Dr. Edwards on the technical merits is a question for the jury, not a basis for summary judgment. *See Silicon Lab's, Inc. v. Cresta Tech. Corp.*, No. 14-CV-03227-PSG, 2016 WL 836679 at *4 (N.D. Cal. Mar. 3, 2016).

For example, Dr. Edwards explained that the Dropbox desktop clients receive from the Dropbox servers the ████████████ ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████ *Id.* This is further confirmed by Dropbox's own document showing that the Dropbox server "distributes cert/key pair for namespace 123" to the Dropbox clients to broker a peer-to-peer connection between two devices (*i.e.*, "My Computer" and "Other Computer on LAN"):

Ex. 5, DRBX_EM_00015728 (annotations in red); Ex. 1, Edwards Rpt. at ¶¶ 106-108, 250.

Dropbox dismisses this evidence and diminishes the importance of SSL keys in LAN Sync by arguing that "[u]sing the SSL keys is part of the process for ensuring that computers cannot pretend to be servers for folders that they do not control" and is not related to LAN Sync. Mot. at 19-20. Yet, Exhibit 5 above shows the opposite—the SSL keys are integral to LAN Sync. Further, Dropbox's 30(b)(6) witness testified that the server-provided SSL keys are essential in LAN Sync and that LAN Sync would not work without them, further providing support that the server brokers the peer-to-peer connection as required by the claim. Ex. 6, Warner Tr. at 159:19-160:8.

Dropbox then argues that even if ███████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ Dropbox appears to be arguing that a

connection needs to be established between a device and the server after the request. *Id.* A plain reading of the claim, however, requires a connection "between the first device and the second device," which creates the "peer-to-peer connection." The claim language does not require a "*server-to-peer connection.*" Dropbox seeks a second time to rewrite the claims to require that the server "establish a connection" which the Court has expressly rejected. Dkt. No. 133 at 24. The claim merely requires that the server *brokers* the peer-to-peer connection, and nothing in the claim (or patent) prohibits the server from sending the SSL keys to broker that connection. Ex. 1, Edwards Rpt. at ¶¶ 252-253.

Further, Dropbox argues that the ███████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████ in this scenario would not preclude infringement. *See, e.g., Cybersettle v. Nat'l*, 243 Fed. Appx. 603, 607 (Fed. Cir. 2007) ("If the condition for performing a contingent step is not satisfied, the performance recited by the step need not be carried out in order for the claimed method to be performed.")

### 2.    Dropbox Infringes the "Requesting" Step, Alternatively, Under The Doctrine of Equivalents.

Entangled Media alleges that Dropbox infringes the Asserted Claims, alternatively, under the doctrine of equivalents. *See, e.g.,* Dkt. No. 102 at ¶¶ 61, 79.

Dropbox contends that Entangled Media's DOE theory for the "requesting" step is not proper because Dr. Edwards provides "conclusory statements regarding infringement under DOE." Mot. at 21. Dropbox is wrong. Dr. Edwards' opinions are adequately explained, and supported by Dropbox testimony and documentary evidence, and the jury should be allowed to decide the disputed fact question of whether the SSL keys provided by the server infringe the "requesting" step under the doctrine of equivalents.

Per the function, way, result test, Dr. Edwards explained that the ███████████████ ████████████████████████████████████████████████████████████

████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

*See, e.g.,* Ex. 6, Warner Tr. at 159:19-160:8; Ex. 5, DRBX_EM_00015728. This evidence more than establishes that the "particularized testimony and linking argument to show the alleged equivalents" are insubstantially different under *AquaTex*, 479 F.3d at 1329; *see also Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1191 (Fed. Cir. 1996) ("[P]roof of equivalency is not a matter of formula, but of evidence appropriate to the case.").

**C.     The Accused Products Meet The "Determining" Step**

**1.     The Dropbox Software Client Determines if the File is Physically Located on the First Device or is a Virtual File on a Second Device by Reviewing File Metadata.**

Dropbox also seeks summary judgment of non-infringement based on the Dropbox software not practicing the element of claim 1 for the '260 Patent that recites "determining by the software client if the file is physically located on the first device or if the file is a virtual file of a corresponding file physically stored on a second device by reviewing file metadata" (the "determining" step). Mot. at 18.

Dropbox argues that "the software client on a first device cannot determine whether a virtual file is stored on a second device 'by reviewing file metadata' as required by this limitation" and can only do so by "broadcasting a request on its LAN." Mot. at 22. Dr. Edwards, however, opines that based on his review of the Dropbox source code and documents, the Dropbox desktop client does make this determination by reviewing file metadata. Ex. 1, Edwards Rpt. at ¶¶ 243-245. Specifically, the Dropbox system uses ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

[REDACTED] In so opining, Dr. Edwards relies on deposition testimony of Dropbox engineers and Dropbox source code, including Ex. 6, Warner Tr. at 23:3; Ex. 11, Carp Tr. at 148:23-150:1; and Ex. 12, DROPBOX-EM_SC0000727 (lines 70-72), and 729 (lines 187-211). *Id.* Thus, there is ample evidence to show that the Dropbox client makes this determination by reviewing file metadata.

Dropbox appears to agree in part that the software client [REDACTED] *Id.* Dropbox's "no second device" non-infringing argument fails because Dropbox's Smart Sync, the key accused functionality in the Accused Products, is fundamentally based on a user having multiple devices. That is, Dropbox is a file sync and sharing platform used across multiple devices. [REDACTED]

Ex. 4, Baier Tr. at 107:6-19 (emphasis added); *see also* Ex. 5, DRBX_EM_00015726 ("Dropbox offers industry-recognized, best-in-class file sync . . . and enable anywhere access to data across devices.").

While Dropbox's "no second device" non-infringing argument fails factually, it also fails legally, as the evidence cited herein at a minimum presents a genuine issue of material fact as to whether a virtual file is stored on a second device, and whether Dropbox practiced this step. *See Interwoven,*

███████████

*Inc. v. Vertical Computer Sys.*, Case No. CV 10-04645 RS, 2014 WL 490996, *2 ("Here, Vertical's circumstantial evidence of direct infringement and expert opinion testimony regarding the method claims are sufficient to present a genuine issue of material fact as to whether Interwoven practiced each step of the method claims."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) ("[A] finding of infringement can rest on as little as one instance of the claimed method being performed during the pertinent time period.").

To the extent Dropbox is arguing that the software client needs to determine which second device stores the file, that is not required by this claim element. The claim language at issue here merely requires that the software client determine that the virtual file is "stored on <u>a</u> second device" and not necessarily to determine which second device contains the file. '260 Pat. at 11:38 (emphasis added). So long as the virtual file is stored on "a" second device, and not on the first device, infringement can be found. *Id.*

Nonetheless, though not required to prove infringement of this element, ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████ *See* Ex. 1, Edwards Rpt. at ¶ 253. While the software client may need to do more than review file metadata to determine the location of the virtual file, that is of no consequence because claim 1 of the '260 Patent begins by reciting a process "comprising" and recites that "reviewing file metadata" is part of the "determining" step. '260 Pat. at 11:36-39. The Federal Circuit has consistently interpreted "comprising" to mean "that the listed elements (*i.e.*, method steps) are essential but other elements may be added." *Lucent Tech. v. Gateway*, 525 F.3d 1200, 1214 (Fed. Cir. 2008). There is no requirement in the claim that additional elements be absent. *See Throner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012) ("It is the claims that define the metes and bounds of the patentee's invention."). As such, the Dropbox software client meets the claim element because it does review file metadata for the "determining" step.

**2.    Dropbox Infringes the "Determining" Step, Alternatively, Under the Doctrine of Equivalents.**

Dropbox contends that Entangled Media's DOE theory for the "determining by the software client if the file is physically located on the first device or if the file is a virtual file of a corresponding file physically stored on a second device by reviewing metadata" step is not proper because Dr. Edwards provides "conclusory statements regarding infringement under DOE." Mot. at 24. Dropbox is wrong. Dr. Edwards' opinions are adequately explained, and supported by Dropbox testimony and documentary evidence, and the jury should be allowed to decide the disputed fact question of whether the Dropbox software client's reviewing on which second device a file is stored through blocks from the metadata infringes the "determining" step under the doctrine of equivalents.

Using the function/way/result test, Dr. Edwards explained that when the



Ex. 11, Carp. Tr. at 122:21-123:5 ("…

"[P]roof of equivalency is not a matter of formula, but of evidence appropriate to the case." *Nat'l Presto Indus.,* 76 F.3d at 1191. This evidence more than establishes the "particularized testimony and linking argument to show the alleged equivalents" are insubstantially different under *AquaTex*, 479 F.3d at 1329.

Dropbox's reliance on *Malta* is misplaced because *Malta* concerns the sufficiency of testimony to support a judgment on the merits following trial, not summary judgment. *See Malta v. Schulmerich*

*Carillons, Inc.*, 952 F.2d 1320 (Fed. Cir. 1991). Further, the Federal Circuit stated that "[H]ow equivalency to a required limitation is met necessarily varies from case to case due to many variables such as the form of the claim, the nature of the invention defined by it, the kind of limitation that is not literally met, etc." *Id.* at 1326. For purposes of summary judgment, the Court accepts Dr. Edwards' factual assertions as true, and they are plainly sufficient to raise a genuine dispute of material fact. *See Charles Mach. Works, Inc. v. Vermeer Mfg. Co.*, 723 F.3d 1376, 1380 (Fed. Cir. 2013).

## V.    CONCLUSION

For the foregoing reasons, Entangled Media respectfully requests that the Court deny Dropbox's Motion for Summary Judgment.

Dated: April 10, 2025

/s/ John E. Lord
John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC

PLAINTIFF'S OPPOSITION TO DROPBOX'S MOTION FOR SUMMARY JUDGMENT
5:23-CV-03264-PCP-VKD