MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
Dropbox, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ENTANGLED MEDIA, LLC,

Plaintiff,

v.

DROPBOX, INC.,

Defendant.

Case No. 5:23-cv-03264-PCP

**DROPBOX, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF ERIK CASO AND THE EXHIBITS ATTACHED THERETO**

Judge: Hon. P. Casey Pitts
Dept.: Courtroom 8 – 4th Floor
Hearing Date: May 15, 2025
Hearing Time: 10:00 A.M.

REDACTED

## TABLE OF CONTENTS


Page

I. INTRODUCTION .... 1
II. BACKGROUND .... 2
A. Dropbox's Discovery Requests .... 2
B. Dropbox's Amended Answer that Adds Inequitable Conduct and Improper Inventorship Counterclaims and Affirmative Defenses .... 3
C. Entangled Media's Newly Produced Evidence .... 4
III. LEGAL STANDARD .... 5
IV. ARGUMENT .... 6
A. Entangled Media's Summary Judgment Documents Were Not Timely Produced. .... 6
B. Entangled Media's Untimely Disclosure Was Neither Justified Nor Harmless. .... 9
V. CONCLUSION .... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015 WL 347197 (W.D. Wash. Jan. 23, 2015) ............................... 9, 10

*De Amaral v. Goldsmith & Hull*, No. 12-cv-03580, 2014 WL 572268 (N.D. Cal. Feb. 2014) ............................... 9

*Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011) ............................... 6

*Jones v. Travelers Cas. Ins. Co. of Amer.*, 304 F.R.D. 677 (N.D. Cal. 2015) ............................... 5

*Malico, Inc. v. Cooler Master USA, Inc.*, No. C 11-4537, 2013 WL 4482503 (N.D. Cal. Aug. 20, 2013), *aff'd in part, vacated in part on other grounds*, 594 F. App'x 621 (Fed. Cir. 2014) ............................... 6

*Naser v. Metro. Life Ins. Co.*, 5:10-cv-04475, 2013 WL 4017363 (N.D. Cal. July 31, 2013) ............................... 6, 9

*OEM-Tech v. Video Gaming Techs., Inc.*, No. 10-04368, 2013 WL 12173892 (N.D. Cal. Jan. 8, 2013) ............................... 9

*Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843 (9th Cir. 2014) ............................... 5

*Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974 (N.D. Cal. 2015) ............................... 10

*United States Postal Service v. City of Berkeley*, No. C 16-04815, 2018 WL 534172 (N.D. Cal. Jan. 23, 2018) ............................... 9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ............................... 5, 6

**Other Authorities**

Fed. R. Civ. P. 26(e)(1)(A) ............................... 5

Federal Rule of Civil Procedure 26(e)(1) ............................... 5

Federal Rule of Civil Procedure 37 ............................... 5

Local Civil Rule 6-3 ............................... 1

Rule 26(a) ............................... 6

Rule 26's ........................................................................................................................ 5

Rule 37(c)(1) ........................................................................................................................ 5, 6, 9

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 15, 2025, at 10:00 A.M. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, San Jose Division, located at Courtroom 8, 4th Floor, 280 South First Street, San Jose, California 95113, Defendant Dropbox, Inc. ("Dropbox") will, and hereby does, bring this Motion to Strike the Declaration of Erik Caso and the Exhibits Attached Thereto Submitted For The First Time With Plaintiff's Motion For Summary Judgment.

By and through this motion Dropbox seeks to strike and preclude Entangled Media, LLC ("Entangled Media") from relying on evidence it propounded for the first time with its Motion for Partial Summary Judgment.

## STATEMENT OF RELIEF REQUESTED

Dropbox respectfully requests that the Court strike the evidence submitted in paragraphs 8 and 10 of the Declaration of Erik Caso (Dkt. No. 241-1) and the Exhibits Attached Thereto (Dkt. Nos. 241-4, Dkt. No. 241-5, Dkt. No. 241-6, Dkt. No. 241-7, Dkt. No. 241-8, Dkt. No. 241-9, Dkt. No. 241-10, Dkt. No. 241-11, Dkt. No. 241-14, Dkt. No. 241-15, Dkt. No. 241-16) in support of Entangled Media's Motion for Partial Summary Judgment on the grounds that Entangled Media failed to timely disclose this evidence during the fact discovery period in violation of its discovery obligations. Because the hearing on this Motion will be scheduled for May 15, 2025, pursuant to Local Civil Rule 6-3 Dropbox also concurrently filed a motion requesting that the Court order expedited briefing on this Motion so that it can be addressed during the May 8, 2025 hearing on the Motion for Partial Summary Judgment to which it relates.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Desperate to prevent the Court and jury from resolving genuinely disputed factual issues related to inequitable conduct and inventorship, Entangled Media has resorted yet again to its practice of failing to timely disclose the facts and theories on which it intends to rely.[1] Now,

[1] For example, Entangled Media served an expert report from Dr. Scott J. Savage regarding certain survey analysis and opinions despite never sufficiently disclosing this theory in its damages contentions. *See* Dkt. No. 244-4.

Entangled Media has moved for summary judgment (Dkt. 241, the "Motion") on the issues of inventorship and inequitable conduct based almost exclusively on documents (and a declaration relying on them) that were produced for the first time with its Motion. In particular, three and a half months after the close of fact discovery, Entangled Media submitted a declaration from its Chief Executive Officer, Erik Caso, with testimony and citations to several documents that were not disclosed during fact discovery.

With its Motion, Entangled Media provides no justification for its untimely production of documents and information that was directly responsive to Dropbox's timely requests during fact discovery. And, Entangled Media's decision to produce this evidence for the first time with its dispositive motions severely prejudiced Dropbox by denying it any opportunity to investigate and evaluate this evidence in fact or expert discovery.

Because this intentional, untimely disclosure of evidence is neither justified nor harmless, the evidence should be stricken from Entangled Media's Motion and Entangled Media should be precluded from relying on this evidence for any reason.

## II. BACKGROUND

### A. Dropbox's Discovery Requests

Dropbox propounded three Sets of Requests for Production on June 26, 2023, June 13, 2024, and July 26, 2024, respectively. *See* Ex. 1 (Dropbox's First Set of RFPs); Ex. 2, (Dropbox's Second Set of RFPs); Ex. 3 (Dropbox's Third Set of RFPs).

In response to Dropbox's Request for Production No. 9—seeking, among other things, information "referring or relating to the contributions of each person involved in development of the Patents-in-Suit"—Entangled Media lodged a series of objections but ultimately agreed to "produce responsive and nonprivileged documents, to the extent such documents exist, within its possession, custody, or control, that are located after a reasonable search." Ex. 4, Resp. to First Set of RFPs at 9-10.

In response to Request for Production Nos. 47, 87, and 92—seeking, among other things, the documents concerning the "proper Named Inventor(s) for each Patent-in-Suit" (RFP No. 47), "agreements or contracts with Erik Caso, Michael Abraham, or Matthew Drew" (RFP No. 87), and

"non-disclosure or confidentiality agreements or contracts entered into by Entangled Media, Erik Caso, Michael Abraham, or Matthew Drew" (RFP No. 92)—Entangled Media substantively responded as follows: "Entangled Media will produce (or has already produced) responsive and nonprivileged documents, to the extent such documents exist, within its possession, custody, or control, that are located after a reasonable search." Ex. 5, Resps. to Second Set of RFPs at 9-10; Ex. 6, Resps. to Third Set of RFPs at 4, 7.

In response to Request for Production No. 86—seeking "Documents that you intend to rely upon at a trial, deposition, or hearing"—Entangled Media stated it would "only produce non-privileged documents and/or information." Ex. 5, Resps. to Second Set of RFPs at 31.

Dropbox's counsel also requested specific confirmation regarding *executed* versions of Mr. Drew's non-disclosure and termination agreements, to which Entangled Media's counsel responded that it had conducted a reasonable search and could not find executed versions. *See* Ex. 7, 2024-08-06 Email from A. Gasser.

On August 1, 2024, Dropbox propounded its Interrogatory No. 22, which requested that Entangled Media "[d]escribe in detail each Named Inventor's contribution to the conception and reduction to practice of the alleged invention claimed in each Asserted Claim." Ex. 8, Resp. to Second Set of ROGs at 4. On September 3, 2024, Entangled Media responded to No. 22, in relevant part, as follows:

> Entangled Media incorporates by reference the deposition testimony of Erik Caso and Michael Abraham, who testified regarding the subject matter of this Request, and confirmed that Erik Caso and Michael Abraham are the properly named inventors of the Asserted Patents.

Ex. 8, Resp. to Second Set of ROGs at 4-5. Entangled Media never supplemented this response.

### B. Dropbox's Amended Answer that Adds Inequitable Conduct and Improper Inventorship Counterclaims and Affirmative Defenses

On September 24, 2024, Dropbox filed a Motion for leave to file its Amended Answer and Counterclaims to assert affirmative defenses and counterclaims based on inequitable conduct and improper inventorship. Dkt. No. 151-3. On October 31, 2024, the Court granted Dropbox's motion. Dkt. Nos. 182, 234. On December 6, 2024, Entangled Media filed its Answer and Reply to Dropbox's Counterclaims. Dkt. No. 208.

**C. Entangled Media's Newly Produced Evidence**

On March 10, 2025, three and a half months after the November 22, 2024 close of fact discovery, Entangled Media filed its Motion for Partial Summary Judgment seeking, among other things, summary judgment in its favor on inequitable conduct and improper inventorship. Dkt. No. 241. With its Motion, Entangled Media filed a Declaration from Mr. Caso with seventeen documents attached as exhibits thereto. *See* Dkt. No. 241-1 (Caso Decl.); Dkt. Nos. 241-2 to 241-18 (Exhibits 1-17).

Of the seventeen exhibits, **seven of the documents** had never been produced before Entangled Media filed the Motion. *See* Dkt. No. 241-4, Dkt. No. 241-5, Dkt. No. 241-6, Dkt. No. 241-8, Dkt. No. 241-11, Dkt. No. 241-14, Dkt. No. 241-15. And, although versions of **four documents** had been previously produced, Entangled Media elected to *reproduce* those four documents with metadata that it had previously withheld. *See* Dkt. No. 241-7, Dkt. No. 241-9, Dkt. No. 241-10, Dkt. No. 241-15. These exhibits are summarized as follows:

| Ex. No. | Dkt. No. | Alleged document(s) | Previously produced? |
|---|---|---|---|
| 3 | 241-4 | A March 4, 2009 email from Mr. Caso to Mr. Drew forwarding an initial consulting agreement. | No |
| 4 | 241-5 | Initial consulting agreement attached to March 4, 2009 email. | No |
| 5 | 241-6 | A March 6, 2009 email from Mr. Caso forwarding a replacement consulting agreement to Mr. Drew. | No |
| 6 | 241-7 | Replacement consulting agreement attached to March 6, 2009 email. | Yes but without metadata; now reproduced with metadata |
| 7 | 241-8 | A March 7, 2009 email from Mr. Caso informing Mr. Drew of his email account. | No |
| 8 | 241-9 | A March 7, 2009 email from Mr. Caso to Mr. Drew with the subject line "Concept Diagram." | Yes but without metadata; now reproduced with metadata |
| 9 | 241-10 | "Concept_Diagram.pdf" attachment. | Yes but without metadata; now reproduced with metadata |
| 10 | 241-11 | A March 22, 2009 email from Mr. Caso | No |

| | | | |
|---|---|---|---|
| | | to Mr. Abraham disclosing his AIM username. | |
| 13 | 241-14 | A March 24, 2009 email from Mr. Caso to Mr. Drew referencing a meeting at The Walnut. | No |
| 14 | 241-15 | An August 28, 2009 email from Mr. Caso forwarding a termination agreement to Mr. Drew. | No |
| 15 | 241-16 | Termination agreement attached to August 28, 2009 email. | Yes but without metadata; now reproduced with metadata |

Beyond the exhibits, Mr. Caso's declaration purports to discuss Matt Drew's work with Entangled Media. Dkt. No. 241-1. He purports to describe when he transmitted a non-disclosure agreement to Mr. Drew (¶ 3), whether Mr. Drew communicated any ideas reflected in the subject matter of the patents-in-suit (¶¶ 5, 8, 10), when Mr. Drew began working for Entangled Media (¶ 6), the circumstances in which he received his consulting agreement (¶ 4), and the circumstances of his eventual termination from Entangled Media. *Id.* at ¶ 13.

## III. LEGAL STANDARD

"The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). Federal Rule of Civil Procedure 26(e)(1) requires all parties to supplement responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "Parties are expected to supplement and/or correct their disclosures promptly when required under [FRCP 26(e)(1)], without the need for a request from opposing counsel or an order from the Court." *Jones v. Travelers Cas. Ins. Co. of Amer.*, 304 F.R.D. 677, 679 (N.D. Cal. 2015) (citation omitted).

Federal Rule of Civil Procedure 37 "'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Specifically, Rule 37(c)(1) provides

that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This Rule "is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd.*, 259 F.3d at 1106). And "[c]ourts have broad discretion in granting motions to strike evidence under Rule 37(c)(1)." *Naser v. Metro. Life Ins. Co.*, 5:10-cv-04475, 2013 WL 4017363, at *5 (N.D. Cal. July 31, 2013).

## IV. ARGUMENT

### A. Entangled Media's Summary Judgment Documents Were Not Timely Produced.

Each of exhibits 3, 4, 5, 7, 10, 13, and 14 to Mr. Caso's summary judgment declaration should have been produced during fact discovery, as each is responsive to written discovery served by Dropbox. They were not. Thus, the documents should be stricken. *See Malico, Inc. v. Cooler Master USA, Inc.*, No. C 11-4537, 2013 WL 4482503, at *7 (N.D. Cal. Aug. 20, 2013), *aff'd in part, vacated in part on other grounds*, 594 F. App'x 621 (Fed. Cir. 2014) ("Pursuant to Rule 37(c)(1), striking the images of a purportedly accused device is warranted as they were presented for the first time in support of plaintiff's motion for partial summary judgment on infringement.").

For example, each of the exhibits is responsive to at least Dropbox's Requests for Production Nos. 9, 47, 48, 86, 87, and 92, which requested that Entangled Media produce: (i) documents and things referring or relating to the contributions of each person involved in development of the Asserted Patents (RFP 9); (ii) documents relating to the identification and determination of the proper named inventors for each Asserted Patent (RFP 47); (iii) each named inventor's employment or consulting agreements and agreements relating to intellectual property rights or assignment (RFP 48); (iv) documents that Entangled Media intends to rely upon at a trial, deposition, or hearing in this case (RFP 86); (v) Documents, Communications, and Information regarding or constituting agreements or contracts with Erik Caso, Michael Abraham, or Matthew Drew (RFP 87); and (vi) non-disclosure or confidentiality agreements or contracts entered into by

Entangled Media, Erik Caso, Michael Abraham, or Matthew Drew (RFP 92). *See supra* at pp. 2-5.

The late-disclosed summary judgment documents on which Entangled Media now seeks to rely are responsive to these Requests as summarized in the table below.

| Ex. No. | Dkt. No. | Alleged document(s) | RFP to Which It Was Responsive |
|---|---|---|---|
| 3 | 241-4 | A March 4, 2009 email from Mr. Caso to Mr. Drew forwarding an initial consulting agreement. | 86, 87, 92 |
| 4 | 241-5 | Initial consulting agreement attached to March 4, 2009 email. | 86, 87, 92 |
| 5 | 241-6 | A March 6, 2009 email from Mr. Caso forwarding a replacement consulting agreement to Mr. Drew. | 86, 87, 92 |
| 6 | 241-7 | Replacement consulting agreement attached to March 6, 2009 email (now with metadata) | 86, 87, 92 |
| 7 | 241-8 | A March 7, 2009 email from Mr. Caso informing Mr. Drew of his email account. | 86 |
| 8 | 241-9 | A March 7, 2009 email from Mr. Caso to Mr. Drew with the subject line "Concept Diagram." (now with metadata) | 9 (to the extent Entangled Media now contends this relates to Mr. Caso's contributions), 47 (same), 86 |
| 9 | 241-10 | "Concept_Diagram.pdf" attachment (now with metadata) | 9 (to the extent Entangled Media now contends this relates to Mr. Caso's contributions), 47 (same) 86 |
| 10 | 241-11 | A March 22, 2009 email from Mr. Caso to Mr. Abraham disclosing his AIM username. | 86 |
| 13 | 241-14 | A March 24, 2009 email from Mr. Caso to Mr. Drew referencing a meeting at The Walnut. | 86 |
| 14 | 241-15 | An August 28, 2009 email from Mr. Caso forwarding a termination agreement to Mr. Drew. | 86, 87, 92 |
| 15 | 241-16 | Termination agreement attached to August 28, 2009 email (now with metadata) | 86, 87, 92 |

Mr. Caso's declaration testimony related to the late-disclosed documents also reveals

alleged facts that were responsive to Interrogatory No. 22 and should have been disclosed in response thereto. Specifically, Interrogatory No. 22 requested that Entangled Media "[d]escribe in detail each Named Inventor's contribution to the conception and reduction to practice of the alleged invention claimed in each Asserted Claim." Ex. 8, Resp. to Second Set of ROGs at 4. If "the contents" of certain documents allegedly transmitted from Mr. Caso to Mr. Drew were relevant to Mr. Caso's contributions to the subject matter of the patents-in-suit, then it should have been described in response to Interrogatory No. 22. The relevant portions of Mr. Caso's declaration and the exhibits on which he relied are summarized below.

| Mr. Caso declaration testimony regarding Mr. Caso's alleged contributions | Exhibits discussed therein |
|---|---|
| "On March 7, 2009, I transmitted to Matt Drew an email with the subject line 'Concept Diagram,' which contained the attachment 'Concept_Diagram.pdf.' Attached as Exhibits 8 and 9 are true and correct copies of my March 7, 2009 email and 'Concept_Diagram.pdf' attachment. The contents of this email and its attachment were created by me. Matt Drew had not seen this email and attachment prior to my transmitting it to him, and Matt Drew did not contribute in any way to the substance of the information reflected in the email and its attachment at Exhibits 8 and 9." Dkt. 241-1 at ¶ 8. | Exhibits 8 and 9 |
| "On Monday, March 9, 2009, I transmitted to Matt Drew a further email with the subject line 'High level specification,' containing the following attachment 'Specification_&_ Architecture_030909.doc.' Attached as Exhibits 11 and 12 are true and correct copies of my March 9, 2009 email and 'Specification_&_ Architecture_030909.doc' attachment. The contents of this email and its attachment were created by me. Matt Drew had not seen this email and attachment prior to my transmitting it to him, and Matt Drew did not contribute in any way to the substance of the information reflected in the email and its attachment at Exhibits 11 and 12." Dkt. 241-1 at ¶ 10. | Exhibits 11 and 12 |

Entangled Media never supplemented its response to Interrogatory No. 22 to identify the evidence it now seeks to rely on in support of its Motion. For the same reasons, Entangled Media should not be permitted to now rely on Exhibits 8-9 and 11-12 as evidence of Mr. Caso's alleged contributions to the subject matter of the patents-in-suit. In particular, although Exhibits 11 and 12 were produced during the fact discovery period, Entangled Media never identified them in response to Interrogatory No. 22 as alleged evidence of Mr. Caso's alleged contributions to the subject matter

of the patents-in-suit. And this is an additional reason why Entangled Media should not be permitted to rely on Exhibits 8 and 9 beyond the fact that they were not produced in response to the relevant Requests for Production as discussed *supra*.

Dropbox's 30(b)(6) deposition Topic No. 12 sought similar information. *See* Ex. 9, Dropbox's 30(b)(6) Notice of Deposition at 5. Counsel for Dropbox asked Mr. Caso questions about these specific aspects that are now included in Mr. Caso's declaration and the accompanying exhibits, and Mr. Caso did not testify about the existence of these documents during deposition. Ex. 10, Caso Tr. at 168:2-186:17 ([redacted]); 316:18-321:17 ([redacted]).

Thus, pursuant to Rule 37(c)(1), the new summary judgment documents—and any declaration testimony from Mr. Caso or argument from counsel about them—should be stricken. *See, e.g.*, *United States Postal Service v. City of Berkeley*, No. C 16-04815, 2018 WL 534172, at *1-2 (N.D. Cal. Jan. 23, 2018) (granting motion to strike declaration and exhibits defendant produced for the first time in opposition to plaintiff's motion for summary judgment); *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015 WL 347197, at *4-6 (W.D. Wash. Jan. 23, 2015) (precluding plaintiff from relying on exhibits submitted for the first time with summary judgment motion); *De Amaral v. Goldsmith & Hull*, No. 12-cv-03580, 2014 WL 572268, at *2-3 (N.D. Cal. Feb. 2014) (granting motion for sanctions excluding letters defendant proffered with opposition to plaintiffs' motion for summary judgment that were not produced during discovery); *Naser*, 2013 WL 4017363, at *4-6 (granting motion to strike improperly withheld evidence where plaintiff submitted various records in support of motion for partial summary judgment ten days after the close of discovery); *OEM-Tech v. Video Gaming Techs., Inc.*, No. 10-04368, 2013 WL 12173892, at *5-7 (N.D. Cal. Jan. 8, 2013) ("[Plaintiff], having represented that it produced all documents responsive to that request, cannot simply withhold them for more than year, only to surprise defendants on summary judgment with evidence it knew to be in existence all along.").

**B. Entangled Media's Untimely Disclosure Was Neither Justified Nor Harmless.**

Entangled Media bears the burden of proving that its failure to disclose the documents and

information during fact discovery was substantially justified or harmless. *BWP Media USA Inc.*, 2015 WL 347197, at *3. But Entangled Media does not (and cannot) meet this burden.

First, Entangled Media has made no attempt to justify its untimely disclosure. Indeed, no explanation appears in the Motion, Mr. Caso's declaration, or the declaration of Entangled Media's counsel, Mr. Gasser, in support of the Motion.

Second, Entangled Media cannot show that its late production was justified. Indeed, Entangled Media cannot credibly dispute that the documents were directly requested during the discovery period. *See supra* at 2-3. To the extent Entangled Media attempts to suggest that the late-produced documents were not implicated during fact discovery, that suggestion would be in vain. Although Dropbox did not seek to add its inventorship and inequitable conduct counterclaims and defenses until October 2024, Dkt. Nos. 152, 161, fact discovery did not close until November 22, 2024. And since the case's onset, conception and reduction to practice have been directly implicated. *See, e.g.*, *Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974, 988 (N.D. Cal. 2015) ("Although [Defendant] has the burden of establishing invalidity, [Plaintiff] has the burden of proving that it conceived of the alleged inventions before the filing date of the patent application and diligently reduced the inventions to practice . . . To do so, [Plaintiff] must corroborate its alleged conception and reduction to practice dates.").

Third, Entangled Media cannot show that its late production was harmless. Instead, Dropbox is severely prejudiced by Entangled Media's untimely disclosure because Dropbox did not have knowledge of the evidence that Entangled Media believes is essential to its Summary Judgment Motion during the fact discovery period. Nor did Dropbox have any opportunity to depose Entangled Media's witnesses about these purportedly essential documents. *See BWP Media USA Inc.*, 2015 WL 347197, at *5 (finding harm where plaintiff's failure to provide materials "impeded [defendant's] ability to conduct discovery in order to investigate and evaluate the strength of [plaintiff's] claim and any possible defenses, to fully address [plaintiff's] claims in a dispositive motion, to make an informed decision about settlement, and to prepare for trial."). Indeed, "[g]iven the appearance of the evidence well after the close of discovery, on the dispositive motion deadline…the harm extends to this Court." *Id.*

Accordingly, the Court should strike Entangled Media's late-produced evidence and the paragraphs of Mr. Caso's declaration to which they relate.

## V. CONCLUSION

For these reasons, Dropbox respectfully requests the Court strike and preclude Entangled Media from relying on the following, untimely evidence that was not (but should have been) produced during fact discovery:

- Dkt. No. 241-4 (Ex. 3 to Caso Decl.)
- Dkt. No. 241-5 (Ex. 4 to Caso Decl.)
- Dkt. No. 241-6 (Ex. 5 to Caso Decl.)
- Dkt. No. 241-7 (Ex. 6 to Caso Decl.)
- Dkt. No. 241-8 (Ex. 7 to Caso Decl.)
- Dkt. No. 241-9 (Ex. 8 to Caso Decl.)
- Dkt. No. 241-10 (Ex. 9 to Caso Decl.)
- Dkt. No. 241-11 (Ex. 10 to Caso Decl.)
- Dkt. No. 241-14 (Ex. 13 to Caso Decl.)
- Dkt. No. 241-15 (Ex. 14 to Caso Decl.)
- Dkt. No. 241-16 (Ex. 15 to Caso Decl.)
- Dkt. No. 241-1 (Caso Decl.) at ¶¶ 8, 10

Dated: April 10, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Michael J. Lyons*

Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

*Attorneys for Defendant Dropbox, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2025, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case via electronic mail per the Local Rules.

/s/ *Michael J. Lyons*
Michael J. Lyons