John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ENTANGLED MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DROPBOX, INC., <br><br> Defendant. | C.A. No. 5:23-cv-03264-PCP-VKD <br><br> **PLAINTIFF ENTANGLED MEDIA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE THE OPINIONS OF DR. MCDANIEL** <br><br> Judge: Hon. P. Casey Pitts <br> Courtroom: 8 – 4th Floor <br> Hearing Date: May 15, 2025 <br> Hearing Time: 9:00 a.m. |

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II.  DR. McDANIEL'S IMPROPER CLAIM CONSTRUCTION OPINIONS SHOULD
BE EXCLUDED ................................................................................................. 2

    A.  Dr. McDaniel Should Not Be Permitted to Argue to the Jury the Construction
of "Singular File System" That Dropbox Previously Raised and Lost. ......................... 2

    B.  Dr. McDaniel Should Not Be Permitted to Argue to the Jury the Construction
of the "Brokering" Term That Is Inconsistent with the Court's Claim
Construction Order. .......................................................................................... 3

III.  DROPBOX'S OPPOSITION CONFIRMS THAT THE IMPLEMENTATION
DETAILS OF ITS NIA AND NON-INFRINGEMENT THEORIES WERE NOT
TIMELY DISCLOSED ........................................................................................ 4

    A.  The Court Should Strike the Implementation and Commercial Acceptability
Details of Dropbox's Distinguishability and Peer-to-Peer Related NIAs. ..................... 4

    B.  The Court Should Strike Certain of Dropbox's Non-Infringement Theories ................ 6

IV.  CONCLUSION ................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases**

*Cordis Corp. v. Boston Sci. Corp.,*
    561 F.3d 1319 (Fed. Cir. 2009) ........................................................................................ 3

*Karl Storz Endoscopy-Am. Inc. v. Stryker Corp.*,
    No. 3-14-cv-00876, 2018 WL 3646842 (N.D. Cal. Aug. 1, 2018) ................................... 5

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-cv-05341, 2014 WL 2854773 (N.D. Cal. June 20, 2014) ..................................... 7

*MLC Intel. Prop., LLC v. Micron Tech., Inc.*,
    No. 14-03657, 2019 WL 2863585 (N.D. Cal. July 2, 2019) ......................................... 5, 7

*Nantworks, LLC v. Bank of America Corp.*,
    Case No. CV20-7872-GW, 2024 WL 4825237 (C.D. Cal. June 5, 2024) ........................ 3

*Regents of the University of Minnesota v. LSI Corp.*,
    5-18-cv-00821 Dkt. No. 414 (N.D. Cal. Feb. 27, 2025) ................................................. 3

*Taction Tech., Inc. v. Apple Inc.*,
    No. 21-812, 2023 WL 5184977 (S.D. Cal. Aug. 11, 2023) .............................................. 7

*Treehouse Avatar LLC v. Valve Corp.*,
    54 F.4th 709 (Fed. Cir. 2022) .......................................................................................... 3

## I.    INTRODUCTION

Entangled Media has moved to strike the opinions of Dropbox's expert Dr. McDaniel based on his improper claim constructions and undisclosed non-infringement and non-infringing alternative theories. Dkt. No. 239-3. Dropbox's Opposition shows that the Court should grant Entangled Media's Motion.

First, Dropbox's Opposition confirms it seeks to use Dr. McDaniel to bypass the proper procedures for raising claim construction disputes with the Court and instead submit improper claim construction positions to the jury. For "singular file system" Dropbox suggests that it is merely applying the "plain and ordinary meaning" of the term when it suggests a broader construction for "local files" (such that it consists of all the user's files across all devices). Dkt. No. 264-7 ("Opp.") at 10. But Dropbox already raised this broader construction during claim construction, and the Court did not agree with Dropbox. Dropbox's attempt to slip this in now through its expert should be rejected. Similarly, for the "brokered" term, the Court's Order made clear that "brokered" may encompass the active establishing of a connection, but it does not require it. Dkt. No. 133 at 24. Any attempt by Dr. McDaniel to deviate from this construction should also be rejected.

Second, regarding the new implementation details supporting Dropbox's non-infringing alternatives (NIA), Dropbox does not deny that Dr. McDaniel is offering new details in his expert report. Instead, Dropbox devotes much of its brief on this issue arguing that Mr. ▮▮▮ had knowledge of these NIAs that were not explored in deposition. Regardless of the scope of questioning by Entangled Media, Dropbox had a duty to disclose this information to Entangled Media, and cannot blame Entangled Media for Dropbox's new and untimely expert opinions. Mr. ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ and thus he could not have provided these NIA implementation details in any event. Similarly, regarding Dropbox's new non-infringement theories, these theories were not disclosed in discovery. Dropbox's seemingly deliberate delay in offering its opinions should not deprive Entangled Media of its procedural rights. Thus, the Court should strike the paragraphs from Dr. McDaniel's Rebuttal Report as detailed in Entangled Media's Motion.

## II. DR. McDANIEL'S IMPROPER CLAIM CONSTRUCTION OPINIONS SHOULD BE EXCLUDED

### A. Dr. McDaniel Should Not Be Permitted to Argue to the Jury the Construction of "Singular File System" That Dropbox Previously Raised and Lost.

Dropbox argues that because the term "local files" was not construed by the Court, Dropbox is free to have its expert apply the "plain and ordinary meaning of the term 'local files.'" Opp. at 10. While true in the abstract, that argument fails in the particular here because in construing the term "singular file system," the Court construed what local files cover and do not cover. Dropbox's Opposition fails to appreciate that the Court's construction excluded any meaning that local files covers "all of the user's files across all devices." Dkt. No. 133 at 15.

Specifically, during claim construction, the crux of the parties' dispute regarding the term "singular file system" was whether the singular file system required the local files in the singular file system to contain all the user's files across all devices, rather than just those in the same directories/folders. *Id.* The Court's Claim Construction Order stated that Dropbox's proposed construction for "singular file system was not correct" because it was "too broad" and the Court found that all of the user's files across all devices need not be contained within the singular file system. *Id.* at 16. The Court then largely adopted Entangled Media's proposed construction that "singular file system" means a "system wherein local and virtual files are shown in the same directories/folders." *Id.*

Dr. McDaniel seeks to resurrect Dropbox's rejected proposal under the guise of using the "plain and ordinary meaning" of the term "local files." His report and testimony confirm that he's applying a meaning to "local files" (as used in the claim term "singular file system") to mean that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. No. 239-4, McDaniel Rebuttal Rpt. at ¶ 184. Dr. McDaniel may have been free to apply the "plain and ordinary meaning" of the term, but his opinions cannot violate the Court's Claim Construction Order.

Dropbox accuses Entangled Media of citing to Dr. McDaniel's deposition testimony to "manufacture some sort of inconsistency" (Opp. at 9), yet Dr. McDaniel was clearly inconsistent in his deposition about the meaning of the term "local files." He first testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████

████████████████████████████████████ Dkt. No. 239-5, McDaniel Tr. at 265:13-266:15. Yet, the term "singular file system" (and its sub term local files) has already been interpreted by the Court and Dr. McDaniel cannot ask the jury to interpret the term in a different way. *See Nantworks, LLC v. Bank of America Corp.*, Case No. CV20-7872-GW, 2024 WL 4825237 at *14 (C.D. Cal. June 5, 2024) ("Accordingly, to the extent the MICR information is a symbol, as opposed to an object, it would not meet the limitation and Schonfeld's opinion would be inconsistent with the Court's construction … The claim language does not draw this distinction. Accordingly, the Court would GRANT Defendants' motion as to these portions.") (original emphasis).

Dropbox's reliance on *Regents of the University of Minnesota v. LSI Corp.*, 5-18-cv-00821 Dkt. No. 414, at *3-6 (N.D. Cal. Feb. 27, 2025) is misplaced. There, the Court denied the motion to strike because the Court could not determine that the expert's opinion was "based on a claim construction that is materially different from the construction adopted by the parties and the court." *Id.* Here, however, the Court rejected Dropbox's proposed construction that Dr. McDaniel now proposes. Dr. McDaniel opines that ████████████████████████████ ████████████████████████████████████ ████████ Dkt. No. 239-4, McDaniel Rebuttal Rpt. at ¶ 184. Dr. McDaniel then relies on this faulty construction to opine that the Dropbox system does not meet the claimed "singular file system" limitation. *Id.* at ¶¶ 184, 190, 191. This testimony directly contradicts the Court's construction of singular file system that does not require the system to contain all files across all devices. Dkt. No. 133 at 15; *see Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022).

Allowing this improper testimony would be inconsistent with the Court's claim construction ruling. All testimony relying on this improper construction (as set forth in Entangled Media's motion) is improper and should be excluded. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009).

**B.    Dr. McDaniel Should Not Be Permitted to Argue to the Jury the Construction of the "Brokering" Term That Is Inconsistent with the Court's Claim Construction Order.**

Dropbox argues Dr. McDaniel's opinions regarding the "brokering" term comply with the Court's Claim Construction Order. Opp. at 10. Dropbox argues that "Dr. McDaniel's report is

████████████

consistent in explaining that the plain and ordinary meaning encompasses active establishing of a connection, but that it is not required to satisfy the claims." *Id.* While Dr. McDaniel's Report does cite to and correctly quote the Court's Construction Order at certain paragraphs, Dr. McDaniel's opinions at paragraph 1088 do not do so. Dkt. No. 240-4, McDaniel Invalidity Rpt. at ¶ 1088. Dropbox argues that this paragraph "relates to the lack of written description for the brokering term" (Opp. at 11), but Dr. McDaniel clarified in deposition that his understanding of that term applied both to his invalidity and non-infringement analysis. Dkt. No. 239-5, McDaniel Tr. at 208:12-23; 33:3-34:1. As such, Dr. McDaniel's opinions that incorporate this incorrect construction of "brokering" should be excluded.

## III. DROPBOX'S OPPOSITION CONFIRMS THAT THE IMPLEMENTATION DETAILS OF ITS NIA AND NON-INFRINGEMENT THEORIES WERE NOT TIMELY DISCLOSED

### A. The Court Should Strike the Implementation and Commercial Acceptability Details of Dropbox's Distinguishability and Peer-to-Peer Related NIAs.

Dropbox's Opposition correctly notes that Entangled Media does not seek to strike the entirety of the two disputed NIAs (*i.e.,* the Distinguishability and Peer-to-Peer Related NIAs). Opp. at 13. Dropbox then, however, all but admits that it failed to disclose the implementation details (*i.e.,* the number of engineering hours to implement these NIAs) and commercial acceptability of these NIAs. *Id.* Because Dropbox did not timely disclose these details, the Court need not consider Dropbox's other arguments and should grant Entangled Media's Motion. But even if the Court considers Dropbox's remaining arguments, Entangled Media's Motion should still be granted.

Acknowledging its failure to identify the NIA implementation details in in its response to Interrogatory No. 4, Dropbox argues that it "fully disclosed the scope of Mr. ████ knowledge" and that Mr. ████ could have provided this information in deposition. *Id.* at 13-15. But, Mr. ████ stated in his deposition that he did not ███████████████████████████████ ████████████████████████████████████████████ ███████████████████████████████████[1] And when asked about specific NIAs in his deposition, Mr. ████ did not disclose the information that Dr. McDaniel later included in his report regarding the specific number of engineering hours it would take to implement the NIAs and their

---

[1] The cited language is found, but not highlighted, in the exhibit, which was submitted in an earlier filing.

commercial acceptability. *Id.* at 214:14-215:15. More fundamentally, Dropbox cannot reasonably contend that it was not required to fully respond to the NIA interrogatory with these NIA implementation details (*see* Dkt. 240-6 at 45-50) because Mr. ████ was deposed. Opp. at 13-15. Entangled Media had only seven hours on the record with Mr. ████ to discuss virtually all technical issues in the case, as well as myriad other topics. Dropbox's insistence that Entangled Media should have spent its time marching through the dozens of NIAs generically listed in Dropbox's interrogatory responses, hunting for a needle in a haystack, when Mr. ████ clearly was unfamiliar with the concept of non-infringing alternatives and Entangled Media had already asked Dropbox for the implementation details in an interrogatory is unreasonable.

Moreover, even if Mr. ████ had knowledge concerning the NIA implementation and commercial acceptability details regarding the two disputed NIAs, Dropbox was required to provide them in response to Interrogatory No. 4—the interrogatory that actually requested them—so that it was clear that Dropbox was contending those facts were relevant to the issues about which Interrogatory No. 4 asked. *MLC Intel. Prop., LLC v. Micron Tech., Inc.*, No. 14-03657, 2019 WL 2863585, at *9 n.11, *14 (N.D. Cal. July 2, 2019), *aff'd*, 10 F.4th 1358 (Fed. Cir. 2021) (excluding royalty opinion relying on evidence not identified in response to interrogatory requesting royalty contentions).

Dropbox improperly inserted these missing details into Dr. McDaniel's rebuttal report, depriving Entangled Media of the opportunity to explore these facts during fact discovery and preventing its own expert Dr. Edwards from responding to them during expert discovery.

Plaintiff's reliance on *Karl Storz Endoscopy-Am. Inc. v. Stryker Corp.*, No. 3-14-cv-00876, 2018 WL 3646842 (N.D. Cal. Aug. 1, 2018) is misplaced. There, the Court denied a motion to strike reliance on an undisclosed fact witness (Mr. Evans) in the defendant's expert report. *Id.* at *12. Because the defendant had "identified Kieth Evans in its second supplemental initial disclosures" and the plaintiff deposed him, there was no basis to strike defendant's expert reliance on him. *Id.* This is not analogous here where Dropbox did not disclose the NIA implementation details at all in its interrogatory response and waited for its expert to introduce them for the first time in his rebuttal report.

At bottom, Dr. McDaniel's opinions regarding the NIA implementation details should be excluded as a matter of fundamental fairness. In his opening report, Dr. Edwards responded to each of

the many alleged NIAs Dropbox raised in its responses to Interrogatory No. 4. Dr. Edwards' opening report would have also addressed the NIA implementation details and commercial acceptability of these NIAs if they were disclosed as they should have been in response to Interrogatory No. 4. The Court should strike paragraphs 426, 427, 429 and 435 of Dr. McDaniel's Rebuttal Report as they include implementation costs and acceptability details for these two NIAs that were not disclosed in discovery.

### B.    The Court Should Strike Certain of Dropbox's Non-Infringement Theories

Dropbox raises three arguments in its Opposition regarding its failure to timely disclose eight non-infringement theories, as outlined in page 16 of Entangled Media's Motion. Dropbox's arguments fail for the following reasons:

First, Dropbox argues that Dr. McDaniel's non-infringement opinions are timely because they were offered in response to Dr. Edwards' Opening Report. Opp. at 15. But Dr. Edwards' infringement theories in his opening report, however, were timely disclosed in Entangled Media's infringement contentions. Indeed, Dropbox does not offer any argument, or evidence, identifying which of its non-infringement theories correspond to an alleged untimely disclosed infringement theory. *Id.* Dropbox cannot blame Entangled Media for its own deficiency. Because Entangled Media notified Dropbox of its infringement theories during discovery, Dropbox was obligated to disclose its non-infringement theories as well during discovery.

Second, Dropbox argues that its August 9, 2024, interrogatory response sufficiently identified these new non-infringement theories. Opp. at 17. Yet, Dropbox mischaracterizes its interrogatory response. Dropbox's August 9, 2024, non-infringement discovery response did not incorporate Mr. ███████ testimony at all, nor could it, since Mr. ███████ was not deposed until November 12, 2024 (*see* Dkt. No. 237-5, Warner Tr. at 1); instead, Dropbox first incorporated Mr. ███████ transcript in its November 22, 2024, response. *See* Dkt. 240-6, Dropbox Fourth Supp. Response to Interrogatory No. 3 at 24. At this time in November 2024, fact discovery had closed,[2] however, and Dropbox fails to

---

[2] Though the parties later extended the fact discovery deadline, their stipulation explicitly precluded each side from serving new discovery requests after the original September 4, 2024, discovery deadline. *See* Dkt. 124 at 2-3 ("The parties agree that the deadline for serving any new written discovery requests has already passed, and the parties are not now seeking any extension that would allow for service of new written discovery requests.").

explain why incorporating Mr. ███ testimony after the close of discovery could somehow put Entangled Media on notice of its theories during discovery. *Id.* Dropbox was required to provide all of its non-infringement theories in response to Interrogatory No. 3—the interrogatory that actually requested them—so that it was clear that Dropbox was contending those facts were relevant to the issues about which Interrogatory No. 3 asked. *MLC Intel. Prop.*, 2019 WL 2863585, at *9 n.11, *14.

Lastly, Dropbox argues that it is Entangled Media's fault Dropbox did not identify these non-infringement theories, and that it has not suffered any prejudice. Opp. at 21. Specifically, Dropbox argues "[A]nd Entangled Media never moved this Court for additional information related to Dropbox's non-infringement contentions." Opp. at 21. It is not Entangled Media's responsibility, however, to ensure that Dropbox meets its obligations to disclose all its non-infringement theories in this case. *See, e.g., Taction Tech., Inc. v. Apple Inc.*, No. 21-812, 2023 WL 5184977, at *7 (S.D. Cal. Aug. 11, 2023) ("Taction cannot shift the responsibility of its [discovery] disclosures to Apple"). Moreover, Entangled Media had no reason to raise a deficiency on this issue, given that Dropbox provided over twenty-five pages of an alleged response to Interrogatory No. 3 to identify its non-infringement theories. Dkt. 240-6 at 12-47.

Dropbox's cases do not support its position. In *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341, 2014 WL 2854773 (N.D. Cal. June 20, 2014), the Court denied defendant's motion to strike because defendant propounded an interrogatory seeking why the patents were *not* invalid and did so "on the heels of serving its invalidity contentions" pursuant to the Court's Patent Local Rules. *Id.* at *4. In doing so, the Court stated that the patent local rules "are in place to allow for the orderly litigation of patent disputes" and defendant engaged in gamesmanship by "trying to get a preview of what MediaTek's rebuttal report would say." *Id.* This is not analogous here because the patent local rules did not require Dropbox to serve non-infringement contentions. Entangled Media could only discover Dropbox's non-infringement theories through its discovery responses, and perhaps deposition testimony, not through the patent local rule disclosures.

By introducing new non-infringement theories in its expert rebuttal report, Entangled Media was unable to test these theories in deposition or offer rebuttal testimony from its expert. Dropbox should not be rewarded with belated expert opinions, immune from rebuttals.

## IV.    CONCLUSION

For the foregoing reasons, Entangled Media respectfully requests that the Court grant its Motion and exclude Dropbox's expert Dr. McDaniel from offering inconsistent claim construction opinions, and implementation details regarding its NIA theories and new non-infringement theories.

Dated: April 17, 2025

*/s/ John E. Lord*
John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC