MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
Dropbox, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DROPBOX, INC.,<br><br>                    Defendant. | Case No. 5:23-cv-03264-PCP<br><br>**DROPBOX, INC.'S REPLY IN SUPPORT OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:  Hon. P. Casey Pitts<br>Dept.:  Courtroom 8 – 4th Floor<br>Hearing Date:  May 15, 2025<br>Hearing Time:  9:00 A.M. |

# TABLE OF CONTENTS

**Page**

I.  RESPONSE TO PLAINTIFF'S "FACTUAL BACKGROUND"....................................... 1

II. NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '338 PATENT ......... 3

    A.  The Accused Products Do Not Meet the "Indistinguishable" Requirement. .......... 3

        1.  Plaintiff cannot identify any genuinely disputed material facts as to indistinguishability to the user. ................................................................ 3

        2.  Plaintiff cannot identify any genuinely disputed material facts for indistinguishability to the local file system................................................ 6

    B.  Dropbox Does Not Infringe the '338 Patent Under the DOE. ............................... 7

        1.  Dr. Edwards' one paragraph is insufficient. ...................................... 7

        2.  The Asserted Claims' *indistinguishability* requirement excludes Dropbox's *distinguishable* files and thus cannot cover them under DOE. .................................................................................................. 9

III. NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '260 PATENT ....... 11

    A.  The Accused Products Do Not Perform the "Requesting Step." ........................... 11

        1.  There is no genuine dispute of material fact for literal infringement of the "requesting" step.......................................................................... 11

        2.  There is no genuine dispute of material fact for the DOE. ....................... 12

    B.  The Accused Products Do Not Perform the "Determining" Step........................... 13

        1.  There is no genuine dispute of material fact for the "determining" step. ............................................................................................... 13

        2.  There is no genuine dispute of material fact for the DOE. ....................... 15

IV. CONCLUSION............................................................................................................ 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Action Star Enter. Co. v. Kaijet Tech. Int'l Ltd.*,
No. 12-08074, 2014 WL 11396253 (C.D. Cal. Apr. 18, 2014) ...............................................4

*Akzo Nobel Coatings, Inc. v. Dow Chemical Co.*,
811 F.3d 1334 (Fed. Cir. 2016)................................................................................................15

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...................................................................................................................1

*AngioScore, Inc. v. TriReme Med., Inc.*,
No. 12-CV-03393, 2015 WL 5258786 (N.D. Cal. Sept. 8, 2015) .....................................8, 12

*AquaTex Indus., Inc. v. Techniche Sols.*,
479 F.3d 1320 (Fed. Cir. 2007)..............................................................................................7, 9

*Asetek Danmark A/S v. CMI USA, Inc.*,
No. 13-CV-00457, 2014 WL 6997670 (N.D. Cal. Dec. 9, 2014)..............................................6

*Asyst Techs., Inc. v. Emtrak, Inc.*,
402 F.3d 1188 (Fed. Cir. 2005) .................................................................................................9

*Bausch & Lomb Inc. v. SBH Holdings LLC*,
No. 20-cv-1463, 2025 WL 835060 (D. Del. Mar. 17, 2025) ...................................................10

*Calloway v. Davis*,
No. 19-CV-06758, 2021 WL 9978874 (N.D. Cal. Sept. 27, 2021) ...........................................1

*Deere & Co. v. Bush Hog*,
703 F.3d 1349 (Fed. Cir. 2012).........................................................................................10, 11

*Fujifilm Corp. v. Motorola Mobility LLC*,
No. 12-CV-03587, 2015 WL 12622055 (N.D. Cal. Mar. 19, 2015).........................................6

*High Tech Med. Instrumentation v. New Image Indus., Inc.*,
49 F.3d 1551 (Fed. Cir. 1995)...................................................................................................4

*Khan v. SAP Labs, LLC*,
No. 18-cv-07490, 2022 WL 3924252 (N.D. Cal. Aug. 30, 2022) ............................................1

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915 (2014) ...................................................................................................................3

*Lucent Techs., Inc. v. Gateway, Inc.*,
543 F.3d 710 (Fed. Cir. 2008)...................................................................................................3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

*Parallel Networks Licensing, LLC v. Microsoft Corp.*,
    777 Fed. App'x 489 (Fed. Cir. 2019) ................................................................................ 4

*Pozen Inc. v. Par Pharm., Inc.*,
    696 F.3d 1151 (Fed. Cir. 2012) ...................................................................................... 10

*SciMed Life Sys. v. Advanced Cardiovascular Sys.*,
    242 F.3d 1337 (Fed. Cir. 2001) ........................................................................................ 9

*Takeda Pharm. Co. v. TWi Pharms., Inc.*,
    87 F. Supp. 3d 1263 (N.D. Cal. 2015) ........................................................................... 10

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*,
    520 U.S. 17 (1997) ...................................................................................................... 7, 8

*Wleklinski v. Targus, Inc.*,
    258 Fed. Appx. 325 (Fed. Cir. 2007) ............................................................................. 10

**Rules**

Local Civil Rule 56-2(a) ...................................................................................................... 1

**Other Authorities**

Judge Pitts Standing Order for Civil Cases. ........................................................................ 1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Plaintiff fails to provide any basis for a reasonable jury to find in Plaintiff's favor on any of the limitations at issue. As shown in Dropbox's Motion and below, Plaintiff's infringement theories are fundamentally flawed, lack sufficient evidentiary support, and are exactly the type of issues for which summary judgment is proper.

## I.    RESPONSE TO PLAINTIFF'S "FACTUAL BACKGROUND"

Plaintiff first takes issue with Dropbox "fail[ing] to provide a statement of undisputed facts, or otherwise identify any undisputed facts." Opp'n at 2 n.1. This Court's Standing Order for Civil Cases makes clear in the section titled "Summary Judgment": "Joint statements of undisputed facts are helpful. Do not file separate statements."[1] And Local Civil Rule 56-2(a) states: "Unless required by the assigned Judge, no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted." As such, the undisputed facts on which Dropbox relies for its Motion are contained in its briefing, and there was no obligation to submit a separate statement. *Khan v. SAP Labs, LLC*, No. 18-cv-07490, 2022 WL 3924252, at *8 (N.D. Cal. Aug. 30, 2022) ("[Defendant's] lack of a separate statement is not a basis to deny its [summary judgment] motion"); *Calloway v. Davis*, No. 19-CV-06758, 2021 WL 9978874, at *2 (N.D. Cal. Sept. 27, 2021) ("Plaintiff has filed a motion for the Court to order Defendants to file a separate statement of undisputed facts. That is not necessary for resolution of the summary judgment motion.").

Dropbox need not dispute most of Plaintiff's "material facts" for purposes of summary judgment, because none warrant denying Dropbox's Motion, even if true. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Factual disputes that are irrelevant or unnecessary will not be counted."). But Dropbox does contest a handful that are not "facts" at all:

*Paragraphs 13-14*. Dropbox does not dispute the words to which Dr. Edwards testified. But, to the extent Plaintiff couches that testimony as a legal conclusion, Dropbox objects.

*Paragraph 15*. For the reasons discussed *infra* at 3-5, the document at DRBX_EM_00057386 does not "show that the 'sync icons' may not always appear on the virtual and local files in the Dropbox folder" and do not "confirm[] Dr. Edwards' testimony and

---

[1] *See* Judge Pitts Standing Order for Civil Cases at p.3, https://www.cand.uscourts.gov/wp-content/uploads/judges/pitts-pcp/PCP_Civil_Standing_Order.pdf.

testimony," as Plaintiff alleges.

*Paragraph 16.* Paragraph 198 of Dr. Edwards' report does not "provid[e] an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the 'distinguishing' element," as Plaintiff alleges. *See infra* at 7-8; Mot. at 16.

*Paragraph 17*. For the reasons discussed *infra* at 7-11, none of the testimony or documents cited "confirm how the alleged Dropbox equivalent satisfy the function, way, and result test for the 'indistinguishable" claim element," as Plaintiff alleges.

*Paragraph 18*. Dropbox objects to the conclusion that ███████ are provided "for transferring a file via a peer-to-peer connection" for the reasons discussed *infra* at Section III.A and in Dropbox's Motion (at 19-21).

*Paragraph 20*. Paragraph 225 of Dr. Edwards' report does not "provid[e] an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the 'requesting' element," as Plaintiff alleges. *See infra* at 12-15; Mot. at 21.

*Paragraph 21*. Plaintiff's statement that "[t]he Dropbox desktop client determines if a file is virtual or local by reviewing file metadata" is attorney argument, not an undisputed fact. For purposes of its summary judgment motion, Dropbox does not dispute the rest of this paragraph.

*Paragraph 22*. Plaintiff's statement that "[t]he Dropbox software client reviews the metadata…to determine which second device includes the file" is attorney argument, not an undisputed fact. For purposes of its summary judgment motion, Dropbox does not dispute that DRBX_EM_00015728 includes this language: "███████████████████████ ███████." For the reasons stated in the Motion (at 22-24) and *infra* at 15, this is not material.

*Paragraph 23*. Paragraph 247 of Dr. Edwards' report does not "provid[e] an explanation of how the alleged Dropbox equivalent satisfies the function way result test for the 'determining' element," as Plaintiff alleges. *See infra* at 15; Mot. at 24-25.

*Paragraph 24*. For the reasons discussed *infra* at 15, none of the testimony or documents cited "confirm Dr. Edwards' understanding of the ███████████████████████ ███████████" for the doctrine of equivalents, as Plaintiff alleges.

*Paragraph 25*. For the reasons discussed *infra* at 6-7, this is incorrect.

## II.    NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '338 PATENT

### A.    The Accused Products Do Not Meet the "Indistinguishable" Requirement.

#### 1.    Plaintiff cannot identify any genuinely disputed material facts as to indistinguishability to the user.

For indistinguishability **to the user**, Plaintiff's sole argument is that "the visual icons *do not always* appear on the virtual and local files." Opp'n at 1 (emphasis added). Specifically, its only argument turns on Dr. Edwards' screenshots, which constitute his alleged "testing," despite having never disclosed how the testing was performed or how the results were obtained. Dkt. 246 at 15-23. Indeed, Plaintiff does not dispute that a situation in which "the visual icons *do not always* appear on the virtual and local files," Opp'n at 1, such as in Dr. Edwards' so-called "testing," would occur only if someone (1) misconfigured Dropbox, or (2) *quit running* Dropbox or, more accurately, stopped using Dropbox entirely, Mot. at 12-14.

Instead, Plaintiff attempts to rely on Dr. Edwards' testimony wherein he stated that the icons "may not be visible in all user interfaces or all versions of Dropbox and different versions for different operating systems." Opp'n at 9-10. Plaintiff also cites Dr. Edwards' testimony that "there are some versions of Dropbox for macOS in which that additional metadata [showing the icons] is not indicated." *Id.* at 10. But, as Dropbox explained, Dr. Edwards' so-called "results" from his "expert testing" cannot support a finding of infringement by a reasonable jury. Mot. at 14. In fact, there is no evidence that these visual icons do not appear when the Accused Product is running. *Id.* at 12-14. And, in the event the icons do not appear when the Accused Product is **not running**, then the Accused Product is not infringing. *Cf. Lucent Techs., Inc. v. Gateway, Inc.*, 543 F.3d 710, 723 (Fed. Cir. 2008) ("Proof of infringement of the method of claims 1 and 5 required proof that the High Quality encoder had actually run."). At bottom, it is Plaintiff's burden to show what accused product infringes and how, but it cannot do so here, and there can be no genuine dispute that virtual files are distinguishable from local files to the user.

Plaintiff's attempt at salvaging its infringement claim based on evidence when the Accused Products are not being operated raises a broader issue. First, a method claim is only infringed if all of the recited steps of the method are actually performed. *Limelight Networks, Inc. v. Akamai*

*Techs., Inc.*, 572 U.S. 915, 921 (2014). Second, "a device does not infringe simply because it is possible to alter it in a way that would satisfy all of the limitations of a patent claim." *High Tech Med. Instrumentation v. New Image Indus., Inc.*, 49 F.3d 1551, 1555-56 (Fed. Cir. 1995).

Here, at absolute best, Plaintiff's evidence shows that Dr. Edwards has configured the accused products in a way that makes it *capable* of meeting the requirement of indistinguishability to the user (under Plaintiff's view). "But when an accused product has non-infringing uses and the claims require more than the capacity to perform a particular function, 'it is not enough to simply show that a product is capable of infringement.'" *Parallel Networks Licensing, LLC v. Microsoft Corp.*, 777 Fed. App'x 489, 493 (Fed. Cir. 2019) (citation omitted). Because Plaintiff has not provided evidence of any instance in which anyone other than Dr. Edwards using the accused products performs all steps of the claimed methods (under its view), summary judgment is proper. *High Tech.*, 49 F.3d at 1555-56; *Action Star Enter. Co. v. Kaijet Tech. Int'l Ltd.*, No. 12-08074, 2014 WL 11396253, at *7 (C.D. Cal. Apr. 18, 2014) ("Even assuming Mr. Cheng's observations fall within the scope of Claims 1 and 6, his declaration is not evidence of direct infringement.").

Unable to escape this reality, Plaintiff turns to a different theory, suggesting a "virtual" file and a "local" file in the Accused Products are "indistinguishable…to the user" because "the virtual files have all of the same things that a local file has such as a file name, path, metadata, and are shown in the same files and folders in the same arrangement and are similarly displayed and act in essentially all ways like a local file." Opp'n at 7-8.

Plaintiff's argument cannot withstand the undisputed evidence about the icons that obviously convey to a user whether a file is "virtual" or "local." Mot. at 7-9. The specification explains: "the virtual files appear in essentially all ways the same as a local file, making them indistinguishable unless such a distinction is enabled as a separate option." Dkt. 133 at 28. And the specification describes that the "virtual files appear to the user exactly as local files" with the only difference being that the virtual file "doesn't take any local space on the local device with the exception of the space required for meta-data storage …." *Id.*

The Court accordingly determined that "[a] straightforward reading of 'indistinguishability' in light of both the claim language and the specification plausibly covers not only how the virtual

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

and local files are acted upon, operated upon, or treated by the local file system, but also how they 'appear,' which goes to presentation." *Id.* A "virtual" file that appears with a cloud icon visible to the user cannot, be "indistinguishable" from a "local" file that has a green check mark icon visible to the user. Mot. at 7-8.

Plaintiff next contends that Dropbox's argument is "a new" one "where 'indistinguishable' … cannot allow for any difference of any kind in any way." Opp'n at 8; *id.* at 9 (accusing Dropbox of "interpos[ing] a new construction"). That is not and has never been Dropbox's position. Dropbox's position is that the "virtual" files in the Accused Products are distinguishable from the "local" files in the Accused Products to the user because Dropbox uses icons that clearly distinguish between the two. Mot. at 7-9. This is consistent with the Court's construction. Dkt. 133 at 28.

Plaintiff also suggests: "even Dropbox's expert confirmed that the mere presence of a visual icon does not preclude a finding that the Accused Products meet the 'indistinguishable' element." Opp'n at 9. According to Plaintiff, icons that distinguish between "virtual" and "local" files to the user are of no matter because Dr. McDaniel opined that the Shappell prior art reference meets the "indistinguishability" limitation despite icons that differentiate "virtual" and "local" files. *Id.*

But Plaintiff overlooks that Dr. McDaniel <u>did not</u> rely on Shappell's icons as meeting the "indistinguishability" limitation; instead, he opined that Shappell's *distinguishing* icons were only optional such that its teachings combined with the teachings from the Yeo reference (lacking any distinguishing icons) would meet the "integrating" step, including the "indistinguishability" requirement. Ex. M, ¶¶ 850-868. As Dr. McDaniel explained: "a PHOSITA would have found it obvious to incorporate Yeo's transparency feature into Shappell-FolderShare's system so as to display identical icons for Shappell's local and virtual files, as well as allowing users to access files without knowing whether a file is local or virtual." *Id.* at ¶ 863; *id.*, ¶¶ 895-907; *id.*, ¶ 908 ("[A] PHOSITA would have had a reasonable expectation of success in incorporating Yeo's transparency feature into Shappell-FolderShare's system so as to display identical icons for Shappell's local and virtual files, as well as allowing users to access files without knowing whether a file is local or virtual."). This provides no basis for denying Dropbox's Motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

**2.    Plaintiff cannot identify any genuinely disputed material facts for indistinguishability to the local file system.**

Plaintiff contends that the "virtual" files are indistinguishable from the "local" files **to the local file system** because they are both "manage[d]" in the same way." Opp'n at 12. According to Plaintiff, the "virtual" and "local" files are "manage[d] in the same way" because "█████████ ██████████████████████████████████████████████████████████" *Id.* But, if anything, that argument shows the so-called "virtual" files are <u>not</u> "manage[d]" in the same way as the so-called "local" files: ██████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████    Stated differently, ████████████████████████████████████

████████████████████████████████████    Dkt. 239-4, McDaniel Rpt. ¶¶ 261-63.

As explained, ████████████████████████████████████████████

████████████████████████████████████    Mot. at 8. Dropbox , in turn, ████████████

██████████████████████████████████████████████████████████

██████████    *Id.* The *local file system*'s ability to distinguish between the two ████████████

████████████████████████████. *Id.*

Unable to reconcile this with its infringement theory (or the claim language), Plaintiff resorts to falsely accusing Dropbox of introducing "new" information with a "new declaration from Dr. McDaniel." Opp'n at 13. Not so. In Dr. McDaniel's report, he explained that "████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██" *Compare* Dkt. 239-4, ¶ 261, *with* Dkt. 243-4, ¶ 4. And to provide additional context for the Court, Dr. McDaniel explained in his declaration ████████████████████████████

████████████████████████    Dkt. 243-4, ¶ 4.

This is proper as "a reasonable synthesis and/or elaboration of the opinions contained in [his] report." *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-CV-00457, 2014 WL 6997670, at *1 (N.D. Cal. Dec. 9, 2014); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587, 2015 WL

12622055, at *4 (N.D. Cal. Mar. 19, 2015) ("courts do not require verbatim consistency with the report, but allow testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report." (case citation omitted)).

Relegating the issue to a footnote, Plaintiff also contends that "Dropbox's '███' non-infringement theory was not disclosed in Dropbox's responses" to a non-infringement interrogatory because "the word 'node' does not appear anywhere in Dropbox's responses." Opp'n at 13 n.7. But Dropbox's interrogatory responses made its positions clear on more than one occasion:

> None of the Accused Products or Services perform the step of "integrating metadata …, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices" in connection with the Accused Functionality. ███████████████████████████████████

Dkt. 240-6 at 15 (08-09-2024 Suppl. Resp. to No. 3); *id.* at 27 (11-22-2024 Suppl. Resp. to No. 3).

### B.    Dropbox Does Not Infringe the '338 Patent Under the DOE.

#### 1.    Dr. Edwards' one paragraph is insufficient.

Plaintiff all but ignores Dropbox's first argument about the DOE for the '338 Patent—namely, Plaintiff (and its expert) failed to provide "particularized testimony and linking argument to show the [alleged] equivalents" are insubstantially different. *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1329 (Fed. Cir. 2007); *Warner-Jenkinson*, 520 U.S. at 39 n.8. For example, Plaintiff does not dispute that Dr. Edwards' opinion on DOE is a single, conclusory paragraph. Mot. at 15-18. Nor does Plaintiff dispute that Dr. Edwards fails to show how Dropbox's "virtual" and "local" files with *distinguishing* icons are the equivalent of the two file types being *indistinguishable*. *Id.* In fact, Plaintiff does not dispute that Dr. Edwards never explains how the function of the limitation, the way the limitation performs the function, or the result achieved by the limitation is substantially the same for the Accused Product. *Id.*

Instead, Plaintiff tells the Court that it "has produced ample evidence showing that the alleged Dropbox equivalent" infringes under the DOE under the function-way-result test. Opp'n at 14. The alleged "evidence" is as follows: (1) paragraphs 109-124 and 198 from Dr. Edwards' report; (2) certain testimony from a current Dropbox software engineer (Mr. ███) and a former

one (Mr. ███); and (3) two Dropbox documents allegedly "highlight[ing] how the local and virtual files appear and act the same to the user." Opp'n at 15. Yet Plaintiff overlooks that Dr. Edwards cannot testify outside the scope of his report, *e.g.*, *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393, 2015 WL 5258786, at \*1 n. 1 (N.D. Cal. Sept. 8, 2015), and none of the other evidence Plaintiff cites was identified there. Mot. at 15-18.

But even if this other "evidence" were to be considered, it is still insufficient to avoid summary judgment. ***First***, only <u>one</u> paragraph (paragraph 198) addresses infringement under the DOE. In contrast, paragraphs 109-124 comprise subsections within the segment of Dr. Edwards' report titled "Overview of the Dropbox System." Dkt. 259-30, ¶¶ 109-124. And he does not incorporate that section into his one-paragraph DOE opinion. *Id.,* ¶ 198. But, even so, none of those them have an analysis with particularized testimony and linking argument. *Warner-Jenkinson*, 520 U.S. at 39 n.8. Paragraph 197, in turn, does not relate to DOE at all; instead, it is Dr. Edwards' last-ditch effort at literal, direct infringement. *Compare* Dkt. 259-30, ¶ 197, *with id.,* ¶ 198. And the conclusory statements in paragraph 198 are insufficient. *See* Mot. at 15-16.

***Second***, Plaintiff's citation to testimony from Messrs. ██████████ does not supply the missing evidence. Opp'n at 15. In the testimony that Plaintiff cites (with 10 out of 17 lines constituting an attorney question with objection), Mr. ████ merely testified that there is a ████ ████████" by which the contents of a file are downloaded for a placeholder file. Dkt. 259-32, 145:19-146:7. Contrary to Plaintiff's suggestion, <u>nowhere</u> did Mr. ████ testify that "the local and virtual files in Dropbox using Smart Sync, even those that contain the visual icons, allow a user to access all virtual and local files in the same Dropbox folder on multiple devices and the ████████ occurs the same way so a virtual file can be accessed as if it were a local file (and thus satisfying the function, way, result test as the claimed invention)." Opp'n at 15. And Mr. ███ only testified that he (1) ████████████████ ████████████████████████████ and (2) ████████████████████ ████████████." Dkt. 259-36, 125:5-18.

Despite Plaintiff's argument that this somehow "more than establishes the 'particularized

testimony and linking argument to show the alleged equivalents,'" Plaintiff never explains how that is the case. Opp'n at 15. Indeed, none of the testimony that Plaintiff cites address the limitations at issue, links the alleged equivalent to those limitations, or explains what allegedly constitutes the function, the way, or the result for Plaintiff's DOE theory. *See AquaTex*, 479 F. 3d at 1329.

*Third*, the two Dropbox documents allegedly "highlight[ing] how the local and virtual files appear and act the same to the user," Opp'n at 15, are also devoid of any "particularized testimony and linking argument to show the [alleged] equivalents" are insubstantially different. *AquaTex*, 479 F.3d at 1329. Indeed, neither Plaintiff nor its expert ever explains how that is the case.

### 2. The Asserted Claims' *indistinguishability* requirement excludes Dropbox's *distinguishable* files and thus cannot cover them under DOE.

Claim vitiation is another, independent basis for granting summary judgment as to the DOE. The Federal Circuit has aptly explained the issue as follows:

> [T]he patentee cannot assert the patent against a metallic device on the ground that a metallic device is equivalent to a non-metallic device. The unavailability of the doctrine of equivalents could be explained either as the product of an impermissible vitiation of the "non-metallic" claim limitation, or as the product of a clear and binding statement to the public that metallic structures are excluded from the protection of the patent.

*SciMed Life Sys. v. Advanced Cardiovascular Sys*., 242 F.3d 1337, 1347 (Fed. Cir. 2001); *see id*. (the "'specific exclusion' principle is 'a corollary to the "all limitations" rule'" (citation omitted)).

Here, as in *SciMed*, the patentee's choice of claim terms plainly and necessarily excluded from the patent's scope the embodiment it now seeks to capture through the DOE. Just like a claimed "non-metallic" device specifically excludes and cannot equivalently cover a "metallic" device, Plaintiff's claimed "indistinguishable" virtual and local files specifically exclude and cannot equivalently cover Dropbox's distinguishable "virtual" and "local" files. *See id.* Stated differently, Plaintiff's DOE theory vitiates the admitted "indistinguishab[ility]" requirement. *Id*.; *Asyst Techs., Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005).

Still, Plaintiff accuses Dropbox of "conflat[ing] literal infringement with equivalent infringement" without ever explaining how. Opp'n at 15-16. Indeed, rather than address the issue and argument head on, Plaintiff resorts to attempting to incorrectly recast the argument as follows:

"In essence, Dropbox asserts that no DOE argument for this element could ever prevail because 'indistinguishable' does not allow for a claimed range of any distinction, or else the claim term 'indistinguishable' would not be met." *Id.* at 15.

But Plaintiff misses the mark. ***First***, contrary to Plaintiff's suggestion (*id.*), Dropbox has not made the sweeping argument that DOE could never apply in any circumstance. Instead, Dropbox's argument is quite simple: any "virtual" and "local" files in the Accused Products are clearly distinguishable in appearance and are intended to convey to a user whether the file is "virtual" or "local," which is the opposite of—and not the equivalent to—the claimed **indistinguishability** requirement. *Wleklinski v. Targus, Inc.*, 258 Fed. Appx. 325, 329–30 (Fed. Cir. 2007) ("the fundamental opposite of the claimed invention" cannot infringe under DOE). ***Second***, this is not about "allow[ing] for a claimed range of any distinction," whatever that means. Opp'n at 15. Instead, it is about Plaintiff's attempt to broaden the claims' scope so much under the auspices of the DOE that it renders a claim limitation no limitation at all. *Deere*, 703 F.3d at 1356.

Plaintiff's cited cases do not save its DOE claim. For example, *Pozen Inc. v. Par Pharm., Inc.*, 696 F.3d 1151 (Fed. Cir. 2012), involved the unique problems associated with equivalents for claimed ranges and use of the term "substantially all" in the claim —an issue that is not present here.[2] Opp'n at 16. Indeed, Plaintiff makes no effort to analogize *Pozen* to this case. *Id*.

Plaintiff's reliance on *Deere & Co. v. Bush Hog*, 703 F.3d 1349, 1357 (Fed. Cir. 2012), fares no better. Opp'n at 16. On the one hand, it is factually distinguishable. There, the Federal Circuit found no vitiation because "the district court [erroneously] construed 'contact' to require 'direct contact,' and thus [erroneously] found that allowing 'no direct contact' would vitiate the court's construction." 703 F.3d 1349, 1355-57 (Fed. Cir. 2012). But no such erroneous claim construction exists here, and the fact that the icons used *when Dropbox is correctly running* render "virtual" files *distinguishable* from "local" files is clear-cut and cannot be disputed reasonably.

On the other hand, the legal rationale underpinning the *Deere* decision supports Dropbox, not Plaintiff. As the *Deere* court explained, "courts properly refuse to apply the doctrine of

---

[2] On the nuances of that distinct issue, see the following: *Bausch & Lomb Inc. v. SBH Holdings LLC*, No. 20-cv-1463, 2025 WL 835060, at *7 (D. Del. Mar. 17, 2025); and *Takeda Pharm. Co. v. TWi Pharms., Inc.*, 87 F. Supp. 3d 1263, 1281 (N.D. Cal. 2015).

equivalents 'where the accused device contain[s] the antithesis of the claimed structure.'" *Deere*, 703 F.3d at 1356 (citation omitted). "In such a case, application of the doctrine of equivalents would 'vitiate' a claim element." *Id.* Notably, the Federal Circuit cautioned against impermissible broadening through vitiation of an element recited in a claim: "It is the role of the court… to ensure that the doctrine of equivalents is not permitted to overtake the statutory function of the claims in defining the scope of the patentee's exclusive rights." *Id.*

Here, Plaintiff's DOE theory appears to be based on the premise that "the alleged Dropbox equivalent (*i.e.*, the local and virtual files that do contain a visual overlay icon such as a cloud or check mark)" appear "in the same singular file system allowing a user to view all virtual files in the same folder" instead of "a separate mounting folder" so that "the user can assess the virtual and local files in a single file on multiple devices." Opp'n at 14. But this theory, lacking any detailed analysis or reasoning, ignores the "indistinguishable" limitation. And it does not address the fact that providing visual icons to distinguish between "virtual" and "local" files is the antithesis of the "virtual" and "local" files being "indistinguishable," as the claims require. The Court should not permit Plaintiff to now negate this limitation and "overtake the statutory function of the claims in defining the scope of the patentee's exclusive rights." *Deere*, 472 F.3d at 1345.

## III.    NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '260 PATENT

### A.    The Accused Products Do Not Perform the "Requesting Step."

#### 1.    There is no genuine dispute of material fact for literal infringement of the "requesting" step.

According to Plaintiff and its expert, summary judgment as to the "requesting" limitation in improper because of alleged evidence that (1) "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and (2) "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Opp'n at 17. Neither changes the propriety of summary judgment.

Even if both points were true, Plaintiff cannot show literal infringement of the "requesting" step. Taking the evidence in the most favorable light to Plaintiff, "the Dropbox desktop clients ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████ " does not show any (1) "requesting by the software client on the first device that a peer-to-peer connection be brokered"; or (2) that such brokering be "by a server-based web-service between a first device and the second device."  And, ████████████████████████████

████████████████████████████████ " does not show those requirements either.

Nowhere does Plaintiff identify contrary evidence or otherwise explain how its factual allegations—taken as true—could meet the "requesting" limitation's requirements.  For example, as Dropbox explained, ████████████████████████████████████

████████████████████████████████ ," as Plaintiff alleges (at 18),[3] it does not follow that ████████████ to the client is (1) in response to a "request[] by the software client on the first device," or (2) constitutes brokering a peer-to-peer connection between the first and second device, as the claim requires.  Mot. at 19-21.

Once stripped of its faulty arguments, the Opposition confirms there is no genuine dispute.

**2.      There is no genuine dispute of material fact for the DOE.**

According to Plaintiff, Dr. Edwards' opinions for the DOE of the "requesting" step are "adequately explained, and supported by Dropbox testimony and documentary evidence."  Opp'n at 19.  But this conclusory characterization is untrue, as the single paragraph in Dr. Edwards' report on the DOE for this limitation is anything but "adequately explained."  Rather, as shown, that single paragraph nowhere identifies how any alleged equivalent performs the "substantially the same function" in "substantially the same way."  Mot. at 21.

Once again, Plaintiff unsuccessfully tries to manufacture a genuine dispute based on one boilerplate paragraph from Dr. Edwards' report, a short snippet from Mr. ██████ 's deposition , and one Dropbox document.  Opp'n at 19-20.  Indeed, the insufficiency of the one paragraph from Dr. Edwards' report is illustrated by Plaintiff's apparent need to shoehorn in additional "support[]." *Id.* at 19.  But the citation from Mr. ██████ 's deposition and one document are noticeably absent from Dr. Edwards' one-paragraph opinion in his report, and he would not be able to testify that it supports any such opinion as a result. *See, e.g., AngioScore*, 2015 WL 5258786 at *1 n. 1.  Absent such

---

[3] If ████████████████████████████ " as Plaintiff alleges (at 18), it is for security purposes only.  Mot. at 19-20.

evidence of equivalency on a limitation-by-limitation basis with particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused products, no reasonable jury could find equivalence. *See* Mot. at 16, 21 (citing cases).

Even if the Court considered Plaintiff's citation to Mr. ███ 's testimony and the one Dropbox document, summary judgment is still proper. Reproduced below is the testimony from Mr. ███ that Plaintiff cites so the Court can readily see it does not support the DOE theory:



Dkt. 259-32, 159:19-160:8 (objection omitted). Similarly, the one cited document is a Security Whitepaper from 2020, and Plaintiff does not (and cannot) show how this paper constitutes sufficient evidence of infringement under the DOE to survive summary judgment. Dkt. 263-6.

### B.   The Accused Products Do Not Perform the "Determining" Step.

#### 1.   There is no genuine dispute of material fact for the "determining" step.

Plaintiff's arguments in opposition to Dropbox's Motion ignore the specific requirement of the "determining" step in independent claim 1 of the '260 Patent: "determining by the software client if the file is physically located on the first device or if the file is a virtual file of a corresponding file physically stored on a second device by reviewing file metadata." Indeed, Plaintiff never addresses Dropbox's points head on and instead attempts to divert attention to Dr. Edwards' analysis generally. For example, Plaintiff does not meaningfully address the following as set forth in Dropbox's Motion:

- In the Accused Products, the software client on a first device cannot determine whether a virtual file is stored on a second device "by reviewing file metadata" as required by this limitation. Mot. at 22.

- In the Accused Products, a first device ███████████████ ████████████████████████████████████ *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- A "placeholder" on a first ███████████████████████████████████████████ ███████████████████████████. *Id.* at 23 (citing McDaniel Rpt. ¶ 87).

- ███████████████████████████████████████████████████ ███████████████████████████████████████████ *Id.* at 23-24 (citing McDaniel Rpt. ¶ 361).

Plaintiff instead suggests that "Dropbox appears to agree in part that the software client reviews the file metadata to determine if the file is local or virtual on the first device." Opp'n at 21. But Dropbox has never "agree[d]" to that proposition, and nowhere on the page of the Motion cited by Plaintiff does there show any such agreement. *See* Mot. at 23.

In addition, although Plaintiff attempts to reprise Dr. Edwards' opinions about "████████████ ██████████" and "██████████████████████████████████" Opp'n at 20, Plaintiff effectively ignores what Dropbox already identified about those opinions in the first place. Specifically, as explained (Mot. at 23), Dr. Edwards' opinions ignore the further requirement that "the software client determines . . . if the file *is a virtual file of a corresponding file physically stored on a second device by reviewing file metadata.*" Again, Plaintiff has no meaningful response.

Plaintiff cannot save its claim by citing to testimony from "Dropbox engineer Mr. Baier" either. *Id.* at 21. *First*, Mr. ████ is not an engineer; he is Senior Director of Portfolio Marketing. Ex. N, ████ Tr. at 10:19-23. *Second*, the cited testimony from Mr. ████ says nothing about "determining by the software client if the file is physically located on the first device or if the file is a virtual file of a corresponding file physically stored on a second device by reviewing file metadata," as the claim requires. *Third*, even if it were relevant (it is not), Plaintiff conveniently omits portions that undercut its attempt to rely on Mr. ████'s testimony for any technical aspects of the accused products. He said that he would speak with someone in engineering to verify technical details about Smart Sync and metadata because that is not his "area of expertise." *Id.* at 316:19-317:4. And, to verify technical details on LAN Sync, he would speak with someone in engineering or technical presales. *Id.* at 317:25-318:22.

Lastly, Plaintiff contends that "[t]he claim language at issue here merely requires that the software client determine that the virtual file is 'stored on a second device' and not necessarily to determine which second device contains the file." Opp'n at 22. In Plaintiff's view, "[s]o long as

the virtual file is stored on 'a' second device, and not on the first device, infringement can be found." *Id.*   But Dropbox does not need to dispute this point.   Specifically, as Dropbox explained in its Motion, ███████████████████████████████████████████████████████████ ███████████████████████████" let alone "by reviewing metadata."  Mot. at 23.  That is, the determination ██████████████████████████████—the sole basis for Plaintiff's infringement theory—is **not** a determination of whether any "corresponding physical file" can be found on the second device.  *Id.*

### 2. There is no genuine dispute of material fact for the DOE.

Plaintiff again contends that "Dr. Edwards' opinions are adequately explained, and supported by Dropbox testimony and documentary evidence," thereby conceding (at least implicitly) that the sole paragraph in Dr. Edwards' report is alone insufficient.  Opp'n at 23.  But, even so, none of that so-called "Dropbox testimony and documentary evidence" is cited in Dr. Edwards' one-paragraph opinion on DOE for the "determining" limitation.  Mot. at 24-25.

As to the one paragraph from Dr. Edwards, Plaintiff does not (and cannot) contend that it contains any evidence or analysis concerning what the function, way, and result of both the claimed device and the accused device are, and why those functions, ways, and results are substantially the same.  *Id.*  Such conclusory statements are insufficient.  *Id.* (collecting cases).

Even if the Court considered the allegedly supporting "testimony and documentary evidence," such "evidence" does not support the claim at all.  Opp'n at 23.  The testimony from Mr. ███—a former Dropbox employee—was in response to ████████████████████ ███████████████████████████████████████████████████████████ ██████████████" Dkt. 259-36, 122:21-123:5.  And the metadata categories that he identifies say nothing concerning the "determining" step.  *Id.*  Likewise, DRBX_EM_00057197 and DRBX_EM_00015728 say nothing about this step.  Opp'n at 23.  Indeed, it highlights the problem: there is no particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device.  *Akzo*, 811 F.3d at 1342.

### IV. CONCLUSION

For these reasons, Dropbox respectfully requests the Court grant its Motion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

Dated:  April 17, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP


By  /s/  *Michael J. Lyons*

Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304
Tel:       +1.650.843.4000
Fax:      +1.650.843.4001

Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:       +1.312.324.1000
Fax:      +1.312.324.1001

*Attorneys for Defendant Dropbox, Inc.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

REDACTED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2025, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/ *Michael J. Lyons*
Michael J. Lyons