**REDACTED**

MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
Dropbox, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DROPBOX, INC.,<br><br>　　　　　　　Defendant. | Case No. 5:23-cv-03264-PCP<br><br>**REPLY IN SUPPORT OF DROPBOX, INC.'S MOTION TO STRIKE ENTANGLED MEDIA, LLC'S NEW INFRINGEMENT THEORIES AND TO EXCLUDE TESTIMONY OF DR. EDWARDS**<br><br>Judge:  Hon. P. Casey Pitts |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT .................................................................................................... 2

     A.    Entangled Media Does Not Dispute That It Never Identified "Business Plus" or "Essentials" as Accused Products in Its Infringement Contentions or Interrogatory Responses, and These Products Should Be Struck. ..................... 2

     B.    Entangled Media Does Not Dispute That It Never Identified Joint or Divided Infringement Theories in its Infringement Contentions, and These Theories Should be Struck. ................................................................. 6

     C.    Entangled Media Does Not Dispute that Dr. Edwards Believes His Own Purported "Next Best Alternative" is Not Commercially Acceptable, and the Associated Theories Should be Excluded. ......................................... 8

     D.    Entangled Media Attempts to Salvage Dr. Edwards' Incomplete Disclosure Regarding His Purported "Testing" by Including a Variety of New Facts and Information in the Opposition, Demonstrating That the Identified Evidence and Opinions Should Be Struck and Excluded. .................................. 10

III.    CONCLUSION ............................................................................................... 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adaptix, Inc. v. ZTE Corp.*,
No. 5-15-CV-00165-PSG, 2015 WL 4638494 (N.D. Cal. Aug. 4, 2015) ................................ 8

*Aristocrat Techs. v. Int'l Game Tech.*,
No. C 06-03717 RMW (RS), 2009 WL 3573327 (N.D. Cal. Oct. 30, 2009) .......................... 6

*ASUS Computer Int'l v. Round Rock Rsch., LLC*,
No. 3-12–CV–02099-JST(NC), 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014)...................... 7

*Bender v. Advanced Micro Devices*,
No. C-09-1149, 2010 WL 363341 (N.D. Cal. Feb. 1, 2010) ..................................................... 3

*Bender v. Freescale Semiconductor, Inc.*,
C 09-1156, 2010 WL 1689465 (N.D. Cal. Apr. 26, 2010) ........................................................ 3

*Berger v. Rossignol Ski Co.*,
No. C 05-02523 CRB, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006), aff'd, 214
F. App'x 981 (Fed. Cir. 2007) .................................................................................................. 7

*Fluidigm Corp. v. IONpath, Inc.*,
No. 19-cv-05639, 2020 WL 5073938 (N.D. Cal. Aug. 25, 2020) ......................................... 2, 4

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co.*,
340 F. Supp. 3d 934 (N.D. Cal. 2018) (Opp. ) ......................................................................... 8

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
No. 12-CV-03844-JST, 2013 WL 12178575 (N.D. Cal. Apr. 29, 2013)................................. 5

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
No. 14-CV-00876-RS(JSC), 2018 WL 1569762 (N.D. Cal. Mar. 30, 2018) ........................ 15

*LookSmart Grp., Inc. v. Microsoft Corp.*,
No. 17-CV-04709-JST, 2019 WL 7753444 (N.D. Cal. Oct. 17, 2019) ................................ 1, 2

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)............................................................................................... 2, 4

*Oracle Am., Inc. v. Google Inc.*,
No. 10-03561, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011) ............................................. 4, 5

*Regents of Univ. of Cal. v. Affymetrix, Inc.*,
No. 17-CV-01394-H-NLS, 2018 WL 4053318 (S.D. Cal. Aug. 24, 2018) ............................ 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    236 F. Supp. 3d 1110 (N.D. Cal. 2017) ...................................................................................... 7

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

## I.    INTRODUCTION

Entangled Media, LLC's ("Entangled Media") opposition (Dkt. 260, the "Opposition") to Dropbox's Motion to Strike and Exclude Testimony of Dr. Edwards (Dkt. 246, the "Motion") confirms that Dr. Edwards' opinions identified in Dropbox's Motion were improperly disclosed, unreliable, or both, and should be struck or excluded.

For the newly identified (1) accused products and (2) joint and direct infringement theories, Entangled Media does not dispute that it never specifically identified the products or theories in its infringement contentions or interrogatory responses.  For this reason alone the new accused products and theories introduced in Dr. Edwards' report for the first time should be struck. Entangled Media attempts to rely on passing or generic references in its amended pleadings and in *Dropbox's* discovery responses to justify Entangled Media's failure to disclose these theories in its infringement contentions.  But it is "the infringement contentions [that] constitute the universe of infringement theories" (*LookSmart Grp., Inc. v. Microsoft Corp.*, No. 17-CV-04709-JST, 2019 WL 7753444, at *2 (N.D. Cal. Oct. 17, 2019)), and Courts routinely refuse to rely on inferences that Plaintiffs allege should have been gleaned from amended pleadings or interrogatories in hindsight.

For Dr. Edward's unreliable testimony regarding a purported "next-best" alternative, Entangled Media does not dispute that Dr. Edwards' testimony is self-contradictory or that Dr. Edwards does not substantively refute a host of non-infringing alternatives that Dr. McDaniel (Dropbox's technical expert) identifies in his Opening Report.

For Dr. Edwards' unreliable testing screenshots, Entangled Media spends the vast majority of its Opposition explaining how Dr. Edwards purportedly obtained his screenshots, and the basis for why the Dropbox software is purportedly operating in the way shown in those screenshots.  All the while, Entangled Media does not dispute that the screenshots show a state in which Dropbox **is not operating as intended**.  Instead, Entangled Media identifies a variety of facts and documents that are not cited or otherwise referenced by Dr. Edwards in his report in connection with the testing, or that Dr. Edwards could not testify to during deposition.  This motion-induced and late identification confirms that Dr. Edwards did not provide sufficient disclosure of his theories or methodologies during expert discovery.  Moreover, even if they were sufficiently disclosed, they

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1                        REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

should be excluded as unreliable since it is undisputed that the Dropbox software is operating in an error state. The presentation of infringement opinions based only on a state in which Dropbox is not operating, or is not operating as intended, would be unduly prejudicial and confusing.

The Court should grant Dropbox's Motion.

## II. ARGUMENT

### A. Entangled Media Does Not Dispute That It Never Identified "Business Plus" or "Essentials" as Accused Products in Its Infringement Contentions or Interrogatory Responses, and These Products Should Be Struck.

The Federal Circuit has explained that the Northern District's Patent Local Rules were specifically designed to address the inadequacies posed by the use of "traditional discovery mechanisms such as contention interrogatories," the answers to which "are often postponed until the close of discovery or are amended as a matter of course during the discovery period." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). In particular, the "local patent rules in the Northern District of California are designed to address this problem by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Id.*

Here, Entangled Media does not dispute that it never identified either the Dropbox "Business Plus" or "Essentials" products as Accused Products in its initial infringement contentions or its amended infringement contentions. *See* Mot. at 3-4, 9-10. This alone ends the inquiry as Courts in this district have made clear that accused products must be specifically identified in infringement contentions. *Fluidigm Corp. v. IONpath, Inc.*, No. 19-cv-05639, 2020 WL 5073938, at *1 (N.D. Cal. Aug. 25, 2020) ("Rather than leave it to interrogatories, our patent local rules frame an orderly exchange of information to facilitate patent litigation."); *LookSmart Grp.,* 2019 WL 7753444, at *2 ("Once served, the infringement contentions constitute the universe of infringement theories.").

Entangled Media also does not dispute that it never identified "Business Plus" or "Essentials" as Accused Products in any of its discovery requests or responses. *See* Mot. at 4. And it does not dispute the applicability of, or otherwise distinguish, the cases Dropbox cites in support

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

**REDACTED**

of its motion, where, like here, Courts have struck new infringement theories or allegedly infringing products disclosed for the first time in expert reports. *See* Mot. at 10 (citing cases).

Instead, Entangled Media identifies three alleged justifications for its failure to specifically identify Essentials and Business Plus as Accused Products: (1) a boilerplate phrase in its infringement contentions, (2) Dropbox's responses to Entangled Media's interrogatories citing a Dropbox website, and (3) Dropbox's production of a spreadsheet with financial information related to Dropbox Essentials and Business Plus. *See* Opp. at 2-6. Alone or together, these are woefully short of what is required to identify accused products under the Patent Local Rules.

*First,* Entangled Media states that its infringement contentions identified "all versions and variations thereof…" of the Accused Products that Entangled Media did actually identify—*i.e.*, "Dropbox Plus, Family, Professional, Business (Standard, Advanced, Enterprise)." *See* Opp. at 5. This kind of boilerplate language is woefully short of an "identification [that] shall be as specific as possible" with respect to each accused product, as required by the Patent Local Rules. Pat. L.R. 3-1(b). Courts have routinely struck newly identified accused products in cases where similar boilerplate language has been present. *See e.g.*, *Bender v. Freescale Semiconductor, Inc.*, C 09-1156, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010) (finding that plaintiff's infringement contentions identifying "all versions of all of defendant's products implementing high speed analog amplifiers" as accused products did not comply with Pat. L.R. 3-1); *Bender v. Advanced Micro Devices*, No. C-09-1149, 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010) ("Pursuant to Patent Local Rule 3-1(b), the patentee's identification of *which* accused products allegedly infringe cannot be so amorphous or imprecise so as to force the opposing party to essentially 'guess which versions of its products' are allegedly infringing."). This is particularly true here, where Entangled Media admits that it knew of "Business Plus" and "Essentials" well before it amended its infringement contentions, yet chose not to identify these products. *See, e.g.*, Ex. E (Dropbox's website showing Dropbox Essentials and Dropbox Business Plus at least as early as November 7, 2023); Ex. 10 at 49 (Dropbox Supplemental ROG Responses) (Dropbox response to Entangled Media Interrogatory No. 16 identifying "Dropbox Essentials, Dropbox Business, and Dropbox Business Plus").

*Second*, Entangled Media argues that Dropbox's interrogatory response identifying (i) a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

Dropbox website that includes some of Dropbox's products and (ii) the testimony of a Dropbox engineer shows that Dropbox considered "Business Plus" and "Essentials" as Accused Products. Entangled Media is wrong for multiple reasons.

It is well established that the infringement contentions—not interrogatories—define the scope of the alleged infringement and accused products. *See Fluidigm Corp. v. IONpath, Inc.*, No. 19-cv-05639, 2020 WL 5073938, at *1 (N.D. Cal. Aug. 25, 2020) ("Rather than leave it to interrogatories, our patent local rules frame an orderly exchange of information to facilitate patent litigation."); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (explaining that the "local patent rules in the Northern District of California are designed to address th[e] problem" with traditional interrogatories "by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions"). As explained above, it is undisputed that Business Plus and Essentials were not specifically identified in Entangled Media's infringement contentions, and this again ends the inquiry.

Additionally, Dropbox's interrogatory response identifying a webpage URL did not recite "Business Plus" or "Essentials," and relying on Dropbox's citation of a public website falls well short of Plaintiff's duty to sufficiently and specifically identify what products are accused of infringement. *See Oracle Am., Inc. v. Google Inc.*, No. 10-03561, 2011 WL 4479305, at * 2 (N.D. Cal. Sept. 26, 2011) ("Even if it would have been easy for Google to compile an accurate list of all the devices Oracle considered to be Android devices, Rule 3-1(b) required Oracle to provide such a list in its disclosure of infringement contentions."). Indeed, Entangled Media's own definition in its interrogatories does not reference either "Business Plus" or "Essentials." *See* Opp. at 3 (quoting Ex. B at 2, 4). Entangled Media conveniently omits that Dropbox included a specific "object[ion] to the definition of the terms 'Accused Products and Services' and 'Accused Functionality' and all requests incorporating those terms," explaining that "Dropbox's answers to these Interrogatories are therefore limited to the Accused Products and Services identified in Plaintiff's Amended Complaint and preliminary infringement contentions." *See* Ex. C (Dkt. 260-4) at 6-7 (¶ 22). For Interrogatory No. 1, Dropbox again "object[ed] to the definitions of 'Accused Product and Services' and 'Accused Functionality' … to the extent [they included] products beyond those

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

**REDACTED**

identified in the First Amended Complaint and/or infringement contentions." *Id.* at 8. Dropbox consistently explained that it properly considered the scope of Entangled Media's infringement allegations to be defined by the Infringement Contentions as required by the Patent Local Rules, and not to be defined by Entangled Media's interrogatories or Dropbox's responses thereto.

Even if Dropbox's website citation is considered for purposes of determining whether Entangled Media sufficiently identified new additional allegedly infringing products (it should not be considered), Entangled Media has no justification or excuse for failing to identify either "Business Plus" or "Essentials" in its infringement contentions, as required. Entangled Media does not dispute that it had knowledge of "Business Plus" and "Essentials" at least as early as November 7, 2023 (*see, e.g.*, Opp. at 4 n.2 (citing Ex. E)) or in September 20, 2024 when Dropbox supplemented its response to Entangled Media's Interrogatory No. 16 and identified "Business Plus" and "Essentials" (*see* Ex. 10 at 49). Yet Entangled Media did not include either "Business Plus" or "Essentials" in its October 4, 2024 Supplemental Infringement Contentions. *See Oracle*, 2011 WL 4479305, at * 2. Entangled Media had notice of these products and the failure to include these products in its initial or supplemental infringement contentions is a failure of its own making. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2013 WL 12178575, at *3 (N.D. Cal. Apr. 29, 2013) (denying motion to amend infringement contentions to add new accused products when Plaintiff "possessed information about the [products] prior to the deadline for serving its infringement contentions," and Plaintiff "could have discovered additional information about such [newly accused] products by conducting a meaningful investigation of [Defendant]'s website prior to serving its contentions").

Moreover, Entangled Media's cited testimony from Mr. ████ is nothing close to a confirmation that the "Accused Products … should include 'Business Plus' and 'Essentials,'" as Entangled Media suggests. *See* Opp. at 4-5. In the cited testimony (Opp. at 5, citing Ex. F at 162:6-164:21), Entangled Media's counsel asked Mr. ████ about whether "Smart Sync or online-only is presently available" on certain Dropbox products. *See* Ex. F at 162:6-13. For Dropbox Essentials, Mr. ████ stated ████ (*id.* at 162:24-25) and for Business Plus, Mr. ████ stated ████ (*id.* at 163:5-7). Therefore, Mr.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

never discussed the appropriate scope of the "Accused Products" in this case, nor confirmed that the boilerplate "all versions and variations thereof…" language in Entangled Media's infringement contentions would have necessarily included Dropbox Essentials or Business Plus.

*Third,* Dropbox's production of a financial spreadsheet listing Business Plus and Essentials again has no impact on Entangled Media's failure to identify these products in its infringement contentions.  That Dropbox provided an appropriate disclosure of financial information in the course of discovery says nothing about Dropbox's purported acknowledgement that Business Plus and Essentials were properly identified as accused products.  *See, e.g.*, *Aristocrat Techs. v. Int'l Game Tech.*, No. C 06-03717 RMW (RS), 2009 WL 3573327, at *5 (N.D. Cal. Oct. 30, 2009) (allowing discovery on unaccused products due to the "generally liberal construction afforded to Rule 26").  Indeed, in at least one of Dropbox's descriptions of a financial document produced in connection with this litigation, Dropbox explicitly acknowledged that it was producing cost information "for both accused and unaccused products."  *See* Ex. C at 11.

At bottom, there is no dispute that Entangled Media's first actual identification of "Business Plus" or "Essentials" as allegedly infringing products was in Dr. Edwards' Opening Expert Report, and these products should be stricken.  *Looksmart*, 386 F. Supp. 3d at 1226 ("It is now well established that 'a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions.'"); *see* Mot. at 10 (collecting cases).

**B.    Entangled Media Does Not Dispute That It Never Identified Joint or Divided Infringement Theories in its Infringement Contentions, and These Theories Should be Struck.**

Like with the newly accused products, Entangled Media does not dispute that its infringement contentions never alleged or otherwise identified infringement theories based on joint or divided infringement.  Entangled Media also does not dispute that it never identified either joint or divided infringement theories in any of its interrogatory responses.  And Entangled Media does not dispute the applicability of, or otherwise distinguish, Dropbox's cited cases.  *See* Mot. at 10, 14-16 (citing cases).  Again, this ends the inquiry and the new theories introduced for the first time in Dr. Edwards' expert report should be struck.  *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

Nevertheless, Entangled Media argues that its single statement reciting the legal standard for joint and divided infringement in its March 28, 2024 Second Amended Complaint is purportedly sufficient. Opp. at 13. Entangled Media is wrong. The standard for sufficient disclosure of an infringement theory has never been whether the party states the boilerplate legal standard in a pleading but never includes a disclosure of the theory (and its purported bases) in its infringement contentions. Instead, like with late-disclosed accused products, Courts have been steadfast in finding that infringement theories not presented in a Plaintiff's infringement contentions should be stricken. *See* Mot. at 10, 14-16 (collecting cases). Courts have likewise found that the inclusion of infringement theories in pleadings, but not in infringement contentions, should be struck. *See, e.g.*, *Regents of Univ. of Cal. v. Affymetrix, Inc.*, No. 17-CV-01394-H-NLS, 2018 WL 4053318, at *2 (S.D. Cal. Aug. 24, 2018) ("In contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending contentions under the Patent Local Rules is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.'") (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017)); *ASUS Computer Int'l v. Round Rock Rsch.*, LLC, No. 3-12–CV–02099-JST(NC), 2014 WL 1463609, at *4 (N.D. Cal. Apr. 11, 2014) (finding that Plaintiff "need[ed] to specifically include the [indirect infringement] theory" in the infringement contentions"); *Berger v. Rossignol Ski Co.*, No. C 05-02523 CRB, 2006 WL 1095914, at *3 (N.D. Cal. Apr. 25, 2006), aff'd, 214 F. App'x 981 (Fed. Cir. 2007) ("Although federal courts are generally lenient in allowing parties to amend pleadings, such is not the case with amending preliminary infringement contentions. The patent rules are designed to avoid 'vexatious shuffling of positions' that could occur if the parties are permitted to freely modify their infringement contentions at any point in the action.") (citation omitted).

Even so, Entangled Media's Second Amended Complaint was filed on March 28, 2024 (Dkt. 102), and Entangled Media's Amended Infringement Contentions were served over six months later in October 2024. And Entangled Media <u>still</u> failed to include any theory of joint and divided infringement in its infringement contentions—a fatal defect that should result in striking Dr. Edwards' testimony discussing this new theory.

Entangled Media also attempts to somehow fault Dropbox for responding to Entangled

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

Media's Second Amended Complaint, and for not moving to strike the two boilerplate paragraphs reciting the joint and divided infringement legal standard. *See* Mot. at 13. That Dropbox responded to these paragraphs and did not move to dismiss is of no relevance or import. Dropbox's Answer stated that Dropbox "denies each and every allegation in Paragraph 73 of the Second Amended Complaint." Dkt. 150 ¶ 73; *id.* ¶ 90 (same for paragraph 90). This plain statement confirming that Dropbox denies infringement is not an acquiescence that Entangled Media has properly and sufficiently identified joint or direct infringement theories in its infringement contentions. Likewise, that Dropbox did not move to strike these two paragraphs is of no moment as Entangled Media never identified these theories in its infringement contentions, which are what define the scope of the alleged infringement. *See, e.g.*, *Adaptix, Inc. v. ZTE Corp.*, No. 5-15-CV-00165-PSG, 2015 WL 4638494, at *2 (N.D. Cal. Aug. 4, 2015) (denying motion to amend infringement contentions when "Adaptix had initially pleaded contributory infringement in its complaint but then dropped the theory by failing to include it in its preliminary infringement contentions.").

*Finally,* Entangled Media's citation to *Huawei Techs., Co, Ltd v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 998-99 (N.D. Cal. 2018) (Opp. at 12) is inapplicable. In *Huawei*, the court allowed a new indefiniteness theory where the new "theory [was] directly driven by Samsung's interpretation of the claim terms." *Id.* There is no similarity in the case here as nothing about Entangled Media's untimely identification of new accused products is driven by Dropbox's interpretation of the claims or otherwise.

C. **Entangled Media Does Not Dispute that Dr. Edwards Believes His Own Purported "Next Best Alternative" is Not Commercially Acceptable, and the Associated Theories Should be Excluded.**

Entangled Media does not dispute that Dr. Edwards' "Next Best Alternative" is not a commercially acceptable Non-Infringing Alternative ("NIA"). Experts may disagree about whether a certain proposed NIA is commercially acceptable, and Dropbox does not seek to exclude Dr. Edwards' testimony that addresses some, but not all, of the NIAs that are discussed in Dr. McDaniel's report. But it is unhelpful and confusing to a fact finder when Entangled Media's expert is alleging that his own proposed NIA is not acceptable, particularly when there are NIAs that at least one party's expert has opined are commercially acceptable. Therefore, Dr. Edwards'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

testimony concerning a "Next Best Alternative" that Dr. Edwards himself does not believe is an available, acceptable NIA is contradictory to his own opinions and unhelpful to the trier of fact. *See* Mot. at 24-25 (collecting cases).

Although Entangled Media attempts to distinguish *Snyder*, it does not dispute that the *Snyder* court analyzed the expert testimony and excluded it at least in part because the testimony was contradictory and therefore unreliable. *See* Mot. at 24. Tellingly, Entangled Media does not address or otherwise distinguish Dropbox's other cited cases. *See* Mot. at 24-25 (citing cases).

Entangled Media argues that Dr. Edwards' testimony should not be excluded because he states that his proposed alternative "would be the next best alternative because it still allows a user to synchronize his or her files among multiple devices . . . and access those files from each of the devices." Opp. at 25. But, again, Entangled Media does not dispute that Dr. Edwards failed to respond to Dr. McDaniel's opinions on NIAs as presented in Dr. McDaniel's Opening Report. *See* Mot. at 24-25. And Entangled Media does not dispute that Dr. Edwards failed to explain why each of McDaniel's NIAs does not "allow[] a user to synchronize his or her files among multiple devices . . . and access those files from each of the devices." Aside from its general and unsupported statement, Entangled Media does not identify any portion of Dr. Edwards' report that explains specifically why his admittedly non-commercially-acceptable NIA is "next-best" compared to each of Dr. McDaniel's NIAs, which Dr. McDaniel opines *are* commercially acceptable.

This failure of Dr. Edwards to provide any analysis for his two paragraphs on the "next best" non-infringing alternative goes to the crux of the issue: absent such analysis or explanation, Dr. Edwards' opinions are necessarily unreliable and should be excluded. *See* Mot. at 24-25.

Finally, Entangled Media states that "when there are no commercially acceptable NIAs, Entangled Media is nonetheless required to choose from among those non-commercially acceptable alternatives to choose a next best alternative." Opp. at 24. Entangled Media cites no legal support for this purported "requirement." Additionally, as discussed above, neither Entangled Media nor its expert explain why their manufactured NIA is any better, let alone the "next best," from the many NIAs presented by Dr. McDaniel.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

**D.** **Entangled Media Attempts to Salvage Dr. Edwards' Incomplete Disclosure Regarding His Purported "Testing" by Including a Variety of New Facts and Information in the Opposition, Demonstrating That the Identified Evidence and Opinions Should Be Struck and Excluded.**

*Dr. Edwards' Testimony Alleging Infringement Based on a State in Which Dropbox Is Not Operating as Intended Should Be Excluded.* Entangled Media does not dispute that the Dr. Edwards' screenshots and testing that resulted in the images of Dropbox *without* the green check-mark and grey cloud icons depicts a state in which Dropbox is not operating as intended. Indeed, Entangled Media cites Dropbox's documents that Entangled Media suggests show that Dropbox has informed its customers that "if your sync icons are missing," the user should "close all non-Dropbox applications then quit and relaunch the Dropbox desktop App." Ex. S (underlining in original). In another cited Dropbox document, under ████████████████████ Dropbox identifies the ████████████████████████████████ Ex. T; *see also* Ex. P (████████████████████████████); Ex. Q (███████ ██████████████████). Therefore, each of the exhibits that Entangled Media cites confirm that the state being depicted in Dr. Edwards' screenshots—where the Dropbox icons are not visible—is a state when Dropbox is not operating as intended.

Therefore, even if these screenshots were disclosed in Entangled Media's infringement contentions and even if there are ways in which the icons will not appear other than those identified in Dropbox's opening motions or Dr. McDaniel's report (*see, e.g.*, Mot. at 6-7; Dkt. 245 (Dropbox MSJ) at 9-14), Dr. Edwards' testimony attempting to allege infringement based on a situation that both parties agree is not the intended operation of the accused product is unreliable, confusing, and prejudicial. For this reason Dr. Edwards' testimony should be excluded.

*Entangled Media's Opposition's Attempt to Remedy Dr. Edwards' Failure to Disclose His Testing and Methodology Should be Rejected.* Now that fact and expert discovery has concluded, Entangled Media provides a purported explanation of how it claims Dr. Edwards was able to purportedly capture screenshots of Dropbox's software without the display of Dropbox's cloud and check-mark icons.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

Entangled Media provides a purported explanation of why the Dropbox icons are not appearing, for example proposing that "issues with conflicts between different overlay such as between OneDrive and Dropbox, can regularly cause the sorts of overlay issues captured by Dr. Edwards' screenshots without Dr. Edwards disabling the Dropbox application." Opp. at 16. Entangled Media cites documents in support of its allegation, further commenting that ███████ ███████████████████████████████████████████████████████████████████. *See id.* (citing DRBX_EM_00138747, DRBX_EM_00002727). Neither Entangled Media nor Dr. Edwards cited either of these documents in any interrogatory response or expert report, respectively. This again shows how Entangled Media continues to attempt to justify its untimely disclosures by adopting a shifting sands approach and introducing new facts, opinions, and attorney argument at each stage of the case.

Putting aside Entangled Media's untimely identification of these documents, Entangled Media's discussion of these documents suggest that it has been aware of different states in which Dropbox may not operate as intended and therefore may not show the check-mark and cloud icons. For example, the Opposition states that "the default settings of both Dropbox and Microsoft's OneDrive can cause the conflicts that create brown boxes and/or absent icon scenarios" (Opp. at 15) and that "████████████████████████████████████ ████████████████████████████████████████" (*id.* at 16). With at least this knowledge based in part on internal Dropbox documentation, Entangled Media was in a unique position to create a scenario where Dropbox was utilized in such a way that an error state was more likely to occur. For example, l███████████████████████████████████████████ █████████████████████████████████████████████████████████████████████ ███████████████████████████████.

For this and other reasons, it was imperative that Dr. Edwards explain the full circumstances associated with the testing he performed to achieve the state in which Dropbox is not operating as intended. Dr. Edwards does not, however, explain what other programs are running on the connected computer or devices, whether one of those programs was OneDrive, or

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

what settings were being utilized.[1]  And, despite Entangled Media recognizing this was not the intended operation of the Dropbox software, Dr. Edwards does not provide any opinions or methodology showing that he recognized that this was not the intended operation or that he attempted to analyze why this error state was occurring.

Entangled Media attempts to persuade this Court that Dr. Edwards need not have disclosed further details in part because, "in this specific instance there is no indication in Dr. Edwards' screenshots themselves that his Dropbox folders were created in a OneDrive folder." Opp. at 16.  But this compounds the issues Dropbox explained in its Motion and herein: Dr. Edwards' failure to provide an explanation of the circumstances and methodology associated with his testing leaves Dropbox and this Court without any knowledge of whether OneDrive is installed.  Indeed, the screenshots are of only a portion of the computer screens, so it impossible to check the veracity of any statement concerning how Dr. Edwards achieved the results, whether OneDrive was being used, the status of the Dropbox product's operation, or many other key factors that may affect the operation of the Dropbox software.  This is particularly concerning given that these unreliable screenshots and related testimony are a primary basis for Dr. Edwards' infringement allegations.

Entangled Media further encourages this Court to overlook Dr. Edwards' failures because Dr. Edwards' report identified (i) that one device was a Mac and the other a Windows, (ii) what Dropbox product was being run, (iii) that one file was allegedly available online-only on one device, while being available offline or locally on another, and (iv) a screenshot of "six devices linked on the same Dropbox account." *See* Opp. at 14-24.  But the assumptions and conclusions that Entangled Media draws from this information were not disclosed and could not be reasonably known from what was provided in Dr. Edwards' report.  The discussion below explores several examples of statements from Entangled Media's Opposition in support of why the testing methodology and circumstances were purportedly appropriately disclosed (they were not).  While these statements provide *some* context, they either create additional questions or do not resolve the material issues with Dr. Edwards' failure to properly disclose his methodology.

---

[1] Indeed, Dr. Edwards' report does not ever reference "OneDrive" or "overlays" in any context.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

*As a first example*, the Opposition argues that "Dr. Edwards states that these top two screenshots are taken from a laptop and a desktop device, both of which had a Dropbox Plus account installed onto them, and files added to their respective accounts." Opp. at 19. But "add[ing] [files] to their respective accounts" does not explain on which device, and through which Dropbox feature, the files were first added. As discussed above, the device on which a user attempts to access or load files may have an effect on whether a potential error state occurs where Dropbox's icons are not properly displayed. Alternatively, the files could have been added on an internet browser on Dropbox.com or through a mobile device. Dr. Edwards' failure to provide this information is material to the circumstances under which the screenshots and testing was performed and should have been disclosed in his Report.

*As a second example,* the Opposition argues that "Dr. Edwards … precisely explained the creation and sharing of [the Photos] folder across paragraph 213, and Figures 59-62 of his report." Opp. at 21. Dr. Edwards report, however appears to merely describe accepting an already-pending invitation to join a shared Photos folder. Dr. Edwards does not explain how the Photos folder was created, on which device or platform it was created, what files are contained within the Photos folder, or who, how, or from what platform it was shared such that Dr. Edwards could agree to "Join Folder" as shown in Figure 60. In Figure 61, the Photos folder appears because Dr. Edwards clicked "Join Folder," but questions like: where did the Photos folder come from? on which device was it created? and what files are inside it? still persist without answers.

*As a third example*, the Opposition argues that "[s]light differences between the different macOS screenshots should be expected, however, given that the macOS devices are different (desktop vs. laptop), constitute different accounts (Essential vs Plus), and contain different files." Opp. at 23. But when Dr. Edwards is presenting expert testimony in connection with a litigation subject to the *Daubert* standard and the Federal Rules, "differences" cannot merely be passed off as "expected." This is especially true since the differences are numerous and the screenshots depict a situation in which Dropbox is not displaying icons as expected or intended. *See* Mot. at 15-23; *see also id.* at 21-23 (noting differences between images including at least (i) "Shared "Documents" Folder in Left Images, but not Right images," (ii) "Brown Box icon on Different Files," (iii) "Green

13

REPLY ISO DROPBOX'S EDWARDS MOT. Case No. 5:23-CV-03264-PCP

Check and Grey Cloud Icons Missing in one Mac Screenshot, but Not the Other," and (iv) "Different Windows File Explorer Versions.").

*As a fourth example*, the Opposition argues that the respective "screenshot[s] w[ere] logically taken within the same general time period as the first screenshot." Opp at 23. But based on Dr. Edwards' report, it is unclear how someone can confirm or deny that statement without already knowing or asking Dr. Edwards. And when Dropbox did ask, Dr. Edwards testified that his testing screenshots were taken sometime between May and November 2024. *See* Mot. at 19-21 (citing Ex. 2, Edwards Tr. at 229:24-230:14). While these dates align with the dates shown in two of the screenshots, a person is left only to assume the dates of the other two screenshots that do not include dates or other affirmative evidence from Dr. Edwards. Indeed, even Entangled Media cannot confirm that the screenshots were taken on the same day, instead stating that the second screenshot was "taken within the same general period as the first screenshot." Opp. at 21.

*As a fifth and final example,* the Opposition argues that "Figure 30 includes the specific devices from which the first two screenshots were taken." Opp. at 20. Six different devices are shown in this listing and neither the Opposition, nor Dr. Edwards report, explains how each of these six devices correspond to the screenshots. For example, there are two windows devices "asus-zb14-2024" and "QPR1." Opp. at 20. It is unclear whether these are different windows devices or on which device the screenshots were obtained.

Overall, Entangled Media spends at least ten pages of its Opposition (pp. 14-24) attempting to explain the circumstances under which Dr. Edwards configured Dropbox in the way that is purportedly shown in Dr. Edwards' screenshots. These details, explanations, and assumptions were not disclosed during fact or expert discovery. And, as shown above, the discussion still falls far short of providing the necessary and important details concerning Dr. Edwards' methodology.

Entangled Media attempts to fault Dropbox for purportedly failing to ask Dr. Edwards about the testing details. But it is Dr. Edwards, not Dropbox, who is required to disclosed all of the relevant facts and circumstances concerning the purported testing. It is not reasonable to assert that Dropbox should have or could have obtained all of the sought-after details in deposition. Indeed Dropbox attempted to depose Dr. Edwards about his methodology, but he merely stated that he

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

"simply took a screenshot of the way that these files appear on that computer that I was testing this functionality on." Ex. R at 226:2-21 (emphasis added); *see also id.* at 231:19-23 (again testifying he couldn't "really think of what other steps there would be"); *see* Mot. at 17 (citing Ex. 2, Edwards Tr., 230:20-235:9). As demonstrated by Entangled Media's Opposition and above, there were of course more steps taken than what was disclosed in Dr. Edwards' report. Dr. Edwards needed to sufficiently disclose his methodology in the first instance for Dropbox to be able to explore the details in deposition. It is insufficient to disclose only conclusions and shift the burden to Dropbox to uncover the important details regarding Dr. Edwards' testing methodology through deposition. For example, in *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS(JSC), 2018 WL 1569762, at *2 (N.D. Cal. Mar. 30, 2018), like here, Plaintiff "argue[d] that the lack of reasoning in Mr. Bear's [expert] report is substantially harmless because [Defendant] Stryker is taking Mr. Gould Bear's deposition." The court, however, found that the Plaintiff's "failure to provide Mr. Gould Bear's basis for his conclusions harms Stryker because it cannot effectively prepare its questioning for Mr. Bear's deposition or counter Mr. Bear's reasoning with its own experts" and granted Defendant's motion to strike Plaintiff's expert's "report and [to] preclude him from testifying about the alleged infringement of the" asserted patent. *Id.* at *2-3.

If Dr. Edwards wished to rely upon a Dropbox error state to prove infringement, he needed to disclose his full testing and methodology that he underwent to achieve it. Dr. Edwards should not be permitted to insufficiently disclose his testing methodology and later rely on Entangled Media's attorneys to explain in its opposition briefing some, but not all, of the material facts that should have been disclosed in the first instance.

## III.    CONCLUSION

For the foregoing reasons, Dropbox respectfully requests that this Court strike and exclude Dr. Edwards from testifying to and offering opinions on the foregoing topics.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

**REDACTED**

Dated:  April 17, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By  /s/  *Michael J. Lyons*

Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304
Tel:       +1.650.843.4000
Fax:      +1.650.843.4001

Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606-1511
Tel:       +1.312.324.1000
Fax:      +1.312.324.1001

*Attorneys for Defendant Dropbox, Inc.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP

REDACTED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2025, a true and correct copy of the foregoing document was served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/ *Michael J. Lyons*
Michael J. Lyons

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

REPLY ISO DROPBOX'S EDWARDS MOT.
Case No. 5:23-CV-03264-PCP