John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | C.A. No. 5:23-cv-03264-PCP-VKD<br><br>**PLAINTIFF ENTANGLED MEDIA, LLC'S OPPOSITION TO DEFENDANT DROPBOX, INC.'S MOTION TO STRIKE THE DECLARATION OF ERIK CASO AND THE EXHIBITS ATTACHED THERETO**<br><br>Judge: Hon. P. Casey Pitts<br>Courtroom: 8 – 4th Floor<br>Hearing Date: May 15, 2025<br>Hearing Time: 9 a.m. |

## TABLE OF CONTENTS


MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 1

III. THE COURT SHOULD NOT STRIKE EXHIBITS 3-10 AND 13-15, OR ANY OTHER PORTION, OF MR. CASO'S DECLARATION. .......... 2

A. Exhibits 3-10 to Mr. Caso's Declaration Should Not Be Excluded .......... 2

B. Exhibits 13-15 to Mr. Caso's Declaration Should Similarly Not Be Excluded .......... 5

C. The Court Should Not Strike Paragraphs 8 and 10 of the Caso Declaration .......... 6

D. Dropbox Identifies No Prejudice .......... 7

IV. CONCLUSION .......... 8

## TABLE OF AUTHORITIES

### Cases

*Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961 (9th Cir. 2003) .......... 4

*Harlow v. Chaffey Community College District*, 2022 WL 4077103 (9th Cir. Sept. 6, 2022) .......... 4

*U.S. S.E.C. v. Leslie*, No. C 07-03444 JF, 2009 WL 4724242 (N.D. Cal. Dec. 2, 2009) .......... 8

*United States Postal Service v. City of Berkeley*, No. C 16-04815, 2018 WL 534172 (N.D. Cal. Jan. 23, 2018) .......... 5

*West v. California Servs. Bureau,* 323 F.R.D. 295 (N.D. Cal. 2017) .......... 7

*Woods v. Google, Inc.*, 2014 WL 1321007 (N.D. Cal. Mar. 28, 2014) .......... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) .......... 1

### Rules

Fed. R. Civ. P. 37(c) .......... 5

Fed. R. Civ. P. 37(c)(1) .......... 2

Fed. R. Civ. P. 56 .......... 4

Fed. R. Civ. P. 56(c) .......... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dropbox moves to strike eleven documents—Exhibits 3-10 and 13-15—attached to Mr. Caso's declaration submitted in support of Entangled Media's Motion for Summary Judgment, as well as paragraphs 8 and 10 of Mr. Caso's declaration. Dkt. No. 265-11 ("Mot."). Dropbox's Motion mischaracterizes the record and omits key facts. It should be denied.

Because Dropbox's improper inventorship and inequitable conduct defenses were added to the case after the deadline to serve new discovery, Entangled Media never had an opportunity to explore and test the bases of these new defenses. Aside from the cursory allegations in Dropbox's Amended Answer, Entangled Media was left to speculate as to the nature and scope of Dropbox's contentions. It was not until expert depositions that Entangled Media had the opportunity to more fully uncover the arguments Dropbox intended to make to support its new defenses. Entangled Media accordingly included certain previously unproduced documents to support its summary judgment motion—these documents were never responsive to any of Dropbox's document or discovery requests. After fact and expert depositions, Entangled Media more fully understood the bases for Dropbox's new defenses and timely provided the documents as summary judgment evidence.

When moving for leave to add its improper inventorship and inequitable conduct defenses so late in the case, Dropbox argued that it did so "to ensure that there is a full and fair determination of this case on the merits, which should include consideration of the inventorship and inequitable conduct defenses and counterclaims." *See* Dkt. No. 177 at 6-7. Now, after these defenses have been brought into the case, Dropbox reverses course and seeks to strike evidence Entangled Media will rely upon to defend itself, which certainly does not allow for a "full and fair determination of this case on the merits." The Court should deny Dropbox's Motion.

## II. LEGAL STANDARD

A request for exclusionary sanctions under Rule 37(c) is not proper if the purported failure to timely disclose information "is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the

required information is substantially justified or harmless.") "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(C)(1).

Entangled Media respectfully submits that Mr. Caso's reliance on the subject documents was both substantially justified and harmless for the reasons set forth below.

## III. THE COURT SHOULD NOT STRIKE EXHIBITS 3-10 AND 13-15, OR ANY OTHER PORTION, OF MR. CASO'S DECLARATION.

### A. Exhibits 3-10 to Mr. Caso's Declaration Should Not Be Excluded

On July 23, 2024, in response to Dropbox's request for production of documents, Entangled Media produced its March 4, 2009 consulting agreement with Mr. Drew. Ex. A, EM_00131027-131031.[1]

On October 31, 2024, this Court found that Dropbox had properly pled its improper inventorship and inequitable conduct defenses and counterclaims and allowed them into the case. Dkt, No. 182. To defend itself against these new allegations, and based on its understanding of Dropbox's arguments at the time, Entangled Media produced on January 14, 2025, a March 7, 2009 email from Mr. Caso to Mr. Drew with the subject line "Concept Diagram" and including the "Concept_Diagram.pdf" attachment. Exs. B-C, EM_00238401-402. This Concept Diagram disclosed key patentable features of the invention, as well as subject matter that Dropbox alleges was conceived by Mr. Drew. *See generally* Dkt. No. 241. Exhibits B and C show that Mr. Drew could not have conceived of these patentable features because Mr. Caso sent this Concept Diagram to Mr. Drew on or about the same day Entangled Media hired Mr. Drew, and before Mr. Drew began working at the company.[2]

Dropbox's Motion does not seek to exclude Exs. A-C, presumably because these documents were produced well before the filing of Entangled Media's Motion for Summary Judgment. Mr. Caso

[1] All exhibits are attached to the accompanying declaration of John E. Lord ("Lord Decl."). As Dropbox acknowledges, despite a diligent search, Entangled Media was unable to locate a signed copy of the consulting agreement produced as Ex. A.

[2] Though the consulting agreement with Mr. Drew is dated March 4, 2009, Mr. Caso sent an updated version of it on March 6, 2009. Dkt. No. 241-6.

also sent to Mr. Drew another specification document outlining features of the invention on March 9, 2009, at Dkt Nos. 241-12, 241-13, that Dropbox does not seek to exclude. Dropbox used these documents during the deposition of Entangled Media's inventorship and inequitable conduct rebuttal expert, Mr. Slifer. During Mr. Slifer's deposition, Dropbox asked a series of questions casting doubt on the authenticity of Exhibits B and C, including whether Ex. C (Concept Diagram) was in fact attached to Ex. B (cover email from Mr. Caso to Mr. Drew attaching the Concept Diagram). *See, e.g.,* Ex. D, Slifer Tr. at 200:1-17.

Before this, Entangled Media could not have known that Dropbox would dispute (i) whether the Concept Diagram was attached to Mr. Caso's March 7, 2009, email and (ii) whether Mr. Drew contributed to the Concept Diagram. To reiterate, Dropbox's improper inventorship defense was not made part of this case until October 31, 2024, nearly six weeks *after* the deadline had passed to serve new discovery.[3] Thus, Entangled Media was precluded from serving an interrogatory asking Dropbox to identify the facts it would use to support its new defenses. And indeed, as evidenced by the questioning at Mr. Slifer's deposition, Dropbox intended to advance several arguments relating to the new defenses that were not specified in its Amended Answer.

Once Entangled Media learned that Dropbox would attack the authenticity of the Concept Diagram, Entangled Media produced, in conjunction with its summary judgment motion, metadata and cover emails confirming the exact date on the face of Exhibits A-C to rebut Dropbox's theory that Entangled Media had somehow manipulated the evidence. Entangled Media re-produced these documents with the metadata as Exhibits 6, 8 and 9 to Mr. Caso's declaration. And because the metadata showed the author of this document to be "ph0ust," Entangled Media produced Ex. 10 to show that Erik Caso's username was "ph0ust." See Dkt. No. 241-11 (Ex. 10). Entangled Media also produced Exs. 3, 4, 5 and 7 to further confirm Mr. Drew's start date and further rebut Dropbox's unfounded, new defense that Mr. Drew contributed to the Concept Diagram. *See* Dkt. Nos. 241-4, 241-

[3] Dropbox's Motion refers to "the November 22, 2024 close of fact discovery" (*see* Mot. at 4). Though the parties extended the fact discovery deadline, their stipulation ***explicitly precluded*** each side from serving new discovery requests after the original September 4, 2024, discovery deadline. *See* Dkt. 124 at 2-3 ("The parties agree that the deadline for serving any new written discovery requests has already passed, and the parties are not now seeking any extension that would allow for service of new written discovery requests.").

5, 241-6 and 241-8. Again, Entangled Media did not know, and could not have known, that Dropbox intended to argue the validity and authenticity of these documents until Mr. Slifer's deposition, long after the close of fact discovery.

Rule 26(e)(1)(A) contemplates a duty to supplement under certain circumstances, which some courts have said may continue after the close of discovery. *See, e.g., Woods v. Google, Inc.*, 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014). Entangled Media should not be faulted for producing documents after fact discovery that only became relevant during expert depositions and after new defenses were interjected into the case. Moreover, in its opposition to Dropbox's motion for leave to add these defenses, Entangled Media predicted that Dropbox's late amendments may "require discovery to continue during pretrial preparations and could necessitate additional expert discovery." Dkt. 168 at 14. That is precisely what has happened.

In addition, Courts have long required documents supporting a summary judgment motion to be accompanied by a declaration identifying and authenticating them. *See, e.g., Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961, 972 n.7 (9th Cir. 2003). Although Rule 56 was changed in 2010 allowing unauthenticated evidence to be considered, it does not prohibit such authentication, and at any rate, such evidence still must be shown to "be presented in a form that would be admissible at trial," which Mr. Caso's declaration accomplishes—particularly in view of Dropbox's authentication challenges. *See Harlow v. Chaffey Community College District*, 2022 WL 4077103 at *1 (9th Cir. Sept. 6, 2022) (citing Fed. R. Civ. P. 56(c)).

In other words, once Entangled Media learned during Mr. Slifer's deposition that Dropbox would challenge the date and authenticity of already-produced documents, Entangled Media searched for and subsequently produced documents to specifically address Dropbox's new defenses. And though Dropbox now claims prejudice, Dropbox previously dismissed Entangled Media's prediction that adding the new defenses would necessitate reopening discovery, insisting that "[a]ny alleged prejudice is either non-specific or the type of prejudice that befalls any party to a patent infringement lawsuit." Dkt. No. 177 at 1.

While Dropbox argues that the emails and related attachments should have been produced earlier in response to Dropbox's document requests, Dropbox is wrong because the Court's ESI Order

applied to and limited the discovery of emails and their attachments. Dkt. 100. Specifically, under the ESI Order (which was subject to negotiation and agreement by Dropbox), discovery of emails was limited to "five search terms per custodian per party." *Id.* at ¶ 11. Entangled Media diligently worked with Dropbox to review and/or produce more than one thousand emails that were responsive to Dropbox's email requests subject to the terms of the ESI Order, right up until the final day of fact discovery. Not surprisingly, given the timing of Dropbox's new defenses, the search terms Dropbox proposed during discovery did not hit on or result in production of the emails at issue here. And Dropbox's criticisms of Entangled Media's response to the conception and reduction to practice interrogatory also fail because (1) this interrogatory requested information on the contributions as between the named inventors Messrs. Caso and Abraham (and not whether Matt Drew should have been named as an inventor) (*see* Dkt. No. 271-10 at 4); and (2) Dropbox did not move to compel any further responses to this interrogatory.

Dropbox cites a handful of cases where documents or other evidence were excluded under Rule 37(c), purportedly because they were produced "for the first time" after the end of fact discovery. Mot. at 9. But none of these cases resemble this one, where the underlying documents had already been produced, and replacement documents were reproduced to show metadata and address authenticity and email-linking objections raised after the discovery deadline. For example, in *United States Postal Service v. City of Berkeley*, No. C 16-04815, 2018 WL 534172, at *1-2 (N.D. Cal. Jan. 23, 2018), the Court granted the motion to strike where the defendant did "not dispute that it failed to disclose or produce the files" where the documents had inadvertently not been produced despite apparently being relevant during the entire litigation. That ruling does not apply here because Dropbox does not dispute that the subject documents did not become relevant until after the deadline to serve fact discovery.[4]

Based on these facts, the Court should not strike Exhibits 3-10.

### B. Exhibits 13-15 to Mr. Caso's Declaration Should Similarly Not Be Excluded

Dropbox also moves to strike Exhibits 13-15 from Mr. Caso's declaration. Mot. at 5. Entangled

[4] Additionally, Counsel for Entangled Media was not withholding from production documents such as the Concept_Diagram.pdf and cover email (Exhibits B and C) during fact discovery, because such documents were not uncovered until expert discovery, after which they were promptly produced to Dropbox.

Media produced Mr. Drew's termination agreement on the same day it produced his consulting agreement, on July 23, 2024. Ex. E, EM_00115256. During Mr. Caso's deposition on August 7, 2024, Dropbox never introduced this document or otherwise questioned Mr. Caso about it. Because Entangled Media first learned that Dropbox planned to question the authenticity of various agreements during Mr. Slifer's deposition on January 24, 2025, Entangled Media searched for the metadata and a cover email of the termination agreement and produced both documents in conjunction with Mr. Caso's declaration on March 10, 2025. Dkt. No. 241-1.

Entangled Media's production of these replacement documents with metadata and the cover letter at Exs. 14-15 was substantially justified, and Dropbox provides no evidence of improper motive or other reason for the Court to strike this evidence.[5]

**C. The Court Should Not Strike Paragraphs 8 and 10 of the Caso Declaration**

Dropbox's attempt to strike paragraphs 8 and 10 of the Caso Declaration is also a vast overreach. Mot. at 11. Even if the Court were to strike the exhibits discussed above (which it should not), there is no basis to strike the entirety of these two paragraphs. In Paragraph 8, after describing Exhibits 8 and 9, Mr. Caso testifies that: "Matt Drew did not contribute in any way to the substance of the information reflected in the email and its attachment at Exhibits 8 and 9." Dkt. No. 241-1 at ¶ 8. This testimony goes to the heart of Entangled Media's defense that Mr. Drew did not contribute to these documents, and Mr. Caso is commenting on the *substance* of documents that Entangled Media produced well before the dispositive motions. *See* Exs. A-C, E.

Similarly, Dropbox seeks to strike the entirety of paragraph 10 of Mr. Caso's declaration regarding Exhibits 11 and 12, including where Mr. Caso testified that "Matt Drew did not contribute in any way to the substance of the information reflected in the email and its attachment at Exhibits 11 and 12." Dkt. No. 241-1 at ¶ 9. But Dropbox never asks the Court to strike Exs. 11 and 12. *See* Mot. at 4-5. Indeed, Entangled Media produced the same document as Ex. 12 on May 10, 2024. *See* Lord Decl. at ¶ 8; Ex. G (*compare* Ex. 12 at Dkt. No. 241-13 with Ex. G). Again, Mr. Caso's testimony in

[5] Dropbox also moves to strike also Ex. 13 which rebuts testimony that the second-named inventor on the Asserted Patents, Mr. Abraham, did not become involved with work at Entangled Media and had never met Mr. Drew until the summer of 2009.

paragraph 10 goes to the heart of Entangled Media's defense that Mr. Drew did not contribute to these documents, and Mr. Caso is commenting on the *substance* of documents produced well before the dispositive motions. Dropbox's requests to strike appear to be a ploy for Dropbox to eliminate important eyewitness testimony from the case.

And Dropbox cannot claim it is surprised by this testimony, as Mr. Caso testified in his deposition about the lack of any conception by Mr. Drew to the patentable invention or its application. Ex. F, Caso Tr. at 183:9-25 ("Q. Okay. So you're telling me aside from the qualitative aspects of the '489 application, you and Mr. Abraham 50/50 on all subject matter disclosed? A. I would say yes. Q. Now, I think you testified that Mr. Drew did not contribute anything to the subject matter disclosed in the '489 application; correct? A. Within this application, no. Q. And why do you qualify it as 'within this application'? A. Well, I don't want to confuse anyone at the company having no contribution to what a company does. But in terms of the drafting of the idea, the application, you know, things like that, it was simply not something that we were working with Mr. Drew when we were producing it."). Also, during his deposition, though Dropbox had possession of Mr. Drew's consulting and termination agreement with Entangled Media (at Exhibits 6 and 15), Dropbox did not ask Mr. Caso about these documents.

**D. Dropbox Identifies No Prejudice**

Dropbox does not meaningfully address the issue of prejudice. *See* Mot., 10. Again, Entangled Media produced Mr. Drew's consulting and termination agreement on July 23, 2024, respectively, and Dropbox was free to depose Messrs. Caso, Drew or Slifer on these documents since their depositions occurred after July 23, 2024. Further, Dropbox has not explained why Entangled Media's producing replacement documents with metadata, or a cover email confirming the sent date, results in any prejudice. For example, Dropbox does not identify any line of inquiry it could not pursue with Messrs. Caso, Drew or Slifer, as a result of any alleged late production. Dropbox also fails to identify any testimony that would require its experts to change their opinions. Dropbox cannot credibly claim prejudice here. *See West v. California Servs. Bureau,* 323 F.R.D. 295, 303 (N.D. Cal. 2017) (denying request for exclusion where request was insufficiently specific and material sought to be excluded did not "present any new analysis or testimony."). A "trial on the merits" "outweighs any prejudice to [the]

plaintiff." *U.S. S.E.C. v. Leslie*, No. C 07-03444 JF, 2009 WL 4724242, at *2-3 (N.D. Cal. Dec. 2, 2009).

## IV. CONCLUSION

Dropbox has distorted the circumstances of Entangled Media's productions and offers no concrete examples of prejudice. For the foregoing reasons, Entangled Media respectfully requests that the Court deny Dropbox's Motion to Strike.

Dated: April 24, 2025

*/s/ John E. Lord*
John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213)788-4545
jlord@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (*pro hac vice*)
(TX Bar No. 24071516)
Alexander E. Gasser (*pro hac vice*)
(WI Bar 1022659)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 5800
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
ENTANGLED MEDIA, LLC