UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DROPBOX INC.,<br><br>　　　　Defendant. | Case No. 23-cv-03264-PCP (VKD)<br><br>**ORDER RE DEFENDANT'S NOTICE OF DOCUMENTS FOR IN CAMERA REVIEW**<br><br>Re: Dkt. No. 300 |

On May 5, 2025, defendant Dropbox, Inc. ("Dropbox") filed a notice identifying five documents from plaintiff Entangled Media, LLC's ("Entangled Media") privilege log for *in camera* review, purportedly in compliance with the Court's April 8, 2025 order (Dkt. No. 256). Dkt. No. 300. That order addressed certain disputes regarding documents Entangled Media had withheld from production, and which were identified on its November 22, 2024 privilege log, referred to in the order as "Exhibit B" to Dropbox's motion to compel (Dkt. No. 212). The April 8, 2025 order states in relevant part:

> If Entangled Media continues to withhold from production documents shared with third parties, then Dropbox and Entangled Media shall each select five representative examples from among this category (for a total of 10 documents) for review by the Court *in camera*. The *in camera* submission, if any, is due on **May 5, 2025**. The Court will issue a further order after this review.

Dkt. No. 256 at 4.

Four of the five documents Dropbox now identifies for *in camera* review (Entries Nos. 224, 480, 501, and 586) are not among the privilege log entries Dropbox challenged in its earlier motion to compel. *See* Dkt. No. 212 at 25. The Court's April 8, 2025 order did not authorize

Dropbox to seek *in camera* review of *new* privilege log entries not previously raised in its motion to compel or of entries *outside* the category of "documents shared with third parties." Dropbox's contrary reading of the Court's April 8, 2025 order is not plausible. *See* Dkt. No. 307 at 1; *see also* Dkt. No. 256 at 1-2 (refusing to consider Dropbox's untimely challenges to certain privilege log entries). The Court will not review any of the documents corresponding to these four entries *in camera*.

As for the fifth document (Entry No. 643), which is among the disputed privilege log entries in the "documents shared with third parties" category on Exhibit B, Entangled Media advises that it has since agreed to produce this document (and others) to Dropbox. Dkt. No. 302 at 1; Dkt. No. 307 at 2. Thus, there appears to be no reason for the Court to review this document *in camera* either.

Accordingly, the Court will not review any documents *in camera*, and the matters originally raised in Dropbox's motion to compel (Dkt. No. 212) are now finally resolved.

**IT IS SO ORDERED.**

Dated: May 12, 2025

Virginia K. DeMarchi
United States Magistrate Judge