MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

MORGAN, LEWIS & BOCKIUS LLP
Nicholas A. Restauri (*pro hac vice*)
nicholas.restauri@morganlewis.com
Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
110 North Wacker Drive
Chicago, IL 60606-1511
Tel: +1.312.324.1000
Fax: +1.312.324.1001

Attorneys for Defendant
Dropbox, Inc.

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>DROPBOX, INC.,<br><br>               Defendant. | C.A. No. 5:23-cv-03264-PCP-VKD<br><br>**CONSOLIDATED MOTION TO FILE UNDER SEAL PURSUANT TO ORDER DKT. NOS. 296, 317** |

Pursuant to this Court's Order (Dkt. 317), the Parties hereby file this renewed consolidated motion to confirm the identities of briefs and supporting documents for which at least one party continues to request to maintain partially or fully under seal. These documents are identified within the attached Table marked as Exhibit A.  Pursuant to the Court's Order (Dkt. 296), each row of the table corresponds to an exhibit with the same number as its row number in the table, and said exhibit is further highlighted to show which portions thereof are requested to be maintained under seal. Information that Dropbox intends to remain sealed is highlighted in yellow, while information Entangled Media intends to remain sealed is highlighted in blue. If the entirety of a document is requested to be maintained sealed, it will contain no highlighting.

Further pursuant to the Court Order, the parties include a Table marked as Exhibit B, which identifies all documents subject to pending sealing motions that were "provisionally filed under seal for which no party continues to seek sealing."

The Court also ordered the parties to identify by docket number all pending motions rendered moot by this filing.  Initially, the parties identify the docket numbers identified in the title of this Court's Order (Dkt. No. 296), namely: Dkt. Nos. 237, 239, 243, 244, 259, 264, 265, 281, 283.  The parties further identify the following docket numbers of additional administrative motions to seal that have been filed since the issuance of the Court Order (Dkt. No. 296): Dkt. No. 297.

Additionally, certain documents identified in and filed with Dropbox's Administrative Motion to Consider Whether Another Party's Material (Dkt. No. 244) should have been identified in and filed with the Dropbox's Motion to File Under Seal Portions of Dropbox's Motions and the Exhibits Thereto Filed March 10, 2025 (Dkt. No. 243), which was filed contemporaneously therewith.  Those documents include the following (the "Documents"):

| Document | Motion(s) with Which Document is Associated | Corresponding "Exhibit No." in Exhibit A to this Consolidation Motion |
|---|---|---|
| Expert Report of George Edwards, Ph.D Regarding U.S. Patent Nos. '338 and '260 | • Edwards Motion (Ex. 1, docket no. 244-7)<br>• Dropbox's Motion for Summary Judgement (Ex. E, docket no. 244-9) | 14. |
| Affirmative Expert Report Stephen A. Holzen | • Holzen Motion (Ex. A, docket no. 244-15) | 6. |

| | | |
|---|---|---|
| | • Savage Motion (Ex. G, docket no. 244-18) | |
| Plaintiff Entangled Media, LLC's Disclosure of Damages Contentions dated January 26, 2024 | • Holzen Motion (Ex. E, docket no. 244-16)<br>• Savage Motion (Ex. B, docket no. 244-19) | 31. |
| Plaintiff Entangled Media, LLC's Supplemental Disclosure of Damages Contentions dated August 6, 2024 | • Holzen Motion (Ex. F, docket no. 244-17)<br>• Savage Motion (Ex. A, docket no. 244-20) | 40. |
| Deposition Transcript of Scott Savage dated February 5, 2025 | • Savage Motion (Ex. F, docket nos. 244-22 and 252-2) | 41. |
| Dropbox's Motion for Summary Judgment | • N/A | 38. |
| Holzen Motion | • N/A | 42. |

The Documents identified above and filed under seal contain Dropbox's highly confidential business information, for example including details concerning Dropbox's financial and technical information, which, if not kept under seal, would cause undue harm and prejudice to Dropbox. The full basis and reasoning stated in Dkt. 243 for filing documents identified therein under seal applies with full force to the above-identified documents that were inadvertently identified in and filed with Dkt. 244. The above-identified documents should remain under seal as identified in Exhibit A to this filing for at least the reasons outlined in Exhibit A as well as described below.

## I.   **LEGAL STANDARD**

Where a document is "more than tangentially related to the underlying cause of action," it may only be sealed for "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1099-102 (9th Cir. 2016). To seal records filed in connection with dispositive motions, the Ninth Circuit requires parties to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). "Compelling reasons" for sealing "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

"Trade secrets" that are protectable from public disclosure "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 F. App'x 568, 569-70 (9th Cir. 2008).  Indeed, compelling reasons for sealing may include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *see also In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports…") (citation omitted).

## II.    THERE ARE COMPELLING REASONS TO SEAL LIMITED REDACTIONS TAILORED TO DROPBOX'S CONFIDENTIAL INFORMATION

The Parties recognize the importance of public access to court records and have revised their proposed redactions to reflect genuinely sensitive information per the Court's Order (Dkt. 317).

Dropbox revised its requested redactions to fall within limited categories of confidential non-public information.  These categories include: (1) technical information regarding Dropbox's products, source code, design details, operation of features, and similar highly confidential details; (2) confidential business information, such as Dropbox's internal business operations, financial information, product pricing, marketing research and strategy, pricing analyses, payment terms, revenues, research and development activities, and other sensitive metrics; (3) licensing information, valuations, royalty rates, and terms; and (4) employee identifying information.

### A.  Technical Information

Compelling reasons exist to seal tailored redactions of Dropbox's non-public technical information because maintaining the confidentiality on Dropbox's design and operation of the Accused Products is critical to Dropbox's business.  Disclosure of this information would place Dropbox at a competitive disadvantage in its business dealings and future product development as competitors would be able to incorporate that information into their own development strategies and harm Dropbox's competitive standing to the benefit of its competitors.  Dropbox hosts a large amount of sensitive and highly confidential information, and maintaining the security and privacy of this information is of the utmost

importance to Dropbox and its customers.  The technical information Dropbox seeks to seal relates to the inner-workings of Dropbox's products, including the synching and storage of files.  Therefore, disclosure of this technical information would cause serious security concerns related to Dropbox's secure storage of sensitive information.  Courts in this District have ruled that such technical information, including proprietary source code, is sealable.  *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2023 WL 9187384, at * 3 (N.D. Cal. Aug. 21, 2023) (finding compelling reasons to seal portions of expert report on damages that included confidential technical information regarding the design and operation of defendant's products); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2016 WL 7911651, at *1-4 (N.D. Cal. Apr. 6, 2016) (finding compelling reasons to seal documents disclosing confidential information about the identification, organization and operation of defendants' products, including technical information, source code, and internal company documents, as disclosure of such information could assist competitors in recreating features of defendants' products); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No, 10-3724, 2014 WL 6664621, at *1 (N.D. Cal. Nov. 24, 2014) (finding compelling reasons to seal "proprietary literature describing the structure, configuration, and operation of the Sun Ethernet technology"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-01846, 2012 WL 3283478, at *14 (N.D. Cal. Aug. 9, 2012) (sealing source code, product specification, and detailed design description identifying functions, input and output variables, and data structures used by each module, as trade secrets), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013).

The portions of Exhibit A identifying redactions with technical information to be sealed in a document are narrowly tailored to confidential information regarding the design and operation of Dropbox's products, including proprietary source code.

## B.  Confidential Business Information

Compelling reasons also exist to seal tailored redactions of Dropbox's confidential business information.  Maintaining the confidentiality of Dropbox's internal operations, financial information, product pricing, marketing research and strategy, pricing analyses, research and development activity, and user metrics is critical to Dropbox's business.  Disclosure of such information would provide competitors unfair insight into Dropbox's business strategies.  Courts in this District have routinely sealed a party's non-public, confidential business information.  *See, e.g.*, *VLSI Tech. LLC,* 2023 WL 9187384, at *3 (finding

compelling reasons to seal highly confidential financial information, including product price, sales volumes, billing and pricing records, and strategy and pricing decisions); *Unlockd Media, Inc. Liquidation Trust,* No. 21-cv-07250, 2023 WL 2600464, at *1 (N.D. Cal. Mar. 21, 2023) (finding compelling reasons to seal average revenue per user and projection of future revenue); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting motion to seal for redactions tailored to confidential and proprietary business, sales and licensing information, customer identities, financial performance and company strategy); *Keirsey v. eBay, Inc.*, No. 12-cv-01200, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (finding number of users and amounts of optional fees they paid to be information that is sealable). Courts have also determined market research reports and surveys measuring how customers value certain features were sealable. *See, e.g., Apple Inc.*, 727 F.3d at 1228 (holding district court abused its discretion in refusing to seal Apple's market research documents and surveys reporting its consumers' usage habits, buying preferences, and demographics); *LeGrand v. Abbott Lab'ies,* No. 22-cv-05815, 2025 WL 1939871, at *6 (N.D. Cal. July 15, 2025) (finding compelling reasons to seal documents revealing business strategy related to marketing and pricing products, internal marketing research and analysis, confidential financial data, and marketing studies and survey results).

The portions of Exhibit A identifying redactions with confidential business information to be sealed in a document are narrowly tailored to non-public information regarding Dropbox's internal operations, finances, and strategy.

### C. Licensing and Damages Information

Maintaining the confidentiality of Dropbox's licensing information is also critical to its business. Disclosure of confidential details regarding Dropbox's financial decisions and licensing agreements would provide competitors and potential counterparties with unfair insight into Dropbox's business and licensing strategy. Courts in this District have found compelling reasons to seal a party's non-public licensing information, such as royalty rates, valuations, and licensing terms. *See, e.g.*, *Electronic Arts*, 298 F' Appx. at 569 (finding pricing terms, royalty rates, and guaranteed minimum payment terms in a license agreement were trade secrets that warranted sealing); *VLSI Tech. LLC*, 2023 WL 6317799, at *3-4 (finding compelling reasons to seal highly confidential information concerning damages theories, licensing efforts and history,

scope of license agreements, royalty rates and specific details regarding terms of party's licensing agreements).

Dropbox also respectfully requests to seal details regarding damages figures. The disclosure of such information would be detrimental to Dropbox because it is based on and reveals confidential information such as pricing terms, royalty rates, and payment terms from the above-mentioned licenses. Courts in this District have allowed damages figures to be sealed. *See, e.g.*, *Microsoft Corp. v. Hon Hai Precision Indus. Co., Ltd.*, No. 19-cv-01279, 2020 WL4901610, at *2 (N.D. Cal. Aug. 20, 2020) (sealing portion of summary judgment motion "recit[ing] damages figure based on royalty rates and pricing terms" because "[p]ricing terms, royalty rates, and guaranteed minimum payment terms" of patent licensing agreements have been deemed sealable trade secrets.") (citing *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626, 2021 WL 12171875, at *7 (N.D. Cal. June 24, 2021) (sealing excerpts from *Daubert* motion containing revenue and damages).

The portions of Exhibit A identifying redactions with licensing and damages information to be sealed in a document are narrowly tailored to non-public information regarding Dropbox's licensing practices and agreements and damages figures that are based on the same.

### D. Employee Email Addresses

Certain exhibits sought to be sealed contain information disclosing Dropbox's employees by name and may also include other identifying information, such as email addresses. There are compelling reasons to seal this information, as disclosure would infringe on these employees' individual privacy rights. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally identifiable information of current and former employees, including their email addresses and telephone numbers); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672, 2016 WL 11807130, at 2 (N.D. Cal. Aug. 24, 2016) (sealing names, job titles, and other identifying information of non-party employees as disclosure would infringe on their privacy rights).

The portions of Exhibit A identifying redactions with employee personally identifiable information in a document are narrowly tailored to current and former employees' email addresses.

**E.  Customer Personal Identifiable and Business Information**

Certain exhibits sought to be sealed contain information disclosing customers' identifiable information such as names, email addresses, and physical addresses.  Dropbox respectfully requests narrowly tailored redactions aimed at this personal identifiable information and Courts have routinely granted such limited redactions.  *See, e.g., Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (granting motion to seal "confidential Google customer information because disclosure would undermine customers' trust in Google, which is vital to Google's commercial success."); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting sealing of exhibit in part containing "identification of JFM's customers and their employees" because redactions were "narrowly tailored to prevent specific identification of customers and employees, while opening to the public specific details on Johnstech's communications with them."); *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586-JSC, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (granting motion to seal "customer names, email addresses, or physical addresses, and employee email addresses.").

Dropbox also requests limited redactions to customers' specific use of Dropbox's products. There are compelling reasons to seal this information as disclosure of such information is not publicly available and could be used to gain an unfair advantage in competition with Dropbox.  *See, e.g.*, *Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023) (granting motion to seal "identities of its partners and customers" because "[t]his kind of business and customer-specific information, if available to competitors who otherwise would not have access to or be able to use such information, could be used to undercut Apex.AI and deprive it of an opportunity to be competitive in its relevant market."); *Johnstech*, 2016 WL 4091388, at *2 (granting motion to seal  "product-specific customer data that could be used to the company's competitive disadvantage").

The portions of Exhibit A identifying redactions with customer information in a document are narrowly tailored to customers' names, email addresses, physical addresses, and confidential specific use of Dropbox's products.

III.    **ENTANGLED MEDIA'S CONFIDENTIAL INFORMATION**

Entangled Media seeks limited redactions within just two documents, for substantially the same reasons set forth above in sections II.D and II.E.

With respect to Exhibit 41 of Exhibit A, the limited redacted portions from Entangled Media's Survey Expert Dr. Savage's deposition transcript contain his confidential and sensitive personal annual salary information from his academic position and from consulting work performed outside the nine-month academic year, none of which relates to work Dr. Savage performed on this litigation, which has separately been provided to Dropbox. Such salary details are confidential, should not be made publicly available and are not related to the merits of the case or any disputed issue. Disclosure would infringe on Dr. Savage's individual privacy rights.  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC,* No. 19-cv-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally identifiable information of current and former employees, including their email addresses and telephone numbers); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672, 2016 WL 11807130, at 2 (N.D. Cal. Aug. 24, 2016) (sealing names, job titles, and other identifying information of non-party employees as disclosure would infringe on their privacy rights); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (granting motion to seal "confidential Google customer information because disclosure would undermine customers' trust in Google, which is vital to Google's commercial success.")

The remaining/second document with limited redactions constitutes Entangled Media's Privilege Log at Ex. 49 of Exhibit A. The limited redactions include the names and private email contact information of a litigation funding placement agent and a litigation funding consultant, whose identities are not publicly known to be associated with Entangled Media or this instant litigation.  Entangled Media has already disclosed to the public the identity of the litigation funder itself, which is not associated with the litigation funding placement agent and funding consultant. Further, the redacted information has been provided to Dropbox in unredacted form. Their identities and private email contact information should not be made publicly available and are not related to the merits of the case or any disputed issue.  Additionally, the names of certain investors in Entangled Media have been unredacted, but their private email contact information remains redacted due to privacy concerns. Disclosure would infringe on these persons'

individual privacy rights. *See supra. See also, Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting sealing of exhibit in part containing "identification of JFM's customers and their employees" because redactions were "narrowly tailored to prevent specific identification of customers and employees, while opening to the public specific details on Johnstech's communications with them.").

Dated: August 25, 2025

Respectfully submitted,

/s/ *Alexander E. Gasser*
John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4545
jlord@skiermontderby.com

Paul J. Skiermont (TX Bar No. 24033073)
(*Pro Hac Vice*)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (TX Bar No. 24071516)
(*Pro Hac Vice*)
Alexander E. Gasser (WI Bar No. 24033073)
(*Pro Hac Vice*)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
Entangled Media, LLC

/s/ *Michael J. Lyons*
Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: +1.650.843.4000

Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: +1.312.324.1000

Elena DiMuzio (SBN 239953)
edimuzio@hycounsel.com
Hawkinson Yang LLP
8033 W. Sunset Blvd. #3300
Los Angeles, CA 90046
Telephone: (213) 636-1976
Facsimile: (213) 260-9305

*Attorneys for Defendant*
Dropbox, Inc.

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

/s/ Michael J. Lyons
Michael J. Lyons

## **CERTIFICATE OF SERVICE BY ELECTRONIC MAIL**

    I hereby certify that on August 25, 2025, CONSOLIDATED MOTION TO FILE UNDER SEAL PURSUANT TO ORDER DKT. NOS. 296, 317 AND THE EXHIBITS THERETO FILED AUGUST 25, 2025 were served by electronic mail on all counsel of record who have appeared in this case.

                    /s/ Michael J. Lyons
                    Michael J. Lyons