John E. Lord (SBN 216111)
SKIERMONT DERBY LLP
633 W. Fifth Street, Suite 5800
Los Angeles, CA 90071
Phone: (213) 788-4500
Fax: (213) 788-4545
jlord@skiermontderby.com

Paul J. Skiermont (TX Bar No. 24033073)
(*Pro Hac Vice*)
Jaime K. Olin (SBN 243139)
Ryan A. Hargrave (TX Bar No. 24071516)
(*Pro Hac Vice*)
Alexander E. Gasser (WI Bar No. 24033073)
(*Pro Hac Vice*)
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
jolin@skiermontderby.com
rhargrave@skiermontderby.com
agasser@skiermontderby.com

*Attorneys for Plaintiff*
Entangled Media, LLC

Michael J. Lyons, Bar No. 202284
michael.lyons@morganlewis.com
Austin L. Zuck, Bar No. 318434
austin.zuck@morganlewis.com
Katerina Hora Jacobson, Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: +1.650.843.4000

Karon N. Fowler, Bar No. 308145
karon.fowler@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: +1.312.324.1000

*Attorneys for Defendant*
Dropbox, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DROPBOX, INC.,<br><br>    Defendant. | C.A. No. 5:23-cv-03264-PCP-VKD<br><br>**JOINT STATEMENT REGARDING TRIAL AVAILABILITY OF THE PARTIES**<br><br>Judge: Hon. P. Casey Pitts |

Pursuant to the Court's Order (Dkt. No. 323) in advance of the Trial Setting Conference on September 9, 2025, Plaintiff Entangled Media LLC and Defendant Dropbox, Inc. submit this joint statement of trial availability that includes (1) the dates on which each party is available for trial during March, April, and May 2026, (2) the dates on which the parties' respective availabilities overlap, and (3) the number of hours the parties estimate they will need for trial.

The parties met and conferred on these issues on September 3, 2025. Each side has made a good faith effort to ascertain witness, expert, and counsel availability. The parties submit the following that summarizes the requested information.

**I. Trial Availability**

Entangled Media's witnesses, experts, and counsel have availability on the following dates for trial:

- March 2-27
- April 20-24
- May – no availability

Dropbox's witnesses, experts, and counsel have availability on the following dates for trial:

- March 16-20 and March 23-27
- April 27-May 1
- May 25-May 29

**II. Overlapping Availabilities**

The parties have overlap trial availability on the following dates:

- March 16-March 27, 2026.

**III. Estimated Hours for Trial**

Entangled Media proposes 12 hours per side (24 hours total) for all issues, exclusive of jury selection.

Dropbox proposes 15 hours per side (excluding jury selection) to address Entangled Media's claims and Dropbox's defenses, except for its inequitable conduct defense. Dropbox proposes 5 hours per side to address its inequitable conduct defense, in the event that the Court does not permit testimony from the jury trial to be re-used for the inequitable conduct portion of the case. If testimony from the jury trial can be used for the inequitable conduct portion of the case, Dropbox proposes 3 hours per side.

**IV. Miscellaneous**

<u>Entangled Media</u>

Entangled Media requests the Court to order the parties to follow a framework to narrow issues for trial. Currently, Dropbox's expert report on invalidity for the '338 patent raises ten separate obviousness combinations (seven combinations alone for claim 1) and seven separate claim terms for multiple enablement, indefiniteness, and written description defenses. *See* Dkt. No. 204 at 4-5. Entangled Media proposes that the parties agree that within ten days after issuance of the Court's Order on the pending *Daubert* and motions to strike, the parties meet and confer to narrow Dropbox's prior art invalidity theories and non-prior art invalidity theories to a manageable number for trial. The parties can also meet and confer to limit the number of Entangled Media's asserted claims (currently at five claims).

If the parties cannot reach agreement, the parties can raise this issue to the Court within seven days after the meet and confer, or in the Joint Pretrial Statement.

<u>Dropbox</u>

Dropbox objects to Entangled Media's inclusion of this "Miscellaneous" section, which is improper as outside the scope of the ordered joint statement. *See* Dkt. 323 ("The joint statement shall identify dates on which each party is available for trial during the months of March, April, and May 2026; the dates on which the parties' respective availabilities overlap; and the number of hours the parties estimate they will need to complete trial.").

Nevertheless, Entangled Media's proposal is unnecessary, premature, inefficient. **First**, when the parties met and conferred, Entangled Media would not commit to narrowing the number of asserted claims for trial. Entangled Media's suggestion that "the parties meet and confer to narrow Dropbox's prior art invalidity theories and non-prior art invalidity theories to a manageable number for trial" without agreeing to narrow its number of asserted claims creates a one-sided and unfair situation—namely, Dropbox would be required to narrow its invalidity theories and defenses without knowing against which specific patent claims it needs to defend. *See, e.g.*, 2024-12-10 Hearing Tr. at 10:16-11 (COURT: "I don't believe any of my colleagues right now have expressed limits as set forth at least that apply to these cases and – and I'm concerned about, you know, imposing a limit that doesn't have

a basis and the particularities to this case – the particularities, the patents – the two patents at issue, the claims that are at issue, the number of claims so that is a point of concern to me."), 16:6-11 (COURT: "As you have noted, our court chose not to impose such limits under our patent local rules and I haven't done so in my standing orders.  And, you know, in looking at the status report, it does seem a bit we're sort of picking numbers out of thin air rather than grounding that in the claims that are at issue here.").

*Second*, and as previously explained (Dkt. 204 at 6), Dropbox will provide its final trial defenses in the pretrial order submission and, if the Court believes more defenses are being asserted than can reasonably be pursued at trial, the Court can address any further narrowing at that time.  *See* 2024-12-10 Hearing Tr. at 16:24-17:7 ("I do think that, you know, if we remain here and we're on trial and we still have – we have a case that's clearly untirable in terms of invalidity contentions, that's probably the best time for that to be approached and that will be at that point, you know, I will have to seen, presumably – I expect we'll get some dispositive motions here so I will be in a better situation to sort of make a more educated determination about what we can really decently try in his issue.").

In any event, Dropbox will comply with any time limitations imposed at trial when presenting its defenses, so Entangled Media's request at this point is unnecessary, premature, inefficient.  Dropbox is willing and able to discuss this further during the Trial Setting Conference upon the Court's request.

| | |
|---|---|
| Dated: September 4, 2025 | Respectfully submitted, |
| /s/ *John E. Lord* | /s/ *Michael J. Lyons* |
| John E. Lord (SBN 216111) | Michael J. Lyons, Bar No. 202284 |
| SKIERMONT DERBY LLP | michael.lyons@morganlewis.com |
| 633 W. Fifth Street, Suite 5800 | Austin L. Zuck, Bar No. 318434 |
| Los Angeles, CA 90071 | austin.zuck@morganlewis.com |
| Phone: (213) 788-4500 | Katerina Hora Jacobson, Bar No. 342384 |
| Fax: (213) 788-4545 | katerina.horajacobson@morganlewis.com |
| jlord@skiermontderby.com | MORGAN LEWIS & BOCKIUS LLP |
| | 1400 Page Mill Road |
| Paul J. Skiermont (TX Bar No. 24033073) | Palo Alto, CA 94304 |
| (*Pro Hac Vice*) | Telephone: +1.650.843.4000 |
| Jaime K. Olin (SBN 243139) | |
| Ryan A. Hargrave (TX Bar No. 24071516) | Karon N. Fowler, Bar No. 308145 |
| (*Pro Hac Vice*) | karon.fowler@morganlewis.com |
| Alexander E. Gasser (WI Bar No. 24033073) | MORGAN LEWIS & BOCKIUS LLP |
| (*Pro Hac Vice*) | 110 North Wacker Drive |
| SKIERMONT DERBY LLP | Chicago, IL 60606 |
| 1601 Elm Street, Suite 4400 | Telephone: +1.312.324.1000 |
| Dallas, TX 75201 | |
| Phone: (214) 978-6600 | |
| Fax: (214) 978-6601 | *Attorneys for Defendant* |
| pskiermont@skiermontderby.com | Dropbox, Inc. |
| jolin@skiermontderby.com | |
| rhargrave@skiermontderby.com | |
| agasser@skiermontderby.com | |
| | |
| *Attorneys for Plaintiff* | |
| Entangled Media, LLC | |

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

/s/ *John E. Lord*