UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>DROPBOX INC.,<br><br>       Defendant. | Case No.  5:23-cv-03264-PCP<br><br>**SEALING ORDER**<br>Re: Dkt. No. 354 |

This order addresses a series of sealing motions submitted by both Entangled Media and Dropbox regarding expert testimony. After the Court ruled on the admissibility of the experts and their reports, it ordered the parties to submit a joint motion consolidating any sealing requests still pending. Dkt. No. 351. For the following reasons, the consolidated motion, which neither party contests in any part, is GRANTED.

### LEGAL STANDARD

The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

To overcome this strong presumption, a party who wishes to seal a court record must generally "articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–99. Civil Local Rules 79-5(c)(1) and 79-5(f)(3) require the party seeking to seal to provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

**ANALYSIS**

## I.    Dropbox's Request

Dropbox seeks to redact more than thirty documents. It categorizes its requests under four broad umbrellas: (1) technical information regarding Dropbox's products, source code, and similar details; (2) confidential business information regarding Dropbox's product pricing, market research and strategy, pricing analyses, revenues, and other similar details; (3) licensing information, valuations, royalty rates, and terms; and (4) employee and customer identifying information.

The Court finds that compelling reasons support Dropbox's proposed redactions. Most of the information Dropbox seeks to redact consists of sensitive business and financial information, which if revealed might "harm [Dropbox's] competitive standing." *Warner Commc'ns, Inc.*, 435 U.S. at 598; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (overturning a district court's denial of a sealing motion and noting that "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a licensing agreement were plainly "trade secrets"); *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2024 WL 1548481, at *4 (N.D. Cal. Apr. 8, 2024) (granting a sealing motion for information that "reflects proprietary financial analysis methods"). The request to seal the exhibits is also narrowly tailored, limited only to specific details such as individual product pricing, design choices, and market research. Very few of these details would aid the public's understanding of the judicial process. As for the small

2

United States District Court
Northern District of California

United States District Court
Northern District of California

subset of details that are relevant, Dropbox's interest in keeping those records secret outweighs the interests of the public. *Ctr. for Auto Safety*, 809 F.3d at 1096–97.

Dropbox's request to seal identifying information—while unrelated to its competitive standing—is equally compelling. *See Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information "including names, addresses, phone numbers, and email addresses"). Because the identifying information—including bank account numbers, private email addresses, home addresses, and names and titles of individuals and companies not publicly known to have any connection with Entangled Media—is "unrelated to the merits of the case," Dropbox need only meet the lower "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1097. Dropbox's interest in protecting that private information outweighs any public interest.

While the Court is reluctant to wholesale seal documents, *see* Civ. L. R. 79-5(f)(6), Dropbox provides compelling reasons to seal, in their entirety, documents that comprise Dropbox's source code, financial details regarding its revenue and paying users, financial details regarding its incremental expenses, and details of what plans its paying users purchase. These are not blanket requests but, instead, tailored requests to seal documents that contain only these sensitive details and no extraneous information.

Dropbox's sealing requests are therefore granted.

## II.    Entangled Media's Request

Entangled Media seeks limited redactions, all related to its litigation funding agreement. That same agreement was subject to redactions by the magistrate judge handling discovery in this matter. Entangled Media now seeks to maintain those redactions, along with redacting additional provisions regarding detailed payment arrangements for litigation purposes. They also seek to redact identifying information contained within the agreement, including bank account numbers, email addresses, and home addresses. Entangled Media limits its requests to redacting three documents: the agreement itself, Dropbox's opening brief regarding standing, and Entangled Media's reply brief.

"Only in rare circumstances should a party seek to file portions of a ... brief under seal."

Civ. L.R. 79-5(e); *but cf. HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, No. 22-CV-04109-TSH, 2022 WL 16637988, at *2 (N.D. Cal. Nov. 2, 2022) (finding compelling reasons for sealing portions of briefing describing the contents of a litigation funding agreement). The documents, if not sealed, would divulge confidential business and financial information. While the information is at least tangentially related to the public's understanding of the judicial proceedings in this action—as Dropbox challenged Entangled Media's standing in part because of the details contained in the funding agreement—the Court found that argument to be unpersuasive. Dkt. 317. The information in the briefings that Entangled Media seeks to seal is narrowly tailored and was not relied upon by the Court when it ruled on the matter. Because the agreement contains confidential business and financial information, the court finds that the public's interest in disclosure is outweighed by compelling reasons to seal.

The remaining redactions are to discovery materials that the magistrate judge previously reviewed *in camera* and withheld from Dropbox, reasoning that the redacted portions could "be easily segregated from the relevant portions" as they had "nothing to do with the [standing issue] itself." This Court agrees with the magistrate judge's determination that the information under seal is irrelevant to any disputed issue in the litigation. Entangled Media's interest in preserving the privacy of its litigation funding agreement outweighs whatever slight interest the public may have in the materials. Good cause exists to seal this information.

## CONCLUSION

For the reasons described herein, the parties' motion is GRANTED.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
P. Casey Pitts
United States District Judge