Anton "Tony" Handal (SBN 113812)
thandal@munckwilson.com
John E. Lord (SBN 216111)
jlord@munckwilson.com
Brent J. Lehman (SBN 282149)
blehman@munckwilson.com
Georgiana A. Nikias (SBN 283718)
gnikias@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 855-3311
Facsimile: (972) 628-3616

Alexander D. Jablonski (*Pro Hac Vice*)
ajablonski@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: (972) 628-3600

*Attorneys for Plaintiff*, Entangled Media, LLC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ENTANGLED MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DROPBOX, INC.,<br><br>Defendant. | C.A. No. 5:23-cv-03264-PCP<br><br>**PLAINTIFF ENTANGLED MEDIA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND STAY**<br><br>Judge: Hon. P. Casey Pitts |

**ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND STAY**

Plaintiff Entangled Media, LLC ("Entangled") respectfully moves for leave to file a motion for reconsideration of the Court's August 24, 2026 Order granting Defendant Dropbox's case-dispositive "limited pretrial motion" on prosecution history estoppel (the "PHE Order") (Dkt. No. 422). The PHE Order effectively terminated Entangled's patent infringement claims against Dropbox. Courts are particularly willing to grant reconsideration of orders that dispose of entire cases where new evidence is available. Attached as Exhibit A to this Motion for Leave is Entangled's Proposed Motion for Reconsideration and Stay, with the accompanying declarations and exhibits.

The PHE Order resolved genuinely disputed factual questions as a matter of law without providing Entangled the adequate opportunity to present expert testimony that must be afforded under Federal Rules of Civil Procedure 56 and/or 50. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997). Entangled was denied due process because it had no opportunity to marshal its evidence to respond to Dropbox's case dispositive motion. Through the reconsideration motion, Entangled can now present expert reports that raise factual disputes and address the estoppel issues it could not address previously.

Entangled meets the standards under Local Rule 7-9. Dropbox also cannot argue prejudice for granting leave, which will allow Entangled to present a full record. It is Dropbox that (1) raised this issue less than one month before trial (without any explanation for the delay); (2) requested expedited briefing that provided Entangled with a four business day response time; (3) caused Entangled to address significant procedural and substantive issues on a record that had not been fully developed; and (4) belatedly challenged a doctrine of equivalents claim that Dropbox had already moved for summary judgment on eighteen months earlier. Dropbox engaged in a classic ambush strategy. Entangled was thus presented with a disproportionate burden, without the ability to marshal its evidence, on a case-dispositive issue, for which Dropbox cannot now complain.

Entangled's motion for leave should be granted, and the Court should set a briefing schedule for the attached motion for reconsideration and stay of the PHE Order.

## I. BACKGROUND

Entangled sued Dropbox for patent infringement on December 16, 2022. Dkt. No. 1.

On the eve of trial, nearly eighteen months after the dispositive relief deadline (*see* Dkt. No. 232 at 3), Dropbox filed a motion arguing that prosecution history estoppel bars Entangled's doctrine of equivalents infringement claim. Dkt. No. 398-6 (the "PHE Motion"). Dropbox provided no reason for its delay in raising the issue, nor did it explain why it could not have filed its motion earlier in the week, month, or year. *Id.* at 1. Dropbox sought resolution of that issue based on the prosecution history and the existing record. *Id.*

The Court immediately granted leave and provided Entangled with four business days to file a response, which Entangled timely filed. Dkt. Nos. 399 and 408. Dropbox's motion presented a new issue that had not been developed by either side, and which required expert testimony on the underlying factual issues. Dkt. No. 408. Although Entangled's technical experts Drs. Edwards and Bang had been retained, the development of their opinions on the specific prosecution history issues the Court resolved—including the detailed technical analysis set forth in their accompanying declarations—required substantially more time than the four-day briefing window permitted, especially considering Dropbox had raised a new argument that had not been developed by either side, and one that this Court found that Dropbox had "ambiguously" disclosed in its discovery responses. PHE Order at 7. On August 24, 2026, the Court granted Dropbox's motion. In doing so, the Court resolved genuinely disputed factual questions as a matter of law—most importantly, whether a person of ordinary skill in the art would understand certain claim amendments in the prosecution history to surrender the equivalents underlying Entangled's infringement theory regarding the "indistinguishability to the user" term found in claim 1 of the '338 patent.

The PHE Motion was intended to seek case-dispositive relief. The PHE Order provided that – it is case dispositive. It terminates Entangled's patent infringement claims against Dropbox (under the Court's current claim construction), resulting in the Court vacating the upcoming trial date. Reconsideration is vital to ensure that the case is resolved on a complete record.

## II. <u>SUMMARY OF ARGUMENT</u>

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order[.]" To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. *See* Local Rule 7-9(b)(1)-(3).

As set forth below, Entangled satisfies Local Rule 7-9(b)(1) because there is "a material difference in fact … [that] exists from that which was presented to the Court" before the PHE Order. The PHE Order allowed Dropbox to "bypass[] the process established" by Fed. R. Civ. P. 56 to provide adequate "notice in order that the nonmovant may marshal his or her evidence to show that there is a genuine issue of material fact." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("the requirement [is that] sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition') to the motion"); *cf. In re Blixseth*, 2012 WL 3234205, at *14 (B.A.P. 9th Cir. Aug. 9, 2012) ("[S]ince there was no 'formal' motion for summary judgment, [nonmovant] was under 'no formal compulsion to marshal all the evidence in support of [its] claims"). While the Court determined that Dropbox's prosecution history estoppel defense did not require the Court to resolve any factual issues, multiple disputes of material fact preclude a finding estoppel of the accused visual file icon equivalents:

(1) What "images" and "identifiers" mean in the Ben-Shaul reference;

(2) Whether any references cited by the Examiner disclose a file system where local and virtual files have visually distinguishing elements to the user;

(3) The applicant's reason and rational for the July 20, 2012, amendment; and

(4) Whether the accused equivalents of visual file icons were foreseeable.

The PHE Order resolved these genuinely disputed factual questions as a matter of law without providing Entangled an adequate opportunity to present expert testimony. Unlike other legal issues, prosecution history estoppel "is to be determined" by summary judgment or a motion for judgment as a matter of law. *Warner-Jenkinson Co.,* 520 U.S. 17, at n.8 ("the various legal limitations on the application of the doctrine of equivalents" such as prosecution history estoppel "*are to be determined*

by the court, *either on a pretrial motion for partial summary judgment* or on a motion for judgment as a matter of law *at the close of the evidence* and after the jury verdict") (emphasis added). Here, Entangled was deprived of an opportunity to be fully heard with the ordinary procedural safeguards for such dispositive relief, including the built-in response period of at least fourteen days to marshal its evidence to properly respond to the motion.

Entangled now has expert testimony that supplies facts directly addressing the underlying factual questions and establishing that material factual disputes exist. Accordingly, resolution as a matter of law is not available at this juncture. *See McSherry v. City of Long Beach*, 423 F.3d 1015, 1021 (9th Cir. 2005) (reversing pretrial "judgment as a matter of law" where "material issues of fact exist" and nonmovant thus was deprived of "an opportunity to be fully heard"); *cf. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co*., 344 F.3d 1359, 1369-70 (Fed. Cir. 2003) (prosecution history estoppel may depend on "testimony from those skilled in the art as to the interpretation of that record" and on "underlying factual issues relating to, for example, the state of the art and the understanding of a hypothetical person of ordinary skill in the art at the time of the amendment").

Alternatively, reconsideration is warranted under Rule 7-9(b)(3) because the PHE Order failed to consider material facts and dispositive arguments presented in opposition to Dropbox's motion.

Finally, Entangled acted with reasonable diligence and requests a stay pending resolution of the proposed motion for reconsideration. Given the truncated opposition window—coupled with Dropbox's failure to raise this affirmative defense on a proper dispositive motion, with attendant procedural safeguards—Entangled has been deprived of a meaningful opportunity to "develop 'facts essential to justify'" its opposition to the motion—and, in fact, "was under 'no formal compulsion to marshal all the evidence in support of [its] claims.'" *Blixseth*, 2012 WL 3234205, at *14; *Portland Retail*, 662 F.2d at 645.[1] It should be given an adequate opportunity to do so now.

## III. <u>RECONSIDERATION IS APPROPRIATE UNDER LOCAL RULE 7-9(b)(1)</u>

Under Local Rule 7-9(b)(1), a party seeking leave to file a motion for reconsideration must show:

---

[1] This includes any notice period after Entangled's receipt of Dropbox's PHE Motion attached to the motion for leave.

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

Local Rule 7-9(b)(1). Courts in this District will withdraw its factual findings and grant reconsideration when declaratory evidence establishes "a disputed question of material fact." *Rodriguez v. Barrita, Inc.*, 2012 WL 2308069, at *1 (N.D. Cal. June 18, 2012); *see also In re Apple Inc. Device Performance Litig.*, 386 F.Supp.3d 1155, 1169-70 (N.D. Cal. 2019).

For prosecution history estoppel, "[t]he question is what a person of ordinary skill would understand the patentee to have disclaimed during prosecution." *Tech. Props. Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1359 (Fed. Cir. 2017); *see also Altera Corp. v. Xilinx, Inc.*, 1994 WL 685484, at *2-3 (N.D. Cal. Dec. 6, 1994) (denying summary judgment when "factual disputes … [as to] the existence of prosecution history estoppel" existed based on "conflicting [expert] testimony … as to [patentee]'s basis for distinguishing the [prior art] patent"); *cf. Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 476 F.Supp.2d 1143, 1152 (N.D. Cal. 2007) (denying summary judgment because of "a disputed issue of fact as to whether O2 Micro's amendment b[ore] only a tangential relationship to the equivalents at issue").

The limited opposition window of four business days to respond to Dropbox's PHE Motion did not allow Entangled to develop this necessary record. Thus, at the time the parties briefed Dropbox's PHE motion, the record did not include expert testimony addressing the technical factual questions the Court ultimately resolved. *See* Dkt. Nos. 398-6 and 408. The declarations of Drs. Edwards and Bang, submitted in support of the proposed motion for reconsideration, present new and developed facts demonstrating that a person of the ordinary skill in the art would not understand the prosecution history to surrender the accused Dropbox visual file icons equivalent. This newly developed testimony directly contradicts the factual basis of the PHE Order and demonstrates that the prosecution history cannot be treated as an unambiguous surrender without resolving disputed technical questions.

This newly available expert testimony constitutes a "material difference in fact" under Local Rule 7-9(b)(1). Whether a person of ordinary skill in the art would understand particular claim amendments to surrender the accused functionality is a technical, fact-bound question quintessentially

within the province of expert testimony in patent cases. *Monolithic Power Sys., Inc.,* 476 F.Supp.2d at 1152; *Festo Corp.*, 344 F.3d at 1369-70. The Court resolved that question as a matter of law without an understanding of how one of skill in the art would interpret the intrinsic evidence, and the declarations supply evidence contradicting the factual premise of that ruling.

Entangled could not have presented this testimony earlier. The Court provided Entangled only four business days to oppose Dropbox's PHE Motion. Dkt. No. 399. That compressed timeframe was wholly insufficient to develop, finalize, and submit expert declarations addressing the technical factual questions on which the Court ultimately ruled, while also addressing procedural defects with the PHE Motion. Again, the development of Entangled's expert opinions on this issue required substantially more time than the four-day briefing window permitted, especially considering Dropbox had raised a new argument that had not been developed by either side, and one this Court found that Dropbox had "ambiguously" disclosed in its discovery responses. PHE Order at 7. Indeed, none of Dropbox's discovery disclosures stated it was seeking an estoppel defense based on the "indistinguishable" claim term, or any other identified claim term, leaving Entangled to guess which of the many amended claim terms Dropbox might later raise for its estoppel defense. *See* Dkt. No. 416.

Pretrial dispositive motions come with safeguards for a reason. These safeguards are designed to ensure that Dropbox is not allowed to "bypass[] the process established" by FRCP 56 to provide adequate "notice in order that the nonmovant may marshal his or her evidence to show that there is a genuine issue of material fact." *Bradley*, 913 F.2d at 1069 (3d Cir. 1990); *see also Portland Retail*, 662 F.2d at 645 ("the requirement [is that] sufficient time be afforded for discovery necessary to develop 'facts essential to justify (a party's) opposition') to the motion").[2]

In fact, "[s]ince there was no 'formal' motion for summary judgment, [Entangled] was under 'no formal compulsion to marshal all the evidence in support of [its] claims." *Blixseth*, 2012 WL 3234205, at *14, citing *Bradley*, 913 F.2d at 1069. This is why the Supreme Court requires prosecution history estoppel "to be determined by the court, *either on a pretrial motion for partial summary*

[2] Compare for example, the legal issue of claim construction which can be decided outside of Rules 56 and 50. Dropbox acknowledges its motion "does not seek to relitigate claim constructions." Dkt. No. 398 at 5.

*judgment or on a motion for judgment as a matter of law* at the close of the evidence and after the jury verdict").” *Warner-Jenkinson Co.*, 520 U.S. at 39 n.8 (emphasis added). Yet Entangled was denied these procedural safeguards here and, as such, could not develop the necessary evidence in time.

Indeed, Entangled Media is not aware of any case where the defense of prosecution history estoppel was addressed on a procedural motion similar to Dropbox's PHE Motion, outside of Rule 56, and even then on a compressed schedule. Notably, in the *Colibri* case cited by the Court, the *Colibri* district court addressed the issue based on both a summary judgment record and trial record. *Colibri Heart Valve LLC v. Medtronic CoreValue LLC,* 143 F.4th 1367, 1375-75 (Fed. Cir. July 18, 2025) (citing "Report and Recommendation on Summary Judgment" where "[t]he special master recommended that the court reject Medtronic's prosecution-history estoppel argument" and further providing that the parties went through a jury trial, after which Medtronic its motion for judgment as a matter of law that was at issue on appeal).

Cases should be decided on their merits on a full record, not on procedural gaps caused by compressed briefing schedules, particularly where, as here, the order at issue is case-dispositive.

## IV. ALTERNATIVELY, RECONSIDERATION IS WARRANTED UNDER LOCAL RULE 7-9(b)(3)

Under Local Rule 7-9(b)(3), reconsideration is proper where the court failed to consider material facts or dispositive legal arguments presented before the order. This provision applies where omitted matters bear directly on the ruling and could affect the result.

In its opposition to Dropbox's PHE Motion, Entangled argued that the prosecution history did not clearly and unmistakably surrender the accused Dropbox functionality and that genuine factual disputes precluded summary resolution. *See generally* Dkt. No. 408. Entangled specifically identified the need to assess how a person of ordinary skill in the art would understand the relevant claim amendments and prosecution history. *Id. see also* Dkt. No. 411 [hearing transcript], pp. 29:15-31:7.

The PHE Order did not address these arguments or explain why the factual disputes Entangled identified were not genuine. Nor did it explain why the disputed technical meaning of the claim amendments could be resolved without expert testimony. This omission constitutes a manifest failure to consider material facts and dispositive legal arguments presented before entry of the PHE Order. It

independently warrants leave to seek reconsideration under Local Rule 7-9(b)(3), especially because the omitted matters bear directly on a case-dispositive ruling.

Similarly, as a separate basis under Local Rule 7-9(b)(3), the Court failed to consider Entangled's legal argument that Dropbox waived the defense of prosecution history estoppel because it already sought summary judgment on Entangled's doctrine of equivalents claim regarding the "indistinguishable" term, and raised one equivalent defense (claim vitiation) but did not raise the other equivalent defense (prosecution history estoppel) regarding the same indistinguishable limitation. Dkt. No. 241. *See Netlist v. Samsung Elecs*, 2023 WL 6820683 at *3 (9th Cir. Oct 17, 2023) ("The district court correctly precluded Samsung from asserting at trial affirmative defenses of waiver, estoppel, and acquiescence. Samsung pleaded all three defenses in its answer, but did not raise them in response to Netlist's motion for partial summary judgment *or in its own motion for summary judgment*. Samsung therefore abandoned the defenses.") (emphasis added); *Marentes v. State Farm Mut. Auto. Ins. Co*., 224 F. Supp. 3d 891, 919 (N.D. Cal. 2016) ("Generally ... a partial response reflects a decision by a party's attorney to pursue some claims or defenses and to abandon others."); *HDMI Licensing Admin. v. Avalink*, 816 F.Supp.3d 1047, 1057 (N.D. Cal. Jan. 20, 2026) ("Availink abandoned the affirmative defenses to liability that it did not raise at summary judgment.").

## V. ENTANGLED MEDIA EXERCISED REASONABLE DILIGENCE IN BRINGING THE MOTION

Entangled's motion for leave should also be granted because Entangled exercised reasonable diligence in seeking reconsideration of the PHE Order. As courts in this District have recognized, "[r]reasonable diligence' in bringing a motion for leave to file a motion for reconsideration" pursuant to Local Rule 7-9(b) "requires the party seeking reconsideration to bring its motion expeditiously." *See Malcolm Drilling co. v. Davey Kent, Inc.*, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021) (finding that a party "exercised reasonable diligence in bringing its motion for leave [to file a motion for reconsideration] fewer than 10 days after" the court issued its order); *see also James v. Portfolio Recovery Assocs., LLC*, 2015 WL 13950262, at *1 (N.D. Cal. Apr. 8, 2015) (finding that plaintiff "acted with reasonable diligence" in moving for leave to file a motion for reconsideration pursuant to Local Rule 7-9(b) "21 days after the court entered its order")

Here, Entangled moved expeditiously and diligently in seeking leave to file a motion for reconsideration of the PHE Order, and is submitting this motion within one week of the PHE Order.

## VI. A STAY IS WARRANTED PENDING RESOLUTION OF THE MOTION FOR RECONSIDERATION

Courts have inherent authority to stay proceedings pending resolution of a motion for reconsideration. A stay is appropriate here to preserve the Court's ability to address the proposed motion before further proceedings or entry of judgment based on the PHE Order.

Entangled will suffer irreparable harm absent a stay. The PHE Order is case-dispositive and, if not reconsidered, will result in final judgment against Entangled on a contested factual question without expert input, effectively foreclosing Entangled's patent infringement claims before the relevant factual record is complete.

Dropbox will suffer no cognizable prejudice from a brief stay. Dropbox filed its motion at the last minute, on an expedited basis, which caused Entangled to only have four business days to oppose on a record that had not been developed, necessitating the need for this reconsideration motion. Dropbox cannot cry prejudice for an issue it created. Further, the case will proceed in due course regardless of the outcome of the motion for reconsideration, and a short pause will simply preserve the status quo while the Court determines whether the PHE Order should stand.

A stay will promote a merits-based resolution based on a full record and avoid the risk that a case-dispositive ruling rests on an incomplete record.

## VII. CONCLUSION

For the reasons set forth above, this Court should grant Entangled's leave to file its proposed motion for reconsideration and stay of the PHE Order. Entangled's motion for reconsideration is attached as Exhibit A, and the accompanying declarations and exhibits are filed herewith.

Entangled has shown a material difference in fact under Local Rule 7-9(b)(1) through the new and developed facts in the declarations of Drs. Edwards and Bang. Alternatively, leave is warranted under Local Rule 7-9(b)(3) because the PHE Order failed to consider material facts and dispositive legal arguments presented before entry of the order. A stay is warranted because the PHE Order is case-dispositive. Entangled faces irreparable harm if the PHE Order stands on an incomplete record. The

interest of justice favors resolving the disputed technical and factual questions on a complete evidentiary record, including the new and developed facts in the accompanying declarations, rather than allowing the PHE Order to terminate Entangled's patent infringement claims without a full record.

Dated: August 31, 2026

Respectfully submitted,

/s/ *John E. Lord*

Anton "Tony" N. Handal (SBN 113812)
thandal@munckwilson.com
John E. Lord (SBN 216111)
jlord@munckwilson.com
Brent J. Lehman (SBN 282149)
blehman@munckwilson.com
Georgiana A. Nikias (SBN 283718)
gnikias@munckwilson.com
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 855-3311
Facsimile: (972) 628-3616

Alexander D. Jablonski (*Pro Hac Vice*)
ajablonski@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: (972) 628-360
*Attorneys for Plaintiff* Entangled Media, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 31, 2026 to all counsel of record via the Court's CM/ECF system.

By: /s/ *John E. Lord*
John Lord