# EXHIBIT 1

8360240

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

*March 28, 2023*

**THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:**

**APPLICATION NUMBER:** ***12/774,231***
**FILING DATE:** ***May 05, 2010***
**PATENT NUMBER:** ***8296338***
**ISSUE DATE:** ***October 23, 2012***

Certified by

Kathi

Performing the Functions and Duties of the
Under Secretary of Commerce
for Intellectual Property
and Director of the United States
Patent and Trademark Office

PTO/SB/05 (08-08)
Approved for use through 06/30/2010. OMB 0651-0032
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY PATENT APPLICATION TRANSMITTAL

*(Only for new nonprovisional applications under 37 C.F.R. 1.53(b))*

| | |
|---|---|
| *Attorney Docket No.* | ENT0001-US |
| *First Inventor* | Erik CASO, et al. |
| *Title* | Method For a Cloud-Based Meta-File System to Virtually Unify Remote and Local Files Across a Range of Devices' Local File Systems |
| ~~*Express Mail Label No.*~~ | |

## APPLICATION ELEMENTS

*See MPEP chapter 600 concerning utility patent application contents.*

1. ☐ **Fee Transmittal Form (e.g., PTO/SB/17)**
   *(Submit an original and a duplicate for fee processing)*
2. ☒ **Applicant claims small entity status.**
   See 37 CFR 1.27.
3. ☒ **Specification** [*Total Pages* 20 ]
   Both the claims and abstract must start on a new page
   *(For information on the preferred arrangement, see MPEP 608.01(a))*
4. ☒ **Drawing(s)** (*35 U.S.C.113*) [*Total Sheets* 6 ]
5. **Oath or Declaration** [*Total Sheets* 3 ]
   a. ☒ Newly executed (original or copy)
   b. ☐ A copy from a prior application (37 CFR 1.63 (d))
   *(for a continuation/divisional with Box 18 completed)*
   i. ☐ DELETION OF INVENTOR(S)
   Signed statement attached deleting inventor(s) named in the prior application, see 37 CFR 1.63(d)(2) and 1.33(b).
6. ☐ **Application Data Sheet.** See 37 CFR 1.76
7. ☐ **CD-ROM or CD-R** in duplicate, large table or Computer Program *(Appendix)*
   ☐ Landscape Table on CD
8. **Nucleotide and/or Amino Acid Sequence Submission**
   *(if applicable, items a.-c. are required)*
   a. ☐ Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
   i. ☐ CD-ROM or CD-R (2 copies); or
   ii. ☐ Paper
   c. ☐ Statements verifying identity of above copies

*ADDRESS TO:* **Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450**

## ACCOMPANYING APPLICATIONS PARTS

9. ☒ **Assignment Papers** (cover sheet & document(s))
   Name of Assignee Entangled Media LLC
10. ☐ **37 C.F.R. 3.73(b) Statement** *(when there is an assignee)* ☐ **Power of Attorney**
11. ☐ **English Translation Document** *(if applicable)*
12. ☒ **Information Disclosure Statement** (PTO/SB/08 or PTO-1449)
   ☒ Copies of citations attached
13. ☐ **Preliminary Amendment**
14. ☐ **Return Receipt Postcard** (MPEP 503)
   *(Should be specifically itemized)*
15. ☐ **Certified Copy of Priority Document(s)**
   *(if foreign priority is claimed)*
16. ☐ **Nonpublication Request** under 35 U.S.C. 122(b)(2)(B)(i). Applicant must attach form PTO/SB/35 or equivalent.
17. ☒ Other: Filed Electronically

18. If a CONTINUING APPLICATION, *check appropriate box, and supply the requisite information below and in the first sentence of the specification following the title, or in an Application Data Sheet under 37 CFR 1.76:*
☐ Continuation ☐ Divisional ☐ Continuation-in-part (CIP) of prior application No: _____ / _____
*Prior application information:* *Examiner* _____ *Art Unit:* _____

## 19. CORRESPONDENCE ADDRESS

☒ The address associated with Customer Number **74877** *OR* ☐ Correspondence address below

| | | | | | |
|---|---|---|---|---|---|
| Name | | | | | |
| Address | | | | | |
| City | | State | | Zip Code | |
| Country | | Telephone | | Email | |

| | | | |
|---|---|---|---|
| Signature | /Dawn-Marie Bey - 44,442/ | Date | May 5, 2010 |
| Name (Print/Type) | Dawn-Marie Bey | Registration No. (Attorney/Agent) | 44,442 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Mail Stop Patent Application, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Claims:

1. A process for establishing a singular file system across multiple devices comprising:

receiving user information to open an account for establishing a singular file system across multiple devices via a web-based system that includes at least one server;

installing an individual software client on each of the multiple devices via the web-based system;

accepting registration of multiple devices via the web-based system;

scanning each of the multiple devices by each of the individual software clients to inventory data on each of the multiple devices and create a meta-index of the files for the inventoried data;

providing by the individual software clients via the multiple devices individual meta-indices of the inventoried data for each of the multiple devices to the at least one server;

integrating by the at least one server the individual meta-indices to create a single master meta-index;

providing by the at least one server the single master meta-index to each of the multiple devices via the individual software clients; and

continually updating the single master meta-index on the at least one server and each of the multiple devices in response to changes to the data indexed thereon.

2. The process according to claim 1 wherein the individual software clients vary according to the individual operating systems of each of the multiple devices.

3. The process according to claim 1 wherein registration of the multiple devices includes selection of categories of data for each of the multiple devices to be inventoried.

4. The process according to claim 3 wherein categories of data include documents, videos, pictures and music.

5. The process according to claim 1, wherein the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the meta-data by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device.

6. The process according to claim 5, wherein the individual software clients facilitate creation of a visual representation of the virtual files on a remote one of each of the multiple

devices that is indistinguishable from a visual representation of an actual file that is located on a local one of the multiple devices.

7. The process according to claim 1, wherein the meta-data includes at least information regarding file name, file type, file size, local path the file is stored in, date created, and date modified

8. A process for operating on files located on multiple devices using a singular file system comprising:

accepting a request to operate on a file at a first device, wherein the file is selected from the singular file system on the first device;

intercepting the request by a software client on the first device;

determining by the software client if the file is physically located on the first device or a second device, wherein a visual representation of the singular file system on the first device is identical to a visual representation of the singular file system on the second device;

if the file is physically located on a second device, requesting by the software client on the first device that a peer-to-peer connection be brokered by a server-based web service between the first device and the second device;

if the peer-to-peer connection is brokered, transferring the physical file from the second device to the first device; and

performing the operation on the file at the first device.

9. The process according to claim 8, wherein if the peer-to-peer connection cannot be brokered between the first device and the second device, an alternative connection is established by the server-based web service.

10. The process according to claim 9, wherein the alternative connection is an HTTP relay.

11. The process according to claim 8, wherein the software client determines if the file is physically located on the first device or a second device by reviewing file metadata.

12. The process according to claim 8, further comprising updating metadata of the singular file system on the first device and the second device to reflect a change in physical location of the file from the second device to the second device.

13. A system for establishing a singular file system across multiple devices comprising:

a web-accessible server;

at least one software client plug-in;

multiple devices for storing and operating on files;

wherein the web-accessible server receives user information to open an account for establishing a singular file system across multiple devices, installs the at least one software plug-in on each of the multiple devices, accepts registration of the multiple devices, wherein the at least one software plug-in varies in accordance with an operating system of each of the multiple devices;

further wherein the at least one software client plug-in scans its respective one of the multiple devices to inventory files thereon, creates a meta-index to files for the inventoried data, provides the meta-index of the inventoried data for its respective one of the multiple devices to the web-accessible server;

further wherein the web-accessible server receives meta-indices from each of the multiple devices and integrates the meta-indices to create a single meta-index, provides the single meta-index to each of the multiple devices via the individual software clients, and continually updates the single meta-index on each of the multiple devices in response to operations on the files indexed thereon.

14. The system according to claim 13, wherein the at least one software client plug-in facilitates storage of the files within its respective one of the multiple devices in accordance with the meta-data by modifying a file system of its respective one of the multiple devices to include virtual files for files from the single meta-index that are not local to the multiple device.

15. The process according to claim 14, wherein the at least one software client plug-in facilitates creation of a visual representation of the virtual files on its respective one of the multiple devices that is indistinguishable from a visual representation of an actual file that is physically located on a another of the multiple devices.

| Office Action Summary | Application No. | Applicant(s) | |
|---|---|---|---|
| | 12/774,231 | CASO ET AL. | |
| | Examiner | Art Unit | |
| | BINH V. HO | 2163 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on *05 May 2010*.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5)☒ Claim(s) *1-15* is/are pending in the application.

5a) Of the above claim(s) *8-12* is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) *1-7 and 13-15* is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

10)☐ The specification is objected to by the Examiner.

11)☒ The drawing(s) filed on *05/05/2010* is/are: a)☒ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

12)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date *05/05/2010*.
4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

## DETAILED ACTION

### *Claim Objections*

1. Claim 7 is objected to because of the following informalities:

In claim 7, **"**modified**"** should be changed to – modified**. --**.

Appropriate correction is required.

### *Claim Rejections - 35 USC § 103*

2. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

3. Claims 1-3, 7, and 13 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117).

(Claim 1)

Vesper discloses substantially all of the elements, a process for establishing a singular file system across multiple devices comprising:

receiving user information to open an account *(102 of Fig. 14A)* for establishing a singular file system across multiple devices via a web-based system *(12 of Fig. 1A)* that includes at least one server *(14 of Fig. 1A)*;

installing an individual software client on each of the multiple devices via the web-based system *("the physician in block 116 is permitted to download the*

*Client Application, also called the Viewing Application, software", paragraph [0155]; fig. 14A; "client viewer or viewing application 40", paragraph [0143])*;

accepting registration of multiple devices via the web-based system *("In block 118, the physician receives a registration key and node ID", paragraph [0155]; Fig. 14A; paragraph [0104])*;

integrating by the at least one server the individual meta-indices to create a single master meta-index *("a PHI directory, also called a Central Index, that maintains pointers to the distributed locations of all copies of all PHIs in the system", paragraph [0073]; "Central Server 14 also includes database server 36. Database server 36 may run any suitable software, for example SQ L2000 or SQL2005. Database server 36 comprises the Central Index 38 and thus is the main repository for patient information (PHI) and the location of related records on the system", paragraph [0108])*;

providing by the at least one server the single master meta-index to each of the multiple devices via the individual software clients *("each node and the Central Index through the node component", paragraph [0142])*; and

continually updating the single master meta-index on the at least one server and each of the multiple devices in response to changes to the data indexed thereon *("The central index 3702 can use the DICOM header information to determine if the image is new or it is an update to an existing image. The central index 3702 can return either a new grid identifier or the grid identifier to update", paragraph [0303]);* except scanning each of the multiple devices by each of the individual software clients to inventory data on each of the multiple devices and create a

meta-index of the files for the inventoried data; providing by the individual software clients via the multiple devices individual meta-indices of the inventoried data for each of the multiple devices to the at least one server;.

*Wills teaches scan and index data stored in a single device or a plurality of different devices (paragraph [0012]; Claim 19, 22).*

It would have been obvious to one having ordinary skill in the art at the time the invention was made to scan and index data stored in a plurality of different devices as shown by Wills in Vesper. The skilled artisan would have been motivated to improve, Vesper per the above in order to create an index of the files for the inventory data.

(Claim 2)

The combination of Vesper and Wills discloses substantially all of the elements of claim 1, and Vesper further discloses wherein the individual software clients vary according to the individual operating systems of each of the multiple devices *("The P2P network server 34 can run any suitable operating system and software", paragraph [0110]).*

(Claim 3)

The combination of Vesper and Wills discloses substantially all of the elements of claim 1, and Vesper further discloses wherein registration of the multiple devices includes selection of categories of data for each of the multiple

devices to be inventoried *("Users are also classified into groups based on their responsibilities and requirements", paragraph [0221])*.

(Claim 7)

The combination of Vesper and Wills discloses substantially all of the elements of claim 1, and Vesper further discloses wherein the meta-data includes at least information regarding file name, file type *("the system will transfer various types of data over its network in different functional scenarios", paragraph [0094]; [0243])*, file size, local path the file is stored in, date created, and date modified

(Claim 13)

Vesper discloses substantially all of the elements, a system for establishing a singular file system across multiple devices comprising:

a web-accessible server *("the Central Network 14 are accessed through the Internet or World Wide Web, in some instances as a web site", paragraph [0090]; Fig. 1B; paragraph [0101])*;

at least one software client plug-in *("The user application or viewer application 40 is the component record consumers use to view the current records available to that record consumer. Viewer application 40 allows multiple records to be loaded simultaneously in the application to allow side by side and other types of comparisons", paragraph [0160])*;

multiple devices for storing and operating on files *(Fig. 1A-B)*;

wherein the web-accessible server receives user information to open an account *(102 of Fig. 14A)* for establishing a singular file system across multiple devices, installs the at least one software plug-in on each of the multiple devices *("the physician in block 116 is permitted to download the Client Application, also called the Viewing Application, software", paragraph [0155]; fig. 14A; "client viewer or viewing application 40", paragraph [0143])*, accepts registration of the multiple devices, wherein the at least one software plug-in varies in accordance with an operating system of each of the multiple devices *("In block 118, the physician receives a registration key and node ID", paragraph [0155]; Fig. 14A; paragraph [0104])*;

further wherein the web-accessible server receives meta-indices from each of the multiple devices and integrates the meta-indices to create a single meta-index *("a PHI directory, also called a Central Index, that maintains pointers to the distributed locations of all copies of all PHIs in the system", paragraph [0073]; "Central Server 14 also includes database server 36. Database server 36 may run any suitable software, for example SQ L2000 or SQL2005. Database server 36 comprises the Central Index 38 and thus is the main repository for patient information (PHI) and the location of related records on the system", paragraph [0108])*, provides the single meta-index to each of the multiple devices via the individual software clients *("each node and the Central Index through the node component", paragraph [0142])*, and continually updates the single meta-index on each of the multiple devices in response to operations on the files indexed thereon *("The central index 3702 can use the DICOM header information to determine if the image is new or it is an update to*

*an existing image. The central index 3702 can return either a new grid identifier or the grid identifier to update", paragraph [0303])*; except further wherein the at least one software client plug-in scans its respective one of the multiple devices to inventory files thereon, creates a meta-index to files for the inventoried data, provides the meta-index of the inventoried data for its respective one of the multiple devices to the web-accessible server;.

*Wills teaches scan and index data stored in a single device or a plurality of different devices (paragraph [0012]; Claim 19, 22).*

It would have been obvious to one having ordinary skill in the art at the time the invention was made to scan and index data stored in a plurality of different devices as shown by Wills in Vesper. The skilled artisan would have been motivated to improve, Vesper per the above in order to create an index of the files for the inventory data.

4. Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117) and further in view of Floyd (U.S. 2007/0153703).

(Claim 4)

The combination of Vesper and Wills discloses substantially all of the elements of claim 3, except wherein categories of data include documents, videos, pictures and music.

*Floyd teaches a media category (e.g., audio, video, image, document, software, other or any) determining the category under which the advertisement will be presented (paragraph [0123]).*

It would have been obvious to one having ordinary skill in the art at the time the invention was made to have a media category include audio, video, image and document as shown by Floyd in Vesper and Wills. The skilled artisan would have been motivated to improve, Vesper and Wills per the above in order to provide to the user a category include audio, video, image and document.

5. Claims 5-6, 14-15 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117) and further in view of Ben-Shaul (U.S. 2011/0231844).

(Claim 5)

The combination of Vesper and Wills discloses substantially all of the elements of claim 1, except wherein the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the meta-data by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device.

*Ben-Shaul teaches the metadata information for a particular virtual disk may include: a virtual disk identifier that uniquely identifies that particular virtual disk; a device identifier that uniquely identifies a particular computing device that stores the disk*

*content of that particular virtual disk; and any other data associated with the particular virtual disk and/or the particular computing device, (paragraph [0047]).*

It would have been obvious to one having ordinary skill in the art at the time the invention was made to use a device identifier that uniquely identifies a particular computing device that stores the disk content of that particular virtual disk; and any other data associated with the particular virtual disk and/or the particular computing device as shown by Ben-Shaul in Vesper and Wills. The skilled artisan would have been motivated to improve, Vesper and Wills per the above in order to determine which virtual disk needs to be updated when disk content changes are received from a particular computing device, and to determine to which computing device to send images from a particular virtual disk.

(Claim 6)

The combination of Vesper and Wills discloses substantially all of the elements of claim 6, except wherein the individual software clients facilitate creation of a visual representation of the virtual files on a remote one of each of the multiple devices that is indistinguishable from a visual representation of an actual file that is located on a local one of the multiple devices.

*Ben-Shaul teaches a set of images that collectively represents data that is stored at a particular computing device. For example, virtual disk 112a stores a set of images that store the data from computing device 130a, virtual disk 112b stores a set of images*

*that store the data from computing device 130b, and similarly virtual disk 112n stores a set of images that store the data from computing device 130n, paragraph [0045])*

(Claim 14)

The combination of Vesper and Wills discloses substantially all of the elements of claim 13, except wherein the at least one software client plug-in facilitates storage of the files within its respective one of the multiple devices in accordance with the meta-data by modifying a file system of its respective one of the multiple devices to include virtual files for files from the single meta-index that are not local to the multiple device.

*Ben-Shaul teaches the metadata information for a particular virtual disk may include: a virtual disk identifier that uniquely identifies that particular virtual disk; a device identifier that uniquely identifies a particular computing device that stores the disk content of that particular virtual disk; and any other data associated with the particular virtual disk and/or the particular computing device, (paragraph [0047]).*

It would have been obvious to one having ordinary skill in the art at the time the invention was made to use a device identifier that uniquely identifies a particular computing device that stores the disk content of that particular virtual disk; and any other data associated with the particular virtual disk and/or the particular computing device as shown by Ben-Shaul in Vesper and Wills. The skilled artisan would have been motivated to improve, Vesper and Wills per the above in order to determine which virtual disk needs to be updated when disk content changes are received from a particular computing device, and to

determine to which computing device to send images from a particular virtual disk.

(Claim 15)

The combination of Vesper and Wills discloses substantially all of the elements of claim 14, except wherein the at least one software client plug-in facilitates creation of a visual representation of the virtual files on its respective one of the multiple devices that is indistinguishable from a visual representation of an actual file that is physically located on a another of the multiple devices.

*Ben-Shaul teaches a set of images that collectively represents data that is stored at a particular computing device. For example, virtual disk 112a stores a set of images that store the data from computing device 130a, virtual disk 112b stores a set of images that store the data from computing device 130b, and similarly virtual disk 112n stores a set of images that store the data from computing device 130n, paragraph [0045])*

**S/N 12/774,231** **PATENT**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| Applicant: | Erik Michael Caso et al. | Examiner: Binh Ho |
| Serial No.: | 12/774,231 | Group Art Unit: 2163 |
| Filed: | May 5, 2010 | Docket No.: 3689.001US1 |
| Customer No.: | 21186 | Confirmation No.: 7527 |
| Title: | Method For a Cloud-Based Meta-File System to Virtually Unify Remote and Local Files Across a Range of Devices' Local File Systems | |

---

## AMENDMENT & RESPONSE UNDER 37 C.F.R. § 1.111

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

In response to the Office Action dated April 26, 2012, please amend the application as follows:

## IN THE CLAIMS

Please amend the claims as follows:

1. (Currently Amended) A process for establishing a singular file system across multiple devices comprising:

receiving user information to open an account for establishing a singular file system across multiple devices via a web-based system that includes at least one server;

installing an individual software client on each of the multiple devices via the web-based system;

accepting registration of multiple devices via the web-based system;

scanning each of the multiple devices by each of the individual software clients to inventory data on each of the multiple devices and create a meta-index of the files for the inventoried data;

providing by the individual software clients via the multiple devices individual meta-indices of the inventoried data for each of the multiple devices to the at least one server;

integrating by the at least one server the individual meta-indices to create a single master meta-index;

providing by the at least one server the single master meta-index <u>and meta-indices for each of the other multiple devices</u> to each of the multiple devices via the individual software clients;

<u>integrating metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices;</u> and

continually updating the single master meta-index on the at least one server and each of the multiple devices in response to changes to the data indexed thereon.

2. (Original) The process according to claim 1 wherein the individual software clients vary according to the individual operating systems of each of the multiple devices.

3. (Original) The process according to claim 1 wherein registration of the multiple devices includes selection of categories of data for each of the multiple devices to be inventoried.

4. (Original) The process according to claim 3 wherein categories of data include documents, videos, pictures and music.

5. (Original) The process according to claim 1, wherein the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the meta-data by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device.

6. (Original) The process according to claim 5, wherein the individual software clients facilitate creation of a visual representation of the virtual files on a remote one of each of the multiple devices that is indistinguishable from a visual representation of an actual file that is located on a local one of the multiple devices.

7. (Currently Amended) The process according to claim 1, wherein the meta-data includes at least information regarding file name, file type, file size, local path the file is stored in, date created, and date modified.

8. (Withdrawn) A process for operating on files located on multiple devices using a singular file system comprising:

accepting a request to operate on a file at a first device, wherein the file is selected from the singular file system on the first device;

intercepting the request by a software client on the first device;

determining by the software client if the file is physically located on the first device or a second device, wherein a visual representation of the singular file system on the first device is identical to a visual representation of the singular file system on the second device;

if the file is physically located on a second device, requesting by the software client on the first device that a peer-to-peer connection be brokered by a server-based web service between the first device and the second device;

if the peer-to-peer connection is brokered, transferring the physical file from the second device to the first device; and

performing the operation on the file at the first device.

9. (Withdrawn) The process according to claim 8, wherein if the peer-to-peer connection cannot be brokered between the first device and the second device, an alternative connection is established by the server-based web service.

10. (Withdrawn) The process according to claim 9, wherein the alternative connection is an HTTP relay.

11. (Withdrawn) The process according to claim 8, wherein the software client determines if the file is physically located on the first device or a second device by reviewing file metadata.

12. (Withdrawn) The process according to claim 8, further comprising updating metadata of the singular file system on the first device and the second device to reflect a change in physical location of the file from the second device to the second device.

13. (Currently Amended) A system for establishing a singular file system across multiple devices comprising:

a web-accessible server;

at least one software client plug-in;

multiple devices for storing and operating on files;

wherein the web-accessible server receives user information to open an account for establishing a singular file system across multiple devices, installs the at least one software plug-in on each of the multiple devices, accepts registration of the multiple devices, wherein the at least one software plug-in varies in accordance with an operating system of each of the multiple devices;

further wherein the at least one software client plug-in scans its respective one of the multiple devices to inventory files thereon, creates a meta-index to files for the inventoried data, provides the meta-index of the inventoried data for its respective one of the multiple devices to the web-accessible server;

further wherein the web-accessible server receives meta-indices from each of the multiple devices and integrates the meta-indices to create a single meta-index, provides the single meta-index and meta-indices for each of the other multiple devices to each of the multiple devices via the individual software clients, integrates at each of the multiple devices metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices, and continually updates the single meta-index on each of the multiple devices in response to operations on the files indexed thereon.

14. (Original) The system according to claim 13, wherein the at least one software client plug-in facilitates storage of the files within its respective one of the multiple devices in accordance with the meta-data by modifying a file system of its respective one of the multiple devices to include virtual files for files from the single meta-index that are not local to the multiple device.

15. (Original) The process according to claim 14, wherein the at least one software client plug-in facilitates creation of a visual representation of the virtual files on its respective one of the multiple devices that is indistinguishable from a visual representation of an actual file that is physically located on a another of the multiple devices.

16. (New) A non-transitory computer-readable storage medium storing a set of instructions that, when executed by a processor, cause the processor to perform operations, comprising:

registering multiple devices with an account for establishing a singular file system across the multiple devices;

generating a single master meta-index from meta-indices of files corresponding to inventory data on each of the multiple devices; and

providing the single master meta-index and meta-indices for each of the other multiple devices to each of the multiple devices, metadata from the meta-indices of each of the other multiple devices to be integrated into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices.

17. (New) The non-transitory computer-readable storage medium of claim 16, further comprising:

continually updating the single master meta-index on each of the multiple devices in response to changes to the data indexed thereon.

18. (New) The non-transitory computer-readable storage medium of claim 16, further comprising:

updating the single master meta-index on each of the multiple devices in response to changes to meta-indices of a local file of one of the multiple devices.

19. (New) The non-transitory computer-readable storage medium of claim 16, further comprising:

updating the single master meta-index on each of the multiple devices in response to changes to a local file of a first device, the local file corresponding to a virtual file of a second device, the local file system of the second device retrieving the local file from the first device.

20. (New) The non-transitory computer-readable storage medium of claim 19, wherein the the virtual files and the local files in the first device are indistinguishable by the local file system of the first device.

## REMARKS

This responds to the Office Action dated April 26, 2012.

Claims 1, 7, and 13 are amended, and claims 16-20 are added; as a result, claims 1-7, and 13-20 are now pending in this application. The amendments are supported by the originally filed specification, for example, at Paragraph [0028], and FIGS. 1 and 2.

### *New Claims*

Claims 16-20 are new. Support for the new claims may be found in the specification, such as at Paragraph [0028], and FIGS. 1 and 2. Applicants believe that no new matter has been introduced in the added claims. Additionally, Applicants respectfully submit that the new claims are patentably distinct over the references currently cited as a basis of rejection, such as by virtue of the feature "providing the single master meta-index and meta-indices for each of the other multiple devices to each of the multiple devices, metadata from the meta-indices of each of the other multiple devices to be integrated into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices."

Accordingly, Applicants respectfully request that the Examiner consider and allow the newly added claims.

### *Claim Objections*

Claim 7 is objected to because of the following informalities: In claim 7, "modified" should be changed to - modified. --. Accordingly, claim 7 has been amended and Applicants respectfully request that the present objection be withdrawn.

*The Rejection of Claims Under § 103*

Claims 1-3, 7, and 13 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117).

Claim 4 is rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117) and further in view of Floyd (U.S. 2007/0153703).

Claims 5-6, 14-15 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vesper (U.S. 2011/0110568) in view of Wills (U.S. 2012/0079117) and further in view of Ben-Shaul (U.S. 2011/0231844).

As pointed by the Office Action, Vesper and Wills fail to describe "the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the meta-data by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device" as recited in claim 6. Instead, the Office Action relies the teachings of Ben-Shaul.

Ben-Shaul describes a desktop delivery system where multiple computing devices are connected to a single data center 102 that includes a separate virtual disk 112a, 112b, 112n for each computing device 130a, 130b, 130n. In particular, "each virtual personal disk is a set of images that collectively represents data that is stored at a particular computing device." Paragraph [0035]. As such, all virtual personal disks 112a, 112b, 112n are stored in a single data center 102 to help IT manage a large number of enterprise desktop computers from a central location (Admin Management Client 120). There is no suggestion in Ben-Shaul to have the virtual personal disk of computing devices stored in other computing devices because it would fragment further the IT management of the enterprise desktops. Thus, Ben-Shaul describes storing the virtual personal disk of Computing Device 130a in a central data center 102 and not in other Computing Devices such as 130b or 130n.

In contrast, claim 1 and similarly claims 13, and 16 recite in part "providing by the at least one server the single master meta-index and meta-indices *for each of the other multiple devices to each of the multiple devices* via the individual software clients; at *each of the multiple*

*devices, integrating metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices*." (emphasis added).

Therefore, Applicants respectfully submit that the proposed combined teachings of Vesper, Wills, and Ben-Shaul fail to suggest the recited limitation of "providing by the at least one server the single master meta-index and meta-indices *for each of the other multiple devices to each of the multiple devices* via the individual software clients; at *each of the multiple devices, integrating metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices*." (emphasis added) as recited in claim 1, and similarly in claims 13 and 16.

Thus, Applicants respectfully request that the present rejection be withdrawn for at least the reasons previously set forth.

## CONCLUSION

Applicant respectfully submits that the claims are in condition for allowance, and notification to that effect is earnestly requested. The Examiner is invited to telephone Applicant’s representative at (949) 354-0200 to facilitate prosecution of this application.

If necessary, please charge any additional fees or deficiencies, or credit any overpayments to Deposit Account No. 19-0743.

Respectfully submitted,

SCHWEGMAN, LUNDBERG & WOESSNER, P.A.
P.O. Box 2938
Minneapolis, MN 55402--0938
(949) 354-0200

Date 7/20/2012 By

Thierry Lo
Reg. No. 49,097

| Notice of Allowability | Application No. 12/774,231 | Applicant(s) CASO ET AL. | |
|---|---|---|---|
| | Examiner BINH V. HO | Art Unit 2163 | |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *07/10/2012*.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are *1-4,6,7 and 13-20*.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE**.

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
   1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.
   (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☒ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
5. ☐ Notice of Informal Patent Application
6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
7. ☒ Examiner's Amendment/Comment
8. ☒ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____.

/BINH V HO/
Primary Examiner, Art Unit 2163

## DETAILED ACTION

### Examiner's Amendment

1. An examiner's amendment to the record appears below. Should the changes and /or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.3.12. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

2. The following claim has been amended upon agreement by applicant during a telephone conversation with Mr. Thierry Lo on 09/04/2012.

Amendments to claims 1, 6, 13, and 16; and cancelled claim 5:

Claim 1 (Currently Amended):

A process for establishing a singular file system across multiple devices comprising:

receiving user information to open an account for establishing a singular file system across multiple devices via a web-based system that includes at least one server;

installing an individual software client on each of the multiple devices via the web-based system;

accepting registration of multiple devices via the web-based system;

scanning each of the multiple devices by each of the individual software clients to inventory data on each of the multiple devices and create a meta-index of the files for the inventoried data;

providing by the individual software clients via the multiple devices individual meta-indices of the inventoried data for each of the multiple devices to the at least one server;

integrating by the at least one server the individual meta-indices to create a single master meta-index;

providing by the at least one server the single master meta-index and meta-indices for each of the other multiple devices to each of the multiple devices via the individual software clients;

integrating metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices; and

continually updating the single master meta-index on the at least one server and each of the multiple devices in response to changes to the data indexed thereon,

wherein the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the single meta-data index by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device.

Claim 5 (Cancelled)

Claim 6 (Currently Amended)

The process according to claim [[5]] 1, wherein the individual software clients facilitate creation of a visual representation of the virtual files on a remote one of each of the multiple devices that is indistinguishable from a visual representation of an actual file that is located on a local one of the multiple devices.

Claim 13 (Currently Amended)

A system for establishing a singular file system across multiple devices comprising:

a web-accessible server;

at least one software client plug-in;

multiple devices for storing and operating on files;

wherein the web-accessible server receives user information to open an account for establishing a singular file system across multiple devices, installs the at least one software plug-in on each of the multiple devices, accepts registration of the multiple devices, wherein the at least one software plug-in varies in accordance with an operating system of each of the multiple devices;

further wherein the at least one software client plug-in scans its respective one of the multiple devices to inventory files thereon, creates a meta-index to files for the inventoried data, provides the meta-index of the inventoried data for its respective one of the multiple devices to the web-accessible server;

further wherein the web-accessible server receives meta-indices from each of the multiple devices and integrates the meta-indices to create a single meta-index, provides the single meta-index and meta-indices for each of the other multiple devices to each of the multiple devices via the individual software clients, integrates at each of the multiple devices metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices, and continually updates the single meta-index on each of the multiple devices in response to operations on the files indexed thereon,

wherein the individual software clients facilitate storage of the data within each of the multiple devices in accordance with the single meta-data index by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device.

Claim 16 (Currently Amended)

A non-transitory computer-readable storage medium storing a set of instructions that, when executed by a processor, cause the processor to perform operations, comprising:

registering multiple devices with an account for establishing a singular file system across the multiple devices;

scanning each of the multiple devices to inventory data on each of the multiple devices and create a meta-index of the files for the inventory data;

generating a single master meta-index from meta-indices of files corresponding to inventory data on each of the multiple devices; ~~and~~

providing the single master meta-index and meta-indices for each of the other multiple devices to each of the multiple devices, metadata from the meta-indices of each of the other multiple devices to be integrated into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices; and

facilitating storage of data within each of the multiple devices in accordance with the single master meta-index by modifying file systems of each of the multiple devices to include virtual files for data from the single master meta-data index that is not local to a multiple device.

The Examiner's amendment has been made in order to place the application in a condition for allowance.

**Reasons for Allowance**

3. The following is an examiner's statement of reason for allowance:

Claims 1, 13, and 16 are considered allowable since the prior made of record and considered pertinent to the applicant's disclosure does not teach or suggest the claimed limitations. Vesper (U.S. 2011/0110568), Or Wills (U.S. 2012/0079117), Floyd (U.S. 2007/0153703), or Ben-Shaul (U.S. 2011/0231844), taken individually or in combination, do not teach the claimed invention having a process for establishing a singular file system across multiple devices comprising: receiving user information to open an account for establishing a singular file system across multiple devices via a web-based system that includes at least one server; accepting registration; scanning each of the multiple devices by each of the individual software clients to inventory data on each of the multiple devices and create a meta-index of the files for the inventoried data; providing by the individual software clients via the multiple devices individual meta-indices of the inventoried data for each of the multiple devices to the at least one server; providing by the at least one server the single master meta-index and meta-indices for each of the other multiple devices; integrating metadata from the meta-indices of each of the other multiple devices into a local file system of each of the multiple devices to generate virtual files stored in the same locations as local files of the local file system, the virtual files indistinguishable from the local files by the local file system at each of the multiple devices; and continually updating the single master meta-index on the at least one server and each of the multiple devices in response to changes to the data indexed thereon, wherein the individual software clients facilitate

storage of the data within each of the multiple devices in accordance with the single meta-data index by modifying file systems of each of the multiple devices to include virtual files for data from the single meta-data index that is not local to a multiple device with a combination of all recitations as defined in claims 1, 13, and 16.

Therefore, claims 1-4, 6-7, and 13-20 *are* presently allowed.

4. Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled “Comments on Statement of Reasons for Allowance.”